UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>  vs.<br><br>CARDINAL HEALTH, INC., et al.,<br><br>                      Defendants. | No. 2:19-cv-03347<br><br><u>CLASS ACTION</u><br><br>Chief Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Elizabeth A. Preston Deavers |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
EXHIBITS SUBMITTED WITH DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, plaintiff 1199 SEIU Health Care Employees Pension Fund ("Plaintiff") hereby moves to strike certain exhibits attached to the Declaration of David S. Bloomfield, Jr. in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint, ECF Nos. 29 and 30, and all references to and assertions based upon those materials in Defendants' Motion to Dismiss. ECF No. 31

## I. INTRODUCTION

In support of their motion to dismiss, Defendants submitted a declaration with 102 exhibits attached, spanning over 2,700 pages. ECF Nos. 29 and 30. But Defendants do not even cite to 49 of the 102 exhibits in their motion to dismiss. And, while there are two narrow exceptions to the rule that Courts do not look outside the pleadings in considering a motion to dismiss, neither apply to the majority of the remaining documents submitted by Defendants. The first exception is incorporation by reference, which is not applicable to 28 of the documents Defendants submit and rely upon. Second, a court may consider documents that are judicially noticed. But because Defendants failed to request judicial notice of *any* of the 102 exhibits the second exception does not apply here, unless the Court takes notice on its own. And the problems here are compounded by the fact that, in numerous instances, judicial notice under any circumstance would be inappropriate because Defendants attempt to use the documents to make factual arguments contradicting Plaintiff's allegations of fraud, which is improper on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.

## II. Applicable Legal Standards

In assessing a motion to dismiss under Rule 12(b)(6), the court should consider a complaint "in its entirety," "accept all factual allegations . . . as true," and construe those allegations in the light most favorable to the plaintiff. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322-23 (2007); *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 830 F.3d 376, 382-83 (6th Cir.

2016).¹  Courts may not generally consider materials outside the pleadings when assessing the sufficiency of a complaint.  *In re Cardinal Health, Inc. Sec. Litig.*, 426 F. Supp. 2d 688, 712 (S.D. Ohio 2006).  There are two limited exceptions to this rule.  First, "courts may consider the full text of SEC filings, prospectuses, and analysts' reports . . . as long as they are ***integral*** to statements within the complaint."  *Id.* (emphasis in original).  Second, "a court may consider any matters of which a court may take judicial notice."  *Id.*

Under Federal Rule of Evidence 201, the Court "(1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(1)-(2).  Judicial notice is only appropriate for "a fact that is not subject to reasonable dispute" because these facts are "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.* at 201(b)(1)-(2).  *See also Cardinal Health*, 426 F. Supp. 2d at 713 ("the court may not accept a document to decide facts that are in dispute").  For public records, the Court may take judicial notice of a document's existence, but may not use the document for the truth of the matter asserted in the document.  *Passa v. City of Columbus*, 123 F. App'x 694, 698 (6th Cir. 2005).  Additionally, courts may not accept inferences asserted by defendants based on statements in documents that are judicially noticed.  *Cardinal Health*, 426 F. Supp. 2d at 714.

Courts are especially critical of the use of incorporation by reference and judicial notice and have "note[d] a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied*, ___ U.S. ___, 139 S. Ct. 2615 (2019).

---

¹  All citations are omitted and emphasis is added throughout unless otherwise noted.

### III.     ARGUMENT

**A.     Forty-Nine of the Exhibits Are Not Even Referenced by Defendants and Should Be Stricken**

As an initial matter, the Court should strike all 49 documents that Defendants submitted, but did not cite to in their motion to dismiss: Exhibits 4, 10, 15, 18, 25, 28, 29, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 44, 47, 52, 56, 58, 59, 61, 62, 64, 65, 66, 67, 68, 70, 71, 73, 74, 75, 77, 80, 85, 86, 87, 88, 89, 90, 91, 93, 94, 99, 100, and 101.  On their face, these documents are extraneous and highlights an "overuse of the incorporation-by-reference doctrine. When parties pile on volumes of exhibits to their motion to dismiss, hoping to squeeze some into the complaint, their submissions can become needlessly unwieldy.  Simply reviewing these submissions demands precious time." *Id.* at 1005. *See also Cardinal Health*, 426 F. Supp. 2d at 714 (motion to strike appropriate to "expedite cases by removing 'unnecessary clutter'").  Accordingly, these exhibits must be stricken from the record.

**B.     An Additional 26 Documents Are Not Incorporated by Reference and Should Be Stricken**

Even among the remaining 53 documents Defendants submit that are cited in the motion to dismiss, almost half are not cited or relied upon in the operative Consolidated Amended Complaint (ECF No. 28) (the "Complaint").  Accordingly, these documents are not subject to incorporation by reference.  Specifically, none of the following exhibits submitted by Defendants were cited in or otherwise integral to the Complaint:  Exhibits: 1, 2, 3, 13, 16, 19, 20, 22, 23, 24, 27, 45, 48, 49, 50, 51, 53, 54 55, 60, 69, 78, 79, 81, 82, and 84.[2]  Defendants themselves made no effort to explain how any of these exhibits could be integral to the Complaint.  Accordingly, unless these documents are subject to judicial notice, they should be stricken.  *See, e.g.*, *In re FirstEnergy Corp. Sec. Litig.*, 316

---

[2]     Of the remaining documents, Defendants' Exhibits 5, 6, 7, 8, 9, 11, 12, 14, 17, 21, 26, 30, 33, 42, 43, 46,  57, 63, 72, 76, 83, 92, 95, 96, 97, 98, and 102 are cited in Plaintiff's Complaint and the Court can consider them in assessing Defendants' motion to dismiss.  However, as discussed below in §III(c), none of the exhibits should be considered for the truth of the matters asserted therein.

