### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **LOUISIANA SHERIFFS' PENSION & RELIEF FUND**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**CARDINAL HEALTH, INC., GEORGE S. BARRETT, DONALD M. CASEY, JR., MICHAEL C. KAUFMANN, JORGE M. GOMEZ, and DAVID J. WILSON**,<br><br>Defendants. | **Case No. 2:19-cv-3347**<br><br>Judge Edmund A. Sargus<br><br>Magistrate Judge Elizabeth A. Preston Deavers |

## <u>DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXHIBITS SUBMITTED WITH DEFENDANTS' MOTION TO DISMISS</u>

The consolidated amended complaint cites portions of numerous documents and makes allegations based on other public sources, including records of stock sales by senior executives of Cardinal Health.  Case law permits defendants to submit such documents on a motion to dismiss to ensure that the Court has a full picture of the matters alleged in the complaint. Defendants here submitted the documents that plaintiff cites in the complaint, as well as other public documents that the complaint's allegations put at issue.  Plaintiff's attempt to exclude these documents and present the Court only with its selective version of the public record is unsupported by the law and should be rejected.

### ARGUMENT

On a motion to dismiss a securities-fraud complaint, the court "'may consider the full text of the SEC filings, prospectus, analysts' reports and statements integral to the complaint, even if

not attached, without converting the motion into one for summary judgment under Fed. R. Civ. P. 56.'" *Walker* v. *L Brands, Inc.*, Nos. 2:19-cv-3186 and 2:19-cv-3961, 2020 WL 6118467, at *7 (S.D. Ohio Oct. 16, 2020) (quoting *Bovee* v. *Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir. 2001)).  The Sixth Circuit has explained that "[f]airness and efficiency require this practice"—"[w]ere courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) (quoting *Kramer* v. *Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).  In addition, "if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion." *Id.*  All of the exhibits that defendants submitted with their motion to dismiss are proper under these standards.

### A. Documents cited in the complaint but not used in defendants' opening brief.

Plaintiff first seeks to exclude 49 documents that it concedes were cited in the complaint and thus subject to consideration by the Court under the incorporation-by-reference doctrine. Mot. 1, 3;[1] *see Walker*, 2020 WL 6118467, at *7.[2]  Plaintiff's only argument for excluding these

---

[1] Citations to "Mot." refer to Plaintiff's Motion to Strike, ECF No. 33, PageID # 3333-348; citations to "Am. Compl." refer to the Consolidated Amended Complaint, ECF No. 28, PageID # 420-89; citations to "Def. Br." refer to Defendants' Motion to Dismiss, ECF No. 31, PageID # 3225-264; citations to "Ex." are to the exhibits to the Declaration of David S. Bloomfield, Jr., ECF Nos. 29 and 30, PageID # 490-3224; citations to "Opp." refer to Plaintiff's Opposition to Defendants' Motion to Dismiss, ECF No. 32, PageID # 3265-3332; and citations to "Def. Reply" refer to Defendants' Reply Brief in Support of their Motion to Dismiss, filed contemporaneously with this filing.

[2] *See* Ex. 4 (Am. Compl. ¶ 24); Ex. 10 (Am. Compl. ¶¶ 36-37); Ex. 15 (Am. Compl. ¶¶ 41, 106); Ex. 18 (Am. Compl. ¶ 42); Ex. 25 (Am. Compl. ¶ 44); Ex. 28 (Am. Compl. ¶ 45); Ex. 29 (Am. Compl. ¶ 45); Ex. 31 (Am. Compl. ¶¶ 46, 106); Ex. 32 (Am. Compl. ¶¶ 47-48); Ex. 34 (Am. Compl. ¶¶ 47-48); Ex. 35 (Am. Compl. ¶¶ 67, 83, 94, 100-01); Ex. 36 (Am. Compl. ¶¶ 49, 105); Ex. 37 (Am. Compl. ¶ 49); Ex. 38 (Am. Compl. ¶¶ 50, 105-06); Ex. 39 (Am. Compl. ¶¶ 50, 105-

2

documents is that defendants did not cite them in the opening brief on their motion to dismiss and that the documents are thus somehow "extraneous." Mot. 3. Plaintiff identifies no authority for the proposition that defendants were prohibited from submitting a complete record of the documents cited in the complaint. And, contrary to plaintiff's assertion, defendants are not seeking to impose an unnecessary burden on the Court to review documents that neither side cites. *Id.* Defendants provided a complete record to ensure that the Court has available to it any documents cited in the complaint that it may wish to consult. Moreover, at the time defendants filed their motion to dismiss, they did not know what documents in the record plaintiff might cite in its opposition and what documents defendants might have to use in their reply. To the extent the Court does not wish to reference any documents that neither side used in briefing, it may disregard them.

