UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 2:19-cv-03347 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| | ) | Chief Judge Edmund A. Sargus, Jr. |
| vs. | ) | Magistrate Judge Elizabeth A. Preston Deavers |
| | ) | |
| CARDINAL HEALTH, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
EXHIBITS SUBMITTED WITH DEFENDANTS' MOTION TO DISMISS

4823-4144-3037.v1

## I.     INTRODUCTION

Lead Plaintiff 1199 SEIU Health Care Employees Pension Fund ("Plaintiff") respectfully submits this reply memorandum in further support of Plaintiff's Motion to Strike Exhibits Submitted with Defendants' Motion to Dismiss.  ECF No. 33.  Defendants' Memorandum in Opposition to Plaintiff's Motion to Strike Exhibits Submitted with Defendants' Motion to Dismiss ("Opp.") (ECF No. 37) confirms there is no basis to inundate this Court's docket with 102 exhibits comprising over 2,700 pages that were submitted in connection with Defendants' motion to dismiss.  Defendants admit that "at the time defendants filed their motion to dismiss, they did not know what documents in the record plaintiff might cite in its opposition and what documents defendants might have to use in their reply."  Opp. at 3.  But that argument misses the mark because it wholly ignores the well-known principle that courts generally may not consider materials outside the pleadings when considering a motion to dismiss.  *In re Cardinal Health, Inc.*, 426 F. Supp. 2d 688, 712 (S.D. Ohio 2006).  And as set forth below, Defendants have not proffered any adequate reason why this Court should look outside the pleadings.

## II.     ARGUMENT

***The 49 Documents Not Cited in Defendants' Motion to Dismiss***:  Defendants did not cite to any of these documents in their motion to dismiss and gave no indication why submission of these documents was justified or needed, leaving both Plaintiff and the Court to expend time and resources to guess what these documents were to be used for.  ECF No. 33-1 at 3.  Moreover, Defendants are incorrect that the 49 documents Plaintiff sought to exclude were cited in the Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Complaint") (ECF No. 28).  Opp. at 2-3.  Of these 49 documents, at least 21 of them were not cited in the Complaint, nor were these

- 1 -

4823-4144-3037.v1

documents otherwise integral to statements alleged in the Complaint.[1]  Accordingly, Plaintiff properly sought to exclude these from the record.  *See, e.g.*, *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 592 n.4 (N.D. Ohio 2004) (court declining to consider exhibits where defendants failed to elucidate plaintiff's reliance on the exhibits).  Additionally, Defendants provide no basis or authority for cluttering the docket with documents that are not relied upon or relevant to the motion to dismiss briefing, whether or not the documents were cited in the Complaint.

*Defendants' SEC Form 4s:* Defendants rely on various SEC Form 4s to contend that a purported increase in certain of the individual defendants' Cardinal Health stock holdings undermines an inference of scienter and incorrectly accuse Plaintiff of trying to hide these Form 4s from the Court's view.  Opp. at 4-5.  Not so.  Not only are the Form 4s Defendants seek to have judicially noticed not cited in the Complaint, but Defendants are indisputably seeking to have the Court accept as true matters asserted in the documents.  As set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss the Consolidated Amended Complaint, the Form 4s do not absolve defendants George S. Barrett and Donald M. Casey, Jr. of liability because the only thing they plainly reveal is that neither defendant actually bought Cardinal Health stock on the open market or paid market prices for their purported acquisitions.  ECF No. 32 at 45.  Because the value of these acquisitions are unknown, as is the veracity of the documents themselves, the Form 4s do not negate an inference of scienter as to defendants Barrett and Casey and are not properly subject to judicial notice.

*Exhibit 1:* Exhibit 1 is a February 20, 2014 Cardinal Health press release.  While courts may take judicial notice of press releases, this consideration is not limitless.  For example, *Chamberlain v. Reddy Ice Holdings, Inc.*, 757 F. Supp. 2d 683, 699 (E.D. Mich. 2010), a case on which

---

[1]  Plaintiffs did not cite or otherwise rely on Exhibits 10, 15, 18, 29, 31, 32, 34, 38, 40, 44, 47, 56, 58, 62, 64, 67, 71, 77, 90, 93, and 99.

- 2 -

Defendants rely, holds that any judicial notice of a company's press release "may consider the proffered item only for the purpose of determining what statements the documents contain, not to resolve a disputed fact." In violation of this rule, Defendants improperly request the Court utilize Exhibit 1 in its determination of whether Defendants' statements about the RFID technology was materially misleading. Opp. at 5. To the extent the Court takes judicial notice of Exhibit 1, it should not do so to resolve any disputed fact.[2]

***Exhibit 45***: Paragraphs 54 and 55 of the Complaint cite the August 2, 2016 transcript of Cardinal Health's conference call regarding its fourth quarter FY 2016 results, not Exhibit 45, which is Cardinal Health's August 2, 2016 Form 8-K. ¶¶54, 56. Defendants have already submitted the August 2, 2016 transcript as an exhibit in connection with their motion to dismiss. *See* ECF No. 29 at Exhibit 46. The addition of Exhibit 45 exemplifies needless clutter that Defendants have deposited onto the Court's docket and should be stricken. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1005 (9th Cir. 2018) (Ninth Circuit refusing to incorporate by reference SEC filing that was not quoted by plaintiffs, noting that "[w]hen parties pile on volumes of exhibits to their motion to dismiss, hoping to squeeze some into the complaint, their submissions can become needlessly unwieldy.").

