**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LOUISIANA SHERIFFS' PENSION & RELIEF FUND**, Individually and on Behalf of All Others Similarly Situated,

*Plaintiff,*

**v.**

**CARDINAL HEALTH, INC.**, et al.,

*Defendants.*

**Case No. 2:19-cv-3347**

Judge Edmund A. Sargus

Magistrate Judge Elizabeth A. Preston Deavers

**THE CARDINAL HEALTH DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT**

Defendants Cardinal Health, Inc., George S. Barrett, Donald M. Casey, Jr., Michael C. Kaufmann, Jorge M. Gomez, and David J. Wilson (together, the "Cardinal Health Defendants"), by and through their undersigned counsel, hereby answer the Plaintiff's 1199 SEIU Health Care Employees Pension Fund's Consolidated Amended Complaint for Violations of the Federal Securities Laws, ECF No. 28, PageID # 420-489 (the "Amended Complaint").

The Cardinal Health Defendants deny all allegations not expressly admitted herein. All headings and subheadings in the Amended Compliant do not constitute well-pleaded allegations of fact and therefore no response is required. To the extent that any response is required, the Cardinal Health Defendants deny any and all allegations in the headings and subheadings in the Amended Complaint. To the extent that the Cardinal Health Defendants have incorporated defined terms from the Amended Complaint, the Cardinal Health Defendants in no way concede their truthfulness or accuracy. The Cardinal Health Defendants expressly reserve the right to seek to amend and/or supplement their Answer as may be necessary. Incorporating all of the

foregoing into each of the following responses, the Cardinal Health Defendants respond to the specific allegations of the Amended Complaint in like-numbered paragraphs as follows.

1. Paragraph 1 sets forth characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, the Cardinal Health Defendants deny the allegations of Paragraph 1.

2. The Cardinal Health Defendants deny the allegations of Paragraph 2, except admit that Cordis is a manufacturer of cardiology and endovascular devices, admit that Cardinal Health acquired Cordis for approximately $1.9 billion from Ethicon, Inc., a wholly-owned subsidiary of Johnson & Johnson in October 2015, and aver that Cardinal Health announced that it had completed the sale of Cordis to Hellman & Friedman in August 2021.

3. The Cardinal Health Defendants deny the allegations of Paragraph 3.

4. The Cardinal Health Defendants deny the allegations of Paragraph 4.

5. The first two sentences of Paragraph 5 purport to selectively quote from and characterize a news release issued by Cardinal Health and the transcript of an earnings conference call hosted by Cardinal Health on May 3, 2018, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants deny the allegations of the third sentence of Paragraph 5, and respectfully refer the Court to publicly available stock quote and trading volume information for the price and trading volume of Cardinal Health stock during the referenced period. The fourth sentence of Paragraph 5 purports to selectively quote from and characterize unspecified analyst reports, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 5.

6. The first sentence of Paragraph 6 purports to selectively quote from and characterize Cardinal Health's 2018 Form 10-K SEC filing, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 7, except admit that Plaintiff purports to assert claims under the referenced provisions.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 8, except admit that Plaintiff purports to base jurisdiction over the subject matter of this action pursuant to the statutes cited in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants admit that Cardinal Health conducts business in the Southern District of Ohio and otherwise deny the allegations of Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 10.

11. The Cardinal Health Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and deny them on that basis.

12. The Cardinal Health Defendants deny the allegations of Paragraph 12, except admit that Cardinal Health is incorporated in Ohio, maintains offices at 7000 Cardinal Place, Dublin, Ohio 43017, and that its common stock trades on the NYSE under the ticker symbol

"CAH." The Cardinal Health Defendants respectfully refer the Court to Cardinal Health's SEC filings for an accurate description of its businesses.

13. The Cardinal Health Defendants deny the allegations of Paragraph 13, except admit that Barrett served as Chief Executive Officer and Chairman of the Board of Directors of Cardinal Health from on or around August 31, 2009 to on or around December 31, 2018, and served as Executive Chairman of the Board of Directors of Cardinal Health from on or around January 1, 2018 to on or around November 7, 2018.

14. The Cardinal Health Defendants deny the allegations of Paragraph 14, except admit that Casey was the Chief Executive Officer of the Medical segment at Cardinal Health from April 2012 until February 2018, when he left Cardinal Health; that the Medical segment included the Cordis business; that Cardinal Health purchased Cordis from Ethicon, Inc., a wholly-owned subsidiary of Johnson & Johnson; and that Casey previously worked for Johnson & Johnson for approximately 24 years.

15. The Cardinal Health Defendants deny the allegations of Paragraph 15, except admit that Kaufmann has been Chief Executive Officer and a member of Cardinal Health's Board of Directors since on or around January 1, 2018, and that Kaufmann previously served as Chief Financial Officer of Cardinal Health from November 2014 to on or around December 31, 2017.

16. The Cardinal Health Defendants deny the allegations of Paragraph 16, except admit that Gomez was Chief Financial Officer of Cardinal Health from on or around January 1, 2018 to August 2019 and that Gomez previously served as Senior Vice President and Chief Financial Officer of the Medical segment at Cardinal Health from June 2015 to on or around December 31, 2017.

