**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  | : |  |
|---|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated, | : : : | Case No. 2:19-cv-03347 |
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : | Judge Edmund A. Sargus, Jr. |
| v. | : |  |
|  | : | Magistrate Judge Elizabeth A. Preston |
| CARDINAL HEALTH, INC., *et al.*, | : | Deavers |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**STIPULATED PROTECTIVE ORDER**

Lead Plaintiff 1199 SEIU Health Care Pension Fund ("Plaintiff") and Defendants Cardinal

Health, Inc., George S. Barrett, Donald M. Casey, Jr., Michael C. Kaufmann, Jorge M. Gomez,

and David J. Wilson (collectively, "Defendants"; Plaintiffs and Defendants are collectively,

"Parties," and individually, a "Party") agree that the following limitations and restrictions should

apply to documents and information produced for inspection and copying during the course of this

litigation (the "Action"), and the Court **ORDERS** that:

1.      **Use of Documents.**  All documents produced in this Action may be used solely for

the purpose of defending or prosecuting this Action.

2.      **Scope.**  This Protective Order (hereinafter "Protective Order" or "Order") shall

apply to all documents or other information produced in the course of discovery in this Action that

the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY – SUBJECT TO PROTECTIVE ORDER" (either a "Confidentiality Designation" or

collectively the "Confidentiality Designations") pursuant to this Order, including but not limited to, all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by third parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof (collectively the "Confidential Information").  If a Party serves a third party with a subpoena for documents or deposition testimony pursuant to this Action, that Party shall provide the third party with a copy of this Order.  Any third party that agrees to be bound by the terms of this Order may then designate documents and deposition testimony as Confidential Information pursuant to the terms of this Order and rely on this Order as if it were a Party.

3.      **Purpose.**  The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

4.      **Disclosure Defined.**  As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts, or other documents which may be prepared in connection with this Action that contain or refer to the Confidential Information or information contained therein.

5.      **Personal Data Defined.**  As used in this Protective Order, "Personal Data" shall refer to any personal identifying and/or personal health information that is specifically subject to federal, state, or foreign Data Protection Laws or other privacy obligations that protect and regulate the use, storage, and transfer of data of natural persons.  Personal Data may constitute highly sensitive material that may require special protection.  Examples of such Data Protection Laws

2

include, without limitation, The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information), Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31), and Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and repealing Directive 95/46/EC ("General Data Protection Regulation" or "GDPR").  Nothing in this Protective Order shall be read or understood to (a) indicate a Party's agreement to produce documents or data that is subject to Data Protection Laws or other privacy obligations or (b) provide a basis for a Party to refuse to produce documents on the basis that they contain data that is subject to any Data Protection Laws or other privacy obligations.

**6.      Designating Material.**

**a.      Designating Material as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."**  Any Producing Entity may designate as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information; medical or psychiatric information; trade secrets; personnel records; or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  The designation of materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Notwithstanding the aforesaid, any Producing Entity may designate as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" any documents containing Personal Data protected by Data Protection Laws.  Any Party may redact from any disclosures or discovery the Personal Data categories identified in **Appendix A**.  The Personal Data categories identified in Appendix A may be subject to amendment by agreement of the Parties or order of the Court.  All redactions pursuant to Appendix A shall be specifically identified within the document as redactions of Personal Data (*e.g.*, "Redaction of Personal Data"), and the redacting Party shall provide a log identifying the specific Data Protection Law upon which it asserts the redaction is based.  If the Personal Data identified in sections 2(vii) and (viii) of Appendix A were used for work purposes, the Parties shall meet and confer in good faith to discuss any contemplated redactions before they are made.  If (a) good cause exists for a Party to request production of certain documents without Personal Data redactions, the requesting Party may request production of such documents unredacted by providing: (i) a list of the Bates numbers of documents it requests to be produced without redactions; and (ii) an explanation of the need for the production without redactions and the relevance of the Personal Data.  To the extent that the Parties cannot reach an agreement, the Parties shall meet and confer on the issue. If the Parties agree that redactions should be lifted and the Personal Data is to be produced, the Producing Entity shall be entitled to re-designate the produced documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER".  In the event the Parties cannot agree on the redactions or relevance of Personal Data during the meet and confer, or if a Producing

