# EXHIBIT 21

**Robbins Geller**
**Rudman & Dowd** LLP

*Health Care Employees*

## 1199 SEIU ~~NATIONAL BENEFIT~~ FUND
### ENGAGEMENT AGREEMENT FOR PORTFOLIO MONITORING

*Health Care Employees*

THIS IS AN AGREEMENT between 1199 SEIU ~~NATIONAL BENEFIT~~ FUND ("Client") and the law firm of ROBBINS GELLER RUDMAN & DOWD LLP ("RGRD").

1.     <u>General Statement of Purpose and Subject of Agreement</u>: Client engages RGRD to monitor Client's securities portfolio in connection with potential claims against such persons, entities, companies and/or associations that may be liable for damages suffered by Client as a result of breaches of fiduciary duties, fraud, misrepresentation or other violations of law. The purpose of this agreement is to facilitate the review of Client's securities portfolio to ascertain whether Client has suffered a material loss or harm due to violations of law and to facilitate RGRD's reporting to Client. This is not an engagement agreement to initiate any specific litigation or to provide claims filing services; the parties must enter into a separate engagement agreement(s) if Client wishes to engage RGRD for any such other services.

2.     <u>Identification and Investigation of Possible Claims</u>: In the course of RGRD's business, RGRD becomes aware of, identifies and investigates possible violations of securities laws, instances of abuse by corporate management, breaches of fiduciary duties, and/or other corporate conduct affecting a company's securities. In such instances, RGRD shall review Client's investment portfolio of publicly traded securities to determine whether Client has suffered a material loss or harm and will report losses and/or provide legal advice regarding possible claims. Client understands that RGRD does not undertake to investigate or advise Client with respect to every instance of a loss in value of the securities in Client's securities portfolio.

3.     <u>Data Acquisition</u>: To enable RGRD to perform the services under this agreement, Client will provide or will direct Client's custodian (or money managers, as appropriate) to provide to RGRD at least the past five years' statements of monthly transactions in publicly traded securities in electronic format. Additionally, Client will ensure that Client or Client's custodian or managers provide at least monthly electronic updates of Client's securities transactions to RGRD on an ongoing basis. Client shall immediately notify RGRD of any changes or developments in Client's accounts, including, but not limited to: (a) the opening of new accounts; (b) changes in custodial or manager address or contact information; and (c) changes in Client address or contact information.

4.     <u>Commencement of Services</u>: RGRD shall commence monitoring Client's portfolio within a reasonable time period following the date upon which Client or Client's custodian provides sufficient transactional data. However, due to delays in transfers of such data to RGRD for all appropriate accounts by custodians and the different time periods in which relevant data may be available to monitor, Client acknowledges that delays are outside of RGRD's control and the monitoring service may only commence when RGRD receives, transfers and processes sufficient data from the custodian(s).

CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER          1199SEIUHC0000001

**Robbins Geller
Rudman & Dowd LLP**

5.     Confidentiality of Records:  RGRD agrees to maintain all records provided by Client in a secure and confidential manner with access to such records limited to RGRD and its employees, contractors and third-party vendors necessary to fulfill RGRD's obligations herein.

6.     RGRD's Reports to Client:  RGRD agrees to provide Client with regular reports of the status of RGRD's monitoring efforts and to apprise Client of material losses due to possible violations of law and to make recommendations to Client of available options to recover such losses.  RGRD shall commence providing reports to Client as soon as practicable after RGRD is provided with sufficient historical transactions to generate meaningful results.

7.     Costs and Expenses:  RGRD shall be responsible for such costs as in its judgment are necessary to fulfill their duties under this agreement, including any expenses associated with obtaining information from Client's custodian.  Client shall have no obligation for any such expenses.

8.     Client's Pursuit of Litigation:  Client understands and RGRD acknowledges that this agreement does not authorize the initiation of any litigation on Client's behalf.  Any litigation initiated will be subject to a separate engagement agreement to be negotiated between Client and RGRD.  Client may choose not to pursue litigation or may engage counsel other than RGRD to pursue any claim identified pursuant to this agreement.

9.     Filing of Settled Claims:  Client understands that this agreement does not authorize or require RGRD to file claims on Client's behalf.  The timely filing of any particular claim with respect to any settled or adjudicated case remains the Client's sole responsibility. Client must prepare and timely file any Proof of Claim and Release necessary to process a claim.

