# EXHIBIT 9

# DISCRETIONARY INVESTMENT MANAGEMENT AGREEMENT

## BY AND BETWEEN

## THE BOARD OF TRUSTEES

## OF

## 1199SEIU HEALTH CARE EMPLOYEES PENSION FUND

## AND

## STATE STREET BANK AND TRUST COMPANY

26511v2

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

1199SEIUHC0000345

Discretionary Investment Management Agreement by and between the Board of Trustees of 1199SEIU Health Care Employees Pension Fund and **State Street Bank and Trust Company.**

# TABLE OF CONTENTS

| PARAGRAPH | | PAGE |
|---|---|---|
| 1. | Appointment | 4 |
| 2. | Investment Account Assets | 5 |
| 3. | Duties And Powers Of Investment Manager | 5 |
| 4. | Standard Of Care | 9 |
| 5. | Procedures | 9 |
| 6. | Reports; Meetings; Accounting | 9 |
| 7. | Confidential Relationship | 10 |
| 8. | Services To Other Clients | 11 |
| 9. | Fees | 11 |
| 10. | Valuation | 12 |
| 11. | Representations Of Investment Manager | 12 |
| 12. | Representations Of The Trustees | 15 |
| 13. | Amendment And Termination | 17 |
| 14. | Non-Assignability | 18 |
| 15. | Notices | 18 |
| 16. | Entire Agreement | 19 |
| 17. | Construction And Severability | 19 |
| 18. | Titles | 19 |
| 19. | Inurement | 19 |
| 20. | Applicable Law | 19 |
| 21. | Successor Laws | 20 |
| 22. | Resolution Of Disputes | 20 |

i

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

1199SEIUHC0000346

23.     Counterparts....................................................................................................20

24.     Anti-Money Laundering Provision...............................................................20

ii

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                                  1199SEIUHC0000347

Discretionary Investment Management Agreement by and between the Board of Trustees of 1199SEIU Health Care Employees Pension Fund and **State Street Bank and Trust Company**.

## TABLE OF CONTENTS (CONTINUED)

| SCHEDULES | PAGE |
|---|---|
| SCHEDULE A | 22 |
| SCHEDULE B | 23 |
| SCHEDULE C | 24 |
| SCHEDULE D | 35 |
| SCHEDULE E | 39 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

1199SEIUHC0000348

DISCRETIONARY INVESTMENT MANAGEMENT AGREEMENT

INVESTMENT MANAGEMENT AGREEMENT, together with the Schedules attached hereto, (the "Agreement"), made as of the 24th day of June, 2014, by and between State Street Bank and Trust Company, in its capacity as investment manager (the "Investment Manager"), and the Investment Committee of the BOARD OF TRUSTEES OF 1199SEIU HEALTH CARE EMPLOYEES PENSION FUND (the "Fund") (collectively, the "Trustees").

## WITNESSETH:

WHEREAS, the Trustees desire to retain the Investment Manager to maintain under its sole and exclusive investment supervision and management certain assets (the "Investment Account Assets") (as that term is defined in Sub-Paragraph 2.A, hereof) of the trust (the "Trust") established pursuant to the Trust Agreement (the "Trust Agreement") of the Fund, as from time to time amended (the "Plan"), which assets are to be deposited with Northern Trust, as custodial agent (the "Custodian"), or such other custodian or sub-custodians, as may be designated by the Trustees or the Custodian, in accordance with the terms and conditions hereinafter set forth and the Investment Manager desires to accept such retention in accordance with such terms and conditions.

NOW, THEREFORE, in consideration of the premises and mutual promises contained in this Agreement, and other good and valuable consideration the receipt of which is hereby acknowledged, the parties hereto agree as follows:

## 1. APPOINTMENT

A. Pursuant to the authority granted under Article VI, Section 6 of the Trust Agreement, and Section 402(c)(3) of the Employee Retirement Income Security Act of 1974, as from time to time amended ("ERISA"), the Trustees hereby appoint the Investment Manager as an "Investment Manager", within the meaning of Section 3(38) of ERISA, of the Investment Account Assets (as that term is defined in Sub-Paragraph 2.A. hereof) and delegate to the Investment Manager the sole, exclusive and full discretion and authority to manage, invest and reinvest the Investment Account Assets in accordance with the Investment Guidelines attached hereto as SCHEDULE D.

B. As a result of this appointment and delegation, the Trustees shall not be liable for any acts or omissions of the Investment Manager or be under any obligation to invest or otherwise manage the Investment Account Assets.

C. The Investment Manager hereby accepts this appointment and delegation and agrees to invest and manage the Investment Account Assets in accordance with and subject to:

   (i) the written investment guidelines or directions (the "Investment Guidelines"), expressing the investment objectives, restrictions and policies of the Trustees, attached hereto as SCHEDULE D. Such Investment Guidelines may be revised by the Trustees in writing from time to time, and delivered to the Investment Manager and shall become effective unless the Investment Manager objects in writing within five (5) days of its receipt thereof. The issuance of any Investment Guidelines or other directions to the Investment Manager shall not in any manner be construed as an acceptance by the Trustees of any investment management or supervisory responsibility with respect to the Investment Account Assets by the Trustees (and the

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

1199SEIUHC0000349

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the day and year first above written.

**TRUSTEES OF THE INVESTMENT COMMITTEE OF**
**1199SEIU HEALTH CARE EMPLOYEES PENSION FUND**

By _____ Date _____     By _____ Date 6/24/14
　　　　Employer Trustee　　　　　　　　　　　　　　　Union Trustee

By _____ Date 6/24/14     By _____ Date 12-7-19
　　　　Employer Trustee　　　　　　　　　　　　　　　Union Trustee

**STATE STREET BANK AND TRUST COMPANY**

By _____ Date _____

Title _____

21

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER　　　　　　　　　　　　　　　1199SEIUHC0000366

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the day and year first above written.

