# EXHIBIT B

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH, INC., et al.,<br><br>                 Defendants. | No. 2:19-cv-03347<br><br><u>CLASS ACTION</u><br><br>District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Elizabeth A. Preston Deavers |

[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

EXHIBIT B

This matter came before the Court pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Settlement Class ("Notice Order") dated _____, 2023, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 31, 2023 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings held herein, including a hearing held on the \_\_\_ day of _____, 2023, and otherwise being fully informed in the premises, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its preliminary determinations in the Notice Order and finally certifies, solely for purposes of effectuating the Settlement, a Settlement Class defined as: all Persons who purchased or otherwise acquired the common stock of Cardinal Health between March 2, 2015 and May 2, 2018, inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of Cardinal Health; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest.

4860-9690-4533.v3

4. Also excluded from the Settlement Class is any Person who would otherwise be a Settlement Class Member but who, in accordance with the requirements set by the Court, validly and timely requested exclusion, as identified in Exhibit A hereto.

5. Solely for purposes of the Settlement of this Litigation, the Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the Members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Settlement Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of all claims asserted against Defendants in the Litigation) and finds that:

(a) said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class;

(c) there was no collusion in connection with the Stipulation;

(d) the Settlement was the product of informed, arm's-length negotiations among competent, able counsel;

(e) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other; and

(g) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

7. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, identified in Exhibit A hereto, the Court hereby dismisses the Litigation and all claims asserted therein, and all Released Plaintiffs' Claims as against the Released Defendant Parties, with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8. Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, the Releasing Plaintiff Parties, including, but not limited to, Lead Plaintiff and each and all of the other Settlement Class Members, on behalf of themselves and anyone claiming through or on behalf of them, including, but not limited to, their respective predecessors, heirs, executors, administrators, successors, and assigns in their capacities as such, and on behalf of any other person

or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, waived, resolved, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  The Released Plaintiffs' Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.  The releases as set forth in ¶¶4.1-4.5 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.42 relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Nothing contained herein shall release or bar any Releasing Plaintiff Party or Released Defendant Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

9. Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, the Releasing Plaintiff Parties, including, but not limited to, Lead Plaintiff and each and all of the other Settlement Class Members, on behalf of themselves and anyone claiming through or on behalf of them, including, but not limited to, their respective predecessors, heirs, executors, administrators, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, intervening in, continuing to prosecute or maintaining in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) any and all of the Released

Plaintiffs' Claims (including, without limitation, Unknown Claims) against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

10. Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Settlement Class Members, and Lead Plaintiff's Counsel, except that claims to enforce the terms of the Stipulation or this Final Judgment are not released.

11. Nothing in the Stipulation or this Judgment shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Released Defendant Parties.

12. Any and all of the following claims, actions, allegations, causes of action, demands, or rights, however denominated and whether presently known or unknown are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable: (i) to the maximum extent permitted by the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or other applicable law, any claims seeking contribution or indemnification by any Person against any of the Released Defendant Parties arising out of or related to any Released Plaintiffs' Claims; and (ii) claims for contribution by any Defendant to the extent required by 15 U.S.C. §78u-4(f)(7)(A).

13. The notice of the pendency and settlement of the Litigation given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters

set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the PSLRA, the requirements of due process, and any other applicable law and rules.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Members of the Settlement Class are bound by this Judgment.

14. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or award to Lead Plaintiff shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and expenses and any award to Lead Plaintiff.

15. Any appeal or any challenge affecting solely the approval of (a) the Plan of Allocation submitted by Lead Plaintiff's Counsel, and/or (b) this Court's approval regarding any attorneys' fee and expense applications or award to Lead Plaintiff shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

16. Neither this Judgment, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, or proceedings connected thereto, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or

liability of the Released Defendant Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties in any statement, release, or written documents issued, filed or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or other forum or tribunal.  The Released Defendant Parties may file, offer, or otherwise use the Stipulation and/or this Judgment from this Litigation in (i) any insurance coverage litigation, (ii) any proceedings that may be necessary to consummate or enforce the Stipulation, Settlement, or Judgment, or (iii) in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. The Court finds that Defendants have satisfied any financial obligations under the Stipulation by causing to be paid $109,000,000.00 to the Settlement Fund, in accordance with ¶¶1.34, 2.2-2.3, and 2.6 of the Stipulation.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

19. The Court finds and concludes that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Litigation.

20. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

21. The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Defendant Party shall have any liability, obligation, or responsibility whatsoever with respect to the administration of the Settlement or distribution of the Net Settlement Fund, Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to any Person that funded the Settlement Amount as required under the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of February 23, 2023, as provided in the Stipulation.

23. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation. Without further order of the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:

- 9 -

(a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

24. This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or Judgment.

25. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE