UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 2:19-cv-03347 |
| Plaintiff, | ) ) ) ) | CLASS ACTION<br><br>District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Elizabeth A. Preston Deavers |
| vs. | ) ) | |
| CARDINAL HEALTH, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

DECLARATION OF GABRIEL RISTORUCCI IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES AND LEAD PLAINTIFF'S APPLICATION FOR REIMBURSEMENT OF LITIGATION EXPENSES

4861-0661-1816.v1

I, Gabriel Ristorucci, declare as follows:

1.  I am one of the in-house lawyers for 1199SEIU Health Care Employees Pension Fund (the "Fund"), the Court-appointed Lead Plaintiff and proposed class representative in the above-captioned securities class action (the "Action").[1]

2.  The Fund is a multi-employer Taft-Hartley defined benefit pension fund that provides benefits to retired healthcare industry workers and their families in New York City and surrounding areas.  The Fund is governed by a jointly managed Board of Trustees who oversee more than $13 billion in assets.

3.  I submit this Declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, and Class Counsel's Motion for Attorneys' Fees and Litigation Expenses, and Lead Plaintiff's Application for Reimbursement of Litigation Expenses.  I have personal knowledge of the matters related to the Fund's application, and of the other matters set forth in this Declaration, as I, or others working under my direction, have been directly involved in monitoring and overseeing the prosecution of the Action on the Fund's and the Class's behalf, and I could and would testify competently thereto.

## I.  WORK PERFORMED BY THE FUND ON BEHALF OF THE CLASS

4.  The Fund understands that the Private Securities Litigation Reform Act of 1995 ("PSLRA") was intended to encourage institutional investors to manage and direct securities class actions.  The Fund is an institutional investor which committed itself to prosecuting this litigation, through trial and appeal if necessary.  In seeking appointment as a Lead Plaintiff and class representative in this Action, the Fund understood its fiduciary duties to serve in the interests of the class by participating in the management and prosecution of the Action.

5.  During the course of four years since it was first appointed as Lead Plaintiff, the Fund has, among other things: (a) conferred with Lead Counsel (Robbins Geller Rudman & Dowd LLP) and outside Fund Counsel (Jenna Hayes, Senior Vice-President and Counsel, League of Voluntary

---

[1]  Unless otherwise indicated herein, capitalized terms have those meanings contained in the Stipulation of Settlement, dated February 6, 2023.

- 1 -

4861-0661-1816.v1

Hospitals and Ryan Barbur, Partner at Levy Ratner) on the overall strategy for prosecuting the Action; (b) reviewed significant pleadings and motion papers filed in the Action; (c) met with Lead Counsel and reviewed periodic reports from Lead Counsel concerning the progress of the Action; (d) collected and produced documents for discovery; (e) provided responses to interrogatories; (f) prepared for and sat for deposition; and (g) communicated with Lead Counsel and Fund Counsel regarding settlement negotiations and documentation.

6.      Along with our retired General Counsel (Jeff Stein) and current General Counsel (Suzanne Metzger) I was one of the primary points of contact between the Fund and Lead Counsel.  I monitored the litigation, communicated with counsel on major developments in the case, including Lead Counsel's negotiation and approval of the Settlement and met with counsel and participated in telephonic conferences with attorneys from Robbins Geller and Fund Counsel during the course of the Litigation.

## II.    THE FUND ENDORSES THE COURT'S APPROVAL OF THE SETTLEMENT

7.      After seriously considering the grounds for the settlement, as well as the risks and uncertainties associated with continued litigation, including the trial and appeal (if Lead Plaintiff prevailed), the Fund's Board of Trustees authorized Lead Counsel to settle this Action for $109,000,000.  Based on its involvement during the prosecution and resolution of the Action, the Fund believes that the Settlement represents a recovery that would not have been possible without the diligent efforts of Lead Counsel.  In agreeing to the Settlement, the Fund considered the real possibility that its remaining claims may not ultimately succeed, or that a jury could significantly limit the Class's damages.  We also understood that even if Lead Plaintiff prevailed at trial, the Defendants would likely appeal that decision and that the appeal process would, at a minimum, substantially delay any recovery by the Class.  Weighing these substantial risks against the immediacy and noteworthy amount of the recovery, the Fund believes that the $109,000,000 Settlement is an excellent result for the Class, and that its approval is in the best interest of each Class Member.

4861-0661-1816.v1

**III.    THE FUND SUPPORTS LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES AND SEEKS REIMBURSEMENT FOR THE FUND'S EXPENSES IN THE LITIGATION**

8.     Recognizing that the determination of attorneys' fees and expenses is ultimately left to the Court, the Fund supports Lead Counsel's request for a 30% attorneys' fee award plus up to $800,000 of expenses incurred by Lead Counsel in litigating this case.  The Fund believes that Lead Counsel's request is fair and reasonable in light of the settlement they obtained on behalf of Lead Plaintiff and the Class.

9.     In addition, the Fund requests that the Court award it reasonable costs and expenses incurred while serving as a representative on behalf of the Class.  I, as the Fund's in-house Counsel, spent 42 hours discussing litigation strategy, case developments, and settlement negotiations with Lead Counsel and outside Fund Counsel, collecting and reviewing materials for discovery, reviewing important pleadings, and preparing with Lead Counsel for two days for a full day deposition on behalf of the Fund.  Based on my overall level of compensation, I believe an hourly rate of $100 for this time is reasonable and appropriate and therefore request a total of $4,200.  In addition, members of our investment team were involved in reviewing and producing documents. Dilay Altimer was the primary person at the Fund who communicated with the Fund's investment manager that purchased Cardinal stock during the Class Period.  Ms. Altimer spent 35 hours reviewing emails and documents to produce in this action.  Based upon her compensation, an hourly rate of $136 per hour is reasonable and appropriate for a total of $4,760.  In addition, our Information Technology ("IT") person, Peter Anderson, spent 2 hours retrieving and producing relevant emails from our system.  Based upon his compensation, an hourly rate of $127 per hour is reasonable and appropriate for a total of $254.  The Fund also requests reimbursement for its outside Fund Counsel's fees incurred in connection with the Action in the amount of $2,325.00.  Outside Fund Counsel advised the trustees  on the Fund's application to be appointed and duties as Lead Plaintiff; assisted in reviewing pleadings in the case; and advised the trustees on settlement

- 3 -

4861-0661-1816.v1

negotiations. Accordingly, the Fund respectfully requests reimbursement in the total amount of $11,539.00 for expenses incurred in its service as a Class Representative.

## IV. CONCLUSION

10. The Fund was closely involved in the prosecution and settlement of the claims in this Action, and based on its experience representing the Class, respectfully requests that the Court grant final approval of the Settlement, Lead Counsel's attorneys' fee and expense application, and its application for an award of $11,539.00, in consideration of the time and expenses the Fund incurred in representing the Class in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have the authority to execute this Declaration on behalf of the Fund. Executed this 2nd day of August, 2023 at New York, New York.

_____
GABRIEL RISTORUCCI

- 4 -

4861-0661-1816.v1