UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 2:19-cv-03347 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | District Judge Edmund A. Sargus, Jr. |
| vs. | ) ) | Magistrate Judge Elizabeth A. Preston Deavers |
| CARDINAL HEALTH, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION,
PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE

I, ROSS D. MURRAY, declare and state as follows:

1. I am employed as a Vice President of Securities by Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California. The following statements are based on my personal knowledge and information provided to me by other Gilardi employees and if called to testify I could and would do so competently.

2. Pursuant to this Court's April 4, 2023 Order Granting Preliminary Approval Under Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Settlement Class ("Notice Order") (ECF 110), Gilardi was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned litigation (the "Litigation").[1] I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

3. I submit this declaration in order to provide the Court and the parties to the Litigation with information regarding: (i) emailing and mailing of the Court-approved Postcard Notice (attached hereto as Exhibit A), and if requested, mailing of the Court-approved Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as Exhibit B); (ii) publication of the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"); (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the number of requests for exclusion from the Settlement Class received to date by Gilardi.

## DISSEMINATION OF NOTICE

4. Pursuant to the Notice Order, Gilardi is responsible for disseminating notice of the proposed settlement of this Litigation to potential Settlement Class Members. The Settlement Class consists of all Persons who purchased or otherwise acquired Cardinal Health common stock between March 2, 2015 and May 2, 2018, inclusive, and were allegedly damaged thereby.

---

[1] Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated March 31, 2023 (the "Stipulation") (ECF 109), which is available on the website established for the Settlement at www.CardinalHealthSecuritiesSettlement.com.

Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of Cardinal Health; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

5. Gilardi received a file via email from Cardinal Health's transfer agent, which contained the names and addresses of potential Settlement Class Members. The list was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of 10,462 unique names and addresses. Gilardi had the unique name and address data printed on to Postcard Notices, posted the Postcard Notices for First-Class Mail, postage prepaid, and delivered 10,462 Postcard Notices on April 25, 2023, to the United States Post Office for mailing.

6. In addition, on April 25, 2023, as part of its normal mailing procedures, Gilardi mailed, by First-Class Mail, Postcard Notices and cover letters to 279 brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities. The Nominee Holders also include a group of filers/institutions who have requested notification of every securities case. These Nominee Holders are included in a proprietary database created and maintained by Gilardi. In Gilardi's experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities. The cover letter accompanying the Claim Packages advised the Nominee Holders of the proposed Settlement and requested their cooperation in forwarding the Claim Packages to potential Settlement Class Members. In the more than three decades that Gilardi has been providing notice and claims administration services in securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders. Gilardi also mailed Postcard Notices and cover letters to the 4,440 institutions included on the U.S.

Securities and Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing.  A sample of the cover letter mailed to Nominee Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit C.

7.     On April 25, 2023, Gilardi also delivered electronic copies of the Postcard Notice to 390 registered electronic filers who are qualified to submit electronic claims.  These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

8.     As part of the notice program for this Settlement, on April 25, 2023, Gilardi also delivered electronic copies of the Postcard Notice and the Claim Package via email to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS").  LENS enables the participating bank and broker nominees to review the Claim Package and contact Gilardi for copies of the Claim Package for their beneficial holders.

9.     Gilardi has acted as a repository for shareholder and nominee inquiries and communications received in this Settlement.  In this regard, Gilardi has forwarded the Postcard Notice on request to nominees who purchased or acquired Cardinal Health common stock for the beneficial interest of other persons.  Gilardi has also forwarded the Postcard Notice directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

10.     Following the initial mailing, Gilardi received 21 responses to the outreach efforts described above, which included computer files containing a total of 65,285 names and addresses of potential Settlement Class Members.  In addition, 30 institutions requested that Gilardi send them a total of 316,750 Postcard Notices for forwarding directly to their clients.  Gilardi also received 196 requests for Claim Packages from potential Settlement Class Members.  Gilardi has also mailed 1,052 Postcard Notices as a result of emails that bounced back or were otherwise undeliverable.  Each of these requests has been completed in a timely manner.

11.     As of August 4, 2023, Gilardi has mailed a total of 398,658 Postcard Notices and 196 Claim Packages to potential Settlement Class Members and nominees.  Additionally, one

institution reported that they anticipated sending Postcard Notices via email to 92,710 potential Settlement Class Members.

### PUBLICATION OF THE SUMMARY NOTICE

12. In accordance with the Notice Order, on May 2, 2023, Gilardi caused the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *Business Wire*, as shown in the confirmations of publication attached hereto as Exhibit D.

### TELEPHONE HELPLINE AND WEBSITE

13. On April 25, 2023, Gilardi established and continues to maintain a case-specific, toll-free telephone helpline, 1-888-815-0439, to accommodate potential Settlement Class Member inquiries. The toll-free number was set forth in the Notice and on the case website. Gilardi has been and will continue to promptly respond to all inquiries to the toll-free telephone helpline.

14. On April 25, 2023, Gilardi established and continues to maintain a website dedicated to this Settlement (www.CardinalHealthSecuritiesSettlement.com) to provide additional information to Settlement Class Members and to provide answers to frequently asked questions. The web address was set forth in the Postcard Notice, the Claim Package, and the Summary Notice. The website includes information regarding the Litigation and the Settlement, including the objection and claim filing deadlines, and the date and time of the Court's Settlement Hearing. Copies of the Notice, Proof of Claim, Stipulation, and Notice Order are posted on the website and are available for downloading. Settlement Class Members can also complete and submit a Proof of Claim through the website.

### REQUESTS FOR EXCLUSION RECEIVED TO DATE

15. The Notice informs potential Settlement Class Members that written requests for exclusion from the Settlement Class must be mailed to *Cardinal Health Securities Settlement*, c/o Gilardi & Co. LLC, ATTN: EXCLUSIONS, P.O. Box 5100, Larkspur, CA 94977-5100, such that they are received no later than August 21, 2023.

16. The Notice also sets forth the information that must be included in each request for exclusion. Gilardi has monitored and will continue to monitor all mail delivered to this address.

As of the date of this declaration, Gilardi has received three requests for exclusion, redacted copies of which are attached hereto as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 4th day of August, 2023, at San Rafael, California.

_____
ROSS D. MURRAY

# EXHIBIT A

*Cardinal Health Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

# LEGAL NOTICE

www.CardinalHealthSecuritiesSettlement.com.

Court-Ordered Legal Notice
(Forwarding Service Requested).

Important Information about a
Securities Class Action Settlement.

You may be entitled to a payment.
This Notice may affect your legal rights.

Please read it carefully.

# CHSS



Postal Service: Please Do Not Mark Barcode

CHSS - «Claim8»-«CkDig»

«FirstNAME» «LastNAME»
«Name1»
«Name2»
«Name3»
«Name4»
«Addr1» «Addr2»
«City», «State»«FProv» «Zip»«FZip»
«FCountry»

*Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., et al.*

Case No. 2:19-cv-03347 (S.D. Ohio)

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT
VISIT WWW.CARDINALHEALTHSECURITIESSETTLEMENT.COM OR
CALL 1-888-815-0439 FOR MORE INFORMATION



If you purchased or otherwise acquired Cardinal Health, Inc. ("Cardinal Health" or the "Company") common stock between March 2, 2015 and May 2, 2018, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in this litigation ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on September 11, 2023, at 2:00 p.m., before Judge Edmund A. Sargus, Jr., at the United States District Court, Southern District of Ohio, in Courtroom 311 of the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, to determine whether the proposed settlement of the Litigation against Defendants Cardinal Health, George S. Barrett, Donald M. Casey, Jr., Michael C. Kaufmann, Jorge M. Gomez, and David J. Wilson for $109 million and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Litigation should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 30% of the Settlement Amount, and expenses not to exceed $850,000, plus interest on both amounts, and an award to Lead Plaintiff, should be granted.

