UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 2:19-cv-03347 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | District Judge Edmund A. Sargus, Jr. |
| | ) | Magistrate Judge Elizabeth A. Preston Deavers |
| vs. | ) | |
| CARDINAL HEALTH, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

OMNIBUS REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTIONS
FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF
PLAN OF ALLOCATION; AND (2) AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)

4868-6512-8061.v1

**TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT ....................................................................................1

II.  THE REACTION OF THE SETTLEMENT CLASS SUPPORTS FINAL
APPROVAL ...............................................................................................................2

III.  THE OBJECTIONS SHOULD BE OVERRULED ............................................................4

IV.  CONCLUSION..........................................................................................................8

4868-6512-8061.v1

Lead Plaintiff 1199SEIU Health Care Employees Pension Fund ("Lead Plaintiff") respectfully submits this omnibus reply in further support of its (i) motion for final approval of the proposed Settlement and approval of the Plan of Allocation (ECF 114-1); and (ii) application for an award of attorneys' fees and expenses and for reimbursement to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).  ECF 114-2 ("Fee Brief").[1]

## I.  PRELIMINARY STATEMENT

As detailed in the opening briefs, the $109,000,000 Settlement was achieved for the Settlement Class after more than three years of vigorous litigation, and at a point in time when the parties were fully aware of the strengths and weaknesses of the case.  The Settlement, facilitated by arm's-length negotiations through the Honorable Layn R. Phillips (Ret.), is an excellent result for the Settlement Class in light of the considerable risks presented by continued litigation of this case.

The August 21, 2023 deadline for objections and exclusions has now passed, and Lead Plaintiff and Lead Counsel respectfully submit that the Settlement Class' reaction to the Settlement, Plan of Allocation, and Lead Counsel's motion for attorneys' fees and expenses and reimbursement to Lead Plaintiff, has been exceedingly positive.  Pursuant to the Preliminary Approval Order, 398,658 Postcard Notices were mailed to potential Settlement Class Members and nominees.  *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination, Requests for Exclusion Received to Date, and the Proposed Use of a Minimum Check Amount ("Supp. Murray Decl."), ¶¶3-4, submitted herewith, and the prior Murray Declaration, ECF 114-5 at PageID 8142-43.  Notice was also published in *The Wall Street Journal*, transmitted over *Business Wire* and posted on a dedicated website, www.CardinalHealthSecuritiesSettlement.com.  Murray Declaration, ECF 114-5 at PageID 8143.  There have been no objections to the terms of the Settlement or to how

---

[1]  All capitalized terms not otherwise defined herein have the same meaning as those in the Stipulation of Settlement, dated March 31, 2023, ECF 109.

- 1 -

claims will be calculated under the Plan of Allocation, and only three requests for exclusion. Moreover, only two individual shareholder objections have been received: one to the fee and expense application and the other to the standard practice of including a *de minimis* threshold for mailing distribution checks.  As discussed below, the Settlement Class' overall positive reaction confirms the fairness, adequacy and reasonableness of the Settlement, Plan of Allocation and the fee and expense application, and the two objections should be overruled because they are meritless.

## II.   THE REACTION OF THE SETTLEMENT CLASS SUPPORTS FINAL APPROVAL

Lead Plaintiff and Lead Counsel respectfully submit that their opening briefs and declarations demonstrate why approval of the motions is warranted.  Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the lack of objections to the terms of the Settlement or the Plan of Allocation formula, and minimal number of opt outs, provides additional support for approval of the Settlement and other relief sought.  *In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155379, at *6 (E.D. Tenn. May 17, 2013) ("[t]he lack of objections by class members in relation to the size of the class highlights the fairness of the settlements to unnamed class members and supports approval of the settlements"); *see also Shane Grp., Inc. v. Blue Cross Blue Shield*, 2019 WL 4746744, at *4 (E.D. Mich. Sept. 30, 2019) ("The low number of objections favors approval of the settlement"); *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 906 (S.D. Ohio 2001) ("[A] relatively small number of class members who object is an indication of a settlement's fairness.").