F. Supp. 2d 581, 592 n.4 (N.D. Ohio 2004) ("Defendants suggest that some of these exhibits are integral to the Plaintiffs' complaint but do not elucidate how the Plaintiffs relied on the exhibits. Thus, the Court cannot find that they are central to the complaint.").

### C. The Court Should Decline to Take Judicial Notice

Defendants failed to request judicial notice for ***any*** of the exhibits they submitted in connection with their motion to dismiss. Although under Federal Rule of Evidence 201 a court may elect to judicially notice documents on its own, the Court should decline to do so here because Defendants improperly utilize documents for the truth of the matters asserted therein to factually argue against Plaintiff's well-plead allegations of fraud. Indeed, there is no dispute about the existence of any of the documents that are cited in the Complaint and Defendants only use the exhibits to advance improper factual arguments. To the extent that the Court elects to do so, the Court should only find that the documents exist and not take notice of the truth or facts offered to dispute Plaintiff's allegations of securities fraud. *See, e.g.*, *Passa*, 123 F. App'x at 697 ("documents [are] proper only for the fact of the documents' existence, and not for the truth of the matters asserted therein").

For example, Defendants use Exhibits 63 and 76, the January 10, 2017 J.P. Morgan Healthcare Conference transcript and the August 2, 2017 Cardinal Health's conference call transcript, to contend that "Cordis did not achieve even the company's lowered expectation for earnings accretion" and "attributed that failure to international infrastructure costs it had previously identified, lower-than expected-partnership sales, and higher-than-planned write-offs for excess inventory." ECF No. 31 at 23. Defendants assert that these purported disclosures demonstrate that Defendants disclosed Cordis's inventory problems during the Class Period. *Id.* As discussed in Plaintiff's accompanying opposition to the motion to dismiss, that is not true and it is certainly not a "fact" appropriately subject to judicial notice. Similarly, Defendants submit Exhibit 96, the March

13, 2018 Barclays Global Healthcare Conference transcript, for the argument that analysts actually thought Defendants were "pretty open and forthcoming." ECF No. 31 at 23. But again, that inference cannot be judicially noticed. *See Cardinal Health*, 426 F. Supp. 2d at 714.

The Ninth Circuit's recent decision in *Khoja* is instructive here. In *Khoja*, the district court noticed one of the company's investors' conference call transcripts. Although the Ninth Circuit noted that while the accuracy of investor conference transcripts generally cannot be reasonably questioned, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is noticeable for its truth." *Khoja*, 899 F.3d at 999. Because the defendants in *Khoja,* like Defendants here, tried to use the transcript to assert that they had disclosed what plaintiffs alleged was concealed from investors and, like here, "[r]easonable people could debate what exactly this conference call disclosed," the Ninth Circuit held that "[i]t is improper to judicially notice a transcript when the substance of the transcript 'is subject to varying interpretations, and there is reasonable dispute as to what the [transcript] establishes.'" *Id.* at 1000. Accordingly, if the Court judicially notices any of the documents submitted by Defendants, it should be only for the limited purpose of identifying the existence and contents of the documents.

## IV. CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that the Court strike those documents that are not cited in Defendants' motion to dismiss: 4, 10, 15, 18, 25, 28, 29, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 44, 47, 52, 56, 58, 59, 61, 62, 64, 65, 66, 67, 68, 70, 71, 73, 74, 75, 77, 80, 85, 86, 87, 88, 89, 90, 91, 93, 94, 99, 100, and 101. The Court should also strike those documents not incorporated into the Complaint: Exhibits 1, 2, 3, 13, 16, 19, 20, 22, 23, 24, 27, 45, 48, 49, 50, 51, 53, 54, 55, 60, 69, 78, 79, 81, 82, and 84. With respect to the remaining exhibits, to the extent the Court elects to consider them, it should only be for the limited purpose of identifying the

existence and contents of the documents and Defendants' factual arguments based on the purported truth of the contents of these materials should be disregarded.

| | |
|---|---|
| DATED: December 21, 2020 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SPENCER A. BURKHOLZ<br>HENRY ROSEN<br>LAURIE L. LARGENT<br>JENNIFER N. CARINGAL |

s/ JENNIFER N. CARINGAL
JENNIFER N. CARINGAL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
henryr@rgrdlaw.com
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
jcaringal@rgrdlaw.com

Lead Counsel for Lead Plaintiff

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Local Counsel for Lead Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 21, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ JENNIFER N. CARINGAL
JENNIFER N. CARINGAL

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  jcaringal@rgrdlaw.com

4851-2545-2244.v1

# Mailing Information for a Case 2:19-cv-03347-EAS-EPD Louisiana Sheriffs Pension & Relief Fund v. Cardinal Health, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Laura M Andracchio**
  landracchio@rgrdlaw.com

- **David S Bloomfield , Jr**
  dbloomfield@porterwright.com,mruyf@porterwright.com,rtrafford@porterwright.com,CLShike@wlrk.com,APSadinsky@wlrk.com,wdsavitt@WLRK.com

- **Spencer Burkholz**
  SpenceB@rgrdlaw.com

- **Jennifer Caringal**
  JCaringal@rgrdlaw.com

- **Laurie Largent**
  llargent@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Todd Aaron Long**
  tlong@mcneeslaw.com,kfoster@mcneeslaw.com,talattorney@gmail.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com,tiffany@ecf.courtdrive.com,murray@ecf.courtdrive.com

- **Darren J Robbins**
  tedp@rgrdlaw.com

- **Henry Rosen**
  henryr@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`