**B. Public records not quoted in complaint.**

Plaintiff next argues that the Court should strike 26 documents that were not directly quoted in the complaint. *Id.* at 3-4. The vast majority of the documents in this category (24 of 26) are Forms 4 filed with the SEC documenting the stock sales by some of the individual

---

06); Ex. 40 (Am. Compl. ¶¶ 50, 105-06); Ex. 41 (Am. Compl. ¶¶ 67, 83, 94, 100-01, 103); Ex. 44 (Am. Compl. ¶¶ 52-53); Ex. 47 (Am. Compl. ¶¶ 54-55, 105, 109); Ex. 52 (Am. Compl. ¶¶ 67, 83, 94, 99, 101, 103); Ex. 56 (Am. Compl. ¶¶ 56-57, 106, 109); Ex. 58 (Am. Compl. ¶¶ 56-57, 106, 109); Ex. 59 (Am. Compl. ¶¶ 67, 83, 94, 100-01, 103); Ex. 61 (Am. Compl. ¶ 58); Ex. 62 (Am. Compl. ¶ 58); Ex. 64 (Am. Compl. ¶ 59); Ex. 65 (Am. Compl. ¶ 60); Ex. 66 (Am. Compl. ¶¶ 60-61, 105); Ex. 67 (Am. Compl. ¶¶ 60-61, 105); Ex. 68 (Am. Compl. ¶¶ 67, 83, 94, 100-01, 103); Ex. 70 (Am. Compl. ¶ 63); Ex. 71 (Am. Compl. ¶ 65); Ex. 73 (Am. Compl. ¶ 65); Ex. 74 (Am. Compl. ¶¶ 67, 83, 94, 100-01, 103); Ex. 75 (Am. Compl. ¶ 68); Ex. 77 (Am. Compl. ¶ 69); Ex. 80 (Am. Compl. ¶¶ 67, 83, 94, 100-01, 103); Ex. 85 (Am. Compl. ¶ 75); Ex. 86 (Am. Compl. ¶ 76); Ex. 87 (Am. Compl. ¶ 75); Ex. 88 (Am. Compl. ¶¶ 83, 94, 100-01, 103); Ex. 89 (Am. Compl. ¶ 77); Ex. 90 (Am. Compl. ¶ 77); Ex. 91 (Am. Compl. ¶ 79); Ex. 93 (Am. Compl. ¶¶ 80, 107); Ex. 94 (Am. Compl. ¶¶ 83, 94, 100-01, 103); Ex. 99 (Am. Compl. ¶¶ 5, 85-88, 134); Ex. 100 (Am. Compl. ¶¶ 94, 100, 144); Ex. 101 (Am. Compl. ¶¶ 6, 91, 129).

defendants that plaintiff discusses in the complaint.[3]  The other two documents are a press release issued by Cardinal Health announcing the company's acquisition of WaveMark and a Form 8-K filed with the SEC announcing the company's fourth quarter and fiscal year 2016 results[4]—also matters that the complaint puts at issue.  These public documents are all of the type that courts routinely consider on motions to dismiss.

*Forms 4.*  Courts in this Circuit have held that because "corporate executives must document their stock transactions (on a Form 4, Statement of Changes in Beneficial Ownership) and file the documents with the SEC, these documents are public records that may appropriately be reviewed on a motion to dismiss." *In re Huntington Bancshares Inc. Sec. Litig.*, 674 F. Supp. 2d 951, 969-70 (S.D. Ohio 2009); *In re Goodyear Tire & Rubber Co., Derivative Litig.*, No. 5:03CV2180, 2007 WL 43557, at *8 n.8 (N.D. Ohio Jan. 5, 2007) (same).  Plaintiff used the public information in certain Forms 4 to allege that two of the individual defendants sold stock during the class period,[5] arguing that these sales support an inference of scienter.  Opp. 43-47; Am. Compl. ¶¶ 112-28.  But as explained in defendants' briefing, that inference is not compelling because the individual defendants actually *increased* their total Cardinal Health stockholdings during the purported class period—a fact that "undermines rather than supports a finding of scienter." Def. Br. 25-27 (quoting *In re Century Bus. Servs. Sec. Litig.*, No. 1:99CV02200, 2002 WL 32254513, at *7 (N.D. Ohio June 27, 2002)); Def. Reply 16-17. Defendants are entitled to submit a complete record of the Forms 4 showing their class period stock transactions for exactly this reason:  because they are "public records" that "rebut the