***Exhibits 63, 76, and 96***[3]: Defendants claim that Exhibits 63, 76, and 96 are appropriate for submission under the incorporation-by-reference doctrine and they are not using them for the truth of

---

[2] Defendant's reliance on *Beaver County Retirement Board. v. LCA-Vision Inc.*, 2009 WL 806714, at \*7 (S.D. Ohio Mar. 25, 2009), is misplaced. In *Beaver County*, the court judicially noticed two press releases because the documents were not used to resolve any factual allegations in dispute, unlike here.

[3] While asserting that Plaintiff contends that only Exhibits 63, 76, and 96 should not be judicially noticed for the truth of the matters asserted, as stated in the Motion to Strike, Exhibits 63, 76, and 96 were only examples of Defendants' improper attempt to use judicial notice. None of the documents Defendants seek to have judicially noticed should be considered for the truth of the matters asserted in the document. ECF No. 33-1 at 4-5; s*ee Passa v. City of Columbus*, 123 F. App'x 694, 698 (6th Cir. 2005).

4823-4144-3037.v1

the matters asserted.  Opp. at 6-9.  But that is precisely what they are doing.  Defendants justify the submission of Exhibits 63 and 76 by asserting they demonstrate that Defendants told investors about issues related to integration and costs and inventory reserves and that Exhibit 96 establishes that analysts knew about the problems at Cordis.  Opp. at 7.  However, it is well-settled that "what inferences a court may draw from an incorporated document should also be approached with caution" and "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."  *Khoja*, 899 F.3d at 1003.  "The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."  *Id.* at 1014.

Defendants are unequivocally using these documents to argue that, contrary to Plaintiff's well-plead allegations, they purportedly disclosed challenges associated with the Cordis integration during the Class Period, thereby negating an inference of scienter.  ECF No. 31 at 23; ECF No. 36 at 11-12.  As discussed in Plaintiff's Opposition to Defendants' Motion to Dismiss the Consolidated Amended Complaint, these "disclosures" do not negate scienter because they were about the costs of Cordis's integration and reduced expectations for earnings accretion – not about the actual adverse material information that Plaintiff alleges was concealed from investors.  ECF No. 32 at 36.  Indeed, Plaintiff alleges that Defendants failed to disclose information concerning the hundreds of millions of dollars in excess, obsolete, expired, and missing inventory at Cordis; Cordis's deficient inventory tracking systems and the resulting inability to accurately track Cordis's inventory and demand forecast for Cordis products; or that Cordis's most popular products were back-ordered and unavailable for months.  *Id.*  And with respect to defendant Michael C. Kaufmann's August 2, 2017 statement about Cardinal Health missing its FY 2017 accretion target, Plaintiff alleges that this was a ***partial*** disclosure, meaning that Defendants failed to tell the whole truth, as required by the federal securities laws, about Cordis's inventory.  *Id.* at 36-37.  Accordingly, the Court should decline

- 4 -

- 5 -

Defendants' request that Exhibits 63, 76, and 96 be considered for the purported truth of the matters stated therein.

## III.  CONCLUSION

Plaintiff respectfully requests that the Court strike Exhibits 1-4, 10, 13, 15, 16, 18-20, 22-25, 27-29, 31-32, 34-41, 44-45, 47-56, 58-62, 64-71, 73-75, 77-82, 84-91, 93-94, 99, 100, and 101.  To the extent that the Court elects to consider any of them, Plaintiff respectfully requests that it should only be for the limited purposes of identifying the existence and contents of the documents and not for the truth of the matters asserted therein.

DATED:  February 19, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
HENRY ROSEN
LAURIE L. LARGENT
JENNIFER N. CARINGAL

*s/ Jennifer N. Caringal*
JENNIFER N. CARINGAL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
henryr@rgrdlaw.com
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
jcaringal@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 5 -

- 6 -

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Local Counsel for Lead Plaintiff

4823-4144-3037.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on February 19, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Jennifer N. Caringal*
JENNIFER N. CARINGAL

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  jcaringal@rgrdlaw.com

4823-4144-3037.v1

## Mailing Information for a Case 2:19-cv-03347-EAS-EPD Louisiana Sheriffs Pension & Relief Fund v. Cardinal Health, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Laura M Andracchio**
  landracchio@rgrdlaw.com

- **David S Bloomfield , Jr**
  dbloomfield@porterwright.com,mruyf@porterwright.com,rtrafford@porterwright.com,CLShike@wlrk.com,APSadinsky@wlrk.com,wdsavitt@WLRK.com

- **Spencer Burkholz**
  SpenceB@rgrdlaw.com

- **Jennifer Caringal**
  JCaringal@rgrdlaw.com

- **Laurie Largent**
  llargent@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Todd Aaron Long**
  tlong@mcneeslaw.com,kfoster@mcneeslaw.com,talattorney@gmail.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com,tiffany@ecf.courtdrive.com,murray@ecf.courtdrive.com

- **Darren J Robbins**
  tedp@rgrdlaw.com

- **Henry Rosen**
  henryr@rgrdlaw.com,e_file_sd@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)