17. The Cardinal Health Defendants deny the allegations of Paragraph 17, except admit that Wilson was President of Cordis from March 2015 until approximately August 2017, that he joined Cardinal Health in October 2015, and that Wilson previously worked for Johnson & Johnson companies for approximately 19 years, including approximately 11 years at Cordis during approximately 1996 to 2007.

18. The first sentence of Paragraph 18 defines a term used elsewhere in the Amended Complaint and therefore does not require a response. The remainder of Paragraph 18 states legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 18.

19. The Cardinal Health Defendants deny the allegations of Paragraph 19, except admit that Cardinal Health maintains offices in Dublin, Ohio; that its business involves distribution of drugs and medical devices; and that it has Pharmaceutical and Medical business segments. The Cardinal Health Defendants respectfully refer the Court to Cardinal Health's SEC filings describing Cardinal Health's businesses and to publicly available stock quote information reflecting the price of Cardinal Health stock during the referenced period for a complete and accurate recitation of their contents.

20. The Cardinal Health Defendants deny the allegations of the first sentence of Paragraph 20, except admit that Cordis is a manufacturer of cardiovascular and endovascular devices. The remaining allegations of Paragraph 20 purport to characterize Cardinal Health's March 2015 news release and SEC filings regarding its plans to acquire Cordis, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 20.

21. The Cardinal Health Defendants admit that Cardinal Health acquired AssuraMed in March 2013 and AccessClosure in May 2014. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 21, and respectfully refer the Court to Cardinal Health's SEC filings describing the performance of its businesses for a complete and accurate recitation of their contents.

22. The Cardinal Health Defendants deny the allegations of Paragraph 22.

23. The Cardinal Health Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 23 and deny them on that basis. The second and third sentences of Paragraph 23 purport to quote from and characterize a Morgan Stanley report, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 23.

24. The allegations of Paragraph 24 purport to characterize the transcript from a February 24, 2015 conference hosted by RBC Healthcare, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 24.

25. The Cardinal Health Defendants deny the allegations of Paragraph 25, except admit that Cardinal Health maintains incentive compensation plans for the benefit of certain of its officers, directors, and employees, and respectfully refer the Court to Cardinal Health's SEC filings containing descriptions of these plans for a complete and accurate recitation of their contents.

26. The Cardinal Health Defendants deny the allegations of the first sentence of Paragraph 26, except admit that Cardinal Health on March 2, 2015 issued a news release

announcing plans to acquire Cordis. The second sentence of Paragraph 26 purports to selectively quote from and characterize Cardinal Health's March 2, 2015 news release concerning the Cordis acquisition, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 26.

27. The Cardinal Health Defendants admit that on October 4, 2015 Cardinal Health announced that it had completed the acquisition of the Cordis business. The remaining allegations of Paragraph 27 purport to summarize the terms of the Stock and Asset Purchase Agreement regarding the Cordis acquisition, which was attached to Cardinal Health's March 2, 2015 Form 8-K SEC filing, and other public statements and SEC filings concerning the acquisition, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 27.

28. The Cardinal Health Defendants admit that Cardinal Health entered into a Transition Services Agreement and a Transition Manufacturing Services Agreement in connection with Cardinal Health's acquisition of Cordis, and respectfully refer the Court to those agreements for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 28.

29. The Cardinal Health Defendants deny the allegations of the first and second sentences of Paragraph 29. The Cardinal Health Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of Paragraph 29 and deny them on that basis.

30. The Cardinal Health Defendants deny the allegations of Paragraph 30.

31. The Cardinal Health Defendants deny the allegations of the first sentence of Paragraph 31, except admit that Cardinal Health on March 2, 2015 announced plans to acquire Cordis. The remainder of Paragraph 31 purports to selectively quote from and characterize Cardinal Health's March 2, 2015 Form 8-K SEC filing, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 31.

32. The Cardinal Health Defendants admit that Cardinal Health hosted a conference call on March 2, 2015 concerning the Cordis acquisition. The remaining allegations of Paragraph 32 purport to selectively quote from and characterize the transcript of the March 2, 2015 conference call and associated slides, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 32.

33. The allegations of Paragraph 33 purport to selectively quote from and characterize the transcript of the March 2, 2015 conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 33, except admit that Casey previously worked for Johnson & Johnson.

34. The allegations of Paragraph 34 purport to selectively quote from and characterize the transcript of the March 2, 2015 conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 34, except admit that as of March 2, 2015 Barrett was Cardinal Health's Chief Executive Officer and Kaufmann was Cardinal Health's Chief Financial Officer.

35. The allegations of Paragraph 35 purport to selectively quote from and characterize reports from S&P Capital IQ, Leerink Partners, J.P. Morgan Securities, Cowen and Company, Evercore ISI, and RBC Capital Markets, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 35.

36. The allegations of Paragraph 36 purport to selectively quote from and characterize the transcript of a March 3, 2015 conference hosted by Cowen and Company, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 36.

37. The allegations of Paragraph 37 purport to selectively quote from and characterize the transcript of the March 3, 2015 conference hosted by Cowen and Company, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 37.

38. The allegations of Paragraph 38 purport to selectively quote from and characterize the transcript of the March 3, 2015 conference hosted by Cowen and Company, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 38.

39. The allegations of Paragraph 39 purport to selectively quote from a report published by Cowen and Company on March 4, 2015, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 39.