4

Entity encounters any category of information that is not listed in Appendix A, but the Producing Entity believes in good faith that such category is Personal Data protected by Data Protection Laws and the Parties cannot reach an agreement in a meet and confer, then either Party shall set up an informal telephone conference of the Parties with the Magistrate Judge under S.D. Ohio Loc. Civ. R. 37.1 for the purpose of discussing the disagreement prior to filing any motion(s) pursuant to FRCP 37(a).  The Parties agreement to the Personal Data categories identified in Appendix A is without waiver of any right to seek the removal of redactions for any document pursuant to a good faith belief that such information is relevant and discoverable.

b.	**Designating Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."** Any Producing Entity may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER" any materials or information that meet the test set forth in Paragraph 6(a), but as to which the Producing Entity also asserts in good faith that the information is so competitively sensitive that the receipt of the information by Parties to the Action could result in competitive harm to the Producing Entity. Information that is publicly available may not be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."  Any Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" materials, testimony, or information containing Personal Data.

c.	**Additional Personal Data Considerations.**  Certain Personal Data, *e.g.* special categories of personal data as defined in Article 9 of the GDPR and other Data

5

Protection Laws ("Special Data Categories"), may compel alternative or additional protections beyond those afforded by the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" designations, in which event the Parties shall meet and confer in good faith to discuss such protections.  Those protections may include entry into additional legal agreements, such as entry into data transfer agreements, redaction, or anonymization.  In the event the Parties cannot reach an agreement with respect to redactions or relevance of Special Data Categories, then either Party shall set up an informal telephone conference of the Parties with the Magistrate Judge under S.D. Ohio Loc. Civ. R. 37.1 for the purpose of discussing the disagreement prior to filing any motion(s) pursuant to FRCP 37(a).

7.      **Form and Timing of Designation.**

a.      **Documents and Written Materials.**  The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp setting forth the Confidentiality Designation, if practical to do so.  The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document.  In the event any material is later designated as Confidential Information after production, the Producing Entity will provide a replacement production consistent with the requirements of this Paragraph, and the material will be treated consistent with the later designation.

b.      **Electronically Stored Information ("ESI").** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic

6

load files themselves the Confidentiality Designation to the extent practicable.  If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the Party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (*e.g.*, the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and any portions of the ESI that should be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

     **c.**     **Deposition Testimony.**     Deposition testimony will be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if designated as such when the deposition is taken or within forty-five (45) days after receipt of the final deposition transcript.  Such designation must indicate which Confidentiality Designation applies and must be specific as to the portions of the transcript and/or any exhibits to which that Confidentiality Designation applies, except that any exhibit that is marked with a Confidentiality Designation shall be presumed to fall within the provisions of this Order without further designation.

**8.**     **Limitation of Use.**

     **a.**     **General Protections.**  All information that has received a Confidentiality Designation, including all information derived therefrom, shall be used by any Receiving Party solely for purposes of prosecuting or defending this Action.  A Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose.  Except as set forth in this Order, a Receiving Party shall not disclose Confidential Information to any third party.

This Order shall not prevent the Producing Entity from using or disclosing its own information, including any information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

**b.** **Persons to Whom Information Marked "Confidential" May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1.  outside counsel of record for the Parties, and the administrative staff of outside counsel's firms;

2.  in-house counsel for the Parties, and the administrative staff for each in-house counsel;

3.  any Party to this Action who is an individual;

4.  as to any Party to this Action who is not an individual, employees, directors, officers, or managers of that Party, but only to the extent necessary to further the interest of the Parties in this Action;

5.  independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this Action, but only to the extent necessary to further the interest of the Parties in this Action, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6.  the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the

8

Parties during the litigation of this Action;

7. the authors and the original recipients of the documents;

8. any court reporter or videographer reporting a deposition;

9. employees of electronic discovery services, copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the Parties during the litigation of this Action;

10. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, other than those in Paragraphs 8(b)(1)-6(b)(9) above and Paragraphs 8(b)(11)-(13) below where counsel for a party to this Action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this Action (as long as the disclosure occurs in connection with the (actual or virtual) presence of counsel), and copies, duplicates, images, or the like are either (A) destroyed after the meeting with counsel, (B) not removed, or (C) not retained by any interviewee, potential witness, deponent, hearing or trial witness, or other person within this provision, provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, and that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone;

11. vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

12. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; or

13. any other person agreed to in writing by the parties.