10.     Contact Information:  RGRD and Client each designate the following person (or such other person or address as such party may designate by written notice) as their primary contacts under this agreement:

> RGRD:     ROBBINS GELLER RUDMAN & DOWD LLP
> Attention:  Darren J. Robbins
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
> Telephone: 619/231-1058
> Facsimile:  619/231-7423
> E-mail:     darrenr@rgrdlaw.com
>  - and -
> Attention:  Nancy M. Juda
> 905 16th Street NW, Suite 303
> Washington, DC  20006
> Telephone: 202/822-6762
> Facsimile:  202/828-8528
> E-mail:     nancyj@rgrdlaw.com

CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

2

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Robbins Geller**
**Rudman & Dowd LLP**

Client: 1199 SEIU ~~NATIONAL BENEFIT~~ Health Care Employees FUND *(initialed)*
Attention: Jeffrey G. Stein, General Counsel
Address: 330 West 42nd Street, 31st Floor
New York, NY 10036-6977
Telephone: 646/473-6038
Facsimile: 646/473-6049
E-mail: jeffrey.stein@1199funds.org
Fund Tax Identification Number or
Employer Identification Number: ████ 8401 *(initialed)*

11. <u>Termination of This Agreement</u>: Client may terminate this agreement at any time by sending written notice to the primary contact for RGRD identified in ¶10, above. RGRD may terminate this agreement at any time, provided that RGRD provides Client with 30 days' notice to the primary contact for Client identified in ¶10, above, to ensure that Client has a reasonable period of time to avoid any prejudice that could otherwise arise as a result of the termination.

12. <u>Arbitration Agreement</u>: In the event of a dispute regarding this engagement, we mutually agree to try in good faith to resolve the dispute through mediation by selecting a third party to help us reach an agreement. If we are unable to resolve the dispute through mediation within a reasonable period of time (not to exceed 90 days from the initiation of a dispute), we mutually agree to submit to resolution by arbitration in accordance with the rules of the American Arbitration Association. Any such arbitration shall take place exclusively in a facility administered by JAMS. Any such arbitration shall be confidential, binding and final. In agreeing to arbitration, we both acknowledge that in the event of a dispute regarding this engagement, each of us is giving up the right to have the dispute decided in a court of law before a judge or jury and, instead, is accepting the use of arbitration for resolution.

13. <u>Entirety of Terms</u>: This agreement sets forth the entire agreement between the parties with respect to its subject matter, and it may not be altered or modified except by written instrument executed by the contacts identified in ¶10, above (or such other person or address as such party may designate by written notice). The parties expressly acknowledge that no other agreements, arrangements or understandings relating to Portfolio Monitoring Services that are not expressed in this agreement exist among or between them. All parties agree that this agreement was negotiated at arm's length, and that no parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the parties or their counsel, or the circumstances under which the agreement was made or executed. The parties, their successors and assigns, and their attorneys undertake to implement the terms of this agreement in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this agreement.

14. <u>Waiver</u>: No waiver, amendment or other modifications of the terms of this agreement shall be binding upon either party unless expressed in writing and signed by both parties hereto.

CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

1199SEIUHC0000003

**Robbins Geller
Rudman & Dowd LLP**

15. <u>Copy Received by Client</u>: Client acknowledges receipt of a copy of this agreement concurrently with Client's execution thereof. This agreement shall be valid if signed in counterparts.

FOR: 1199 SEIU ~~NATIONAL BENEFIT~~ FUND   *Health Care Employees Pension*

By: _____    Date: ___3/19/19___

    Print Name: _Jeffrey Stein_
    Title: _General Counsel_

By: _____    Date: _____

    Print Name: _____
    Title: _____

FOR: ROBBINS GELLER RUDMAN & DOWD LLP

By: _____    Date: ___4/1/19___

    A Member of the Firm

Copyright © 2019 by Robbins Geller Rudman & Dowd LLP. Robbins Geller Rudman & Dowd LLP will vigorously defend all of its rights to this writing/publication. All rights reserved – including the right to reproduce in whole or in part in any form. Any reproduction in any form by anyone of the material contained herein without the permission of Robbins Geller Rudman & Dowd LLP is prohibited.

CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER      1199SEIUHC0000004