## TRUSTEES OF THE INVESTMENT COMMITTEE OF
## 1199SEIU HEALTH CARE EMPLOYEES PENSION FUND

By _____ Date _____    By _____ Date _____
    Employer Trustee                                       Union Trustee

By _____ Date _____    By _____ Date _____
    Employer Trustee                                       Union Trustee

## STATE STREET BANK AND TRUST COMPANY

By _C. Marill_____ Date _6/25/14_

Title _MANAGING DIRECTOR_

21

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

1199SEIUHC0000367

## SCHEDULE C

## 1199SEIU HEALTHCARE EMPLOYEES PENSION FUND

## INVESTMENT POLICY

### 1. INTRODUCTION

The purpose of this Investment Policy is threefold:

A. to provide the link between the Trust Document and the implementation of investment policies;

B. to provide investment managers with a general framework in which they make decisions in the operation and management of the Fund's assets;

C. to provide the administrative staff of the Fund the means to supervise the implementation and monitoring of investment policies and strategies of the Fund.

### 2. THE PENSION BENEFIT

The Pension Fund is administered for the purpose of providing Plan participants with a post-retirement annuity determined in relation to:

A. a stated percentage of final average wages per year of service, and

B. the number of years of service.

### 3. PLAN GOVERNANCE

The Trustees have established:

A. an Investment Committee to act for Trustees with sole authority and responsibility to adopt the Investment Policy, determine the asset classes invested in by the Fund and their respective asset weights and ranges of weights.

B. an Investment Committee with the authority and responsibility to implement and monitor the Investment Policy; to hire, monitor and terminate investment managers; and to ensure that the Fund's assets are suitably diversified in accordance with the Investment Policy.

C. that the voting of shares held by the Plan shall be done in the best economic interests of the Plan by the investment managers who purchased the shares for the Fund.

### 4. STANDARD OF CONDUCT

All individuals and organizations associated with investing the assets of the Fund are expected to act in accordance with all appropriate laws governing the operation of pension plans, including ERISA, as amended, and its fiduciary standards, including, but not limited to:

24

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

1199SEIUHC0000370

A. fund assets shall be invested with the care, skill and diligence that would be applied by a prudent investor, acting in a like capacity and knowledgeable in the investment of retirement funds, with appropriate safeguards and diversity, and;

B. all transactions undertaken on behalf of the Plan shall be for the sole interest of Plan participants and beneficiaries, and;

C. plan assets shall be diversified.

## 5. INVESTMENT POLICY PRINCIPLES

A. The Plan, and therefore, Plan assets, will be managed on a going-concern basis. This implies that the goal of the Plan is to earn the highest possible long-term rate of return, subject to liquidity needs for Plan operation, periodic solvency tests and prudent risk management.

B. Within the context of the Fund's liquidity requirements, the primary mechanism through which the appropriate balance between risk and asset growth goals is determined by the Fund's asset mix policy; this policy will be decided upon by the Investment Committee and reviewed at least annually.

C. The Fund's Chief Investment Officer and the Fund's External Consultant will be responsible for monitoring the Fund's asset mix and reporting to the Investment Committee any significant deviations from the asset mix policy.

## 6. STATEMENT OF PENSION FUND'S INVESTMENT POLICIES AND GOALS

A. Pension Fund Goals

   (i) The primary goal of the Fund is to ensure the solvency of the Pension Plan over time and to meet the Fund's pension obligations as required.

   (ii) The secondary goal of the Fund is to earn the highest rate of return (net of costs) over the long-term, subject to prudent risk management and without jeopardizing the primary goal of solvency and meeting pension obligations.

B. Asset Mix Policy

   (i) The Fund's long-term investment results will be determined in large part by the Fund's long-term asset mix policy. Since the fund is being managed on a going-concern basis, and given the goal to maintain the Plan well funded, the long-term bias in the Fund will be toward equities or equity equivalents, subject to the need to avoid Plan insolvency and to control extreme portfolio volatility.

   (ii) The Chief Investment Officer and the Plan's External Consultant will advise the Investment Committee on the asset mix policy weights that are most consistent with the Pension Plan's and the Fund's goals. As part of this process, the Chief Investment Officer and the Plan's External Consultant, will recommend an asset mix policy based on the Fund's liability stream, financial variables unique to the Fund such as the contribution rate, the funding ratio and the credit balance, and capital market projections. Asset/Liability studies should be done once in every three years, and

25

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

1199SEIUHC0000371

L.  Investment Manager Guidelines

Each investment manager, upon being hired, will be given a set of investment guidelines specifying the following:

(i)  role in the fund,

(ii)  allowable assets,

(iii)  fundamental characteristics,

(iv)  market capitalization (for equities),

(v)  performance standard relative to a specific, published benchmark,

(vi)  diversification objectives,

(vii)  cash policy,

(viii)  depth of style, and

(ix)  additional guidelines may be required for managers of non-traditional asset classes.

M.  Forbidden Assets

Each manager will be given a list of allowable assets that are to be found in the Investment Guidelines and Investment Management Agreement.  Unless given written approval to the contrary, managers invest only in the list of allowable types of securities.  Unless given express written approval, managers are not allowed to leverage their portfolio, engage in short selling or invest in futures or options.

32

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER　　　　　　　　　　　　1199SEIUHC0000378