The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the U.S. federal securities laws, Defendants made materially false and misleading statements and omissions concerning Cardinal Health's acquisition and integration of Cordis Corporation ("Cordis"), a medical device manufacturer purchased from Johnson & Johnson. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and the Proof of Claim and Release ("Claim Form") by visiting the website: www.CardinalHealthSecuritiesSettlement.com (the "Website") or you may request copies from the Claims Administrator by: (i) mail: *Cardinal Health Securities Settlement,* Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301135, Los Angeles, CA 90030-1135; or (ii) call toll-free: 1-888-815-0439.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than July 24, 2023. You will be bound by any Judgment entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Settlement Class. If you exclude yourself, you cannot get money from this Settlement. If you do not exclude yourself from the Settlement Class, you may object to the Settlement, Plan of Allocation, or request for award of attorneys' fees and expenses no later than August 21, 2023. The long-form Notice and the Website explain how to exclude yourself from the Settlement Class or how to object.

Lead Plaintiff and the Settlement Class are represented by Lead Counsel: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com. You may, but do not have to, attend the Court hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CARDINAL HEALTH, INC., et al., | ) ) |
| Defendants. | ) ) ) |

No. 2:19-cv-03347

CLASS ACTION

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth A. Preston Deavers

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:** **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED CARDINAL HEALTH, INC. ("CARDINAL HEALTH" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 2, 2015 AND MAY 2, 2018, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE JULY 24, 2023**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Ohio (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff 1199SEIU Health Care Employees Pension Fund, on behalf of itself and others similarly situated, and Defendants Cardinal Health, Inc., George S. Barrett, Donald M. Casey, Jr., Michael C. Kaufmann, Jorge M. Gomez, and David J. Wilson; the proposed $109,000,000 cash settlement reached therein (the "Settlement"); and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated March 31, 2023 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.CardinalHealthSecuritiesSettlement.com.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before July 24, 2023.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties (as defined below) about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be *received* on or before August 21, 2023.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before August 21, 2023. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON SEPTEMBER 11, 2023** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before August 21, 2023.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $109,000,000 Settlement Fund has been established. Based on Lead Plaintiff's estimate of the number of shares of Cardinal Health common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.68 before deduction of any Taxes or Tax Expenses on the income earned on the Settlement Amount thereof, Notice and Administration Expenses, and any Court-awarded attorneys' fees, expenses, and interest thereon as determined by the Court. **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's Claims as compared to the total Claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 11-15 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they violated any laws, deny that this action could proceed as a class action, deny that they are liable to the Settlement Class, and deny that the Settlement Class has suffered any injury or damages. The issues on which the parties disagree are many, but include: (1) whether Lead Plaintiff has satisfied its burden under the Federal Rules of Civil Procedure for certifying the proposed class and representing that class as Lead Plaintiff; (2) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other law; (3) whether Defendants have valid defenses to any such claims of liability; (4) the appropriate economic model for determining the amount by which the prices of Cardinal Health common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the amount, if any, by which the prices of Cardinal Health common stock were allegedly artificially inflated (if at all) during the Class Period; (6) the effect of various market forces on the prices of Cardinal Health common stock at various times during the Class Period; (7) the extent to which external factors influenced the prices of Cardinal Health common stock at various times during the Class Period; (8) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Cardinal Health common stock at various times during the Class Period; and (9) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of Cardinal Health common stock at various times during the Class Period.

2

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Settlement Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount, plus expenses not to exceed $850,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiff may apply for an award not to exceed $35,000 in connection with its representation of the Settlement Class. If the amounts requested are approved by the Court, the average cost per share of Cardinal Health common stock will be approximately $0.21.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-815-0439, or visit the website www.CardinalHealthSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com, www.rgrdlaw.com.

<strong>Please Do Not Call the Court or Defendants with Questions About the Settlement.</strong>

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery–or, indeed, no recovery at all–might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. Defendants have denied, and continue to deny, each and all of the claims and allegations asserted against them in the Litigation. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the costs, burdens, and uncertainty inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further continuation of this Litigation could be protracted and unnecessarily costly.

<strong>BASIC INFORMATION</strong>

| | |
|---|---|
| **1.** | **Why did I get this Notice package?** |

This Notice is provided pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Cardinal Health common stock during the period between March 2, 2015 and May 2, 2018, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of Ohio, and the case is known as *Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., et al.*, Case No. 2:19-cv-03347. The case has been assigned to the Honorable Edmund A. Sargus, Jr. The institution representing the Settlement Class is the Lead Plaintiff, and the company and individuals it sued and who have now settled are called the Defendants.

| | |
|---|---|
| **2.** | **What is this lawsuit about?** |

On September 8, 2020, Lead Plaintiff filed a Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"). Lead Plaintiff alleges that: (i) all Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; (ii) the Individual Defendants violated Section 20(a) of the Exchange Act; and (iii) defendant George Barrett violated Section 20A of the Exchange Act. Lead Plaintiff alleges that, during the Class Period (between March 2, 2015 and May 2, 2018, inclusive), Defendants made materially false and misleading statements and omissions concerning Cardinal Health's acquisition and integration of Cordis Corporation ("Cordis"), a medical device manufacturer purchased from Johnson & Johnson.

On November 6, 2020, Defendants moved to dismiss the Consolidated Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ("PSLRA"). Lead Plaintiff filed its opposition to the motion on December 21, 2020. Defendants filed their reply in support of the motion to dismiss on February 5, 2021. On September 27, 2021, the Court issued an order denying Defendants' motion to dismiss. Defendants answered the Consolidated Complaint on November 23, 2021, denying all material allegations and asserting multiple defenses.

Lead Plaintiff served over 50 requests for production of documents to Defendants, and Defendants, on a rolling basis, produced more than 500,000 documents (encompassing over 1,940,000 pages) from over 20 custodians, which were reviewed and analyzed by Lead Plaintiff. The Settling Parties served subpoenas on over 30 third parties, which produced more than 94,000 documents totaling over 950,000 pages. Lead Plaintiff produced over 145,000 pages of documents and provided responses to Defendants' document requests and interrogatories. The Settling Parties also participated in numerous meetings to address discovery issues, as well as numerous status conferences with Magistrate Judge Elizabeth A. Preston Deavers.

On March 25, 2022, Lead Plaintiff filed a motion for class certification. In connection with class certification, the Settling Parties conducted nine expert and fact witness depositions. Defendants filed an opposition to the motion for class certification on June 3, 2022, under provisional seal, and then publicly on June 28, 2022. Lead Plaintiff filed its reply in support of class certification on July 22, 2022. Lead Plaintiff's motion for class certification was pending at the time the Settling Parties reached an agreement to settle the Litigation.

On December 1, 2022, the Settling Parties attended a formal, full-day, in-person mediation in Corona del Mar, California with Judge Layn R. Phillips (Ret.) of Phillips ADR Enterprises. Following this full-day mediation session, the Settling Parties attended two subsequent virtual mediation sessions focused on specific issues in the case on January 4, 2023 and January 20, 2023. On February 8, 2023, the parties attended a second formal, full-day, in-person mediation session in New York City with Judge Phillips. Each of the four mediation sessions involved the Settling Parties' submission of either confidential mediation statements and exhibits or detailed presentations. While a settlement was not reached during the February 8, 2023 mediation session, the Settling Parties continued their good faith efforts to resolve the case and on February 21, 2023, Judge Phillips made a mediator's recommendation to settle the case for $109,000,000, which the Settling Parties accepted. This agreement-in-principle contemplated full releases of liability in return for a cash payment of $109,000,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

Defendants have denied, and continue to deny, that they violated the federal securities laws or any law and maintain that their conduct was at all times proper and in compliance with all applicable laws. Defendants have denied, and continue to deny, each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants continue to believe that the claims asserted against them in the Litigation are without merit. Among other things, Defendants specifically deny that they made any false or misleading statements or omissions. Defendants also deny that Cardinal Health, and any of the Individual Defendants, acted with the requisite intent to commit a violation of the federal securities laws or any other law. Defendants further deny that the price of Cardinal Health common stock was artificially inflated during the Class Period; that any Settlement Class Member has suffered any damages; or that the financial losses of any Settlement Class Member were caused by the revelation of any information that Defendants had allegedly previously not disclosed or misrepresented. Defendants maintain that their conduct was proper and that they have meritorious defenses to all of the claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of the Lead Plaintiff or Defendants. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

**WHO IS IN THE SETTLEMENT**

| 4. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired Cardinal Health common stock between March 2, 2015 and May 2, 2018, inclusive, and were allegedly damaged thereby, except those Persons and entities that are excluded.

Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of Cardinal Health; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before July 24, 2023.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-815-0439, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify. You may also submit the Proof of Claim online via the Settlement website: www.CardinalHealthSecuritiesSettlement.com.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Cardinal Health will cause its insurers to pay $109,000,000 in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court-approved attorneys' fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of Cardinal Health common shares represented by the valid Proof of Claim forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must timely complete and submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.CardinalHealthSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than July 24, 2023**. The Proof of Claim form may be submitted online at www.CardinalHealthSecuritiesSettlement.com. If you do not submit a timely Proof of Claim form with the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described below, you will still be bound by the Settlement, the Judgment, and the releases contained therein.

5

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on September 11, 2023, at 2:00 p.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Plaintiffs' Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins. First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.

- "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties. The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.

- "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants. Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

- "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or

6

unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum against any of the Released Defendant Parties that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative complaint in the Litigation, or in any other complaint in the Litigation, and (ii) in any way are based upon or related to the purchase, acquisition, sale, disposition, or holding of Cardinal Health common stock purchased or otherwise acquired by Members of the Settlement Class during the Class Period. Released Plaintiffs' Claims does not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Settlement Class Member, Lead Plaintiff, Lead Plaintiff's Counsel, and each of their Related Parties. Releasing Plaintiff Parties do not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, themselves, or itself therefrom.

- "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

  > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now

7

existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself or "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I get out of the Settlement Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Cardinal Health Securities Settlement*." Your letter must include a list identifying the dates and the number of shares of Cardinal Health common stock that you purchased, acquired, and sold for each such purchase, acquisition, and sale during the Class Period. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is *received* **no later than August 21, 2023** to:

*Cardinal Health Securities Settlement*
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future.

Your request for exclusion shall not be valid and effective unless it provides all the information called for in this Section 11 and is received within the time stated above, or is otherwise accepted by the Court.

| **12.** | **If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit regarding any Released Plaintiffs' Claims. Remember, the exclusion deadline is August 21, 2023.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you. Robbins Geller is called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $850,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiff may seek up to $35,000 for its costs and expenses incurred in representing the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4). Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Cardinal Health Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s) and number of shares of Cardinal Health common stock you purchased or acquired and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. You must also include copies of documents demonstrating your purchase(s) or acquisitions and/or sale(s) of Cardinal Health common stock during the Class Period, and the objection must be signed by the objector, even if the objector is represented by counsel. The objection must also identify all settlements to which you or your counsel have objected during the past three years. Your comments or objection must be filed with the Court and mailed to each of the following addresses such that it is *received* **no later than August 21, 2023:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| OFFICE OF THE CLERK UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF OHIO Joseph P. Kinneary U.S. Courthouse Room 121 85 Marconi Boulevard Columbus, OH 43215 | ROBBINS GELLER RUDMAN &   DOWD LLP Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA 92101 | WACHTELL, LIPTON,   ROSEN & KATZ Lauren M. Kofke 51 West 52nd Street New York, NY 10019 |

9

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at 2:00 p.m. on September 11, 2023, before Judge Edmund A. Sargus, Jr., at the United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, Courtroom 311, 85 Marconi Boulevard, Columbus, OH 43215. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.CardinalHealthSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

In addition, the possibility exists that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CardinalHealthSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CardinalHealthSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video, the access information will be posted to the Settlement website, www.CardinalHealthSecuritiesSettlement.com.**

| 19. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Cardinal Health Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received no later than August 21, 2023*, and addressed to the Office of the Clerk, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

10

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Plaintiffs' Claims in this case.

**GETTING MORE INFORMATION**

| 22. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-815-0439. Reference is also made to the Settlement Agreement, to the filings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at www.CardinalHealthSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of Ohio, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

| 23. How will my claim be calculated? |
|--------------------------------------|

1.     As discussed above, the Settlement provides $109,000,000 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest and accretions thereto constitute the "Settlement Fund." The Settlement Fund, less (a) any Court-awarded attorneys' fees, expenses, and interest thereon, (b) Notice and Administration Expenses, (c) Settlement Fund Taxes and Tax Expenses, and (d) other Court-approved deductions is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants–Members of the Settlement Class who submit a valid Proof of Claim form to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund–in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Proof of Claim forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website: www.CardinalHealthSecuritiesSettlement.com.

2.     The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3.     The Plan of Allocation was developed in consultation with Lead Plaintiff's damages expert. In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Cardinal Health common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in Cardinal Health common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related Company-specific information.

11

4.   In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Litigation, Lead Plaintiff alleges that corrective information (referred to as a "corrective disclosure") was released to the market on August 2, 2017 and May 3, 2018.

5.   In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Cardinal Health common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of at least one corrective disclosure.[2]

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

6.   Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Cardinal Health common stock during the Class Period that is listed on the Proof of Claim form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

7.   For each share of Cardinal Health common stock purchased or otherwise acquired between March 2, 2015 and May 2, 2018, inclusive, and:

(a)   Sold prior to August 2, 2017, the Recognized Loss Amount will be $0.00;

(b)   Sold from August 2, 2017 through May 2, 2018, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price;

(c)   Sold from May 3, 2018 through and including the close of trading on July 31, 2018, the Recognized Loss Amount will be *the least of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between May 3, 2018 and the date of sale as stated in Table 2 below; and

(d)   Held as of the close of trading on July 31, 2018, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $52.00, the average closing price for Cardinal Health common stock between May 3, 2018 and July 31, 2018 (the last entry in Table 2 below).[3]

### ADDITIONAL PROVISIONS

8.   The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

9.   If a Settlement Class Member has more than one purchase/acquisition or sale of Cardinal Health common stock, purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

---

[2]   Any transactions in Cardinal Health common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

[3]   Under Section 21D(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Cardinal Health common stock during the 90-day look-back period. The mean (average) closing price for Cardinal Health common stock during this 90-day look-back period was $52.00.

10. A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

11. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12. Purchases or acquisitions and sales of Cardinal Health common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Cardinal Health common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Cardinal Health common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Cardinal Health common stock unless: (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

13. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Cardinal Health common stock. The date of a "short sale" is deemed to be the date of sale of Cardinal Health common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Cardinal Health common stock, his, her, or its earliest Class Period purchases or acquisitions of Cardinal Health common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

14. Option contracts are not securities eligible to participate in the Settlement. With respect to Cardinal Health common stock purchased or sold through the exercise of an option, the purchase/sale date of the Cardinal Health common stock is the exercise date of the option, and the purchase/sale price of the Cardinal Health common stock is the exercise price of the option.

15. If a claimant had a market gain with respect to his, her, or its overall transactions in Cardinal Health common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Cardinal Health common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Cardinal Health common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Cardinal Health common stock during the Class Period.

---

[4] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Cardinal Health common stock purchased or acquired during the Class Period.

[5] The Claims Administrator will match any sales of Cardinal Health common stock from the start of the Class Period through and including the close of trading on May 2, 2018 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Cardinal Health common stock sold from the start of the Class Period through and including the close of trading on May 2, 2018 will be the "Total Sales Proceeds."