Pursuant to the Court's Preliminary Approval Order, a total of 398,658 Postcard Notices and 200 Notices[2] were mailed to potential Settlement Class Members.  *See* Supp. Murray Decl., ¶¶3-4.

---

[2]   "Notice" refers to the Notice of Pendency and Proposed Settlement of Class Action that was included in the Claim Package mailed to potential Settlement Class Members.  Supp. Murray Decl., ¶3.

4868-6512-8061.v1

- 3 -

These documents informed Settlement Class Members that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $850,000, and that Lead Plaintiff may seek reimbursement for its time and expenses incurred in representing the Settlement Class. *See generally* Postcard Notice (Murray Declaration, ECF 114-5 at PageID 8146-47) and Notice (*id.* at PageID 8151). The Notice also apprised Settlement Class Members of: (1) their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses; (2) their right to exclude themselves from the Settlement Class; and (3) the August 21, 2023 deadline for filing objections and submitting requests for exclusion and the deadline for submitting Proofs of Claim. *See id.* at PageID 8147, 8150. The Summary Notice, which informed Settlement Class Members of the proposed Settlement, how to obtain copies of the Claim Package, and the deadlines for the submission of Proofs of Claim, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *Business Wire*. *See id.* at PageID 8143. In addition, a case-specific website was established which provided information and links to relevant documents, and a case-specific toll-free telephone helpline. *Id.*

As discussed above, not a single Settlement Class Member objected to any term of the Settlement or how claims will be calculated under the Plan of Allocation, and only three requests for exclusion have been received. This uniformly positive reaction from the Settlement Class to the Settlement, together with the relevant factors discussed in Lead Plaintiff's opening brief, strongly support the Court's final approval of the Settlement and Plan of Allocation. *See* Final Approval Brief, ECF 114-1 at PageID 8025-34; *see also In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *13 (E.D. Mich. Dec. 13, 2011) ("'[U]nanimous approval of the proposed settlement . . . by the class members is entitled to nearly dispositive weight in the court's evaluation of the proposed settlement.'") (citation omitted).

4868-6512-8061.v1

The Settlement Class's positive reaction also supports the requested attorneys' fees and expenses, along with the requested reimbursement to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), which are fully consistent with the Court-approved Notice. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (finding that only two objections out of thousands of notified class members supported approval of the requested fees, particularly when the class included "'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive"); *In re Nationwide Fin. Servs. Litig.*, 2009 WL 8747486, at *14 (S.D. Ohio Aug. 19, 2009) ("The reaction of the Class [only one objection out of nearly 125,000 individual notices sent] also supports the requested fee and expense award.").

## III.    THE OBJECTIONS SHOULD BE OVERRULED

Just two objections – both from individual investors – were submitted.  One objection was submitted by Larry D. Killion, ("Killion"), an attorney licensed to practice in Texas, to the request for an award of attorneys' fees, payment of litigation expenses, and reimbursement to Lead Plaintiff, but notably, not to the proposed Settlement itself. *See* ECF 113.  The second objection was filed by Lawrence A. Mollmann, identifying a handful of non-substantive complaints concerning the design of the claim form and an objection to the standard practice of including a *de minimis* threshold for mailing distribution checks. *See* ECF 118.  The Killion and Mollmann objections should be overruled for the following reasons.

**Mr. Killion's objection**.  Mr. Killion's objection is meritless and should be overruled.  Mr. Killion's objection was filed before Lead Counsel submitted its Fee Brief, and therefore fails to address any of the points raised in Lead Plaintiff's and Lead Counsel's opening briefs or the specific facts of this case.  His objection demonstrates a complete lack of understanding of the results achieved and the work performed to secure the $109,000,000 cash recovery.  The objection fails to take into account the significant risks associated with prosecuting this case on a contingency fee

- 4 -

basis, including the risks posed by Defendants' defenses to falsity, scienter, class certification (which was pending at the time of the Settlement), loss causation and damages, that created a very real possibility of an unsuccessful outcome and potentially no fee at all.  Mr. Killion's objection that courts typically "rubber stamp" fee requests, reflects a disregard of the legal authority, as well as for this Court, and ignores the analysis that must be undertaken in the Sixth Circuit to determine the reasonableness of fee awards in class action cases.  *Shane Grp., Inc.*, 2019 WL 4746744, at \*6 (in determining the reasonableness of a fee award, courts must "analyze and weigh the six factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974)").  Mr. Killion's objections fails to address any of the *Ramey* factors.