---

[3] Exs. 2-3, 13, 16, 19-20, 22-24, 27, 48-51, 53-55, 60, 69, 78-79, 81-82, and 84.

[4] Exs. 1 and 45.

[5] Several of the Forms 4 that defendants submitted (Exs. 16, 24, 27, 50-51, 60, and 69) show the stock sales that plaintiff alleges at paragraph 112 of the complaint.

complaint's misleading statements" in support of scienter. *Omnicare*, 769 F.3d at 466. Plaintiff cannot cherry pick only the Forms 4 that it believes support its argument while seeking to hide others from the Court's view.

*Press Release.* Plaintiff also seeks to exclude a press release from February 2014 announcing Cardinal Health's acquisition of the RFID (radio-frequency identification) technology called WaveMark. Ex. 1. This document is properly before this Court because it was "disseminated by the corporation" and "contain[s] 'information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements.'" *Chamberlain* v. *Reddy Ice Holdings, Inc.*, 757 F. Supp. 2d 683, 698-99 (E.D. Mich. 2010); *see also Beaver Cnty. Ret. Bd.* v. *LCA-Vision Inc.*, No. 1:07-CV-750, 2009 WL 806714, at *7 (S.D. Ohio Mar. 25, 2009) (finding that "news releases are appropriate for judicial notice" because they "are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned").

Plaintiff relies on the WaveMark acquisition in support of its claim that defendants misled investors "about the positive impact Cardinal's RFID technology would have, and was having, directly on Cordis's *own* inventory." Opp. 16; *see* Am. Compl. ¶¶ 33, 41-42, 44-45, 58 (discussing the WaveMark acquisition and its alleged benefits to Cordis). But as explained in defendants' briefing, the public statements that Cardinal Health made about the WaveMark RFID technology show that it is an inventory management tool used by healthcare providers like hospitals and not healthcare manufacturers like Cordis. Def. Br. 4; Def. Reply 3. Thus, the press release containing information that was available to investors about this technology is properly considered to assess whether, as plaintiff alleges, subsequent statements about the same issue were materially misleading. *Chamberlain*, 757 F. Supp. 2d at 698-99.

***Form 8-K.*** The last document plaintiff seeks to exclude is Cardinal Health's Form 8-K from August 2016 announcing the company's fourth quarter and fiscal year 2016 results. Ex. 45. Paragraphs 54 and 55 of the complaint allege that, in August 2016, Cardinal Health reported its results for the fourth quarter and fiscal year 2016 and announced lowered expectations for earnings accretion from Cordis in fiscal year 2017. *See* Def. Br. 8. The 8-K is the document that includes these reported results. Thus, the complaint references the 8-K even though it does not directly quote from it. Defendants are entitled to submit this document that "was filed with the SEC" because it was referenced in the complaint. *Omnicare*, 769 F.3d at 466.[6]

### C. Documents quoted in complaint and used in defendants' opening brief.

Plaintiff next argues that the Court should "decline to take judicial notice" of certain documents that defendants have supposedly offered for "the truth of the matters asserted therein." Mot. 4. The only exhibits that plaintiff cites in support of this argument, however, are three documents that are partially quoted in the complaint. Exs. 63, 76, and 96. The law is clear that the Court may "consider the quotations in the Complaint in the context of the full documents from which they were taken." *Omnicare*, 769 F.3d at 469. Plaintiff's citation to *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), proves the point. Mot. 5. As the *Khoja* court explained, the incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at 1002.