40. The allegations of the first sentence of Paragraph 40 purport to paraphrase and characterize unspecified public statements by unspecified Cardinal Health Defendants on

unspecified dates, and the Cardinal Health Defendants respectfully refer the Court to any transcripts of any public remarks during the referenced period for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 40.

41. The allegations of Paragraph 41 purport to selectively quote from and characterize the transcript of a conference hosted by Barclay's on March 10, 2015, an April 10, 2015 article in Clinica Medtech Intelligence, and the transcript of an earnings conference call hosted by Cardinal Health on April 30, 2015, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 41.

42. The allegations of Paragraph 42 purport to selectively quote from and characterize the transcript of a May 13, 2015 conference hosted by Bank of America Merrill Lynch, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 42.

43. The Cardinal Health Defendants admit that on October 4, 2015 Cardinal Health issued a news release announcing that it had completed the acquisition of the Cordis business. The remaining allegations of Paragraph 43 purport to selectively quote from and characterize the October 4, 2015 news release issued by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 43.

44. The allegations of Paragraph 44 purport to selectively quote from and characterize an article published by *Endovascular Today* in October 2015, to which the Cardinal Health

Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 44.

45. The Cardinal Health Defendants admit that Cardinal Health hosted an Investor and Analyst Day meeting on November 19, 2015. The remaining allegations of Paragraph 45 purport to selectively quote from and characterize the transcript of the November 19, 2015 meeting hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 45.

46. The allegations of Paragraph 46 purport to selectively quote from and characterize the transcript of a January 12, 2016 conference call hosted by J.P. Morgan, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 46.

47. The Cardinal Health Defendants admit that Cardinal Health hosted an earnings conference call on February 1, 2016. The remaining allegations of Paragraph 47 purport to selectively quote from and characterize the transcript of the February 1, 2016 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 47.

48. The allegations of Paragraph 48 purport to selectively quote from and characterize the transcript of the February 1, 2016 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 48.

49. The allegations of Paragraph 49 purport to selectively quote from and characterize the transcripts of a February 10, 2016 conference hosted by Leerink Partners and a March 7, 2016 conference hosted by Raymond James, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 49.

50. The Cardinal Health Defendants admit that Cardinal Health hosted an earnings conference call on April 28, 2016. The remaining allegations of Paragraph 50 purport to selectively quote from and characterize the transcript of the April 28, 2016 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 50.

51. The Cardinal Health Defendants admit that Barrett made remarks during a conference hosted by William Blair and Company on June 15, 2016. The remaining allegations of Paragraph 51 purport to selectively quote from and characterize the transcript of the June 15, 2016 conference hosted by William Blair and Company, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 51.

52. The Cardinal Health Defendants admit that Cardinal Health hosted a June 17, 2016 Dublin Day conference in Dublin, Ohio. The remaining allegations of Paragraph 52 purport to selectively quote from and characterize the transcript of the June 17, 2016 conference hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 52.

53. The allegations of Paragraph 53 purport to selectively quote from and characterize the transcript of the June 17, 2016 conference hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 53.

54. The Cardinal Health Defendants admit that Cardinal Health hosted an earnings conference call on August 2, 2016. The remaining allegations of Paragraph 54 purport to selectively quote from and characterize the transcript of the August 2, 2016 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 54.

55. The allegations of Paragraph 55 purport to selectively quote from and characterize the transcript of the August 2, 2016 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 55.

56. The Cardinal Health Defendants admit that Cardinal Health hosted an earnings conference call on October 31, 2016. The remaining allegations of Paragraph 56 purport to selectively quote from and characterize the transcript of the October 31, 2016 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 56.

57. The allegations of Paragraph 57 purport to selectively quote from and characterize the transcript of the October 31, 2016 earnings conference call hosted by Cardinal Health, to

which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 57.

58. The Cardinal Health Defendants admit that Cardinal Health hosted a December 16, 2016 Dublin Day conference in Dublin, Ohio. The remaining allegations of Paragraph 58 purport to selectively quote from and characterize the transcript of the December 16, 2016 conference hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 58.

59. The allegations of Paragraph 59 purport to selectively quote from and characterize the transcript of a January 10, 2017 webcast hosted by J.P. Morgan, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 59.

60. The Cardinal Health Defendants admit that Cardinal Health issued a news release on February 7, 2017 concerning its financial results. The remaining allegations of Paragraph 60 purport to selectively quote from and characterize the February 7, 2017 news release issued by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 60.

61. The Cardinal Health Defendants admit that Cardinal Health hosted an earnings conference call on February 7, 2017. The remaining allegations of Paragraph 61 purport to selectively quote from and characterize the transcript of the February 7, 2017 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully

refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 61.

62. The allegations of Paragraph 62 purport to selectively quote from and characterize reports published by UBS Securities, Leerink Partners, Evercore ISI, Barclays Bank, Argus Research, and J.P. Morgan Securities, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 62.

63. The Cardinal Health Defendants admit that Cardinal Health issued a news release on April 18, 2017 concerning its financial results. The remaining allegations of the first, second, and third sentences of Paragraph 63 purport to selectively quote from and characterize the April 18, 2017 news release issued by Cardinal Health and the transcript of an April 18, 2017 conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 63.