Prior to being shown any documents produced by another Producing Entity marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under Paragraph 8(b)(3), 8(b)(4), or 8(b)(13) shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Protective Order.

9

c.      **Persons to Whom Information Marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" May Be Disclosed.** Use of any information, documents, or portions of documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1.      outside counsel of record for the Parties, and the administrative staff of outside counsel's firms;

2.      in-house counsel for the Parties with responsibility for oversight of the Action;

3.      one designated representative from plaintiff who has completed the certification hereto as Attachment A, Acknowledgement and Understanding of Agreement to Be Bound;

4.      independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this Action, but only to the extent necessary to further the interest of the Parties in this Action, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

5.      the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not

10

regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this Action;

6.  the authors and the original recipients of the documents;

7.  any court reporter or videographer reporting a deposition;

8.  employees of electronic discovery services, copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the Parties during the litigation of this Action;

9.  any deponents, hearing or trial witnesses represented by any counsel of record or whose attorneys' fees are paid by any Party in this Action, where: (i) counsel for a Party in good faith determines the deponent, hearing or trail witness should be provided access to such information in order for counsel to more effectively prosecute or defend this Action; (ii) copies, duplicates, images, or the like are not retained by any deponent, hearing or trial witness, provided; and (iii) in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, and that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone.

10.   any deponent and hearing or trail witness who provided audit services to Cardinal Health, Inc. or Cordis during the Class Period;

11.  vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to

prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

12. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; or

13. any other person agreed to in writing by the Parties.

If any Party believes it may suffer competitive harm if a deponent listed under either Paragraphs 8(c)(9) or 8(c)(10) is shown information designated **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER,"** it may notify the Requesting Party in advance of the deposition, and the Parties agree to meet and confer in an effort to reach any appropriate accommodation to prevent such harm.  Nothing in these sub-sections shall operate as a waiver with regard to a Party's right move for a protective order where the Party in good faith believes that disclosure of **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER"** information to a deponent, hearing or trial witness would result in competitive harm. Prior to being shown any documents produced by another Party marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," any person listed under Paragraphs 8(c)(3), (9-10), and (13) shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Protective Order.

**9.      Filing Materials Containing Information With a Confidentiality Designation.**
In the event a Party seeks to file with the Court any Confidential Information subject to protection

under this Order, that Party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document; (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

When a Party to this Order seeks to file documents which it believes may warrant sealing, but is not the Party who may be prejudiced by the document or documents becoming part of the public record, the Party seeking to file with the Court any Confidential Information subject to protection under this Order may file a motion for sealing, which must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. of Michigan*, 825 F.3d 299 (6th Cir. 2016).  To the extent the Court requires additional support for the motion for sealing or a protective order, the potentially harmed Party or Parties will have fourteen (14) days to file such protective order or additional support for the motion for sealing with the Court.

10. **Attorneys Allowed to Provide Advice.**  Nothing in this Order shall bar or otherwise restrict any attorney for any Party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

11. **Excluding Others from Access.**  Whenever information bearing a Confidentiality Designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the deposition any person, other than persons designated in Paragraph 8 of this Order, as appropriate, for that portion of the deposition.

13

12.      **No Voluntary Disclosure to Other Entities.**  The Parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information received in this Action to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this Action as set forth in Paragraph 8 of this Order or as otherwise commanded by law or provided in this Order.  Nothing in this Order shall prevent a Party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the Party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that Party's efforts to preserve the confidentiality of the material, if warranted.