[6] The Claims Administrator will ascribe a value of $50.80 per share for Cardinal Health common stock purchased or acquired during the Class Period and still held as of the close of trading on May 2, 2018 (the "Holding Value").

13

16.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, nonprofit charitable organization(s), to be selected by Lead Counsel.

17.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Counsel's damages expert, Defendants, Defendants' Counsel, any of the other Releasing Plaintiff Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Proof of Claim form or nonperformance of the Claims Administrator; the payment or withholding of taxes (including interest and penalties); or any losses incurred in connection therewith.

18.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member or claimant.

19.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim form.

14

**TABLE 1**

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | |
|---|---|---|---|
| | 3/2/2015 - 8/1/2017 | 8/2/2017 - 5/2/2018 | Sold on or Retained Beyond 5/3/2018 |
| 3/2/2015 - 8/1/2017 | $0.00 | $2.04 | $10.57 |
| 8/2/2017 - 5/2/2018 | ███ | $0.00 | $8.53 |
| Purchased on or after 5/3/2018 | ███ | ███ | $0.00 |

**TABLE 2**

**Cardinal Health Closing Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between 3 May 2018 and Date Shown | Date | Closing Price | Average Closing Price Between 3 May 2018 and Date Shown |
|---|---|---|---|---|---|
| 5/3/2018 | $50.80 | $50.80 | 6/18/2018 | $53.00 | $53.28 |
| 5/4/2018 | $53.01 | $51.91 | 6/19/2018 | $54.10 | $53.30 |
| 5/7/2018 | $52.77 | $52.19 | 6/20/2018 | $54.25 | $53.33 |
| 5/8/2018 | $52.50 | $52.27 | 6/21/2018 | $53.54 | $53.34 |
| 5/9/2018 | $52.76 | $52.37 | 6/22/2018 | $53.98 | $53.36 |
| 5/10/2018 | $54.74 | $52.76 | 6/25/2018 | $53.34 | $53.36 |
| 5/11/2018 | $55.30 | $53.13 | 6/26/2018 | $53.32 | $53.35 |
| 5/14/2018 | $55.16 | $53.38 | 6/27/2018 | $52.93 | $53.34 |
| 5/15/2018 | $54.02 | $53.45 | 6/28/2018 | $50.37 | $53.27 |
| 5/16/2018 | $54.51 | $53.56 | 6/29/2018 | $48.83 | $53.16 |
| 5/17/2018 | $54.33 | $53.63 | 7/2/2018 | $49.15 | $53.07 |
| 5/18/2018 | $53.33 | $53.60 | 7/3/2018 | $49.50 | $52.98 |
| 5/21/2018 | $53.13 | $53.57 | 7/5/2018 | $50.04 | $52.92 |
| 5/22/2018 | $52.83 | $53.51 | 7/6/2018 | $49.94 | $52.85 |
| 5/23/2018 | $52.69 | $53.46 | 7/9/2018 | $50.26 | $52.79 |
| 5/24/2018 | $52.44 | $53.40 | 7/10/2018 | $50.17 | $52.74 |
| 5/25/2018 | $52.44 | $53.34 | 7/11/2018 | $49.96 | $52.68 |
| 5/29/2018 | $51.75 | $53.25 | 7/12/2018 | $50.26 | $52.63 |
| 5/30/2018 | $52.46 | $53.21 | 7/13/2018 | $50.80 | $52.59 |
| 5/31/2018 | $52.09 | $53.15 | 7/16/2018 | $50.71 | $52.56 |
| 6/1/2018 | $52.66 | $53.13 | 7/17/2018 | $49.97 | $52.51 |
| 6/4/2018 | $52.64 | $53.11 | 7/18/2018 | $49.49 | $52.45 |
| 6/5/2018 | $52.81 | $53.09 | 7/19/2018 | $49.00 | $52.39 |
| 6/6/2018 | $53.54 | $53.11 | 7/20/2018 | $48.80 | $52.32 |
| 6/7/2018 | $52.95 | $53.11 | 7/23/2018 | $49.16 | $52.26 |
| 6/8/2018 | $53.35 | $53.12 | 7/24/2018 | $49.19 | $52.21 |
| 6/11/2018 | $53.81 | $53.14 | 7/25/2018 | $49.42 | $52.16 |
| 6/12/2018 | $53.55 | $53.16 | 7/26/2018 | $49.28 | $52.11 |
| 6/13/2018 | $54.20 | $53.19 | 7/27/2018 | $49.32 | $52.07 |
| 6/14/2018 | $54.62 | $53.24 | 7/30/2018 | $50.16 | $52.04 |
| 6/15/2018 | $54.75 | $53.29 | 7/31/2018 | $49.95 | $52.00 |

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased or acquired Cardinal Health common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Cardinal Health common stock during such time period, or (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within seven (7) days mail the Postcard Notice via First Class Mail directly to the beneficial owners of the Cardinal Health common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com or:

*Cardinal Health Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

DATED: April 4, 2023

_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 2:19-cv-03347<br><br>CLASS ACTION |
| Plaintiff, | ) ) ) | District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Elizabeth A. Preston Deavers |
| vs. | ) ) | |
| CARDINAL HEALTH, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

**PROOF OF CLAIM AND RELEASE**

**I.       GENERAL INSTRUCTIONS**

1.       To recover as a Member of the Settlement Class based on your claims in the action *Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., et al.*, Case No. 2:19-cv-03347 (the "Litigation"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release ("Claim Form" or "Proof of Claim"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.       Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.       YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN JULY 24, 2023, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Cardinal Health Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135
Online Submissions: www.CardinalHealthSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above. If you are NOT a Member of the Settlement Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

4.       If you are a Member of the Settlement Class and you do not validly and timely request exclusion in accordance with the requirements set by the Court, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.       It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how the Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**II.       CLAIMANT IDENTIFICATION**

You are a Member of the Settlement Class if you purchased or otherwise acquired Cardinal Health common stock during the period between March 2, 2015 and May 2, 2018, inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of Cardinal Health; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a

---

[1]       This Proof of Claim incorporates by reference the definitions in the Stipulation of Settlement dated March 31, 2023 ("Stipulation"), which can be obtained at www.CardinalHealthSecuritiesSettlement.com.

Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Cardinal Health common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE CARDINAL HEALTH COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form. Executors, administrators, guardians, agents, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and evidence of their authority must accompany this Claim Form and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be considered to have been submitted unless the Claims Administrator issues an email to that effect. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Cardinal Health Common Stock" to supply all required details of your transaction(s) in Cardinal Health common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

Please note that only the publicly traded shares of Cardinal Health common stock during the Class Period (*i.e.*, between March 2, 2015 and May 2, 2018, for consistency inclusive) are eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Cardinal Health common stock during the period between March 2, 2015 through and including the close of trading on July 31, 2018, will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested transaction information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Cardinal Health common stock, and the date of a "short sale" is deemed to be the date of sale of Cardinal Health common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Cardinal Health common stock. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, their, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

2

**Official Office Use Only**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

*Louisiana Sheriffs' Pension & Relief Fund*
*v. Cardinal Health, Inc., et al.*

Case No. 2:19-cv-03347

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than July 24, 2023**

# CHSS

Please Type or Print in the Boxes Below
Do **NOT** use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN CARDINAL HEALTH COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other _____

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number    or    Taxpayer Identification Number —

Telephone Number (Primary Daytime) — —    Telephone Number (Alternate) — —

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City    State    ZIP Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |

3

**PART II. SCHEDULE OF TRANSACTIONS IN CARDINAL HEALTH COMMON STOCK**

A. Number of shares of Cardinal Health common stock held at the opening of trading on March 2, 2015 (must be documented). If none, write "zero" or "0":

Proof Enclosed? ○ Y ○ N

B. Purchases or acquisitions of Cardinal Health common stock between March 2, 2015 and July 31, 2018, inclusive:

**PURCHASES**

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y     Merger Shares: _____     Company: _____

C. Sales of Cardinal Health common stock between March 2, 2015 and July 31, 2018, inclusive:

**SALES**

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

D. Number of shares of Cardinal Health common stock held at the close of trading on May 2, 2018 (must be documented). If none, write "zero" or "0":

Proof Enclosed? ○ Y ○ N

E. Number of shares of Cardinal Health common stock held at the close of trading on July 31, 2018 (must be documented). If none, write "zero" or "0":

Proof Enclosed? ○ Y ○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name and the last four digits of your social security/taxpayer identification number on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



**IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Ohio with respect to my (our) claim as a Member of the Settlement Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Cardinal Health common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.  RELEASE**

1.  Upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on my (our) behalf, hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, resolve, relinquish, dismiss with prejudice and release the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as set forth fully in ¶¶4.2-4.5 of the Stipulation.