Mr. Killion has filed at least nine other virtually identical fee request objections in class action cases, and to the extent they have been ruled on, his objections have been repeatedly rejected:

- *City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser Grp. PLC*, No. 1:20-cv-10041-PKC (S.D.N.Y.).  Mr. Killion's June 10, 2023 objection and the July 19, 2023 order overruling the objection are attached as Exhibits ("Ex.") A and B, respectively, to the Supplemental Declaration of Laurie L. Largent ("Supp. Largent Decl."), filed herewith.  *See* Ex. B at ¶8 ("The Court has considered the objection to the fee application filed by Larry D. Killion . . . and finds it to be without merit.  The objection is overruled in its entirety.").

- *Reynolds v. FCA US LLC*, No. 2:19-cv-11745 (E.D. Mich.).  Mr. Killion's objection filed February 8, 2023, and the June 27, 2023 order overruling the objection are attached as Exs. C and D, respectively, to the Supp. Largent Decl.  *See* Ex. D at ¶7(a) ("The Killion Objection's challenge to the contingent nature of the requested attorneys' fees is not well taken and inconsistent with the law of this Circuit.").

- *In re Nielsen Holdings PLC Sec. Litig.*, No. 1:18-cv-07143 (S.D.N.Y.).  Mr. Killion's objection filed June 15, 2022, and the July 20, 2022 Fairness Hearing Transcript are attached as Exs. E and F, respectively, to the Supp. Largent Decl.  *See* Ex. F at 10 ("I find that the one objection from Mr. Killion is flawed both as a matter of law and a matter of fact . . . .").

- *In re Micro Focus International PLC Sec. Litig.*, Lead Case No. 18CIV01549 (Sup. Ct. State of Cal., San Mateo County).  Mr. Killion's objection filed May 15, 2023, and the July 27, 2023 order overruling the objection are attached as Exs. G and H, respectively, to the Supp. Largent Decl.  *See* Ex. H at ¶19 ("For the reasons stated in

4868-6512-8061.v1

the Reply Memorandum of Points and Authorities, the Court overrules the objections of Larry D. Killion . . .").[3]

Mr. Killion's objection fares no better here.  Mr. Killion's objection is simply based on his personal opinions, and ignores the legal criteria for determining the reasonableness of a fee award, including the fourth *Ramey* factor which directs an objective lodestar cross check.  Indeed, the requested fee of 30% yields a very modest lodestar multiplier of 1.83 and is well within the range that courts have found reasonable in comparable cases and is well supported by the excellent result achieved, the risks Lead Counsel assumed, and the quality and quantity of Lead Counsel's work.  *See* Fee Brief, ECF 114-2 at PageID 8053-63; *In re Delphi Corp. Sec.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008) (finding that a single objection to the fee request submitted by a "serial objector who purchased only 290 shares of stock," is insignificant).[4]

Mr. Killion's objection to the requested Lead Plaintiff reimbursement pursuant to 15 U.S.C. §78u-4(a)(4) should also be rejected.  Similar to his fee request objection, Mr. Killion ignores the facts underlying and supporting the request.  Lead Plaintiff took an active role in the Litigation, including preparing for and sitting for a day-long deposition, reviewing significant pleadings and briefs, discussing litigation strategy and case developments with Lead Counsel and Fund Counsel, collecting, reviewing and producing documents, monitoring the progress of settlement negotiations, and approving the Settlement.  *See* Ristorucci Declaration, ECF 114-4 at PageID 8135-36, 8137.