---

[6] Plaintiff also argues that "Defendants failed to request judicial notice for *any* of the exhibits they submitted in connection with their motion to dismiss." Mot. 4. But defendants made clear in their motion to dismiss that the exhibits they cited were properly before the Court under precedent in this Circuit, which provides for judicial notice of public records. Def. Br. 2-3, 26 n.6. In any event, as plaintiff acknowledges, the Court "may elect to judicially notice documents on its own" under Federal Rule of Evidence 201. Mot. 4.

6

The exhibits plaintiff challenges demonstrate that defendants have used them for the purposes permitted by the incorporation-by-reference doctrine:

- The complaint selectively quotes Exhibit 63 in support of its claim that defendants committed fraud when they told investors that the Cordis integration was "going really well" in January 2017.  Am. Compl. ¶ 59.  Defendants cited the full exhibit to show that they also provided cautions about Cordis at the same time, including that some things about the integration were "going a little more slowly than we modeled."  Def. Br. 9, 23.

- The complaint selectively quotes Exhibit 76 in support of its claim that defendants "failed to disclose the full truth about Cordis's inventory issues" in August 2017.  Opp. 19; Am. Compl. ¶ 69.  Defendants again cited the full exhibit to show that they also provided cautions about Cordis at the same time, including that the company did not achieve its accretion target and that costs and inventory reserves had been higher than expected.  Def. Br. 10, 23; Def. Reply 7-8.  The complaint also paraphrased and partially quoted much of the information that defendants cited, reinforcing that it was appropriate to provide the complete document to the Court.  Am. Compl. ¶ 69.

- And the complaint selectively quotes Exhibit 96 in support of its claim that defendants committed fraud when they spoke positively about steps the company was taking to respond to Cordis's challenges.  Am. Compl. ¶ 82.  The statement that the complaint cites, however, was a response to a question by an analyst, and defendants pointed to the entirety of the exhibit to show that question and other context, including that defendants provided cautions about issues at Cordis at the same time.  Def. Br. 23; Def. Reply 15-16.

Contrary to plaintiff's argument, defendants are not asking the Court to draw conclusions about the "truth" of matters asserted in any documents at the pleading stage.  Rather, defendants have submitted exhibits to provide context for plaintiff's selective quotations and to establish what information defendants disclosed to investors.  In other words, defendants did not cite Exhibits 63 and 76 to show that integration was in fact going more slowly than expected in January 2017 or that costs and inventory reserves were in fact higher than expected in August 2017.  Instead, defendants submitted those exhibits to show the existence of the disclosures—i.e., that defendants told investors these things.  Similarly, defendants submitted Exhibit 96 not to prove the truth of any statements made on the analyst call, but to show what analysts said they knew about problems with Cordis—i.e., what had previously been disclosed to them—and what defendants said the company was doing in response to those problems.  This use of documents

7

referenced in the complaint "follows the well-worn path marked by" Sixth Circuit precedent and

is entirely proper. *Omnicare*, 769 F.3d at 469.

## CONCLUSION

The motion to strike should be denied.


February 5, 2021

Of Counsel:

William Savitt
Graham W. Meli
Anitha Reddy
Alexandra P. Sadinsky
WACHTELL LIPTON ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Tel:  212-403-1000
Fax:  212-403-2000

/s/ Robert W. Trafford by
David S. Bloomfield, Jr.
Robert W. Trafford (0024447)
Trial Attorney
David S. Bloomfield, Jr. (0068158)
Kirsten R. Fraser (0093951)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2800
Columbus, OH 43215
Phone: (614) 227-2000
Fax: (614) 227-2100
Email: rtrafford@porterwright.com
      dbloomfield@porterwright.com
      kfraser@porterwright.com

*Attorneys for Defendants Cardinal Health, Inc.,
George S. Barrett, Donald M. Casey, Jr., Michael
C. Kaufmann, Jorge M. Gomez, and David J.
Wilson*

8

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of February, 2021, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to

the following:

Of Counsel:

ROBBINS GELLER RUDMAN
 & DOWD LLP
Spencer A. Burkholz (admitted PHV)
Laurie L. Largent (admitted PHV)
Jennifer N. Caringal (admitted PHV)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
jcaringal@rgrdlaw.com

JOSEPH F. MURRAY
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH  43215
E-mail:  murray@mmmb.com

*Local Counsel for Lead Plaintiff*

*Lead Counsel for Lead Plaintiff*

/s/ David S. Bloomfield, Jr.
David S. Bloomfield, Jr. (0068158)

9