64. The Cardinal Health Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 64 and deny them on that basis. The remaining allegations of Paragraph 64 purport to selectively quote from and characterize April 18, 2017 reports published by UBS Securities and CFRA Research, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 64.

65. The Cardinal Health Defendants admit that Cardinal Health hosted an earnings conference call on May 1, 2017. The remaining allegations of Paragraph 65 purport to

selectively quote from and characterize the transcript of the May 1, 2017 earnings conference call hosted by Cardinal Health and associated slides, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 65.

66. The allegations of Paragraph 66 purport to selectively quote from and characterize reports published by Cowen and Company, Leerink Partners, and William Blair and Company, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 66.

67. The Cardinal Health Defendants deny the allegations of Paragraph 67.

68. The Cardinal Health Defendants admit that Cardinal Health issued a news release on August 2, 2017 concerning its financial results. The remaining allegations of Paragraph 68 purport to selectively quote from and characterize the August 2, 2017 news release issued by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 68.

69. The Cardinal Health Defendants admit that Cardinal Health hosted an earnings conference call on August 2, 2017. The remaining allegations of Paragraph 69 purport to selectively quote from and characterize the transcript of the August 2, 2017 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 69.

70. The Cardinal Health Defendants deny the allegations of Paragraph 70, and respectfully refer the Court to publically available stock quote and trading volume information for the price and trading volume of Cardinal Health stock during the referenced period.

71. The Cardinal Health Defendants deny the allegations of Paragraph 71.

72. The Cardinal Health Defendants deny the allegations of Paragraph 72, except admit that David Wilson left Cardinal Health in or around August 2017 and Patrick Holt became President of Cordis in December 2017.

73. The allegations of Paragraph 73 purport to selectively quote from and characterize the transcript of a September 11, 2017 conference hosted by Morgan Stanley, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 73.

74. The allegations of Paragraph 74 purport to selectively quote from and characterize the transcript of a September 11, 2017 conference hosted by Morgan Stanley, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 74.

75. The Cardinal Health Defendants admit that Cardinal Health issued a news release and slides related to its earnings release on November 6, 2017. The remaining allegations of Paragraph 75 purport to selectively quote from and characterize the November 6, 2017 news release and slides issued by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 75.

76. The allegations of Paragraph 76 purport to selectively quote from and characterize the transcript of a November 6, 2017 earnings conference call hosted by Cardinal Health, to

which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 76.

77. The allegations of Paragraph 77 purport to selectively quote from and characterize the transcript of a January 8, 2018 conference hosted by J.P. Morgan, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 77.

78. The Cardinal Health Defendants admit that Cardinal Health's January 17, 2018 Form 8-K SEC filing reported that Casey had notified Cardinal Health that he would leave the company effective February 2, 2018, and respectfully refer the Court to the filing for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 78.

79. The Cardinal Health Defendants admit that Cardinal Health issued a news release on February 8, 2018 concerning its financial results. The remaining allegations of Paragraph 79 purport to characterize the February 8, 2018 news release issued by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 79.

80. The allegations of Paragraph 80 purport to selectively quote from and characterize the transcript of a February 8, 2018 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 80.

81. The allegations of Paragraph 81 purport to selectively quote from and characterize the transcript of a February 15, 2018 conference hosted by Leerink Partners, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 81.

82. The allegations of Paragraph 82 purport to selectively quote from and characterize the transcript of a March 13, 2018 conference hosted by Barclays, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 82.

83. The Cardinal Health Defendants deny the allegations of Paragraph 83.

84. The Cardinal Health Defendants admit that Cardinal Health issued a news release on May 3, 2018 concerning its financial results. The remaining allegations of Paragraph 84 purport to selectively quote from and characterize the May 3, 2018 news release issued by Cardinal Health and the transcript of a May 3, 2018 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 84.

85. The allegations of Paragraph 85 purport to selectively quote from and characterize the transcript of a May 3, 2018 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 85.

86. The allegations of Paragraph 86 purport to selectively quote from and characterize the transcript of a May 3, 2018 earnings conference call hosted by Cardinal Health, to which the

Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 86.

87. The allegations of Paragraph 87 purport to selectively quote from and characterize the transcript of a May 3, 2018 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 87.

88. The allegations of Paragraph 88 purport to selectively quote from and characterize the transcript of a May 3, 2018 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 88.

89. The Cardinal Health Defendants deny the allegations of Paragraph 89, and respectfully refer the Court to publicly available stock quote and trading volume information reflecting the price and trading volume of Cardinal Health stock during the referenced period.

90. The allegations of Paragraph 90 purport to selectively quote from and characterize reports published by RBC Capital Markets, Leerink Partners, and Cowen and Company on May 3, 2018, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 90.

91. The allegations of Paragraph 91 purport to selectively quote from and characterize a May 3, 2018 news release issued by Cardinal Health and Cardinal Health's 2018 Form 10-K SEC filing, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 91.

92. The Cardinal Health Defendants deny the allegations of Paragraph 92.

93. The allegations of Paragraph 93 and Footnote 1 contain legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 93 and Footnote 1.

94. The Cardinal Health Defendants deny the allegations of Paragraph 94.

95. The Cardinal Health Defendants deny the allegations of Paragraph 95.

96. The Cardinal Health Defendants deny the allegations of Paragraph 96.

97. The Cardinal Health Defendants deny the allegations of Paragraph 97.

98. Paragraph 98 and Footnote 2 contain legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 98 and Footnote 2.

99. The Cardinal Health Defendants deny the allegations of Paragraph 99, and respectfully refer the Court to Cardinal Health's 2016 Form 10-K SEC filing for a complete and accurate recitation of its contents.