13.      **Disputes as to Designations.**   Each Party has the right to dispute the Confidentiality Designation asserted by any Producing Entity.  If a Party believes that any documents or materials have been inappropriately designated by a Producing Entity, that Party shall confer with counsel for the Producing Entity that designated the documents or materials.  As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure.  If any Party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to FRCP 26(c).  In the event of disagreement, then either the receiving or the challenging person or entity shall set up an informal telephone conference of the Parties with the Magistrate Judge under S.D. Ohio Loc. Civ. R. 37.1 for the purpose of discussing the disagreement prior to filing any motion(s) pursuant to FRCP 26(c) and

14

37(a). A Party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

**14. Production Of Non-Discoverable Information.**

a. A Federal Rule of Evidence 502(d) Order has been entered in this matter by agreement of the parties (Doc. #52, PageID# 3518).

b. In the event any Party discloses information subject to a legally recognized claim of privilege or other protection (including, without limitation, the attorney client privilege, the attorney work product doctrine, the joint defense privilege, or other applicable privilege) ("Non-Discoverable Information"), the following procedures shall apply:

i. If a Producing Entity discovers that it disclosed any Non-Discoverable Information, document, or thing claimed to be protected by privilege or work-product immunity, it shall promptly (within fourteen (14) business days upon discovery) notify the Receiving Party in writing. Such disclosure of such information, document, or thing shall not constitute a waiver by the Producing Entity of any claims of privilege or work-product protection.

ii. A Party that discovers that it has received Non-Discoverable Information or otherwise protected document(s) shall promptly (within fourteen (14) business days upon discovery) notify the Producing Entity in writing and shall promptly (within fourteen (14) business days upon discovery) return, sequester, or destroy the document without distributing, disseminating, or reproducing the document, and shall retrieve, sequester, or destroy the document to the extent such document has been distributed, disseminated, or reproduced. Nothing in this

15

Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Entity that such materials have been produced.

iii.      Within seven (7) business days of the notification that such Non-Discoverable Information has been returned, sequestered, destroyed, or deleted, the Producing Entity shall provide a privilege log for the Non-Discoverable Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or basis for non-disclosure and in the event, if any portion of the Non-Discoverable Information does not contain privileged or protected information, the Producing Entity shall also provide a redacted copy of the Non-Discoverable Information that omits the information that the Producing Entity believes is subject to a claim of privilege or other protection.   Within seven (7) business days after receiving the disclosing Party's privilege log, a Receiving Party may notify the disclosing Party in writing of an objection to a claim of privilege or work-product protection with respect to the Non-Discoverable Information.  Within fourteen (14) days of the receipt of such notification, the disclosing Party and the Receiving Party shall meet and confer in an effort to resolve any disagreement concerning the disclosing Party's privilege or work-product claim. The Parties may stipulate to extend the time periods set forth in this paragraph.

iv.      If, for any reason, the Parties do not resolve their disagreement after conducting a meet and confer, then either the receiving or the challenging Party

16

shall set up an informal telephone conference of the Parties with the Magistrate Judge under S.D. Ohio Loc. Civ. R. 37.1 for the purpose of discussing the disagreement prior to filing any motion(s) pursuant to FRCP 37(a).  A Party who disagrees with the privilege designation must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

v.      The Producing Entity bears the burden of establishing the privileged or protected nature of any Non-Discoverable Information.

c.      The provisions of the 502(d) Order shall control any order or agreement between the Parties and/or between the Parties and a non-party concerning the disclosure of privileged and/or work product protected materials.

15.      **Information Security Protections.**  Any person or Receiving Party in possession of Confidential Information received from another person or Producing Entity in connection with this Action shall maintain, implement, follow, and adhere to an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.  If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, they shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Producing Entity can reasonably ascertain the size and scope of the breach.  The Receiving Party agrees to cooperate with the Producing Entity or law enforcement in investigating any such

17

security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and shall keep the Producing Entity informed of all remediation efforts.

16. **All Proceedings Open to Public.** Pretrial proceedings and hearings are presumptively open to the public (collectively a "Public Hearing" or "Public Hearings").  Absent further order of the Court, there will be no restrictions on any Party's ability to use during a Public Hearing any document or information that is marked with a Confidentiality Designation or documents or information derived therefrom that would disclose such Confidential Information. However, if any Party intends to present at a Public Hearing any document or information that has been so designated by another Party to the Action, the Party intending to present such document or information shall provide advance notice to all Parties to this Action at least (10) ten business days before the Public Hearing by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates Number, page range, deposition transcript line, etc.) without divulging the actual information.  If any Party intends to present at a Public Hearing any Confidential Information designated by a non-party to the Action, then the Party will also provide similar notice to that non-party with respect to any such Confidential Information designated by the non-party. Any person or entity may then seek appropriate relief from the Court regarding any dispute about the designations, restrictions on the use of such documents or information at the Public Hearing, or sealing of the courtroom, if appropriate.  The use of Confidential Information at trial shall be addressed at the Final Pretrial Conference.