2.  "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins.  First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

3.  "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.

4.  "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties. The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.

5.  "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants.  Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

6.  "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum against any of the Released Defendant Parties that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative complaint in the Litigation, or in any other complaint in the Litigation, and (ii) in any way are based upon or related to the purchase, acquisition, sale, disposition, or holding of Cardinal Health common stock purchased or otherwise acquired by Members of the Settlement Class during the Class Period. Released Plaintiffs' Claims does not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.



7.	"Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Settlement Class Member, Lead Plaintiff, Lead Plaintiff's Counsel, and each of their Related Parties.  Releasing Plaintiff Parties do not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, themselves, or itself therefrom.

8.	"Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel.  With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

9.	These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

10.	I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

11.	I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, sales, and dispositions of Cardinal Health common stock during the Class Period and the number of shares of Cardinal Health common stock held by me (us) at the opening of trading on March 2, 2015 and the close of trading on May 2, 2018 and July 31, 2018.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.



Executed this_____ day of _____ in _____

(Month/Year)                                  (City/State/Country)

_____        _____
(Sign your name here)                                     (Sign your name here)

_____        _____
(Type or print your name here)                          (Type or print your name here)

_____        _____
(Capacity of person(s) signing, *e.g.,*                   (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser or Acquirer, Executor or Administrator)    Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN JULY 24, 2023:**

*Cardinal Health Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135
www.CardinalHealthSecuritiesSettlement.com



THIS PAGE INTENTIONALLY LEFT BLANK



# EXHIBIT C

**Gilardi & Co LLC**

1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

April 25, 2023

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re:  **Cardinal Health Securities Settlement**

Dear «GENDER» «LastName»:

Please find enclosed the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release ("Proof of Claim") for the above-referenced litigation. Please note both the Class Period and the designated eligible securities described on page one of the Notice, specifically the inclusion of all persons who purchased or otherwise acquired Cardinal Health, Inc. ("Cardinal Health" or the "Company") common stock during the period between March 2, 2015 and May 2, 2018, inclusive, and were allegedly damaged thereby, and are not otherwise excluded from the Settlement Class (the "Settlement Class"). In addition, **the Notice provides that the Exclusion Deadline is August 21, 2023 and the Claim Filing Deadline is July 24, 2023.**

Please pay particular attention to the "Special Notice to Securities Brokers and Other Nominees" on page sixteen of the Notice which states, in part: If you purchased or acquired Cardinal Health common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Cardinal Health common stock during such time period, or (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within seven (7) days mail the Postcard Notice via First Class Mail directly to the beneficial owners of the Cardinal Health common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members.

Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send.  Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:
- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. If you have any questions, please email Notifications@Gilardi.com.

Sincerely,

Gilardi & Co. LLC
*Cardinal Health Securities Settlement* Claims Administrator

# EXHIBIT D

**B4** | Tuesday, May 2, 2023

ADVERTISEMENT

## The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

---

## CLASS ACTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ODS CAPITAL LLC, Individually and on Behalf
of All Others Similarly Situated,
        Plaintiff,

vs.

JA SOLAR HOLDINGS CO., LTD.,
BAOFANG JIN, and SHAOHUA JIA,
        Defendants.

Case No. 1:18-cv-12083-ALC

CLASS ACTION

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To: All Persons who sold JA Solar Holdings Co., Ltd. ADS, ordinary shares and/or long position cash-settled equity swaps referencing JA Solar ADSs ("JA Solar Securities"), and were damaged thereby, during the period from November 20, 2017 through July 16, 2018 (the effective date of the Merger), inclusive, (the "Class Period") and/or all Persons whose JA Solar Securities were cancelled or tendered in exchange for the right to receive the Merger consideration ("Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Co-Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and JA Solar, Baofang Jin and Shaohua Jia (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $21 million (the "Settlement").

A hearing will be held before the Honorable Andrew L. Carter, Jr., remotely on July 13, 2023, at 11:00 a.m. (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated January 23, 2023; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application. To join, please contact the Court at 1-888-363-4749 and enter 3768660 for the access code. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice. Information about the hearing will be posted at www.JASolarSecuritiesSettlement.com. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting www.JASolarSecuritiesSettlement.com or by contacting the Claims Administrator at:

JA Solar Holdings Co., Ltd. Securities Settlement
c/o KCC Class Action Services
P.O. Box 301133
Los Angeles, CA 90030-1133
info@JASolarSecuritiesSettlement.com
(833) 632-0286

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

**LABATON SUCHAROW LLP**
Carol C. Villegas, Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

**POMERANTZ LLP**
Jeremy A. Lieberman, Esq.
600 Third Avenue, 20th Floor
New York, NY 10016
www.pomlaw.com
(212) 661-1100

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than July 8, 2023*. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than June 22, 2023*. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than June 22, 2023*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: May 2, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOUISIANA SHERIFFS' PENSION &
RELIEF FUND, Individually and on Behalf of
All Others Similarly Situated,
        Plaintiff,

vs.

CARDINAL HEALTH, INC., et al.,
        Defendants.

No. 2:19-cv-03347

CLASS ACTION

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth A. Preston Deavers

### SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED CARDINAL HEALTH, INC. ("CARDINAL HEALTH" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 2, 2015 AND MAY 2, 2018, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on September 11, 2023, at 2:00 p.m., before Judge Edmund A. Sargus, Jr., at the United States District Court, Southern District of Ohio, in Courtroom 311 of the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $109,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) for purposes of the proposed Settlement only, the Litigation should be certified as a class action on behalf of the Settlement Class; (3) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (4) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to award Lead Plaintiff reimbursement of its time and expenses pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class, and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear remotely at the hearing, without further written notice to the Settlement Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CardinalHealthSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CardinalHealthSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by remote means, the information for accessing the hearing will be posted to the Settlement website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED CARDINAL HEALTH COMMON STOCK BETWEEN MARCH 2, 2015 AND MAY 2, 2018, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than July 24, 2023)** or electronically **(no later than July 24, 2023)**. Your failure to submit your Proof of Claim by July 24, 2023 will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased or otherwise acquired Cardinal Health common stock between March 2, 2015 and May 2, 2018, inclusive, and do not validly and timely request exclusion from the Settlement Class in accordance with the requirements set by the Court, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice), and other Settlement documents, may be accessed online at www.CardinalHealthSecuritiesSettlement.com, or by writing to:

Cardinal Health Securities Settlement
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS *RECEIVED* BY AUGUST 21, 2023, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $109,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $850,000 AND AN AWARD TO LEAD PLAINTIFF NOT TO EXCEED $35,000 IN CONNECTION WITH ITS REPRESENTATION OF THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL SO THAT THEY ARE *RECEIVED* BY AUGUST 21, 2023, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: APRIL 4, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

1  The Stipulation can be viewed and/or obtained at www.CardinalHealthSecuritiesSettlement.com.

---

## NOTICE OF SALE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
In re: PURDUE PHARMA ) Chapter 11
L.P., *et al.*, ) Case No. 19-23649 (SHL)
Debtors.[1] ) (Jointly Administered)

**NOTICE OF SALE, BIDDING PROCEDURES, AUCTION, AND SALE HEARING**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") on September 15, 2019.