---

[3]     By his own admission, Mr. Killion also filed objections in *In re Wells Fargo & Co. Sec. Litig.*, 20-cv-04494 (S.D.N.Y.) and *In re T-Mobile Customer Data Security Breach Litigation*, 21-md-03109 (E.D. Mo.), however, his objections cannot be located on the dockets.  Other similar objections filed by Mr. Killion are attached to the Supp. Largent Decl. as support for their duplicative nature.  *See* Ex. I (*In re Kraft Heinz Sec. Litig.*, No. 1:19-cv-01339 (N.D. Ill. July 25, 2023), ECF 479); Ex. J (*Flynn v. Exelon Corp.*, No. 1:19-cv-08209 (N.D. Ill. Aug. 22, 2023), ECF 211); Ex. K (*Richardson v. IKEA NorthAm. Services*, No. 2021CH05392 (Cook Cty. Ill. Chancery Ct. June 29, 2023)).

[4]     Mr. Killion purportedly purchased 79 shares of Cardinal Health stock during the Class Period. *See* Killion Objection, ECF 113 at PageID 7938.

- 6 -

4868-6512-8061.v1

Lead Plaintiff's modest request of $11,539.00 is significantly less than the $35,000 threshold identified in the Notice provided to Settlement Class Members.[5]

**Mr. Mollmann's objection**. Mr. Mollmann objects to the $10.00 *de minimis* threshold in the Plan of Allocation. Courts routinely approve the use of minimum thresholds for claims in settlements such as this one. *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 328 (3d Cir. 2011) ("'*de minimis* thresholds for payable claims are beneficial to the class as a whole since they save the settlement fund from being depleted by the administrative costs associated with claims unlikely to exceed those costs and courts have frequently approved such thresholds, often at $10'") (citation omitted); *In re MGM Mirage Sec. Litig.*, 708 Fed. Appx. 894, 897 (9th Cir. 2017) (finding that lower court did not abuse its discretion in approving allocation plan which set a minimum threshold of $10 to receive a distribution); *Armstrong v. Gallia Metro. Hous. Auth.*, 2001 WL 1842452, at *3-*4 (S.D. Ohio Apr. 23, 2001) (approving agreement with $10 *de minimis* floor for monetary claims).[6]

---

[5]     Killion's objection references the following: Rule 1.5 of the American Bar Association Model Rules of Professional Conduct ("A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.") (Killion Objection, ECF 113 at PageID 7937); the Report by the House of Representatives and Senate on the Class Action Fairness Act of 2005 (class action settlements are "subject to court approval") (*id.* at PageID 7938); and *Stalnaker v. DLC, Ltd.*, 376 F.3d 819 (8th Cir. 2004) (bankruptcy action in which the court explains the lodestar cross-check and approves the requested fee) (*id.* at PageID 7937-38). Those sources do not conflict with the authority Lead Plaintiff and Lead Counsel relied upon in their opening papers, all of which support approval of the requested fee, expenses, and reimbursement to Lead Plaintiff. The paper on class action lawsuits attached to Killion's objection adds nothing to the analysis.

[6]     *See also City of Livonia Emps.' Ret. Sys. v. Wyeth*, 2013 WL 4399015, at *2-*3 (S.D.N.Y. Aug. 7, 2013) (approving $10 minimum threshold and collecting cases); *In re Mutual Funds Inv. Litig.*, 2011 WL 1102999, at *3 (D. Md. Mar. 23, 2011) (Approving settlement agreement with $10.00 minimum threshold, stating "minimum payment thresholds, which are designed to ensure that the cost of processing, printing, and mailing a check does not exceed the value of a claim, have consistently and repeatedly been upheld in federal courts. . . . In light of this precedent, [the class member's] objection to the minimum payment threshold is without merit."); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004) (approving $10 minimum threshold, holding "at some point, the need to avoid excessive expense to the class as a whole outweigh[ed] the minimal loss to the claimants who are not receiving their *de minimis* amounts of relief"). This Court has also approved settlement distribution plans with thresholds of at least $10.00. *See Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-00819-ESA-TPK (S.D. Ohio), Notice of Pendency and

- 7 -

4868-6512-8061.v1

As set forth in the Supp. Murray Decl., the use of a minimum threshold for sending distribution checks is not only common practice in settlements of this kind, but is warranted to address the "disproportionate administrative expense to the fund associated with issuing very small checks" to class members. *See* Supp. Murray Decl., ¶¶7-8.[7] Accordingly, Mr. Mollmann's objection should be overruled.