100. The allegations of Paragraph 100 purport to selectively quote from and characterize Cardinal Health's 2017 Form 10-K SEC filing and Form 10-Q SEC filings during the purported class period, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 100.

101. The allegations of Paragraph 101 purport to summarize and characterize Cardinal Health's Form 10-Q and Form 10-K SEC filings during the purported class period, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 101.

102. The Cardinal Health Defendants deny the allegations of Paragraph 102.

103. The Cardinal Health Defendants deny the allegations of Paragraph 103.

104. The Cardinal Health Defendants deny the allegations of Paragraph 104.

105. Paragraph 105 purports to selectively quote from and characterize the transcripts of conference calls and conferences during the purported class period, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 105, except admit that Barrett was Chief Executive Officer of Cardinal Health during part of the purported class period and that Barrett signed certifications pursuant to Section 302 of the Sarbanes-Oxley Act of 2002 for certain SEC filings, and respectfully refer the Court to those certifications for a complete and accurate recitation of their contents.

106. Paragraph 106 purports to selectively quote from and characterize the transcripts of conference calls and conferences during the purported class period, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 106, except admit that Kaufmann was Chief Financial Officer of Cardinal Health from November 2014 until on or around December 31, 2017 and admit that Kaufmann signed certifications pursuant to Section 302 of the Sarbanes-Oxley Act of 2002 for certain SEC filings, and respectfully refer the Court to those certifications for a complete and accurate recitation of their contents.

107. Paragraph 107 purports to characterize the transcripts of a conference call and conferences, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the

allegations of Paragraph 107, except admit that Gomez was Chief Financial Officer of Cardinal Health's Medical segment prior to becoming Cardinal Health's Chief Financial Officer, that he was Chief Financial Officer of Cardinal Health from on or around January 1, 2018 to August 2019, and that he signed certifications pursuant to Section 302 of the Sarbanes-Oxley Act of 2002 for certain SEC filings, and respectfully refer the Court to those certifications for a complete and accurate recitation of their contents.

108. Paragraph 108 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 108.

109. The Cardinal Health Defendants deny the allegations of the first, second, and third sentences of Paragraph 109, except admit that Casey previously worked at Johnson & Johnson and admit that Casey was Chief Executive Officer of Cardinal Health's Medical segment from April 2012 to February 2018. The fourth sentence of Paragraph 109 purports to characterize public statements by Barrett, including during conference calls hosted by Cardinal Health on August 2, 2016 and October 31, 2016, and the Cardinal Health Defendants respectfully refer the Court to the transcripts of those remarks for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 109.

110. The Cardinal Health Defendants deny the allegations of Paragraph 110, except admit that Wilson previously worked for Johnson & Johnson for approximately 19 years, including approximately 11 years at Cordis during approximately 1996 to 2007.

111. The Cardinal Health Defendants deny the allegations of Paragraph 111, except admit that Wilson left his position as President of Cordis in or around August 2017 and that he had previously worked for Cordis for approximately 11 years from approximately 1996 to 2007,

admit that Cardinal Health announced on November 6, 2017 that Barrett would leave his position as Chief Executive Officer of Cardinal Health as of January 1, 2018 and aver that he served as Executive Chairman of the Cardinal Health Board of Directors from on or around January 1, 2018 to on or around November 7, 2018, and admit that Casey left his position as Chief Executive Officer of Cardinal Health's Medical segment in February 2018.

112. The allegations of Paragraph 112 purport to summarize transactions by Barrett and Casey reported in SEC filings, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 112.

113. The allegations of Paragraph 113 purport to summarize transactions by Barrett and Casey reported in SEC filings, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 113.

114. The allegations of Paragraph 114 purport to summarize transactions by Casey and Barrett reported in SEC filings, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 114.

115. The allegations of Paragraph 115 purport to quote from and characterize the descriptions of Cardinal Health's compensation plans contained in Cardinal Health's SEC filings, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 115.

116. The allegations of Paragraph 116 purport to summarize information from Cardinal Health's 2017 Proxy Statement, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 116.

117. The allegations of Paragraph 117 purport to selectively quote from and characterize Cardinal Health's September 16, 2014 Proxy Statement, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 117.

118. The allegations of Paragraph 118 purport to selectively quote from and characterize Cardinal Health's September 15, 2015 Proxy Statement, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 118.

119. The allegations of Paragraph 119 purport to characterize Cardinal Health's September 15, 2015 Proxy Statement, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 119.

120. The allegations of Paragraph 120 purport to characterize Cardinal Health's September 15, 2015 Proxy Statement, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 120.

121. The allegations of Paragraph 121 purport to selectively quote from and characterize Cardinal Health's September 15, 2015 Proxy Statement, to which the Cardinal

Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 121.

122. The allegations of Paragraph 122 purport to selectively quote from and characterize Cardinal Health's September 16, 2016 Proxy Statement, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 122.

123. The allegations of Paragraph 123 purport to characterize Cardinal Health's September 16, 2016 Proxy Statement, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 123.