17. **No Waiver of Right to Object.**  This Order does not limit the right of any Party to object to the scope of discovery in the above-captioned Action.

18.     **No Determination of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any Party's objections thereto.

19.     **No Admissions.** Designation by either Party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither Party may introduce into evidence in any proceeding between the Parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other Party designated or failed to designate information or documents under this Order.

20.     **No Prior Judicial Determination.** This Order is based on the representations and agreements of the Parties and is entered for the purpose of facilitating discovery in this Action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the Parties made a Confidentiality Designation is in fact subject to protection under FRCP 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

21.     **Order Subject to Modification.** Nothing in this Protective Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Protective Order or seeking relief from the Court (including but not limited to modification of the Protective Order or seeking such further enhancing or limiting confidentiality as may be appropriate), nor shall anything in this Protective Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

22.     **Parties May Consent to Disclosure.** Nothing shall prevent disclosure beyond the terms of this Order if all Parties consent to such disclosure, or if the Court, after notice to all

19

affected Parties, permits such disclosure.  Specifically, if and to the extent any Party wishes to disclose any Confidential Information beyond the terms of this Order, that Party shall provide all other Parties with reasonable notice in writing of its request to so disclose the materials.  If the Parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a Party may petition the Court for a determination of these issues.  In addition, any interested member of the public may also challenge the designation of any material as Confidential Information, pursuant to the terms of this paragraph.

23.    **Newly Joined Parties.**  In the event additional Parties join or intervene in this Action, the newly joined Party(ies) shall not have access to Confidential Information until its/their counsel has executed and, at the request of any Party, filed with the Court the agreement of such Party(ies) and such counsel to be fully bound by this Order.

24.    **Destruction of Materials Upon Termination of Litigation.**  This Order shall continue to be binding throughout and after the conclusion of this Action, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each Party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Entity, subject to the caveat listed below ("Caveat"), promptly <u>destroy all</u> documents, items or data or ESI subject to this Protective Order including, but not limited to, deposition transcripts, exhibits, or recordings and copies or summaries thereof, in its possession or control, including in the possession or control of any expert or employee.  This paragraph does not apply to documents or information that has been offered into evidence or filed without restriction as to disclosure, or to a Producing Entity's own information produced in the Action.  The Receiving Party shall certify in writing to the Producing Entity by the 30-day deadline that (1) confirms the destruction/deletion

20

of all documents, items, or data subject to this Protective Order, including any copies of Confidential Materials provided to persons required to execute Attachment A (Acknowledgment of Understanding and Agreement to Be Bound), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Material.

a. **Caveat.** Notwithstanding Paragraph 24, counsel for the Parties are entitled to retain any attorney work product, including summaries of key documents and depositions.

25. **Counsel Allowed to Retain Copy of Filings.**  Nothing in this Protective Order shall prevent outside counsel for a Party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Confidential Information.  Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any Confidential Information.

**IT IS SO ORDERED.**

Dated: <u>January 10, 2022</u>          s/ *Elizabeth A. Preston Deavers*
                                 ELIZABETH A. PRESTON DEAVERS
                                 UNITED STATES MAGISTRATE JUDGE

Agreed to by:

Attorney for Plaintiff:                    Attorney for Defendants:

| | |
|---|---|
| /s/ Joseph F. Murray<br>by David S. Bloomfield, Jr.<br><u>per email authorization on Jan. 7, 2022</u><br>Joseph F. Murray (0063373)<br>MURRAY MURPHY MOUL + BASIL LLP<br>1114 Dublin Road<br>Columbus, OH  43215<br>murray@mmmb.com<br>   *Attorneys for Plaintiff* | /s/ Robert W. Trafford by<br><u>David S. Bloomfield, Jr.</u><br>Robert W. Trafford (0024447)<br>Trial Attorney<br>David S. Bloomfield, Jr. (0068158)<br>Porter, Wright, Morris & Arthur LLP<br>41 South High Street, Suite 2800<br>Columbus, OH  43215<br>(614) 227-2000 - Telephone<br>(614) 227-2100 - Facsimile<br>rtrafford@porterwright.com<br>dbloomfield@porterwright.com<br><br>*Attorneys for Defendants* |
| Of Counsel:<br><br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>Darren J. Robbins<br>Spencer Burkholz<br>Laurie Largent<br>Henry Rosen<br>Jennifer Caringal<br>Laura Andracchio<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>darrenr@rgrdlaw.com<br>spenceb@rgrdlaw.com<br>llargent@rgrdlaw.com<br>henryr@rgrdlaw.com<br>jcaringal@rgrdlaw.com<br>landracchio@rgrdlaw.com | Of Counsel:<br><br>WACHTELL, LIPTON, ROSEN & KATZ<br>William Savitt<br>Lauren M. Kofke<br>Alexandra P. Sadinsky<br>Elizabeth N. Brandt<br>51 West 52nd Street<br>New York, NY  10019<br>WDSavitt@wlrk.com<br>LMKofke@wlrk.com<br>APSadinsky@wlrk.com<br>ENBrandt@wlrk.com<br><br>Of Counsel:<br><br>BAKER & HOSTETLER LLP<br>Edward J. Jacobs<br>45 Rockefeller Plaza<br>New York, NY 10111<br>ejacobs@bakerlaw.com |

22

**APPENDIX A TO PROTECTIVE ORDER**

**PERSONAL DATA CATEGORIES**

The following represents a  list of personal data categories that may be subject to redaction.

1.  With respect to U.S. nationals and residents and ESI/documents not subject to any foreign data protection laws:

   i.     Social Security Number
   ii.    Driver's license Number
   iii.   Passport Number
   iv.    Payment Card Information
   v.     Protected Health Information as defined by HIPAA and other confidential patient or medical information.

2.  With respect to foreign nationals and residents and ESI/documents subject to European data protection laws or other similar foreign data protection laws :

   i.     Social Security Number or national identity numbers/documents for foreign citizens/nationals
   ii.    Driver's license Number
   iii.   Passport number
   iv.    Payment Card Information
   v.     Date of birth
   vi.    Home address
   vii.   Personal Phone Number (but not those included in a professional signature line)[1]
   viii.  Personal Email address (but not those included in a professional signature line)[2]
   ix.    Confidential patient or medical information
   x.     Personal photos
   xi.    Discussion that is not related to work function (for example, vacation plans, family events, etc.)
   xii.   Any discussion and/or information about religious beliefs, sexual orientation and other Special Data Categories as such term is defined in Article 9 of the GDPR or similar data protection laws.

---

[1]     Any redaction of personal phone numbers must be accompanied by a log specifically identifying the redaction (e.g., "Redacted – Jane Doe's personal phone number") if not plainly evident on the face of the document.
[2]     Any redaction of personal email addresses must be accompanied by a log specifically identifying the redaction (e.g., "Redacted – Jane Doe's personal email address") If not plainly evident on the face of the document.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| LOUISIANA SHERIFFS' PENSION & | : | |
| RELIEF FUND, Individually and on Behalf | : | Case No. 2:19-cv-03347 |
| of All Others Similarly Situated, | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | Judge Edmund A. Sargus, Jr. |
| v. | : | |
| | : | Magistrate Judge Elizabeth A. Preston |
| CARDINAL HEALTH, INC., *et al.*, | : | Deavers |
| | : | |
| Defendants. | : | |
| | : | |

**FORM PROTECTIVE ORDER**
**ATTACHMENT A**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated

[INSERT DATE OF OPERATIVE PROTECTIVE ORDER] in the above-captioned Action and

attached hereto, understands the terms thereof, and agrees to be bound by its terms. The

undersigned submits to the jurisdiction of the United States District Court for the Southern District

of Ohio in matters relating to the Protective Order and understands that the terms of the Protective

Order obligate [him/her] to use documents designated "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY –

SUBJECT TO PROTECTIVE ORDER" in accordance with the Order, solely for the purpose of

the above-captioned Action, and not to disclose any such documents or information derived

directly therefrom to any other person, firm, or concern.

2

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____          _____
                               Signature

2