**PLEASE TAKE FURTHER NOTICE** that, on April 4, 2023 in connection with the proposed sale (the "**Sale Transaction**") of substantially all of the assets of the Debtors' consumer health business, which is currently conducted by Avrio Health L.P. (collectively, and as further defined in the Stalking Horse Agreement, the "**Avrio Assets**") to Atlantis Consumer Healthcare Inc. (the "**Stalking Horse Bidder**") or any other successful bidder (a "**Successful Bidder**") subject to an auction process (the "**Auction**"), if any, for the Avrio Assets, the Debtors filed a motion (the "**Bidding Procedures Motion**")[2] with the Court seeking entry of orders, among other things, approving (a) procedures for the solicitation of bids in connection with the Sale Transaction and the Auction (the "**Bidding Procedures**"), (b) payment of the Bid Protections to the Stalking Horse Bidder in accordance with the terms and conditions set forth in the Stalking Horse Agreement, (c) the form and manner of notice related to the Sale Transaction, and (d) procedures for the assumption and assignment of contracts and leases in connection with the Sale Transaction.

**PLEASE TAKE FURTHER NOTICE** that, on April 28, 2023, the Court entered an order (the "**Bidding Procedures Order**") approving, among other things, the Bidding Procedures, which establish the key dates and times related to the Sale Transaction and the Auction, and the Debtors' entry into the Stalking Horse Agreement. All parties interested in bidding should carefully read the Bidding Procedures Order and the Bidding Procedures in their entirety.[3]

**Contact Persons for Parties Interest in Submitting a Bid.** The Bidding Procedures set forth the requirements for submitting a Qualified Bid, and any person interested in making an offer to purchase the Avrio Assets should comply strictly with the Bidding Procedures. Only Qualified Bids will be considered by the Debtors, in accordance with the Bidding Procedures.

Any interested bidder should contact, as soon as practicable:
**PJT PARTNERS LP.**[4]
280 Park Ave Ste 16, New York, NY 10017, Attn.:
Jamie O'Connell (oconnell@pjtpartners.com, 212-364-5677) Rafael Schnitzler (schnitzler@pjtpartners.com, 212-364-3881) Thomas Melvin (melvin@pjtpartners.com, 212-364-7948)

**Obtaining Additional Information.** Copies of the Bidding Procedures Motion and the Bidding Procedures Order, as well as all related exhibits (including the Stalking Horse Agreement and the Bidding Procedures) and all other documents filed with the Court, are available free of charge on the Debtors' Case Information Website, located at *https://restructuring.ra.kroll.com/purduepharma* or can be requested by email at purduepharmateam@ra.kroll.com.

**Important Dates and Deadlines[5]**
1.  **Potential Bidder Deadline.** The deadline for interested parties to furnish information to PJT to be considered a Potential Bidder in accordance with the Bidding Procedures is **May 2, 2023 at 5:00 p.m. (prevailing Eastern Time).**
2.  **Bid Deadline.** The deadline to submit a Qualified Bid is **May 15, 2023 at 5:00 p.m. (prevailing Eastern Time).**
3.  **Auction.** In the event that the Debtors timely receive more than one Qualified Bid for Avrio Assets in addition to the Stalking Horse Bid, and subject to the satisfaction of any further conditions set forth in the Bidding Procedures, the Debtors intend to conduct an Auction for the Avrio Assets. The Auction, if one is held, will commence on **May 17, 2023 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001.
4.  **Auction and Sale Objections Deadline.** The deadline to file an objection with the Court to the Sale Order, the conduct of the Auction, or the Sale Transaction (including objections relating to the Stalking Horse Bidder) (collectively, the "**Sale Objections**") is **May 19, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**").
5.  **Sale Hearing.** A hearing (the "**Sale Hearing**") to consider the proposed Sale Transaction will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 on **May 23, 2023 at 11:00 a.m. (prevailing Eastern Time)** or such other date as determined by the Court. Pursuant to **General Order M-543**, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted via Zoom for Government® so

long as General Order M-543 is in effect or unless otherwise ordered by the Court. Parties wishing to appear at, or attend, a hearing conducted via Zoom for Government® videoconference are required to register their appearance by 4:00 p.m. (prevailing Eastern Time) the day before such hearing at https://ecf.nysb. uscourts.gov/cgi-bin/nysbAppearances.pl.
6.  **Filing Objections.** Sale Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (d) be filed with the Court no later than the Sale Objection Deadline, and (e) no later than the Sale Objection Deadline, be served on: (1) counsel for the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall S. Huebner, Eli J. Vonnegut, Christopher S. Robertson, and Dylan A. Consla, and (B) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001, Attn: Marie L. Gibson and A. Caroline M. Frizzo; (2) counsel to the Consultation Parties, consisting of (i) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, One Bryant Park, New York, New York 10036, Attn: Arik Preis and Sara L. Brauner; (ii) counsel to the Ad Hoc Committee: Kramer Levin Naftalis & Frankel LLP, 1177 6th Ave, New York, NY 10036, Attn: Kenneth H. Eckstein; and (iii) counsel for the MSGE Group: Caplin & Drysdale, Chartered, 1 Thomas Cir NW # 1100, Washington, DC 20005, Attn: Kevin Maclay; (3) counsel to the Stalking Horse Bidder, Kirkland & Ellis LLP, 601 Lexington Ave, New York, New York 10022, Attn: Christopher Marcus, P.C., Constantine N. Skarvelis, P.C., and Jordan E. Elkin; and (4) the U.S. Trustee.

**CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION.** Any party or entity who fails to timely make an objection to the Sale Transaction on or before the Sale Objection Deadline in accordance with the Bidding Procedures Order and this Notice shall be forever barred from asserting any objection to the Sale Transaction, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances, and other interests.

**NO SUCCESSOR LIABILITY.** The Debtors are pharmaceutical companies that manufacture, sell, or distribute, among other products, extended-release, long-acting, abuse-deterrent opioid pain medications. Additional information regarding the Debtors and the events leading up to the Petition Date can be found in the Debtors' Informational Brief filed on September 16, 2019 [D.I. 17]. The proposed Sale Transaction pertains to the assets of Avrio Health L.P., the Debtors' consumer health business, which has not and does not manufacture, sell, or distribute opioid pain medications and related products. The assets sold in the Sale Transaction will be free and clear of, among other things, any claim arising from any conduct of the Debtors prior to the closing of the Sale Transaction, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such claim arises out of or relates to events occurring prior to the closing of the Sale Transaction. Accordingly, as a result of the Sale Transaction, the Successful Bidder will not be a successor to any of the Debtors by reason of any theory of law or equity, and the Successful Bidder will have no liability, except as expressly provided a definitive agreement reached between the Debtors and the Successful Bidder, for any liens, claims, encumbrances, and other interests against or in any of the Debtors under any theory of law, including successor liability theories.

1  The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.
2  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion, the Bidding Procedures Order, or the Bidding Procedures, as applicable.
3  To the extent of any inconsistencies between the Bidding Procedures and the summary descriptions of the Bidding Procedures in this notice, the terms of the Bidding Procedures shall control in all respects.
4  PJT Partners LP., in its capacity as investment banker to the Debtors, is referred to herein as "**PJT**."
5  The following dates and deadlines may be extended by the Debtors or the Court pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order.