## IV.    CONCLUSION

Based on the entire record herein, Lead Plaintiff and Lead Counsel respectfully request that the Court: (i) grant their motion for final approval of the Settlement and the Plan of Allocation; (ii) award the requested attorneys' fees of 30% of the Settlement Amount and payment of litigation expenses of $699,334.91, plus interest on both amounts at the same rate and for the same period as

---

Proposed Settlement of Class Action, ECF 408-2 at PageID 8929 ("no distribution will be made to a Class Member who would receive a net distribution of less than $10.00.") and *generally* Order Approving Plan of Allocation of Settlement Proceeds, ECF 414.

[7]    Mr. Mollmann's other objections to the Proof of Claim and Release form (poor design, not enough room to list transactions, no rounding instructions for fractional shareholders and the Postcard Notice print is too small), are unremarkable.  Indeed, notwithstanding his complaints, Mr. Mollmann was able to lodge his objections and provide the required information to submit his claim. Thus, there is nothing to demonstrate that the claim submission or objection processes, or contents of the Postcard Notice were onerous, or difficult to understand or execute on.  Accordingly, these complaints should be overruled.

4868-6512-8061.v1

earned by the Settlement Fund; (iii) award Lead Plaintiff 1199SEIU $11,539 pursuant to 15 U.S.C.

§78u-4(a)(4) in connection with its representation of the Settlement Class; and (iv) overrule the

Mollmann and Killion objections in their entirety.

DATED:  September 1, 2023

Respectfully submitted,

MURRAY MURPHY MOUL + BASIL LLP


s/ Joseph F. Murray
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Local Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
TOR GRONBORG
ELLEN GUSIKOFF STEWART
LAURIE L. LARGENT
JENNIFER N. CARINGAL
CHRISTOPHER R. KINNON
J. MARCO JANOSKI GRAY
MEGAN A. ROSSI
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
torg@rgrdlaw.com
elleng@rgrdlaw.com
llargent@rgrdlaw.com
jcaringal@rgrdlaw.com
ckinnon@rgrdlaw.com
mjanoski@rgrdlaw.com
mrossi@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 9 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 1, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Joseph F. Murray
JOSEPH F. MURRAY

MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)

Email: murray@mmmb.com

# Mailing Information for a Case 2:19-cv-03347-EAS-EPD Louisiana Sheriffs Pension & Relief Fund v. Cardinal Health, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Laura M Andracchio**
  landracchio@rgrdlaw.com

- **David S Bloomfield , Jr**
  dbloomfield@porterwright.com,mruyf@porterwright.com,LMKofke@wlrk.com,wdsavitt@WLRK.com

- **Elizabeth N. Brandt**
  enbrandt@wlrk.com

- **Spencer Burkholz**
  SpenceB@rgrdlaw.com

- **Jennifer Caringal**
  JCaringal@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com,ckopko@ecf.courtdrive.com

- **Edward John Jacobs**
  ejacobs@bakerlaw.com

- **Marco Janoski**
  mjanoski@rgrdlaw.com

- **Christopher R. Kinnon**
  CKinnon@rgrdlaw.com,agonzales@ecf.courtdrive.com

- **Lauren M. Kofke**
  lmkofke@wlrk.com

- **Laurie Largent**
  llargent@rgrdlaw.com,AGonzales@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Todd Aaron Long**
  tlong@mcneeslaw.com,talattorney@gmail.com,rgannon@mcneeslaw.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com,tiffany@ecf.courtdrive.com,murray@ecf.courtdrive.com

- **Darren J Robbins**
  tedp@rgrdlaw.com

- **Megan Allison Rossi**
  MRossi@rgrdlaw.com

- **Alexandra P. Sandinsky**
  APSadinsky@wlrk.com

- **William Savitt**
  wdsavitt@wlrk.com

- **Ellen G. Stewart**
  EllenG@rgrdlaw.com

- **Robert Ward Trafford**
  rtrafford@porterwright.com,tmagley@porterwright.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`