124. The allegations of Paragraph 124 purport to characterize Cardinal Health's September 16, 2016 Proxy Statement, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 124.

125. The allegations of Paragraph 125 purport to selectively quote from and characterize Cardinal Health's September 16, 2016 Proxy Statement, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of its contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 125.

126. The Cardinal Health Defendants deny the allegations of Paragraph 126.

127. The allegations of Paragraph 127 purport to characterize Cardinal Health's September 15, 2015, September 16, 2016, and September 21, 2017 Proxy Statements, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate

recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 127.

128. The allegations of Paragraph 128 purport to characterize Cardinal Health's September 16, 2016 and September 21, 2017 Proxy Statements, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 128.

129. The allegations of Paragraph 129 purport to selectively quote from and characterize Cardinal Health's SEC filings, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 129.

130. The Cardinal Health Defendants deny the allegations of Paragraph 130.

131. Paragraph 131 consists of legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 131.

132. The Cardinal Health Defendants deny the allegations of Paragraph 132.

133. The allegations of Paragraph 133 purport to selectively quote from and characterize an August 2, 2017 news release issued by Cardinal Health and the transcript of an August 2, 2017 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants further respectfully refer the Court to publicly available information reflecting the performance of Cardinal Health stock, the S&P 500 Index, and the S&P 500 Healthcare Index during the referenced period. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 133.

134. The allegations of Paragraph 134 purport to characterize a May 3, 2018 news release issued by Cardinal Health and the transcript of a May 3, 2018 earnings conference call hosted by Cardinal Health, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 134.

135. The allegations of Paragraph 135 purport to selectively quote from and characterize reports published by William Blair and Company, Evercore ISI, Leerink Partners, and RBC Capital Markets, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 135.

136. The Cardinal Health Defendants deny the allegations of Paragraph 136, and respectfully refer the Court to publicly available performance and trading volume information reflecting the price and trading volume of Cardinal Health stock and the S&P 500 Index and S&P 500 Healthcare Index during the referenced period.

137. The Cardinal Health Defendants deny the allegations of Paragraph 137.

138. Paragraph 138 asserts legal conclusions to which no response is required. To the extent that any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 138, except admit that during the purported class period (1) shares of Cardinal Health traded on the NYSE, (2) Cardinal Health periodically issued news releases, (3) Cardinal Health periodically filed reports with the SEC, and (4) Cardinal Health was from time to time the subject of reports and comments by securities analysts.

139. Paragraph 139 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 139.

140. Paragraph 140 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 140.

141. Paragraph 141 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 141.

142. Paragraph 142 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 142.

143. The Cardinal Health Defendants deny the allegations of Paragraph 143, except admit that Plaintiff purports to bring this action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and to exclude certain parties as described in Paragraph 143 of the Amended Complaint.

144. The first sentence of Paragraph 144 contains legal conclusions to which no response is required; to the extent that a response is required, the Cardinal Health Defendants deny the allegations of the first sentence of Paragraph 144. The Cardinal Health Defendents deny the allegations of the second and third sentences of Paragraph 144, except admit that Cardinal Health shares were traded on the NYSE during the purported class period and refer the Court to Cardinal Health's Form 10-Q filed on May 9, 2018 for a complete and accurate recitation of its contents. The Cardinal Health Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations of the fourth sentence of Paragraph 144 and deny them on that basis.

145. Paragraph 145 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 145.

146. Paragraph 146 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 146.

147. Paragraph 147 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 147.

148. The first two sentences of Paragraph 148 contain legal conclusions and argument to which no response is required; to the extent any response is required, the Cardinal Health Defendants deny the allegations of the first two sentences of Paragraph 148. The Cardinal Health Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of third sentence of Paragraph 148 and deny them on that basis.

**COUNT I**

149. The Cardinal Health Defendants incorporate and re-assert each and every response contained above as if set forth in full herein.

150. The Cardinal Health Defendants deny the allegations of Paragraph 150.

151. Paragraph 151 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 151.

152. Paragraph 152 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 152.

153. Paragraph 153 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 153.

**COUNT II**

154. The Cardinal Health Defendants incorporate and re-assert each and every response contained above as if set forth in full herein.

155. Paragraph 155 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 155.

156. Paragraph 156 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 156.

157. Paragraph 157 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 157.

**COUNT III**

158. The Cardinal Health Defendants incorporate and re-assert each and every response contained above as if set forth in full herein.

159. Paragraph 159 sets forth Plaintiff's description of its legal claims, to which no response is required. To the extent any response is required, the Cardinal Health Defendants

deny the allegations of Paragraph 159, except admit that Plaintiff purports to bring this count on behalf of itself and purported class members as described in Paragraph 159.

160. Paragraph 160 purports to characterize transactions by Barrett reported in SEC filings, to which the Cardinal Health Defendants respectfully refer the Court for a complete and accurate recitation of their contents. The Cardinal Health Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 and Footnote 3 concerning Plaintiff's purported purchases and deny them on that basis. The Cardinal Health Defendants otherwise deny the allegations of Paragraph 160.

161. Paragraph 161 contains legal conclusions and argument to which no response is required. To the extent that any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 161.