---

## ANNOUNCEMENTS

**Gain an Edge in Marketing**
Stand Out from the Competition with a Book: **Your Book.** We Write & Publish It. Reach New Clients. Be Recognized as an Authority in Your Industry. Affordable, Unique Marketing.
BizSuccessBooks.com
(904) 293-9893 Since 1999

## BUSINESS OPPORTUNITIES

**FOR SALE**
**Integrated Software Platform Sales and Service Business**
30 year history
1.25m total revenue,
Owner retiring,
Dallas Area
KlayCPA@msn.com | 214-803-3355

## DEA

**LEGAL NOTICE**
The U.S. Dept. of Justice, Drug Enforcement Administration (DEA) New York gives notice that the property listed below has been abandoned to the custody of the United States and has remained unclaimed. The property shall be held for 30 days from the date of initial publication of notice. Upon expiration of this 30 day period title to the property will vest in the United States. Any person desiring to claim this property must file with the DEA within 30 days. Claims may be filed at the following address: DEA New York Division, 99 Tenth Ave., NY, NY 10011. Attn: TFO Oscar Rivas. **Last date to file: 6/1/2023.** Group: T-32, Case: CT-17-0065, Asset I.D.: 17-DEA-633354, Property: $7,000.00 USC, Place Seized: Bronx, New York, Owner: Edan Miguel Bueno-Diaz, Date of Custody: 07/28/2017.



THE WALL STREET JOURNAL.
**NOTABLE COMMERCIAL PROPERTIES**
EVERY WEDNESDAY
(800) 366-3975
sales.realestate@wsj.com
For more information visit:
wsj.com/classifieds
© 2023 Dow Jones & Company, Inc. All Rights Reserved.

---



# THE WALL STREET JOURNAL.

# THE MARKETPLACE

ADVERTISE TODAY

**(800) 366-3975**

For more information visit:
**wsj.com/classifieds**

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on May 2, 2023:

Name of Publication: The Wall Street Journal
Address: 1211 Avenue of the Americas
City, State, Zip: New York, NY 10036
Phone #: 1-800-568-7625
State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of May 2023, at Sellersville, Pennsylvania.

*Carla Peak*

Carla Peak



# Robbins Geller Rudman & Dowd LLP Announces Proposed Settlement in the Cardinal Health Securities Litigation

May 02, 2023 08:00 AM Eastern Daylight Time

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP regarding the Cardinal Health Securities Litigation:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH, INC., et al.,<br><br>Defendants. | ) No. 2:19-cv-03347<br>)<br>) CLASS ACTION<br>)<br>) District Judge Edmund A. Sargus, Jr.<br>) Magistrate Judge Elizabeth A. Preston Deavers<br>)<br>)<br>)<br>)<br>)<br>) |

SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED CARDINAL HEALTH, INC. ("CARDINAL HEALTH" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 2, 2015 AND MAY 2, 2018, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on September 11, 2023, at 2:00 p.m., before Judge Edmund A. Sargus, Jr., at the United States District Court, Southern District of Ohio, in Courtroom 311 of the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $109,000,000 in

should be approved by the Court as fair, reasonable, and adequate; (2) for purposes of the proposed Settlement only, the Litigation should be certified as a class action on behalf of the Settlement Class; (3) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (4) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to award Lead Plaintiff reimbursement of its time and expenses pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class, and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear remotely at the hearing, without further written notice to the Settlement Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CardinalHealthSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CardinalHealthSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by remote means, the information for accessing the hearing will be posted to the Settlement website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED CARDINAL HEALTH COMMON STOCK BETWEEN MARCH 2, 2015 AND MAY 2, 2018, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than July 24, 2023)** or electronically **(no later than July 24, 2023)**. Your failure to submit your Proof of Claim by July 24, 2023 will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased or otherwise acquired Cardinal Health common stock between March 2, 2015 and May 2, 2018, inclusive, and do not validly and timely request exclusion from the Settlement Class in accordance with the requirements set by the Court, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice), and other Settlement documents, may be accessed online at www.CardinalHealthSecuritiesSettlement.com, or by writing to:

*Cardinal Health Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **RECEIVED** BY AUGUST 21, 2023, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $109,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $850,000 AND AN AWARD TO LEAD PLAINTIFF NOT TO EXCEED $35,000 IN CONNECTION WITH ITS REPRESENTATION OF THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL SO THAT THEY ARE *RECEIVED* **BY AUGUST 21, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: APRIL 4, 2023

BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

[1] The Stipulation can be viewed and/or obtained at www.CardinalHealthSecuritiesSettlement.com.

## Contacts

Media Contact:

Robbins Geller Rudman & Dowd LLP

Shareholder Relations Department

Greg Wood

(619) 231-1058

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire

Address: 101 California Street 20th Floor

City, ST Zip: San Francisco, CA 94111

Phone #: 415-986-4422

State of: California

The press release was distributed on May 2, 2023 to the following media circuits offered by the above-referenced wire service:

1. National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of May 2023, at Sellersville, Pennsylvania.


*Carla Peak*

Carla Peak

# EXHIBIT E



RECEIVED
June 26, 2023
Claims Center

# Exclusion Cover Page

Case Name: Cardinal Health Securities Settlement

Case Code:  CHSS

Exclusion Deadline: August 21, 2023 (Received On or Before )

Name of Person Filing Exclusion: Malta Pension Investments

# ⋈ Malta Pension Investments

| Malta Pension Investments | | Ihr Zeichen<br>Your Reference | Unser Zeichen/Datum<br>Our Reference/Date | Telefon/Telefax<br>Phone/Telefax |
|---|---|---|---|---|
| ████████████████ | | | | |

Cardinal Health Securities Settlement
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100 Larkspur, CA 94977-5100
USA

1st June 2023

**Request Exclusion from the Settlement Class in Cardinal Health Securities Settlement**

Name:  MALTA PENSION INVESTMENTS

Address:     Aragon House, Business Centre
████████████████████

Contact:  Markus Pawlik, Managing Director

Email: ████████████████████

Telephone: ███████████

Trading history and proof of ownership being in the attached custodian certificate.

Markus Pawlik

Managing Director

Daniel Caruana

Authorised Signatory





State Street Bank International GmbH

Luxembourg, May 15th, 2023

**Re: Statement of positions CARDINAL HEALTH INC**
   **For the Claimant:** Malta Pension Investments

To Whom It May Concern,

We, State Street Bank International GmbH, Luxembourg branch, act or acted as the custodian bank for the securities listed in the attached Exhibit. We hereby certify that the transactions and holdings for the securities shown in the attached Exhibit are accurate for the dates indicated therein.
The Claimant is/was the legal and beneficial owner of the securities listed in the attached Exhibit and holds all rights and obligations relating to these securities.