162. The Cardinal Health Defendants deny the allegations of Paragraph 162.

163. Paragraph 163 contains legal conclusions and argument to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 163.

164. Paragraph 164 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 164.

165. The Cardinal Health Defendants deny the allegations of Paragraph 165.

166. Paragraph 166 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 166.

167. Paragraph 167 contains legal conclusions to which no response is required. To the extent any response is required, the Cardinal Health Defendants deny the allegations of Paragraph 167.

## ANSWER TO PRAYER FOR RELIEF

Answering the Prayer for Relief, the Cardinal Health Defendants deny that Plaintiff or any members of the putative class that Plaintiff purports to represent are entitled to the relief sought or any other relief, and further deny that Plaintiff or any members of the putative class that Plaintiff purports to represent have been damaged as a result of any act or omission of the Cardinal Health Defendants or are entitled to any relief whatsoever against the Cardinal Health Defendants by reason of the allegations of the Amended Complaint.

## ANSWER TO DEMAND FOR JURY

Answering the Demand for Jury, the Cardinal Health Defendants deny that Plaintiff or any members of the putative class that Plaintiff purports to represent are entitled to the requested relief, or any relief, against the Cardinal Health Defendants.

## DEFENSES

The Cardinal Health Defendants assert the following defenses to the Amended Complaint, without assuming the burden of proof or persuasion where such burden rests on Plaintiffs.[1] The Cardinal Health Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein that they may become aware of or may be supported by discovery or other investigation, as may be appropriate at a later time.

[1] In the Defenses, the term "Plaintiffs" refers generally to the Plaintiff and members of any class that Plaintiff purports or seeks to represent.

1. Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint fails to allege facts sufficient to state a claim against the Cardinal Health Defendants upon which relief may be granted.

2. Plaintiffs have failed to plead their claims, in whole or in part, against the Cardinal Health Defendants with particularity.

3. Plaintiffs' claims are barred, in whole or in part, for lack of standing.

4. Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation and/or repose.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, equitable estoppel, unjust enrichment, *in pari delicto*, unclean hands, and/or other related equitable doctrines.

6. The Cardinal Health Defendants are not liable to Plaintiffs because the Cardinal Health Defendants neither had nor breached any duty to disclose any facts allegedly not disclosed.

7. Plaintiffs' claims are barred, in whole or in part, because the Cardinal Health Defendants did not make any false or misleading statements or omissions of material fact, and the Cardinal Health Defendants are not otherwise responsible for any alleged false or misleading statements or omissions of material fact made by any other defendant or any non-party to this action.

8. Plaintiffs' claims are barred, in whole or in part, to the extent the challenged disclosures at issue in this action were forward-looking statements rendered inactionable by the safe harbor set forth in the Private Securities Litigation Reform Act and/or the "bespeaks caution" doctrine.

9. Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements contained sufficient cautionary language and risk disclosure.

10. Plaintiffs' claims are barred, in whole or in part, because the allegedly false or misleading statements or omissions of material fact at issue in this action were not material to the investment decisions of a reasonable investor, including in light of the total mix of information available to Plaintiffs.

11. Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements about which Plaintiffs complain concern non-actionable corporate optimism or puffery.

12. The Cardinal Health Defendants did not employ any device, scheme, or artifice to defraud; did not engage in any act, practice or course of business that operated or would operate as fraud or deceit on any person; and are not responsible, in law or in fact, for any alleged false or misleading statements or omissions of material fact, or any manipulative or deceptive conduct by others.

13. The Cardinal Health Defendants cannot be liable for any false or misleading statements or omissions of material fact directed at persons other than Cardinal Health investors because that conduct did not occur in the securities markets.

14. Plaintiffs' claims are barred, in whole or in part, because the Cardinal Health Defendants did not act with the requisite mental state or scienter.

15. Plaintiffs' claims are barred, in whole or in part, because the Cardinal Health Defendants had no knowledge of or reasonable grounds to believe in the existence of any facts by reason of which any alleged statement or omission was allegedly false or misleading.

16. Plaintiffs' claims are barred, in whole or in part, because the Cardinal Health Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

17. Plaintiffs' claims are barred, in whole or in part, because the Cardinal Health Defendants acted at all times in good faith and did not directly or indirectly induce any acts alleged to constitute a violation of law.

18. Plaintiffs' claims predicated on statements of opinion or belief fail because these statements were not objectively false when made and because these statements did not misrepresent the speaker's subjective opinion or belief.

19. Plaintiffs' claims are barred, in whole or in part, because they have not suffered any legally cognizable injury or damages.

20. Plaintiffs' claims are barred, in whole or in part, because they have not suffered any injury directly or proximately caused by any conduct or act of the Cardinal Health Defendants.

21. Any damages allegedly incurred by Plaintiffs are subject to offset in the amount of any benefits received by Plaintiffs through their investments.

22. Plaintiffs' claims are barred, in whole or in part, because of the lack of loss causation. Any damages or injuries allegedly suffered by Plaintiffs were not caused by any alleged actions or inactions of the Cardinal Health Defendants or the alleged misstatements or omissions. Any decline in the market price and/or value of Cardinal Health securities resulted from factors other than the alleged misstatements or omissions.

23. The Cardinal Health Defendants are not liable to Plaintiffs to the extent that the alleged misstatements and omissions were not made in connection with the purchase or sale of any securities by Plaintiffs.

24. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not reasonably or actually rely on any allegedly false or misleading statement or omission of material fact, and neither the "fraud-on-the-market" nor any other presumption of reliance is available in this action.

25. To the extent any of the challenged disclosures at issue in this litigation are determined to have contained false or misleading statements, Plaintiffs knew of any alleged false or misleading statement of material fact or omission in the challenged disclosures.

26. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased shares of Cardinal Health stock with actual or constructive knowledge of the risks involved, and therefore assumed the risk that the value of their shares would decline if those risks materialized.

27. Plaintiffs' claims are barred, in whole or in part, because the substance of the allegedly material information that was allegedly misstated or omitted was in fact publicly available and/or known to the market and the investing community.

28. Plaintiffs' claims are barred, in whole or in part, because none of the Cardinal Health Defendants was a controlling nor culpable participant in any party's primary violation of federal securities laws, and cannot be held liable for aiding and abetting another party's violation and cannot otherwise be held vicariously liable.

29. Plaintiffs are not entitled to any recovery under Section 20A of the Exchange Act or Section 20(a) of the Exchange Act because there was no underlying violation of Section 10(b) of the Exchange Act or Rule 10b-5 promulgated thereunder.

30. Any damages purportedly sustained by Plaintiffs under Section 20A of the Exchange Act must be limited only to Barrett's profits gained or losses avoided in the transactions that are the subject of the alleged Section 20A claim.

31. To the extent that Section 20A of the Exchange Act permits a recovery of monetary damages by a Plaintiff who has not traded with Barrett and thus who has not suffered any redressable injury traceable to any unlawful conduct by Barrett, Section 20A of the Exchange Act is unconstitutional, in violation of the case or controversy requirement of Article III of the U.S. Constitution.

32. Plaintiffs lack standing to maintain their Section 20A claims to the extent that they cannot demonstrate that they purchased or sold securities of the same class that Barrett purchased or sold.

33. Plaintiffs lack standing to maintain their Section 20A claims to the extent that they cannot demonstrate that they purchased or sold securities contemporaneously with a purchase or sale by Barrett.

34. Plaintiffs' claims are barred, in whole or in part, by their own actions, omissions, and/or negligence.

35. Plaintiffs' claims are barred, in whole, or in part, because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

36. Plaintiffs' claims are barred, in whole or in part, because the alleged damages or other injuries were caused solely by acts or omissions of Plaintiffs or others over which the Cardinal Health Defendants had no control.

37. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs ratified the wrongful acts and omissions.

38. In the event that a final judgment is rendered against any defendant, any damage, loss, or liability purportedly sustained by Plaintiffs must be reduced, diminished, and/or eliminated under the limitations to damages imposed by 15 U.S.C.§ 78u-4(e).

39. Plaintiffs' claims are barred, in whole or in part, to the extent that their damages, if any, are speculative and/or to the extent that it is impossible to ascertain their damages.

40. Plaintiffs failed to mitigate, minimize, or avoid their damages, if any.

41. The Cardinal Health Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

42. In the event that a final judgment is rendered against any defendant, any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or barred to the extent Plaintiffs seek an overlapping or duplicative recovery pursuant to the various claims against the Cardinal Health Defendants or others.

43. The putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

44. Plaintiff does not meet the adequacy or typicality requirements of Rule 23 of the Federal Rules of Civil Procedure and is otherwise not an appropriate class representative.

45. The putative class period is overbroad and therefore the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

46. Plaintiffs are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

**PRAYER FOR RELIEF**

The Cardinal Health Defendants respectfully pray that this Court deny any relief or request for judgment on behalf of Plaintiff or any putative class member, dismiss this action in its entirety with prejudice and without further leave to amend, award to the Cardinal Health

Defendants their costs and expenses incurred in defending this action, and grant such other and further relief as may be appropriate or that the Court deems just and proper.

November 23, 2021

/s/ Robert W. Trafford by
David S. Bloomfield, Jr.
Robert W. Trafford (0024447)
Trial Attorney
David S. Bloomfield, Jr. (0068158)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2800
Columbus, OH 43215
Tel.: (614) 227-2000
Fax: (614) 227-2100
Email: rtrafford@porterwright.com
dbloomfield@porterwright.com

*Attorneys for Defendants Cardinal Health, Inc., George S. Barrett, Donald M. Casey, Jr., Michael C. Kaufmann, Jorge M. Gomez, and David J. Wilson*

Of Counsel:

William Savitt
Lauren M. Kofke
Alexandra P. Sadinsky
Elizabeth N. Brandt
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Tel: (212) 403-1000
Fax: (212) 403-2000

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of November, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Of Counsel:

ROBBINS GELLER RUDMAN
& DOWD LLP
Darren J. Robbins
Spencer Burkholz
Henry Rosen
Tor Gronborg
Laurie L. Largent
Jennifer Caringal
655 West Broadway, Suite 1900
San Diego, CA 92101
darrenr@rgrdlaw.com
spenceb@rgrdlaw.com
henryr@rgrdlaw.com
torg@rgrdlaw.com
llargent@rgrdlaw.com
jcaringal@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

JOSEPH F. MURRAY
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215
E-mail: murray@mmmb.com

*Local Counsel for Lead Plaintiff*

*/s/ David S. Bloomfield, Jr.*
David S. Bloomfield, Jr. (0068158)