State Street Bank International GmbH, Luxembourg Branch

**Thomas André**   Digitally signed by Thomas
André
Date: 2023.06.01 14:18:33 +02'00'

Name:
Title:



| FUND | FUND NAME | ISIN | CUSIP | CUSIP DESCRIPTION | CONT SETL DATE | TRADE DATE | STL LOC | TRAN TYPE | SHARES | LOCAL NET AMOUNT | LOCAL COMMISSION | LOCAL NET AMOUNT LESS LOC COMMISSION | LOCAL INTEREST | LOCAL NET AMOUNT LESS INTEREST | AS OF SHARE / PAR POSITION | BEG LIT DATE | END LIT DATE | BROKER NAME | UNIT PRICE | LOCAL FEES | TAXES | OTHER CHARGES | TRD CUR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 2-Mar-15 | | Opening balance | | | | | | | 0 000 | | | | | | | | |
| MD82 | Multiasset (Amundi) | US14149Y1082 | 14149Y108 | CARDINAL HEALTH INC COMMON STOCK | 10-Nov-16 | 7-Nov-16 | DTC | BUY | 862 000 | 56,625 99 | 16 98 | 56,609 01 | | | 862 000 | 2-Mar-15 | 2-May-18 | UBS LIMITED | 65 67 | 0 00 | 0 00 | 0.00 | USD |
| MD82 | Multiasset (Amundi) | US14149Y1082 | 14149Y108 | CARDINAL HEALTH INC COMMON STOCK | 19-Jan-18 | 17-Jan-18 | DTC | SELL | (182 000) | (13,296 92) | (3 33) | (13,293 59) | | | 680 000 | 2-Mar-15 | 2-May-18 | UBS LIMITED | 73 08 | (0 31) | 0.00 | 0 00 | USD |
| | | | | | | 2-May-18 | | Closing balance | | | | | | | 680 000 | | | | | | | | |
| | | | | | | 2-Mar-15 | | Opening balance | | | | | | | 0.000 | | | | | | | | |
| MP28 | Transition | US14149Y1082 | 14149Y108 | CARDINAL HEALTH INC COMMON STOCK | 18-May-16 | 13-May-16 | DTC | BUY | 5,000.000 | 385,257 78 | 57 78 | 385,200 00 | | | 5,000 000 | 2-Mar-15 | 2-May-18 | STATE STREET BANK AND TRUST COMPANY | 77 04 | 0 00 | 0 00 | 0.00 | USD |
| MP28 | Transition | US14149Y1082 | 14149Y108 | CARDINAL HEALTH INC COMMON STOCK | 20-May-16 | 20-May-16 | DTC | SELL | (5 000 000) | (386,650 00) | 0 00 | (386,650 00) | | | 0 000 | 2-Mar-15 | 2-May-18 | INCOMING CLIENT | 77.33 | 0 00 | 0 00 | 0 00 | USD |
| | | | | | | 2-May-18 | | Closing balance | | | | | | | 0 000 | | | | | | | | |
| | | | | | | 2-Mar-15 | | Opening balance | | | | | | | 0 000 | | | | | | | | |
| MP51 | Us Equity (Bnp) | US14149Y1082 | 14149Y108 | CARDINAL HEALTH INC COMMON STOCK | 20-May-16 | 19-May-16 | DTC | BUY | 5,000 000 | 386,650 00 | 0 00 | 386,650 00 | | | 5,000.000 | 2-Mar-15 | 2-May-18 | INCOMING CLIENT | 77.33 | 0 00 | 0.00 | 0.00 | USD |

State Street Bank International GmbH

| | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MP51 | Us Equity (Bnp) | US14149Y1082 | 14149Y108 | CARDINAL HEALTH INC COMMON STOCK | 10-Jun-16 | 7-Jun-16 | DTC | BUY | 554 000 | 44,328 86 | 8 86 | 44,320 00 | | | 5,554.000 | 2-Mar-15 | 2-May-18 | INSTINET LLC | 80 00 | 0 00 | 0 00 | 0 00 | USD |
| MP51 | Us Equity (Bnp) | US14149Y1082 | 14149Y108 | CARDINAL HEALTH INC COMMON STOCK | 9-Dec-16 | 6-Dec-16 | DTC | SELL | (1,627 00 0) | (116,174 5 6) | (23 24) | (116,151 32) | | | 3,927 00 0 | 2-Mar-15 | 2-May-18 | CITIGROU P GLOBAL MARKETS LIMITED | 71 4 2 | 0.00 | 2 54 | 0 00 | USD |
| MP51 | Us Equity (Bnp) | US14149Y1082 | 14149Y108 | CARDINAL HEALTH INC COMMON STOCK | 6-Jan-17 | 3-Jan-17 | DTC | SELL | (1,992 00 0) | (148,331 2 5) | (29 67) | (148,301 58) | | | 1,935.00 0 | 2-Mar-15 | 2-May-18 | UBS LIMITE D | 74.4 8 | 0 00 | 3.24 | 0.00 | USD |
| MP51 | Us Equity (Bnp) | US14149Y1082 | 14149Y108 | CARDINAL HEALTH INC COMMON STOCK | 10-Feb-17 | 7-Feb-17 | DTC | SELL | (1,935 00 0) | (150,432 2 2) | (30 09) | (150,402 13) | | | 0 000 | 2-Mar-15 | 2-May-18 | CREDIT SUISSE SECURITIE S (EUROPE) LIMITE | 77 7 6 | 0 00 | 3.29 | 0 00 | USD |
| | | | | | 2-May-18 | | Closing balance | | | | | | | | 0 000 | | | | | | | | |

Information Classification: Limited Access

State Street Bank International GmbH



RR Registered Item
RR436258415MT





**RR436258415MT**
Customer's Signature and ID.

MaltaPost p.l.c.  14-Jun-2023

Stamps Affixed
€        0.00  Foreign Post - Letters
              Registered

Total Postage Value

€        **7.30**

Destination
2023                              USA

WEIGHT 0.028 Kg
FOREIGN   ZONE  B   (1)
2e377ee33daf77ded24a5ccba5e



RR436258415MT

**Malta Pension Investments**

CHSS



*CHSS-EXCL00002*

RECEIVED
June 29, 2023
Claims Center

# Exclusion Cover Page

Case Name: Cardinal Health Securities Settlement

Case Code:  CHSS

Exclusion Deadline: August 21, 2023 (Received On or Before )

Name of Person Filing Exclusion: Bertrand Latil

June 23, 2023

Cardinal Health Securities Settlement
c/o Gilardi & Co. LLC
ATTN. Exclusions
P.O. Box 5100
Larkspur CA 94977-5100

Dear Gilardi Co.,

List of Cardinal Health shares I <u>purchased</u> during the Class Period:

| | |
|---|---|
| 600 | 5/20/2016 |
| 200 | 6/3/2016 |
| 200 | 7/5/2016 |
| 100 | 9/16/2016 |
| 100 | 10/18/2016 |
| 200 | 12/07/2016 |
| 100 | 4/28/2017 |
| 100 | 11/13/2017 |

No shares were sold during the same period.

I wish to be excluded from the Settlement Class and the Settlement.

Bertrand Latil

Sincerely,

*Bertrand Latil*

Bertrand Latil



Cardinal Health Settlement
c/o Gilardi & Co. LLC
ATTN: Exclusions
P.O. Box 6100
Larkspur CA 94977-5100



RECEIVED GE

JUN 29 2023

CLAIMS CENTER

CHSS

94977-510000



RECEIVED
Aug 2, 2023
Claims Center

# Exclusion Cover Page

Case Name: Cardinal Health Securities Settlement

Case Code:  CHSS

Exclusion Deadline: August 21, 2023 (Received On or Before )

Name of Person Filing Exclusion: Karen G Giambalvo

Cardinal Health Securities Settlement
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

To Whom It May Concern:

I am writing to request exclusion from the Settlement Class in the Cardinal Health Securities Settlement.

Cardinal Health shares Purchased OR Acquired between March 2, 2015 and May 2, 2018.  NOTE:  there were no sales of Cardinal shares during the class period:

| Date | Quantity |
|------|----------|
| 04/17/2018 | 2.1867 |
| 01/17/2018 | 1.8657 |
| 10/17/2017 | 2.0951 |
| 07/18/2017 | 1.7451 |
| 04/18/2017 | 1.7836 |
| 01/18/2017 | 1.71 |
| 10/18/2016 | 1.6977 |
| 07/18/2016 | 1.5354 |

| | |
|---|---|
| 04/18/2016 | 1.3046 |
| 01/19/2016 | 1.3332 |
| 10/16/2015 | 1.3485 |
| 07/16/2015 | 1.2393 |
| 04/16/2015 | 1.0602 |

My information:

Karen G. Giambalvo

████████████

Thank you.

Karen G. Giambalvo



Karen G. Giambalvo

RECEIVED GE

AUG 0 2 2023

CLAIMS CENTER