# EXHIBIT I

**F I L E D**

JUL 2 5 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE KRAFT HEINZ SECURITIES LITIGATION | ) |
| | )     Case No. 1:19-cv-01339 (N.D. Ill.) |
| | )     Honorable Jorge L. Alonso |

**OBJECTION**
**TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES,**
**AND REQUEST FOR DOWNWARD ADJUSTMENT**

1. Objection Applicant, Larry D. Killion, herein 'Applicant', a Settlement Class Member (Claim ID: PYMTA-VH4ZB) submits this **OBJECTION, to apply to the entire class (and not just to me personally),** the Applicant does not plan to attend the Final Approval Hearing, is not represented by counsel and is a pro se Applicant, request for modification and downward adjustment of any  pending or submitted Plaintiff's Motion/Application For Award of Attorneys' Fees and Expenses, and Class Representative Service Award, IF ANY, (herein the 'Motion' or 'Application') because such Motion is unreasonable, unfair and not in the best interest of the Settlement Class Members.

2. Dates, prices and number of KraftHeinz shares purchased/sold by me during the Class Period, to the best of my knowledge are shown in the attached Exhibit A Trade Confirmation for KraftHeinz KHC Shares between November 6, 2015 and August 7, 2019.

3. *This Objection is based on those documents of record in Plaintiff* https://www.kraftheinzsecuritieslitigation.com/, *as of the date of this Objection.*

**OBJECTION**

3. Rationale behind  this Objection, includes...

3.1 Although Representative Plaintiff's in this Class Action Lawsuit have ostensibly approved the the Application, I do not agree with such approval, and hereby submit this Objection.

3.3  The Motion is not in the best interest of Settlement Class Members and is not reasonable.

3.3 The Motion must be thoroughly tested for its reasonableness, and should take into account:

3.3.1    American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees
- A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
- Traditional fee analysis to determine reasonableness  takes into account...
  - the time and labor required,

- the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
- the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
- the fee customarily charged in the locality for similar legal services;
- the amount involved and the results obtained;
- the time limitations imposed by the client or by the circumstances;
- the nature and length of the professional relationship with the client;
- the experience, reputation, and ability of the lawyer or lawyers performing the services; and
- whether the fee is fixed or contingent

3.3.2 The well thought out reasoning of award of Attorney Fees in similar Federal Court Class Action Ruling rulings, in particular attorney fee reasonableness test criteria described in
   o Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
      o Determining reasonable fees under the **lodestar method** is a two-step process.
         - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.
         - The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a **reasonable** fee in the case.
         - Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
         - Reasonableness takes into account the factors used by the traditional fee *determination*.

3.3.3 Class Action Fairness Act of 2005;
   o Since the case was brought under CAFA, a federal law, Class Action settlements [damages and attorney's fees] are subject to Court approval which takes into account...
      o Reports filed with the House of representatives and the Senate containing recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit and recommendations on the best practices that courts can use to ensure that— the fees and expenses awarded to counsel in connection with a class action settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the litigation; recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement

4. The Court is requested to invoke its discretionary powers to modify and reduce the Motion to make it reasonable.

5. The economics of the requested Motion indicate:

    5.1 The proposed total Settlement Fund to all Class Members is $450,000,000.

    5.2 Individual Class Member award are estimated to be $0.62 per KHC shares (gross, before deduction of attorneys fees and costs. The allegation of trying to establish approximately less than 0.8% to 2% of the stock (using a stock value range over the Class Period of $30 to $70) value of KHC as being associated with fraud, is consistent with opinionated experts since statistician can 'prove' anything given enough rhetoric and time – the fog index.

    5.4 Total Attorney Expenses applied for are upt to $3.2 million.

    5.5 Attorney Fees applied for up to 20% (but prior Class Action cases suggest the full percentage is always awarded) of $450,000,000 or $$90,000,000 plus expense.

    5.6 Attorney hours spent on the case and hourly rates are unspecified.

    5.7 The disparity between the amount of recover to each Class Member compared to the paycheck each attorney could receive suggests a exorbitant and unreasonable basis of on which to base attorney fees.

6. The proposed Attorney Fee Application/Motion is unreasonable in the following respects:
- A fee of $90,000,000 based on a 20% contingency amount of the Settlement Amount is outrageous, unreasonable and should shock the conscience of the Court, as it relegates a non-tort law consumer/investor stock claim based on white collar fraud, with one based on tort law, to the same characteristic of ambulance chasing attorney's associated with negligence claims where contingency fees have become the norm and a key incentive factor for tort lawyers (especially those using roadside billboard advertisements to swing their justice sledge hammer at guilty until proven innocent car accident truck drivers) to advance cases and big attorney pay checks sourced from the real suffering of others, whether they have merit or not, because of the vicissitudes faced by defendant's burdened more so with not defending the merits of a case but the emotions and sympathy of a jury, stirred up by plaintiff counsel rhetoric. The more honest argument is attorney fee claims should/must be based on defense of time and hourly rate as the proper measure of 'earned' attorney fee, not negligent type contingency fee claims.
- The case claim is all about hired gun academic or consultive experts, using the wizardry of statistical analysis – where just about any hypothesis including those associated with security fraud complaints associating published statements with creating a fraud and how it affects decimal place value of stock, whether real or imaginary (especially when the variance of the stock market is what the market is all about or it would not exist) – is defended as being possible, probable or likely. And the vagaries of the fraud law and counsel crafting a case…whether real or fantasy….further insulates plaintiff's from finding the real truth of a claim and a defendant given the honest right to address real issues. What

all this means is that the substance of a case is primarily based on the hired gun experts establishing and proving the case with statistical proofs and not the acumen of the lawyers…who are predominantly advancing procedural tasks. Consequently the 'value' of fees and effort of the claim is buried in the $3.2 million expense claim, where ostensibly the hired gun expert fee is buried and not in claimed attorney fee and not in claimed attorney fees. How $3.2 million real expense is converted to $90,000,000 phantom attorney fee claim is part of the magic (and incentive to bring Class Action lawsuits by attorneys) of the Class Action industry process and why contingency fees should/must be disallowed in favor of defending time and hourly rate attorney fee defenses.

- While Class Actions at times have their place in justice, like all things in life the Class Action process – and associated attorney fee claims - can be used for its intended purpose (seeking real justice – though small as it may be for each 'victim' where there are many victims) or misused or abused. That misuse and abuse option is fertile ground for crafty counsel to formulate a Class Action case (much incentivized by a huge multi-million dollar contingency fee pay check paid for by the 'victims') based on Class Action substantive law causes of action vagaries and uncertainties, resulting in an attack on defendants (most of which are law abiding advocates and publicly traded companies who are duty bound to adhere to a myriad of regulatory standards, who consistently hire their own experts to give them guidance regarding compliance with the law and honestly try to do the right thing) and they then paying out typically huge settlement checks a huge portion of which are paid to attorneys. That is not reasonable. The accompanying Amicus Curiae brief on the Class Action industry and attorney fee abuse further illustrates the misuse and abuse of the Class Action process, which this Claim is alleged to be part of, and what can be advanced to put real justice back into the definition of Class Action, and not a transport vehicle misused or abused to create huge attorney fee paychecks.

- Every day every human in life faces a continuum of events that could arguably be viewed as causing some type of Class Action harm (where harm is not in the best interest of the victim). There is always a certain degree of risk and consequence all us humanoids must absorb as life's destiny…else we all would all be borne in the court house and never leave. An unusual long crossing train at a road intersection that has stopped moving traffic and the stalled driver's time being stolen by the slow moving train; the vending machine stealing our quarter with no product in return because of a mechanical glitch in the machine; lightening induced power outages and the loss of consumer production time; stock values that constantly go up and down – buy low/sale high strategy does not always work and without that variance the market would not exist; are all just some examples of assumed risk in society. Basing huge Class Action attorney's fees on converting an otherwise assumed risk into a justice claim…is but one of many circumstances courts are charged with assisting with and defining what justice means and to what extent one pays for the claims of another. Consequently, yet more arguments why Class Action attorney fee claims should be based on defending time spent and hourly rate as being reasonable and not inflated due to crafting a case instead of asserting righteous justice merits.

7 Any reduction in the Motion is to be returned to and distributed to the Settlement Class Members, the real victims of this cause of action, and not as a contribution to attorney fees.

8. A review of class action settlements suggests attorneys typically are 'rubber stamped' awarded their request because in part they have subjected the court to a plethora of case law cites, statutory law prose, subjective facts, mountains of documents and other heaps of information (extracted from past cases) – especially when a $90,000,000 attorney paycheck is in the offing - all of which may or may not be germane to the case but certainly adds a lot of fog to the landscape that a Court with limited budget of resources most likely cannot fully assimilate.

9. Settlement (with all parties accepting a cash Settlement amount as an acceptable compromise of the issues) was achieved without trial. Consequently, the extent and reasonableness of claimed earned legal fees are in question. Using the same high fee whether a case settles in two hours or after preliminary discovery and pre-trial settlement negotiation does not make sense and does not pass the smell test.

- o While it is instructive to take into account attorney work claims of:
  - o Preparing legal documents (complaints, depositions, subpoenas, attending hearings, legal research), law firms versed in class action cases (and one of the reasons class counsel is certified to be so by the court) already have in hand the understanding of relevant statutes and case law, and unless a novel area of securities fraud issues are understood and billable time not required to be wasted and spent on developing these items, they are already in the library.

Respectfully submitted

This 21 day of July, 2023.

_[signature]_

[Larry D. Killion, Applicant]
Settlement Class Member

713 906-9135, (mobile)
832 203-7695(fax)
11235ldk@comcast.net email
2114 Oxford Street
Houston, Harris County, Texas 77008

## CERTIFICATE OF SERVICE

I, Larry D. Killion, hereby certify that on the21 day of July , 2023, copies of the **OBJECTION TO PROPOSED ATTORNEY] FEE AND EXPENSE MOTION AND REQUEST FOR DOWNWARD ADJUSTMENT, WERE** mailed by first class prepaid postage or by email, to the following recipients:

United States District Court
Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604


LEAD COUNSEL
Sharan Nirmul
Kessler Topaz Meltzer
& Check, LLP
280 King of Prussia Road
Radnor, PA 19087
and
Katherine M. Sinderson
Bernstein Litowitz Berger
& Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020


Defendant
Andrew J. Ehrlich
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
And
Sandra C. Goldstein
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

I, Larry D. Killion, further certify I am a Settlement Class Member.

_____
[*name*]

It is presumed Lead Counsel will post this Objection as a relevant document in this case online internet posting cite.

**EXHIBIT A**

## Dates, prices and number of Kraft Heinz (KHC) shares purchased/sold during the Class Period.



| | |
|---|---|
| | **Transaction Confirmation**     Page 1 of 5 <br> **Confirm Date: September 19, 2018** |
| 0100001909 | Brokerage Account Number <br> **505 IRA - ROLLOVER** <br><br> **LARRY D KILLION** |

FMT CO CUST IRA ROLLOVER
FBO LARRY D KILLION
2114 OXFORD ST
HOUSTON TX 77008-2649

| Online | Fidelity.com/pas |
|---|---|
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Premium Services | 800-544-4442 |
| 8am - 11pm ET, Mon - Fri | |
| Portfolio Advisory Services | 800-544-3455 |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 18262-XBDQKJ | 1* | 000 | 09-19-18 | 09-21-18 | 500754106 | 00321-83578B | | |

| | |
|---|---|
| You Bought <br>            19 <br>     at    57.1534 <br> Symbol: <br> KHC | **DESCRIPTION and DISCLOSURES** <br> KRAFT HEINZ CO COM <br> WE HAVE ACTED AS AGENT. <br> EXEC ON MULT EXCHG DETAILS ON REQUEST <br> AVERAGE PRICE TRADE DETAILS ON REQUEST |

Principal Amount     1,085.91
Settlement Amount     1,085.91

| REFERENCE NO. | TYPE | REG REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 18305-0D25RW | 1* | 000 | 11-01-18 | 11-05-18 | 500754106 | 18305-JLMZHB | | |

You Sold
         1
   at    55.7301
Symbol:
KHC

**DESCRIPTION and DISCLOSURES**
KRAFT HEINZ CO COM
WE HAVE ACTED AS AGENT.
LOTS WITHOUT SPECIFIC SHARES
INSTRUCTIONS WILL BE DEPLETED USING
HIGH COST IN, FIRST OUT METHOD.

Principal Amount     55.73
Activity Assessment Fee     0.01
Settlement Amount     55.72

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 19004-XB774X | 1* | 000 | 01-04-19 | 01-08-19 | 500754106 | 03262-07245B | | |

You Sold
         3
   at    43.6100
Symbol:
KHC

**DESCRIPTION and DISCLOSURES**
KRAFT HEINZ CO COM
WE HAVE ACTED AS AGENT.
LOTS WITHOUT SPECIFIC SHARES
INSTRUCTIONS WILL BE DEPLETED USING
HIGH COST IN, FIRST OUT METHOD.

Principal Amount     130.83
Activity Assessment Fee     0.01
Settlement Amount     130.82

| REFERENCE NO.<br>19080-0B02VT | TYPE<br>1* | REG.REP.<br>000 | TRADE DATE<br>03-21-19 | SETTLEMENT DATE<br>03-25-19 | CUSIP NO.<br>500754106 | ORDER NO.<br>19080-JJKQXB | | |
|---|---|---|---|---|---|---|---|---|

You Bought

4

at 32.0400

Symbol:
KHC

DESCRIPTION and DISCLOSURES
KRAFT HEINZ CO COM
WE HAVE ACTED AS AGENT.

Principal Amount 128.16
Settlement Amount 128.16

| REFERENCE NO.<br>19086-0B85XT | TYPE<br>1* | REG.REP.<br>000 | TRADE DATE<br>03-27-19 | SETTLEMENT DATE<br>03-29-19 | CUSIP NO.<br>500754106 | ORDER NO.<br>19086-JJVTZB | | |
|---|---|---|---|---|---|---|---|---|

You Bought

7

at 32.6337

Symbol:
KHC

DESCRIPTION and DISCLOSURES
KRAFT HEINZ CO COM
WE HAVE ACTED AS AGENT.

Principal Amount 228.44
Settlement Amount 228.44

| REFERENCE NO.<br>19101-XBDJQC | TYPE<br>1* | REG.REP.<br>000 | TRADE DATE<br>04-11-19 | SETTLEMENT DATE<br>04-15-19 | CUSIP NO.<br>500754106 | ORDER NO.<br>29015-54433B | | |
|---|---|---|---|---|---|---|---|---|

You Sold

26

at 32.8977

Symbol:
KHC

DESCRIPTION and DISCLOSURES
KRAFT HEINZ CO COM
WE HAVE ACTED AS AGENT.
LOTS WITHOUT SPECIFIC SHARES
INSTRUCTIONS WILL BE DEPLETED USING
HIGH COST IN, FIRST OUT METHOD.
EXEC ON MULT EXCHG DETAILS ON REQUEST
AVERAGE PRICE TRADE DETAILS ON REQUEST

Principal Amount 855.34
Activity Assessment Fee 0.02
Settlement Amount 855.32

| REFERENCE NO.<br>19164-XBCLGN | TYPE<br>1* | REG.REP.<br>000 | TRADE DATE<br>06-13-19 | SETTLEMENT DATE<br>06-17-19 | CUSIP NO.<br>500754106 | ORDER NO.<br>05128-83684B | | |
|---|---|---|---|---|---|---|---|---|

You Bought

45

at 30.5850

Symbol:
KHC

DESCRIPTION and DISCLOSURES
KRAFT HEINZ CO COM
WE HAVE ACTED AS AGENT.
EXEC ON MULT EXCHG DETAILS ON REQUEST
AVERAGE PRICE TRADE DETAILS ON REQUEST

Principal Amount 1,376.33
Settlement Amount 1,376.33

| REFERENCE NO.<br>19171-XBJVNG | TYPE<br>1* | REG.REP.<br>000 | TRADE DATE<br>06-20-19 | SETTLEMENT DATE<br>06-24-19 | CUSIP NO.<br>500754106 | ORDER NO.<br>27268-30778B | | |
|---|---|---|---|---|---|---|---|---|

You Bought

41

at 31.0974

Symbol:
KHC

DESCRIPTION and DISCLOSURES
KRAFT HEINZ CO COM
WE HAVE ACTED AS AGENT.
EXEC ON MULT EXCHG DETAILS ON REQUEST
AVERAGE PRICE TRADE DETAILS ON REQUEST

Principal Amount 1,274.99
Settlement Amount 1,274.99

| REFERENCE NO.<br>19227-XBBBQK | TYPE<br>1* | REG.REP.<br>000 | TRADE DATE<br>08-15-19 | SETTLEMENT DATE<br>08-19-19 | CUSIP NO.<br>500754106 | ORDER NO.<br>35383-08148B | | |
|---|---|---|---|---|---|---|---|---|

| | | |
|---|---|---|
| You Sold | **DESCRIPTION and DISCLOSURES**<br>KRAFT HEINZ CO COM | Principal Amount 2,157.08 |
| 86 | WE HAVE ACTED AS AGENT. | Activity Assessment Fee 0.05 |
| at 25.0823 | LOTS WITHOUT SPECIFIC SHARES | Settlement Amount 2,157.03 |
| Symbol: | INSTRUCTIONS WILL BE DEPLETED USING | |
| KHC | HIGH COST IN. FIRST OUT METHOD. | |
| | EXEC ON MULT EXCHG DETAILS ON REQUEST | |
| | AVERAGE PRICE TRADE DETAILS ON REQUEST | |
| | EX-DIV DATE 08/20/19 | |
| | RECORD DATE 08/21/19 | |
| | PAYABLE DTE 09/13/19 | |

Case 2:19-cv-03407-BAS-DB Document #: 470-1 Filed 07/25/23 Page 1 of 51 Page ID #:28741

# ATTORNEY'S FEES

## IN CLASS ACTION LAWSUITS

### WHAT TO DO ABOUT HUGE (UNREASONABLE?) LAWYER PAYCHECKS



## Table of Contents

**Class Action Lawsuit Industry**     3

**Incentive Factors**     4

**How To Control Award Of Huge Attorney Fees**     5

**First - Attorney Fee Reduction Action Plans**     5

**Why These Plans?**     7

**Short Lesson: Class Action Lawsuit Boot Camp**     11

**Advantages of a Class Action Lawsuit, includes:**     12

**Disadvantage of a Class Action Lawsuit, includes:**     12

**Attorney's Fees**     15

**Advantages of Contingency Fee Structure Includes:**     16

**Disadvantages of Contingency Fee Structure Includes:**     17

**Attorney Fees Reasonableness Test**     18

**Use, Misuse and Abuse – Standards of Proof and Other Reforms**     20

**Justice and Class Action Lawsuits**     23

**Appendix A –**     28

**Class Action Lawsuits – Huge Attorney Fee Illustrations**     28

**Appendix B**     30

**Example Form Objection To Attorney's Fees**     30

**Appendix C**     35

**Example Op=Out Form**     35

**Appendix D**     37

**Class Action Lawsuits – Attorney Fee Legislation**     37

**Appendix E**     41

**Class Action Lawsuit Postcard Claim Form**     41

## Class Action Lawsuit Industry

The Class Action Lawsuit Industry ("**CALI**") is alive and well (some law firms even publicizing their *'Class Action Lawsuit of the Month'*, merchandising (carnival barker?) Class Action justice as if it is a used car,



- As post card Class Action Lawsuit mailed notices to victims (*'**Class Members**'*) (now managed by third party non-lawyer administrators, part of the industry) arrive more frequent than holiday season sales catalogues,
- Accompanied by Class Action representing attorneys demanding huge multi-million dollar fees using the Class Action Lawsuit as a vehicle to secure such fees,
- While Class Members typically each receive a token amount, as Class Action compensation (the so-called Settlement Fund), the vast majority of which do not even know they were victims, and most unaware of the huge attorney fee claim[1].

The smell test of all this does not look or sound right.



Attorney's fee awards in the CALI appear to have settled in on a 'standard' 'rubber-stamp' court approved fee based on 30% to 40% of the Class Action claimed harm – sounds similar to roadside billboard justice using a sledgehammer to crush guilty until proven innocent truck drivers associated with negligence claims while conveniently **NOT** advertising contingency fee subtractions by attorneys from the victims damages, in the 30%? to 40%? range (plus expenses) – feels like the victim has suffered twice. Yet attorney's fees for each Class Action case (whether based on billable hours or contingency fee demands) are supposed to be tested on a standalone reasonableness standard and not a 'one-size-fits-all' demand[2].

---

[1] Rare is the Class Member who will take the time to study court documents to educate themselves about the attorney fee over-reach, and instead, as tactfully understood by representing counsel, lured into the sense of some easy money sourced from the Class Action lawsuit nominal compensation award, sort of like being a surprised winner in a raffle not knowing you were even entered to participate.

[2] Most Class Action lawsuit attorney fee demands are accompanied by voluminous pages (sometimes rivaling the number of pages about the merits of the case) explaining why huge fees are relevant, as well as comparing the current case with prior cases as additional justification why the size of the award is prudent. Both of these arguments

## Incentive Factors

Incentive factors causing this Class Action Lawsuit industry growth, especially the award of huge attorney fees (leaving the real victims – if in fact they are victims - of a case with only a nominal award), includes:

- **Incentive No. 1: Huge Lawyer Fees**. A review of randomly selected Class Action federal court files[3], illustrates the magnitude of huge attorney fee award incentives, accompanied by small nominal claim awards to individual Class Members. The example cases cited in Appendix A indicate typical individual award to Class Members of less than $20 and many in the few $100s, while multi-million dollar awarded attorney's fees representing 25%[+] of **TOTAL** award claim for a minimum average range of **per attorney** fee of $222,000 to $287,000. The per attorney fee is understated, since the average calculation assumes the estimated number of assigned attorneys to a case, work full time on the case, which is not realistic, and consequently dramatically understates the real average attorney fee take;

- **Incentive No. 2: 'Deep-Pocket' Defendants**. Many/Most [corporate] defendants in Class Action Lawsuits who honestly try to comply with applicable consumer and investor laws, are well known, established and trusted, and highly regulated, publicly stock traded companies: (Appendix A publicly traded companies include: Nielsen-NYSE, T-Mobile-NASDAQ, American Airlines-NASDAQ, Oracle Corporation-NYSE), are financially sound with 'deep-pockets' and capable of paying huge attorney fees, thus 'easy-worth-the-effort' litigation incentive targets. These businesses routinely retain experts to give them advice in regard to compliance with relevant consumer and investor laws and regulations. These compliance characteristics are indicative of a company NOT out-to-cheat its customers or investors.

- **Incentive No. 3: Speculative Law Compliance – Use, Misuse, Abuse**. Consumer and investor laws on which most Class Action lawsuits are based, are not 'black-and-white' and easily interpreted as to what is right and what is wrong, but are complex and subject to wide ambiguous interpretations – for example security fraud and consumer protection laws – making compliance with these laws challenging even for the most compliant minded company – especially for honest defendants. Because of the speculative nature of these laws, this is fertile ground for litigation minded lawyers having the incentive to craft a case, whether real or illusionary, that places doubt in jury's and Jurist's minds whether or not such speculative laws have been violated. As in all things in life, stuff (in this case laws) can be **used** for their intended public protection purposes, or **misused** or **abused,** for whatever reason, such as an over-reaching grant of attorney fees.

Awareness of these Class Action Lawsuit litigation incentives is nothing new, as there is a history of studies, reports and papers (see the Bibliography of examples of such), discussing and analyzing the pros and cons of Class Action lawsuits, many focusing on and criticizing what justice is all

---

are inconsistent with a one-size-does-not-fit-all lawyer fee claim. The harder one has to argue for something is all the more reason to instill a sense of suspicion especially where the weight (and not the quality) of the justifying argument is not in the merits of the argument but in the volume of paper being used to cover up fictional proof.

[3] Appendix A is a summary of recent Class Action lawsuits illustrating applications for huge attorney's fees coupled with nominal awards to Class Member victims.

about and the disparity between huge plaintiff's attorney's fees paid by honorable defendants coupled with nominal award claims paid to the real victims. While many of these reports are scholarly and well researched, they have had little impact on reducing – so-far, or at least shifting, huge attorney fee awards and filtering out unjustified Class Action Lawsuit claims or putting more justified compensation into the pockets of the real victims and less in the pockets of representing attorneys.

*Many of these reports ask the question:*

## *Have Class Action lawsuits merely been used as a vehicle for attorneys to secure huge fees with justice a secondary objective[4]?*

### How To Control Award of Huge Attorney Fees

This paper does not repeat the arguments cited in historical writings…***BUT SUPPLEMENTS*** some new dimensions to the topic.

- **First**: By suggesting **self-help** and **law-help** action plans the public can adopt to (i) influence the adjustment to huge attorney fee paychecks in Class Action Lawsuits by (ii) honestly assessing the merits of a Class Action claim and whether or not Justice is being served - and not attorney fee greed AND any attorney fee award claim based on 'honest' reasonableness tests.
- **Second**: By providing this summary discussion of why such self-help and law-help plans make sense.

First - Attorney Fee Reduction Action Plans

- **Self-Help**
  - **If attorney fees are viewed as being unreasonably huge (does not pass the smell test[5]), Class Action members should file written Objections with the Court, challenging the unreasonableness of such fees. (Example objection form provided in Appendix B).**
  - **Class members electing *NOT TO PARTICIPATE* ("Opt-Out")[6] in the Class Action lawsuit. (Example opt-out form provided in Appendix C).**

---

[4] Not uncommon, a huge number of pages filed in Class Action lawsuits are dedicated to defending huge attorney fee applications compared to defending the merits of the actual Class Action Claim.

[5] Like pornography, often you know it when you see it.

[6] The United States litigation centric legal system and State and Federal Class Action laws, have opted for the "opt-out" form of Class Action Lawsuit claims. This means the unaware public are 'automatically' ("opted-in") as a Class Member participant and only by pro-actively filing an "opt-out" written notice with the Court will such Member NOT be part of the Class Action Lawsuit result. As later recommended, the laws should be changed such that the public are NOT automatic members of a class, and only by affirmatively filing an "opt-in" statement with the Court will they then be Class Member participants. This "opt-in" standard will go a long way toward eliminating non-merit-based Class Action cases (let the affected public decide) as well as substantially reduce the misuse/abuse tactics associated with award of unreasonable legal fees.

- **Law-Help**
    - o **The public contact their elected government Representatives requesting they pass new laws…**
        - ▪ **Laws designed to promote reasonableness tests of the award of attorney's fees in Class Action Lawsuits such as a realistic fee formula or caps on awards. (Example contact form provided in Appendix D).**
        - ▪ **Laws or rules governing the standard of proof for any Class Action Lawsuit claim to be based on the more stringent Clear and Convincing Evidence standard (and not Preponderance of the Evidence).**
        - ▪ **Laws designed to simplify, easy to understand, postcard Class Action lawsuit notices, clearly and conspicuously describing (1) what potential claim is being sought, (2) how much (cash and non-cash) in total and how much each individual Class Member may be entitled, (3) how the size of the Class Action Claim and attorney's fees are effected if Class Members op-out of participating in the lawsuit, and (4) how attorney fees are calculated, estimated total amount to be requested and indicative average attorney fee per lawyer. (Example notice form provided in Appendix E).**
        - ▪ **Independent Commissions (including non-lawyer participants) be used by the Court to determine if a case should be classified as a Class Action Lawsuit and a similar independent Commission used to assess reasonableness of attorney fee claims.**
        - ▪ **Laws regarding the prohibition of contingency legal fees in regard to Class Action Lawsuits, requiring attorneys to justify their fee as being reasonable in regard to hourly rate and time spent on a case.**
        - ▪ **Laws requiring prior to a lawsuit being certified as a Class Action Lawsuit, the defendant shall be given a mandatory prior notice (the "Class Action Pre-Certification Notice" or "CAPCN" letter), of such planned certification request, and an opportunity for defendant to resolve the case, avoiding the racking up attorney's fees by Plaintiff's counsel.**
        - ▪ **Require any Class Member to act proactively and opt-in to participate in a Class Action lawsuit (with the default being the public are NOT automatically opted-in to a Class Action Lawsuit), unlike the current model where Class Member default is opted -in and to opt-out, the Member must proactively file an opt-out document with the Court.**
        - ▪ **Prohibit the payment of Incentive Payments to Representing Plaintiff's, since such payment is in the nature of a bounty paid for winning the race to the Court house to first file a lawsuit, is merely an incentive for Court house racers to promote litigation for the purpose of winning a bounty instead of seeking justice and is an unconscionable taking of assets belonging to Class Members. The Class Members are all victims and to treat some grossly different than others shocks the**

conscience of justice and should likewise shock the conscience of the Court.

## Why These Plans?

- <u>Objection</u>: The law requires prior to the Court's approving of a Class Action Claim that it be tested for being just, fair and reasonable and requested attorney's fees, be tested for 'reasonableness'. Each test is on a case-by-case basis, no one-size-fits-all (at least that's the objective test –yet awards regularly migrate to a 30% to 40% 'standard' of recovery and reasonableness test arguments citing as one of the primary arguments for justifying a fee request based on other cases as a consistent basis of award).

  o Attorneys regularly cite as a part of their reasoning why their [huge] fee request is reasonable because it is consistent with other Class Action Lawsuits (30%-40% contingency fee rationale?) which is contrary to the one-size-does-not-fit all reasonableness test reasoning.

  o Counsel argues why they should be certified as Class Action Lawsuit Class Representing Counsel based on their skills and experience, then argues why a [huge] fee is required because of the complexity (speculative nature?) of a case. It is inconsistent on one hand Counsel will argue it is skilled ostensibly requiring less time/effort to handle a case, yet when it comes to their fee, such fee should be [huge] regardless of the skill factor. *Rare is the worker who argues for a cut in pay.*

  o Class Action Member attorney fee Objections filed with the Court, helps remind the Court of its reasonableness test obligations – especially since the Class Member is the victim and for every dollar paid attorney's is often one less dollar paid to the real victim (at least in contingency fee cases). If the victims don't complain, it would be natural for a Court to *assume* victims are ok with the requested fee, which naturally dampens the Court's enthusiasm, with a busy Court docket, to pursue a deep dive test of reasonableness. It's not that victim's don't have an interest in the case and reasonable attorney's fees, the complexity of filing Objections with the Court as well as studying Court filed documents, deters many well intentioned victims to themselves committing to a deep-dive analysis – and astute Plaintiff's counsel are aware of this lethargic tactic that Class Members don't have the time or initiative or understanding to file a cumbersome objection associated with a few buck claim result.

- <u>Opt-Out</u>: If many/most Class Action Members collectively elected not to participate in a Class Action Lawsuit (*opt-out*), then the Claim amount should be automatically reduced (since there are less 'victims'), and if there is a request for [huge] attorney's fees, typically based on a contingency fee (attorney's being paid a percentage of the Claim awarded to the real victims), then the fee would be less. And even if a fee is not based on a contingency payment, a huge attorney fee and trivial victim award compared to that fee, will expose the unreasonableness of the fee claim.

- For example, a 30% fee of $100 million Claim for 100,000 Class Members means $30 million to lawyers and $700.00 to each Class Member, is a lot less than 30% of $500,000 Claim for 500 Class Members means $150,000 to lawyers and $700.00 to each Class Member. Still a disparity between attorney fee and Class Member award, but tempers lawyer's appetite to promote a questionable suit given their fee is much reduced (tension between values associated with earned fee and justice incentives). Or in the alternative, an attorney fee claims for $30million, regardless if the victim remedy is $100million or $0.5million. That smell test thing again.
- In many Class Action lawsuits, the amount awarded to victims is small and nominal in amount (a few 100 dollars or less, or a discount coupon), while attorney's fee paychecks can potentially exceed $200,000 per lawyer (most likely an understatement since it depends on how many attorneys worked on a case and how long and hourly rate).
- Class Action members 'giving up' a small nominal award in exchange for stopping, over the top [huge] lawyer fees, is a powerful consumer weapon.
- While Class Action Lawsuits are designed to punish illegal business practices that harms a large number of the public, always be mindful that payment of Class Action nominal claims and [huge] attorney's fees, can result in the business adding that cost back into the price of the business goods or services which means consumers and investors will in the future end up paying for the illusion of a victorious Class Action win.
- While a business reputation may suffer a little at first, if at all, generally after the lawsuit combat is over, all is forgiven and the dust settles, it's back to business as usual – except lawyer's fat paychecks have been cashed and deposited, and consumers and investors get stuck with funding the 'hidden' bill.

- <u>Attorney Fee Law</u>: Request for attorney's fees in a Class Action lawsuit, is often based on a business alleged to have violated some law adversely affecting many parties (such as a consumer protection or securities fraud law), and that law including the statutory right to plaintiff's attorney's fees to be paid as part of the claim by a losing defendant (in contrast to the general 'American Rule' where parties pay for their own attorney's fee regardless of who wins or loses).
  - Laws are not written for Class Action Lawsuits, but to seek justice for individual victims for a particular cause of action including compensating the victim for its incurred attorney's fees as part of the award against bad business practices.
  - Lawyers favor taking cases and bringing lawsuits based on a law that includes award of attorney's fees, especially where the defendant has 'deep pockets' (financially strong) and can afford to pay [huge] fees.
  - There needs to be a Class Action attorney fee law designed to ensure any award of attorney's fee to be based on a statutory and not discretionary 'reasonableness standard', that comes into play any time there is a Class

Action Lawsuit. Ideally, award of attorney fee would be influenced by the amount EACH victim is awarded – low victim award, low attorney fee – especially since justice is blind to the magnitude of awarded attorney fees.

o   In many Class Action Lawsuits, attorney's fees are determined as a percentage of the victim's Claim amount (so called contingency fee). Consequently, the 'losing' defendant in a case, either as a result of a trial judgment or settlement, is somewhat indifferent[7] about the size of the attorney fee since it is deducted from the Claim amount. Even so, such a deduction may not be in the best interest of the Class Members for not receiving fair, reasonable and adequate compensation for such victim's Class Action losses due to such legal fee deduction.

o   It is more prudent regarding Class Action Lawsuits, for Class Action laws to prohibit contingency attorney fees (similar to criminal or domestic relation cases), leaving the attorney to honestly defend its time spent on the case and hourly rate, separate and apart to any Claim award paid to Class Members. Such hourly rate attorney fee defense will attract a more systematic and objective assessment of the fee, since (1) if the fee is paid by the victims, the Court will have a much clearer understanding of the details and basis of the hourly rate based fee request, and (2) if the fee is paid by the defendant, the defendant will be in a more realistic and efficient tester of the reasonableness of an hourly rate based fee claim, since the defendant is the one paying the fee.

• <u>Standard of Proof</u>: Because of the unique nature of Class Action Lawsuit, that in the context of Justice for ALL[8], places excessive defense burdens on a defendant, justice should demand a Clear and Convincing Evidence standard of proof (and not Preponderance of the Evidence standard) associated with certifying a case as a Class Action lawsuit as well as the same standard of proof to be used in the trial of the matter. This higher burden of proof properly places an incentive on plaintiff's, Class Members and Class Counsel, to honestly pursue a case that has merit and one suited for Class Action and based on the objective of seeking justice for ALL, and not merely an 'easy' Class Action Lawsuit case brought for revenge or a vehicle to secure huge attorney's fees, with justice for harmed citizens as a secondary objective.

• <u>Class Action Notice</u>: Postcard claim notices alerting Class Members to a Class Action Lawsuit, are difficult to understand and often require the reader to go online through the internet (or retain their own counsel at their expense), to obtain better informed detail information (if they know how to request online information as well as where to locate information of interest and interpret it).

o   The postcard claim notice needs to be much more user-friendly, easy to read and understand, and clearly advise the reader what the Class Action lawsuit is all about, how much is being demanded from the defendant, how much each Class Member will be entitled and full disclosure of how attorney fees are

---

[7] Unless the settlement is artificially pumped up to include attorney's fees as additional compensation instead of the resolve being based on what harm has been incurred by Class Members absent attorney fee claims.

[8] Justice for All, is in the context of the Nation's founding documents (U.S. Constitution, Bill of Rights, Declaration of Independence, etc.), asserting justice to prevail for both plaintiffs AND defendants.

being determined, what the total attorney fee could be and the average paycheck of how much each lawyer working on the case will receive.

- **Class Action Pre-Certification Notice or "CAPCN" letter:** A practical remedy to help deter unreasonable attorney fee demands, prior to a Court certifying a case as a Class Action lawsuit, the plaintiff and plaintiff's counsel in such case shall be obligated, to give defendant prior notice (the "CAPCN" letter) which provides clear and unambiguous information concerning:
  - o The legal rationale on what the Class Action complaint is all about (a 'show cause' testament);
  - o How much Class Member compensation (cash and non-cash) the defendant is expected to pay to resolve the complaint, net of any attorney fee;
  - o The amount of claimed attorney's fees incurred as of the CAPCN letter, but prior to certifying a case as a Class Action Lawsuit;
  - o Such letter then giving the defendant an opportunity to resolve the complaint without Class Action certification, and if a defendant offer of resolution is rejected, if after a case is certified as a Class Action Lawsuit, and the case is resolved in favor of Class Members (either by settlement or court judgment) the Class Action claim (not including attorney's fees) is equal to or less than what the defendant offered to settle with the CAPCN letter, then in that circumstance, any claimed attorney fees will be limited to what was offered at the CAPCN stage of resolution.
- **Opt-In Class Action Participation:** Class Action laws should be modified that require Class Members to affirmatively by written notice to the Court, to "opt-in", in order to participate in the Class Action Lawsuit. Most non-USA legal systems require an 'opt-in' standard in order to participate in a Class Action Lawsuit. The history of this opt-in standard illustrates that Class Action Lawsuit filings are few in number and not abused by plaintiff's counsel BUT more important, has NOT resulted in numerous lawsuits by non-Class members bringing their own action – which deters USA plaintiff's counsel opt-out justification arguments that an opt-in standard will cause an explosion of small cases...not true. An opt-in standard is a great tool to modulate the acceleration of the USA Class Action Lawsuit industry growth...driven much by attorney fee greed.

### Background:   Class Action Lawsuit Boot Camp

**Class Actions** (also known as a **Class-Action Lawsuit, Class Suit, or Representative Action**) are most common where the allegations usually involve at least 40 people who the same defendant has allegedly been injured in the same way. Instead of each damaged person bringing one's own lawsuit, the Class Action allows all the claims of all Class Members—whether they know they have been damaged or not—to be consolidated and resolved in a single proceeding through the efforts of **Representative Plaintiff(s)** and Representative Plaintiff's lawyers appointed as **Class Counsel**. The Class Action binds (by default) all Class Members (victims) of the Class (including being bound by the attorney fee arrangement agreed with the initial Representative Plaintiffs in a Class Action Lawsuit – a huge exception to the general rule where attorneys and their individual clients mutually agree to fee arrangements), unless a Class Member gives timely notice to opt-out and not be represented by such Class Action.   Depending on the Class Action details, any victim that opts-out, may or may not preserve its right to bring its own separate lawsuit (and individual attorney fee arrangement).

There is a familiar saying about "strength in numbers." For example, a single person who was misled into paying 50 cents too much for an illegally overpriced stick of deodorant doesn't have enough incentive to go to the trouble and expense of litigation just to recover that small amount of money.  Even-so, because the United States has had a culture of being litigious (billboard justice has become the norm), regardless of the merits or size of a claim (perhaps on occasion Caveat Emptor- buyer beware -  is the better and more honest remedy), U.S. centric attorneys are quick on the lawsuit panic button, because the fabric of U.S. justice promotes win-lose sledge hammer litigation mindedness accompanied with huge attorney fee awards  and not mature hand-shake win-win resolve. (Restitution is better placed in the Board Room and not the Court Room).

It's when many people—often tens of thousands, or more—are honestly harmed a similar way by the same problem, that a Class Action lawsuit _**may**_ be worth bringing. (_**May**_ in the sense every little wrong does not justify a remedy – as some assumption of risk and impact is the more honorable and logical thing to do – just like bringing up a child, until a boundary is known and not to be broken, punishing a first-time innocent offender does nothing to promote the development of a child into healthy adolescence).  Uniting all similarly affected parties into a plaintiff's Class (Class Members) has the effect of raising the stakes significantly for [corporate] defendants. That's part of the law of the jungle.  It's more likely that an honorable Class payoff will be worth fighting for, and companies that face the prospect of Class Action liability, have a strong incentive to settle a merit based claim and correct their behavior (even though many have acted innocently and without intent to do wrong) and implement better (learn from their unintentional mistakes) business practices, designed to prevent bad (whether intentional or unintentional) practices – which illustrates a merit based circumstance, and not one based on astute plaintiff's legal counsel crafting a claim (and sugar plum vision of huge attorney fee award) because of the uncertainty and speculative nature of the underlying law.

Even-so, small claim litigation revenge tactics should [must?] always be tempered (rejected?) with what justice is all about.  All small claim infractions do not justify seeking combat lawsuit justice, more times than not premised on seeking revenge – where in many cases, attorney's stir the

emotions pot of the 'victims' to use the litigation hammer and unjustifiably beat up the alleged wrongdoing but honest defendant. In whose best interest are Class Action Lawsuits brought? For alleged victims? Huge fee greedy attorneys? Correcting a real wrong? Correcting an illusionary wrong? Justice for ALL?

## Advantages[9] of a Class Action Lawsuit, includes:

- **Efficiency**. Combining meritorious cases in a Class Action can increase the efficiency of the legal process and lower the costs of litigation. In cases with common questions of law and fact, aggregation of claims into a Class Action may avoid the necessity of repeating days of the same witnesses, exhibits and issues from trial to trial. That's the theoretical argument…but in reality, the likelihood of a plethora of case filings is highly unlikely.
- **Meaningful**. A Class Action may overcome the problem that meaningful small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A Class Action ensures that a defendant who engages in widespread harm (whether intentional or not) – but does so minimally against each individual plaintiff – must compensate all affected individuals for their injuries. But in all cases, is that justice? (Every little wrong may have a remedy but that remedy may be a mature assumption of risk attitude and get on with life and not revenge or a course of conduct to create a vehicle to justify an award of large attorney fees way out of proportion of victim awards).
- **Behaviour Incentive**. Class-Action cases may be brought to purposely and honorably change behaviour (whether by intentional or unintentional acts) of a class of which the defendant is a member.
- **Race To the Bank**. In "limited fund" cases (which means the defendant(s) do not have 'deep pockets' and not financially strong), a Class Action ensures that all plaintiffs (victims) receive some relief and that early filing plaintiffs (they win the race to the bank) do not raid the common fund (owned by the shallow pockets of the defendant) of all its assets before other plaintiffs may be compensated.
- **Confusion**. A Class Action avoids the situation where different court rulings could create incompatible standards of conduct for the defendant to follow.

## Disadvantage of a Class Action Lawsuit, includes:

- **Caveat Emptor (Buyer Beware – Victim Liable for Certain Consequences)**. Class Action procedures are arguably inconsistent with due process mandates and unnecessarily promote litigation of otherwise small, trivial claims, and challenges what Justice is all about. A certain amount of risk is expected to be assumed by the public without recourse for someone else to pay in all circumstances. There needs to be a rational balance between seeking justice and seeking revenge or a vehicle to achieve an award of large attorney fees. What is honorable and what is greed?

---

[9] While these advantages in a theoretical sense make for good ideological arguments…and justification behind plaintiff's and their counsel promoting Class Action Lawsuit cases, the reality of life is that it is highly unlikely a plethora of individual cases will flood the courts with nominal claims, nor inconsistent rulings influence the cause of Justice.

- **Abuse.** The preamble to the (Federal) Class Action Fairness Act of 2005, implies that some Class Actions are abusive, harm Class Members with legitimate claims, especially where most defendants have tried to honestly act responsibly, and such abuse, adversely affecting interstate commerce (legitimate businesses stops providing useful consumer goods or services in fear of defending costly abusive Class Actions), and undermined public respect for the country's judicial system and what Justice for ALL means (the Court's permitting abusive Class Actions to be pursued – sometimes as a vehicle for Class Counsel to secure huge fees while the real victim's receive nominal value).
  - More times than not, Class Action Lawsuit defendants are reputable companies. These companies utilize their own legal and business experts who give advice and counseling and what to do to comply with relevant State and Federal laws. Rare is the reputable company that intentionally violates a law but in contrast, acts responsibly for law compliance. Even-so, many laws are written so broadly and many ambiguous as to what is right or wrong, and because of business complexity and broad interpretations of the law, stealthy plaintiff's litigation counsel are capable of crafting an argument (with or without merit) that often creates an illusionary environment of uncertainty (the 'fog index') whether or not a reputable company violated a law. An attorney's job is to represent the best interest of their client and earn a fee (legal representation is a vocation and profession) AND comply with professional standards of conduct – the ethics of law – Justice for ALL mandates. Because of law interpretation uncertainty and speculation, reputable companies will, without any admission of liability, often settle a case, to avoid unnecessary defense expenses, wasted time, and unwanted bad publicity – since rare is the opportunity for the defendant to honestly present the more honest defense facts, as the consuming public do not have the time or inclination to listen to such (that's human nature that plaintiff's counsel understand and use to their benefit). (Not unlike the quick message broadcast in roadside billboard lawyer advertisements, advising that the 'hammer' goes after truck drivers involved in accidents – automatic guilt and remedy – so much for due process. The ugly side of Justice).
- **Victims Are Secondary.** Class Members often receive little or nominal benefit from Class Actions.
  - Examples
    - Huge fees for the attorneys, while leaving Class Members with token coupons or other awards of little or nominal value;
    - Unjustified awards are made to certain plaintiffs at the expense of other Class Members (such as Representative Plaintiff's requesting priority payments for them having started the lawsuit or acting as Representative Plaintiffs); or such Representative Plaintiff's being paid a 'bounty' fee for having initiated a case that prompted the Class Action certification, and hence an 'entitlement' to a bounty that other Class Members, who merely missed out on being the initial claimant, is not entitled to such bounty. This

bounty is an unreasonable win-fall for such plaintiff's and contrary to ALL Class Members being treated the same;

- Confusing published and mailed Class Action postcard claim notices, that interfere with Class Members being able to fully understand and effectively exercise their rights;

- Laws require the Court's approval of all Class-Action settlements, and in most cases, Class Members are given a chance to opt-out (not participate) in Class Action settlements. Even so, though Class Members, despite being given opt-out post card claim notices, may be unaware of their right to opt-out because they did not receive the notice, did not read it or did not understand it.

  - The Class Action Fairness Act of 2005 attempts to address some of these concerns...

    o An independent expert may scrutinize 'coupon settlements' (where a business is willing to issue 'coupons' that provide for a discount or payment for future goods or services) before the Court's approval of the settlement, in order to ensure that the settlement will be of [some?] value to the Class Members.

    o Since many Class Members do not use or spend their coupons (many are trashed or forgotten), the award of contingency attorney's fees includes the value of unused coupons which means such fees should be lowered in regard to unused coupons. Even so, coupons are not customarily part of Class Action lawsuit settlements.

- **Who Is the Victim?** Various studies of Class Actions in federal court found that many plaintiffs (victims) received only a tiny fraction of the money awarded while plaintiff lawyers frequently secured a huge, highly disparate share of the settlement than their clients – the real victims in the lawsuit. Many Class Action lawsuits can be viewed as merely a vehicle or conduit through which attorneys can secure huge fees and not an honest mechanism of seeking Justice for real victims.

State and Federal laws provide for the bringing of Class Action Lawsuits. Most of the time a Class Action lawsuit is brought in federal court and not a State court, because:

- The victims (plaintiffs) in the lawsuit are resident in many States (diversity of citizenship), consequently, federal court is viewed as being fairer to all plaintiff's instead of those residing in any one particular State;

- Federal Courts are more experienced with hearing Class Action Lawsuits;

- Class Action Fairness Act of 2005, is a federal law that makes it easier for Class Action Lawsuits to be heard in federal courts.

An individual lawsuit often starts out with one or more initial plaintiffs (victims), claiming some business or entity violated a Federal (or State) law. Coincident with that case, the underlying complaint indicates there are many more similarly and adversely affected victims.

Attorneys who accept such a 'small' case, recognizing there are many potential victims with similar claims, will petition a [federal] court to *certify* the case as a Class Action lawsuit (thereby turning a small case into a big case on which to base large attorney fees), naming the initial plaintiff's as 'Representative Plaintiff's' (or lead plaintiff's) in the Class Action claim and the attorneys requesting the Court (because of counsel's Class Action skills) to also name (certify) them as Class Counsel, thereby representing all victims. By such Representative Plaintiff winning the race to the courthouse and advancing a Class Action certification claim, that initial plaintiff filing and certification filings has automatically resulted in many rights of other potential Class Member plaintiff's being denied: such as (1) the right to select counsel and agree an attorney fee arrangement, (2) the right to pursue a claim or not, and (3) the right not to be forced into a lawsuit as a participant since State and Federal Class Action laws default to an automatic opt-in standard of participation.

After the Class Action Lawsuit is well advanced – sometimes many months or years (where Class Counsel has reached a tentative settlement agreement with defendants for both victim's damages and attorney's fees or resolved a case at trial), Class Member's for the first time become aware of the Class Action Lawsuit, by receiving a postcard claim notice in the mail:

- Advising them of the lawsuit (most not even aware they were a party to a lawsuit),
- Awareness that they are an identified Class Member victim,
- Guidance on where to obtain information (usually on-line through the internet), that includes guidance on what the suit is about and what remedy Class Members may be entitled and how to file a claim as well as some general reference to filing objections (regarding adequacy of the claim settlement or reasonableness of requested attorney fees).
- The notice will also cite unless the Class Member timely opts-out (elects not to participate in the Class Action lawsuit) of the suit, they will automatically be included, generally at no cost, and will be bound by any outcome of the suit or settlement.

When plaintiff's Class Counsel wins a Class Action lawsuit, or when they secure a pre-trial settlement with the defendant, legal fees and court costs are typically demanded in the award or Claim. This Total award or Claim is often referred to as the "Common Fund," from which legal fees, as well as recovery for Class Members damages, are paid, unless a separate claim is made for attorney's fees on top of total Claim to be awarded Class Members.

### Attorney's Fees

While the practice of law seeks Justice, it's still a business, and unless an attorney has agreed to work pro bono (free of charge, a public service), an attorney can expect [reasonable] compensation in exchange for their legal services.

Federal and State Courts in the United States in regard to attorney's fees, follow what is called the 'American Rule'. What this rule means is that each party (both plaintiffs and defendants) in a lawsuit are responsible for funding and paying their own attorney's fees, no matter who wins the case.

However, this Rule can be modified by either…

- **Contract**: Parties to a contract can agree under certain circumstances, one of the parties will pay the legal fees of the other in regard to a particular dispute, or
- **Statute**: If there is a law (a statute) that specifically provides as part of its remedies, award of attorney's fees to a successful party – normally the plaintiff (i.e., a defendant is ordered to pay plaintiff's attorney fees). Many times, such statute-based award of attorney's fees can be many times greater than the value of actual damages suffered by a successful plaintiff, or
- **Settlement**: Plaintiff's attorney fees could also be paid by defendant, as a result of the defendant settling a case and volunteers to include payment of plaintiff's attorney fees as part of the settlement. (Theoretically, attorney's fees agreed by defendant as part of the settlement, is a form of a contract whereby, the attorney's client acquiesces in that fee arrangement as if the attorney and their client negotiated such fee arrangement).

The details of how attorney fees are typically determined and calculated is a matter of negotiated contract between an attorney and their client, and can be:

- An agreed hourly rate billed by the attorney and paid by the client (a 'fixed fee' arrangement), or
- A contingency fee, where the attorney does not charge a separate fee, but will take a percentage (25% to 40% as examples) out of a successful award (hence the attorney fee is contingent on winning a case). If the attorney is not successful in winning a case (either by going to trial or securing a pre-trial settlement), then it will not receive a fee, or
- A combination of fixed fee and contingency fee.

In a Class Action Lawsuit, the Representative Plaintiff is the *only* plaintiff who negotiates attorney fee arrangements for the Class Action. All other Class Members do not participate in such negotiations, and as a consequence, if they participate in the Class Action (and not opting out), then those Class Members have impliedly and automatically agreed with the attorney fee arrangement established between Class Counsel and Representative Plaintiffs. Typically, Representative Plaintiffs will agree with Class Counsel to a contingency fee (and not a separate out-of-pocket 'fixed fee' hourly rate – unless the claim is based on a statute that provides for award of attorney fees), which means Class Counsel will deduct its contingency fee from any Class Action successful award (either determined by trial or pre-trial settlement).

*Even so, any attorney fee arrangement must still be tested by the Court for reasonableness. This reasonableness test applies even with "clear sailing" agreements which are cases in which the defendant agrees to a noticeably large award of attorney fees and agrees not to object to that amount (perhaps a defendant quick dispute resolution tactic whereby Class Counsel are incentivized with a quick paycheck while the victims award may be lacking – which may challenge the ethics of representative counsel giving priority to representing the client's best interest and not preference to the attorney's paycheck).*

**Advantages of Contingency Fee Structure Includes:**

- No Up-front Fees. Helps give those lower-income clients better access to legal assistance and the court system.
- Incentive. If attorneys don't get paid unless client gets paid (win's its case), the attorney will be highly motivated to do everything in their power in order to get their client the best possible result. A performance-based agreement.
- No Costs for Losses. Lawyers are willing to risk not collecting a fee for the work they put into things.
- Contingency fees are helpful in cases where a client is short on funds and has an otherwise costly or complicated case.

## Disadvantages of Contingency Fee Structure Includes:

- Encourages attorney to pursue non-merit case as nothing to lose but their time and foregoing other clients, and in a slow work environment, not much may be given up, or the pot of gold huge attorney fee incentive is worth the gamble to pursue a case[10].
- A contingency fee arrangement can and often does cost a client more than a regular hourly fee.
- Once the parties agree on the contingency fee, the client owes the agreed upon percentage no matter how long the case will take–whether it takes a year or a week or two hours. This is especially true in the rare 'clear-cut' cases that may only require a few phone calls and a couple of hours of work in order to settle.
- Incentivized contingent fee lawyers may settle too soon and for too little to acquire a quick paycheck, and the client suffers.
- Contingent fees are usually too high relative to the risks that attorneys bear in a particular case, especially where they control whether or not to take a case and have already run their own risk of winning assessment analysis not shared with the client. (Is this insider knowledge and not in the best interest of the client?)

Since Class Counsel represents all Class Members and not just the Representative Plaintiffs, the Court must approve any settlement award for all Class Members including attorney fees.

Approval is conditioned on the ***settlement*** amount being ***fair, reasonable and adequate***, and ***attorney's fees*** are ***reasonable***.

Whether a Class Action settlement agreement is fair, reasonable and adequate, has been a bone of contention for companies who have pushed for **tort reform**, particularly as it concerns awards of huge attorney fees in Class Action litigation. These companies often complain about the huge awards of attorney fees that often change hands in Class Action settlements the amount of which are often extremely greater than actual damages claimed by plaintiffs, and they argue that **damage caps** and limits on attorney fees are necessary for the sake of justice, reasonableness and fairness.

---

[10] While there is a risk in a contingency fee structured case of losing and not receiving a fee, attorneys who accept contingency cases are normally skilled at assessing the risk of recovery, and consequently are comfortable when they take on such cases that they more than likely will receive a fee. Not unlike the contingency fee-based billboard litigation hammer attorney seeking justice from truck driver accident bad guy defendants (and their insurers). Such sound bit messaging masks over the more honest concepts of justice, due process, unintentional accident, factual circumstances and a few other miscellaneous tid-bits that populist minded ears don't have time to listen to.

## Attorney Fees Reasonableness Test

Court's look to a variety of resources to assist them in determining if requested attorney's fees in a Class Action lawsuit are reasonable. If the court finds that the attorney fee agreement is unreasonable or unfair, the court may step in using its discretionary powers and either invalidate the agreement or amend it to make it reasonable.

Four significant resources used by the Court to test for reasonableness include:

1. American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees (many State Bar Association Rules of Professional Conduct are patterned after the ABA Model, and an attorney is duty bound to adhere to the Rules of Conduct else suffer consequences which could include disbarment from practicing law);
   - A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
   - Traditional fee analysis to determine reasonableness takes into account...
     - the time and labor required,
     - the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
     - the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
     - the fee customarily charged in the locality for similar legal services;
     - the amount involved and the results obtained;
     - the time limitations imposed by the client or by the circumstances;
     - the nature and length of the professional relationship with the client;
     - the experience, reputation, and ability of the lawyer or lawyers performing the services; and
     - whether the fee is fixed or contingent
   - The traditional approach to proving attorneys' fees is for an attorney—sometimes the same attorney representing the party seeking fees—to testify as an expert on what are reasonable fees for the case (a little self-serving but them's the rules).

2. Federal Rules of Civil Procedure, Class Action Rule 23;
   - The Court '***may***' [*emphasis added, a discretionary power*] award reasonable attorney's fees that are authorized by law or by the parties' agreement.

3. Class Action Fairness Act of 2005;
   - Class Action settlements [damages and attorney's fees] are subject to Court approval,
   - Reports are to be filed with the House of representatives and the Senate containing
     - Recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit;
     - Recommendations on the best practices that courts can use to ensure that—the fees and expenses awarded to counsel in connection with a class action

Case 2:19-cv-09341-BAS-PLD Document #: 170-2 Filed 07/25/23 Page 29 of 142 PageID #:08759

settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the litigation;

- Recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement.

4. Court rulings, in particular attorney fee reasonableness test criteria described in
   - Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
   - Determining reasonable fees under the **lodestar method** is a two-step process.
     - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.
     - The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a *reasonable* fee in the case.
   - Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
   - Reasonableness takes into account the factors used by the traditional fee determination.
   - Lodestar, presumably refers to a number that provides a guiding point-or lodestar-in the determination of an appropriate attorney fee award.

What is evident from assessing the resources used to determine what is or is not a reasonable attorney fee, is fraught with many subjective elements and not much independent deterministic[11] tests.

Class Counsel submit copious documents defending its request for attorney's fees. The extent of this documentation can be voluminous and taxes the limited resources and busy dockets Courts have to study in detail all documents, consequently a challenged circumstance to fully assess all allegations and supporting documents. At times the sheer weight of filed documents can be a substitute for believed validity and justification. Elegant simplicity is more beneficial and honorable than intellectual complexity. The observation is that better guidance is needed in resolving what is or is not reasonable in regard to attorney's fees and perhaps time for updated legislation to provide clarity and reduce the fog.

Consequently because of this absence of certainty, or at least a more determined method of attorney fee computation in Class Action lawsuits, astute counsel is free to argue for just about any fee they wish and paint it with broad strokes of reasonableness and justification whether in fact or

---

[11] As in physics, deterministic refers to a cause-and-effect result which means if the same input to a situation is used again, then the same result will occur. A consistent and expected result. In contrast, a probabilistic result means if the same input is used again in a situation the outcome can be different. An inconsistent and uncertain result such as a 50% chance of such and such happening. Chaos is the extreme of the two which refers to a circumstance that is totally unpredictable regardless of the input.

illusionary. Just how long is a piece of string? Where is justice in all this, other than the rubber stamp embossed with '**APPROVED**'?

## Use, Misuse and Abuse – Standards of Proof and Other Reforms

As in most things in life, we humans can use a tool or seek justice, in the spirit of what was honestly intended – a proper use, or take a less honest path of misusing or abusing the circumstance.

The more honest argument of the extent the Class Action industry and the participants in that syndicate have often wandered from the righteous path of intended honorable use to less honest misuse or abuse paths are illustrated in the following examples…

**Certification Reform**. Original or Representative Plaintiffs seeking to certify a case as a Class Action lawsuit under Federal Rules of Civil Procedure, Rule 23 must plead and prove: (1) an adequate class definition (precise and unambiguous, identity of class members is reasonably determined excluding remote and unlikely victims) (2) ascertainability (fairly easy process to identify class members), (3) numerosity (a showing that joining and naming all Class Members in a common lawsuit is impractical) , (4) commonality (questions of common fact and law), (5) typicality (claims of the Representative Plaintiffs are typical of the claims of Class Members), (6) adequacy (Representative Plaintiffs will fairly and adequately protect the interests of the class – no conflict of interests) and (7) at least one of the requirements in Rule 23(b), namely: (a) separate adjudications will create a risk of decisions that are inconsistent with or dispositive of other class members' claims, (b) declaratory or injunctive relief is appropriate based on the defendant's acts with respect to the class generally, or (c) common questions predominate and a class action is superior to individual actions.

Not unusual, expert testimony (often from compensated academia professors – hired guns, invoking often complex and little understood statistical analyses and arguments of why the ingredients exist for justifying a case as a Class Action lawsuit – who are also governed by use, misuse and abuse standards of conduct) are used by attorney's as a resource to establish enough 'doubt' in the mind of the judiciary, that the easy course is to certify a case as a Class Action lawsuit. The adage there are liars, damn liars and statisticians, is still in vogue. Given enough complex equations, PowerPoint slides and laser pointers, an expert can argue just about any side of a case and sound pretty convincing – especially when it's paid for testimony and the basis of a decision is foggy, not deterministic and dependent on subjective feelings. And to think all of this insightful assessment of class certification takes place in a few minutes or a few hours at a court room hearing (the court docket of which is always busy and a court's objective to move things along – justice to is dependent on the sweep of a ticking clock) in which participants in that hearing claim some sort of justified immediate understanding and acceptance of what the truth is and make an on the spot decision – yay or nay to certification. It takes a university student often many hours if not days just to solve one calculus or differential equation math problem – not including the study and prep time…yet the complexity of class action certification decisions happens in the twinkle or an eye.

The Representative Plaintiffs bear the burden of proving that the prerequisites to class certification have been met by a *preponderance of the evidence*. Theoretically this standard is supposed to be based on evidence and not speculation.

Case 2:19-cv-09401-BAS-FRD Document #: 120-2 Filed 07/25/22 Page 31 of 142 PageID #:28761

A certification decision can be challenged, and an appeal made to a higher court. An appeal may be accepted when: (1) the decision is questionable and the certification order represents the death knell for a defendant who will be compelled to settle even if the plaintiff's claims are not meritorious, (2) the decision raises an unsettled, fundamental and generally applicable issue of law that will likely evade end-of-the-case review, or (3) the decision is manifestly erroneous.

Reform is needed in the law or Rules, to cause the courts to be more pragmatic and reflective in a class certification decision. Some potential reforms might include:
- A separate Commission is relevant, composed of independent experts from many disciplines, who must first hear the class certification arguments and provide their opinion to the court whether the tests for certification are honestly and factually present, the cost of such Commission paid for by the plaintiff (and if a class is certified as a Class Action, the plaintiff in a successful Class Action lawsuit may include that cost in their recovery)
  - Often times when one is at risk of incurring an out-of-pocket cost, their desire to pursue a certain path is more tempered and reflective and becomes a self-assessing factor to not pursue highly questionable course of conduct;
- A separate and specially trained or class action certification expert judge or magistrate independent from the court a case is filed in, rules on a certification argument.
- If a class certification request is denied, the plaintiff is responsible for paying the defendant's costs and attorney's fees for defending the matter. A statutory form of attorney fee but paid by the losing plaintiff.

**Standards of Proof Reform.** The standard of proof in a court, listed in order of the degree of persuasive arguments (highest and most intense listed first) include:

- Beyond a reasonable doubt in criminal law.
- Clear and convincing evidence
  - Present evidence that leaves the listener with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.
- Preponderance of the evidence in most civil cases.
  - Prove that something is more likely than not.
- Probable cause in the acquisition of a warrant or arrest proceeding.
- Reasonable belief as part of establishing probable cause.
- Reasonable suspicion in cases involving police stop and searches.
- Some credible evidence in cases necessitating immediate intervention, like child protective services disputes.
- Some evidence in cases involving inmate discipline.
- Substantial evidence in many appellate cases.
  - Degree of relevant evidence which a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree.

Class Action certification and other proofs in a Class Action lawsuit are governed by the Preponderance of the Evidence standard of proof, as is most civil lawsuits. Because of the unique nature of a Class Action lawsuit, and the heightened unique exposure to claims of a defendant to

many plaintiffs and defendant's expanded defense burdens, the standard of proof in a Class Action lawsuit should be based on Clear and Convincing Evidence. Such a standard will go a long way towards self-governing promotion of the honesty of a case in regard to hired gun expert Class Certification complex testimony and Class Action attorney specialists promoting the Class Action industry. Justice can still prevail even with a Clear and Convincing Evidence standard of proof, but the burden shifts to the plaintiff to present a more honest case.

**Self-Serving Reform**. Class Counsel representing a Class Action lawsuit, is obligated to demonstrate Class Member (victim) remedies are tested to a standard of being **fair, reasonable and adequate** and any claim for attorney's fees be tested to a standard of **reasonableness**.

In many cases Class Counsel unnecessarily strains the honesty standard of argument, that the case is shoe-horned to fit within the standards of reasonableness, fairness or adequacy. The more honest arguments include:

- Argument: Class Members have not objected to the size of the remedy or attorney's fees so therefore they must by default be reasonable.
  - Reform: Most Class Members only became aware they were entitled to a claim when they received postcard notice from Class Counsel the claim exists, and typically the claim amount is so small, the Class Member may or may not file a claim (assuming they spend time to study the notice), and spend no time challenging the suit given the small nature of the event. Hence arguing the absence of objection as part of the rationale of a claim and attorney fee being reasonable is a rather salty circular self-serving argument, and one hopefully a court will disregard (ignore?).
- Argument: Attorney's fee claims are comparable to other Class Action lawsuit awards, citing common percentage take regarding contingency fee awarded attorney's fee in other cases.
  - Reform: This one-size-fits-all attorney fee reasonableness standard is contrary to the obligation of attorneys to determine their fee on the merits and effort involved in each individual case. Reasonable attorney's fee justification is not like earning a fixed real estate agent sales commission (the 6% 'standard' shared between buyer and seller agents). Then again, justifying a fee based on other case 'standards', is another admission of the observation that Class Action lawsuits have become a commoditized industry and vehicle to rack up huge attorney's fees and not a forum for justice.
- Argument: Expert testimony (often university professor experts – hired guns) demonstrate with subjective little understood complex statistical stealth, that the basis of a case is sounded as evidence and proof of the bad conduct of a defendant.
  - Reform: An expert arguing in a security fraud case for example, that defendant's alleged bad conduct caused an inappropriate one penny swing in a defendant's stock price…is a pretty far-fetched argument to make, given stock price swings happen on a daily basis and to pin-point specific conduct of a defendant why the swing happened, especially when a nominal amount, is often a bridge to far…and all the more reason to have a Clear and Convincing Evidence standard of proof.
- Argument: Class Counsel base their attorney fee on a contingency basis, a percentage of the Claim award to Class Members, citing Class Action 'victims' are seeking justice and

Class Counsel graciously accepting a case to advance that justice and willing to do so on a contingency basis relieving the Class Members of bearing the legal costs of a case, and usually such fees are paid by a losing defendant if an underlying statute on which a case is brought provides for attorney fees as part of the remedy.

- o Reform: How often does Class Counsel seek to orchestrate a case as a Class Action lawsuit, driven by the objective of increasing the size of a Claim because of Class Member participation, and the size of the percentage take from a large Class Action Claim as attorney's fees, is hugely more valuable than a percentage take from an individual plaintiff claim? Thus, an observation that contingency attorney's fees should not be permitted in Class Action lawsuits, leaving the attorney to justify their fee based on reasonableness standard tests associated with time and hourly rates.

- Argument: Class Counsel justify the merits of a Class Action case (either as certification as a Class Action or violation of a law) and their right to attorney's fees, based on a plethora of cited cases, mountains of self-serving justification documentation and other resources heaped upon a court's already busy docket. The weight of the argument is based on the paper weight of the documents filed and not on the quality and weight of evidence of the argument.

- o Reform: Similar to discovery proceedings, perhaps attorneys should be limited to the number of pages of documentation they file in a case, unless a show cause hearing is held to show why more and not less is necessary. The goal being elegant simplicity vs intellectual complexity. Whenever an argument is based on excessive rhetoric and paper weight, red alarm bells should ring louder than ever that the underlying honesty of the argument is lacking and being displaced and made up by heavy mass and not quality class arguments.

## Justice and Class Action Lawsuits

The Class Action lawsuit industry seems to have wrinkled the path of what justice (or injustice) is all about.

The Declaration of Independence, the Constitution of the United States of America, and the Bill of Rights, the "founding documents" of the nation, speak directly to the ideals of freedom from oppression, equality, and justice *for all*. Justice is fairness and equal treatment and applies to both the plaintiff AND the defendant since that simple '*all*' word is rather encompassing.

Class Action Lawsuits seem to treat defendants as tyrants and oppressors of the public. That is not justice for *all*.

What is just remains a matter for debate. Observing the same outcome of a situation, one person may say justice was done. Another may declare the outcome an injustice and great wrong. Is the porridge too hot or just, right? Is the attorney fee too huge or just, right?

Justice may be viewed as a subjective process of assessing the fairness of relations between individuals and groups of people, such as...

- Getting what one deserves.

- Equitable sharing of civic burdens.
  - We all get car door ding marks, and we all give them. While such is normally an accidental 'wrong', to seek a $50 door ding damage repair bill and charge a $10,000 attorney fee is not what justice is *all* about. Revenge maybe. Assumption of a certain amount of risk is a constant balancing act in anything us humans do. (Maybe the door ding issue can be resolved by car makers installing soft bumper guards on door edges or wider parking lanes.)
- Individual virtue and ethical conduct (especially attorney's whose law license demands they honor Bar Association ethics and code of professional conduct and act responsibly and always seek justice for *all* and not revenge).

Is it unreasonable/unethical for plaintiff's attorney to pursue a Class Action lawsuit, knowing their fee will be many many magnitudes greater than any nominal recovery of victims, where such huge fee is paid to the attorney instead of compensation to the victims? Is that justice?

Are huge attorney fee awards seen as a substitute for punitive ('punishment') damages above and beyond actual damages, of a Class Action lawsuit defendant? Justice would suppose punishment is by way of compensation paid to victims, and where applicable, award of punitive damages (also paid to victims above and beyond actual damages) as a punishment for unacceptable intentional egregious acts of defendants. Attorney fees are in relation to reasonable honest legal services provided on behalf of the plaintiff/victims and NOT a means of punitive punishment of defendants.

Who does justice define as the victim? The Class Member victims? Plaintiff's lawyers as victims? Defendant victims being exposed to paying huge legal fees and lawyers misusing or abusing what justice is *all* about?

It's time for a change.

Case 2:19-cv-03401-BAS-EDR Document #: 170-2 Filed 07/25/22 Page 435 of 142 PageID #:68765

## Bibliography

Baker, Lynn A., Perino, Michael A., Silver, Charles, "Is the Price Right? An Empirical Study of Fee-Setting in Securities Class Actions", Columbia Law Review, vol. 115, no. 6, (2015).

Boatright, Jason, "The History, Meaning, and Use of the Words Justice and Judge", *St. Mary's Law Journal*, vol. 49, no. 4, Article 1, 727 (2018).

Carter, Jimmy, "Law Day Address at the University of Georgia in Athens, Georgia", *The American Presidency Project*, https://www.presidency.ucsb.edu, (1974).

"Class Action", Legal Information Institute, Cornell Law School, https://www.law.cornell.edu/we/class_action, Dec 2022.

"Class Action", *Wikipedia*, December 22, 2022

"Class Action Fairness Act of 2005, *28 USC, Public Law 109-2*, Feb 18, 2005.

"Class Action Fairness Act of 2005, Wikipedia, December 22, 2022.

Connolly, Neil, "Extreme Couponing: Reforming the Method of Calculating Attorney's Fees in Class Action Coupon Settlements", *102 Iowa Law Review 1335* (2017)

Douglas, Frederick, "What, To The Slave, Is the Fourth of July (1852)", *Blackpast*, (2007)

Eisenberg, Theodore, Miller, Geoffrey P., "Attorney Fees in Class Action Settlements: 1993-2008", *Cornell Law Faculty Publications, Cornell University Law School*, http://scholarship.law.cornell.edu/facpub, (2010).

Eisenberg, Theodore, Miller, Geoffrey P., "Attorney Fees in Class Action Settlements: Empirical Study", *Cornell Law Faculty Publications, Cornell University Law School*, http://scholarship.law.cornell.edu/facpub, (2004).

"Federal Rules of Civil Procedure", *Title IV. Parties, Rule 23, Class Actions*.

"Fees and Expenses", American Bar Association, https://www.americanbar.org/

> groups/legal_services/milvets/aba_home_front/information_center/working_with_lawyer
>
> /fees_and_expenses/, Dec. 2022.

Frankel, Alison, "In biggest cases, class action lawyers are low-balling fee requests – and that's a

> good thing", *Reuters*, November 2, 2016.

Gentry, Caroline H., "*A Primer on Class Certification Under Federal Rule 23*", Corporate

> Counsel CLE Seminar, Rancho Mirage/CA (https://www.classactiondeclassified.com/wp-
>
> content/uploads/sites/26/2017/08/a_primer_class_certification_under_federal_rule.pdf,
>
> 2017)

Hartmann, Michelle, Miller, Ralph I., Zambrano, Angela C.. "Attorneys' Fees", *SMU Law*

> *Review*, vol. 57, Issue 3 Annual Survey of Texas Law, Article 4, 2004.

Ibrahim, Melissa, "Bills, Bills, Bills: The Effect of a Rejected Settlement on Attorney's Fees Under

> the Civil Rights Attorney's Fees Award Act of 1976", *Cardozo Law Review*, vol. 36, p.
>
> 1987, 1988.

Johnson, Charles T. et al v. NPAS Solutions, LLC, 975 F.3d 1244 (11th Cir. 2020).

King, Martin Luther Jr., "Letter from Birmingham Jail", *Atlantic Monthly*, vol. 212, no. 2, p. 78

> (1963).

Klonoff, Robert H., "Why Most Nations Do Not Have U.S.-Style Class Actions", Bloomberg

> Law, https://news.bloomberglaw.com/class-action/why-most-nations-do-not-have-us-
> style-class-actions.

Case 2:19-cv-01934-BAS-EDR Document #: 120-1 Filed 07/25/22 Page 637 of 1142 PageID #:18767

Lender, David J. et al, "Class Action Fairness Act of 2005 (DAFA): Overview", *Practical Law Company.com*, (2013).

"Opinion #17. Negotiation of Attorney's Fees in Class Actions", *Professional Ethics Commission, Board of Overseers of the Bar*, (January 15, 1981).

Ratner, Morris, "Civil Procedure: Class Action Fee and Cost Awards", *The Judges Book*, vol. 1, art. 9, http://repository.uchastings.edu/judgesbook (2017).

"Rule 1.5 Fees- Comment", *American Bar Association Model Rules of Professional Conduct*, Client-Lawyer Relationship (2018).

Shepherd, Joanna, "An Empirical Survey of No-Injury Class Actions", Emory University School of Law, Legal Research Paper Series, Research Paper No. 16-402, http://ssrn.com/abstract=2726905 (2016).

Sohoni, Mila, "The Idea of "Too Much Law", *Fordham Law Review*, vol. 80, Issue 4, Article 3, 2012.

Tribe, Lawrence H., "Too Much Law, Too Little Justice: An Argument for Delegalizing America", The Atlantic, July 1979.

"What Is Justice", *School of Criminal Justice, University of Albany*, Module 1, https://www.albany.edu/justiceinstitute/33471.php, (2022).

## Appendix A –

### Class Action Lawsuits – Huge Attorney Fee Illustrations

### Example Class Action Case 1 (https://www.nielsensecuritiessettlement.com/)

In Re Nielsen Holdings PLC Securities Litigation
Civil Action No. 1:18-cv-07143-JMF
United States District Court
Southern District of New York

| | | |
|---|---|---|
| Proposed Settlement Fund | $73,000,000 | ($0.19 per share) |
| Proposed Contingency Attorney's Fees (25%) | $18,250,000 | ($0.05 per share) |
| Plus Attorney Expenses | $ 1,110,000 | |
| Total Legal Cost | $19,360,000 | |
| Claimed Attorney Hours | 17,206 | |
| Total Class Member (Victims) | 384,000,000 ($73,000,000/$0.19) | |
| Attorney Hourly Rate Disclosure Ranges | | |
|     Paralegals | $315 to $505 | |
|     Associate Attorneys | $895 to $2,017 | |
|     Of Counsel | $975 to $1,560 | |
|     Partners | $1,250 to $1,983 | |
| | | |
| Average Attorney hourly rate | $1,060 | ($18,250,000/17,206) |
| Attorney Fee Per Lawyer (assuming 82 lawyers) | $222,561 | ($18,250,000/82) |
| Range of Victim Award (depends on shares owned) | | |
|     500 shares | $70 | (500*$0.14) |
|     10,000 shares | $1,400 | (10,000*$0.14) |
|     100,000 shares | $14,500 | (100,000*0.14) |

### Example Class Action Case 2 (https://www.t-mobilesettlement.com/

In Re T-Mobile Customer Data
Security Breach Litigation
Civil Action No. 4:21-md-03019-BCW
United States District Court
Western District of Missouri

| | | |
|---|---|---|
| Proposed Settlement Fund | $350,000,000 | |
| Plus Future Data Security Upgrades | $150,000,000 | |
| Proposed Contingency Attorney's Fees (22.5%) | $78,750,000 | (reduced from 30%) |
| Plus Attorney Expenses | $ 147,982 | |
| Total Legal Cost | $19,360,000 | |
| Claimed Attorney Hours | 8,225 | |
| Total Class Member (Victims) | 79,150,000 | |
| Attorney Hourly Rate Disclosure Ranges | $270 to $1275 | |

| Average Attorney hourly rate | $9,574 | ($78,750,000/8,225) |
| Attorney Fee Per Lawyer (assuming 100 lawyers) | $787,500 | ($78,750,000/100) |
| Range of Victim Award (depends on shares owned) | $3.42 | ($271,250,000/79,150,000) |

## Example Class Action Case 3 (https://www.baggagefeeclassaction.com/)

Cleary v. American Airlines Inc.
Baggage Claim
Civil Action No. 4:21-cv-00184-O
United States District Court
Northern District of Texas

| Proposed Settlement Fund | $7,500,000 (min.) | |
| Proposed Fixed Fee Attorney's Fees | $2,850,000 (27.5% total award) | |
| Attorney Expenses | $1,142,945 | |
| Claimed Attorney Hours | 3,641 | |
| Total Class Member (Victims) | 588,654 | |
| Average Attorney hourly rate | $782 | ($2,850,000/3,641) |
| Attorney Fee Per Lawyer (assuming 10 lawyers) | $285,000 | ($2,850,000/10) |
| Victim Award | $12.74 | ($7,500,000/588,654) |

## Example Class Action Case 4 (https://www.OracleSecuritiesLitigation.com)

In re Oracle Corporation Securities Litigation
Securities Fraud
Civil Action No. 18-cv-04844-BLF
United States District Court
Northern District of California, San Jose Division

| Proposed Settlement Fund | $17,500,000 | |
| Proposed Fixed Fee Attorney's Fees | $3,500,000 (20% total award) | |
| Attorney Expenses | $900,000 | |
| Claimed Attorney Hours | 17,900 | |
| Total Class Member (Victims) | 979,000 | |
| Average Attorney hourly rate | $195 | ($3,500,000/17,900) |
| Attorney Fee Per Lawyer (assuming 10 lawyers) | $350,000 | ($3,500,000/10) |
| Victim Award | $0.01/share (~2.7 bn shares) | |
| | (~1800 shares per shareholder avg) | |
| | $18 avg share of claim | |

A self-serving assertion: The small number of objections in comparison to the size of the Class supports a finding that the Settlement is fair, reasonable, and adequate. The reason folks did not opt-out have nothing to do with a fair, reasonable and adequacy test. Case cites false statements illegally inflated Oracles stock value – then trading between $43 and $47. Jan 2023 trade value is over $85, and a peak end of 2022 at over $100. The casual observer would cite business as usual and a good year for Oracle investors…justifying a 1 cent swing in stock value because of excessive puffing – craftily disguised as security fraud (with a lot of academic experts pontificating on their crystal ball insightfulness and naval gazing) is poppycock. Liars, damn liars and statisticians come to mind.

## Appendix B

### Example Form Objection to Attorney's Fees

**IN THE UNITED STATES DISTRICT COURT FOR THE**
_____ **DISTRICT OF** _____ **(State)**
_____ **DIVISION**

| | | |
|---|---|---|
| IN RE [NAME USED IN COURT DOCUMENTS] | ) ) | Case No. _____ |

_____

### OBJECTION[12] TO PROPOSED ATTORNEY FEE AND EXPENSE APPLICATION AND REQUEST FOR DOWNWARD ADJUSTMENT

1. Objection Applicant, _____ (*your name*) (pro se[13]), a Settlement Class Member (Class Member ID[14] _____, claim number[15] _____) submits this **OBJECTION, to apply to the entire class (and not just to me personally),** the Applicant does not plan to attend the Final Approval Hearing, has not objected to any class action settlement within the past three years, and request for modification and downward adjustment of any pending or submitted Attorney Fee and Expense Application (herein the 'Application') because such Application is unreasonable, unfair and not in the best interest of the Settlement Class Members.

   *[Cross through or delete Option 1 or Option 2 that does not apply]*

2. *Option (1) Since as of the filing of this Objection, Lead Counsel has not filed in https://www[16]._____, copy of the Application, nor sent a copy to Objection Applicant, this Objection is based on those documents of record in the cited website so filed as of the date of this Objection.*

---

[12] Read the post card claim notice and follow any specific instructions regarding filing of an objection, such as timing, address to send the Objection to, and any conditions. This Appendix B form contains typical conditions but may not be complete.

[13] Pro se means you are representing yourself.

[14] Class member ID is usually cited in the post card claim notice received in the mail concerning the Class Action

[15] If you have filed a claim after receiving the post card claim notice, you usually will be issued a claim number.

[16] The Class Action lawsuit will be found on the internet which will allow you to have access to all case documents and other information about the case. Insert the internet website. Often times an Objection is filed before all relevant documents are filed online. Final attorney fee applications are often filed late.

*Option (2) This Objection is based on those documents of record in*
*https://www_____, as of the date of this Objection.*

## OBJECTION

3. Rationale behind this Objection, includes...

3.1 Although Representative Plaintiff's in this Class Action Lawsuit have ostensibly approved the Application, I do not agree with such approval, and hereby submit this Objection.

3.3 The Application is not in the best interest of Settlement Class Members and is not reasonable.

3.3 The Application must be thoroughly tested for its reasonableness, including taking into account:

3.3.1 American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees
- A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
- Traditional fee analysis to determine reasonableness takes into account...
  - the time and labor required,
  - the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
  - the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
  - the fee customarily charged in the locality for similar legal services;
  - the amount involved and the results obtained;
  - the time limitations imposed by the client or by the circumstances;
  - the nature and length of the professional relationship with the client;
  - the experience, reputation, and ability of the lawyer or lawyers performing the services; and
  - whether the fee is fixed or contingent

3.3.2 Federal Rules of Civil Procedure, Class Action Rule 23;
- The Court '*may*' [*emphasis added, a discretionary power*] award reasonable attorney's fees that are authorized by law or by the parties' agreement.

3.3.3 Class Action Fairness Act of 2005;
- Class Action settlements [damages and attorney's fees] are subject to Court approval, taking into account...
  - Reports filed with the House of representatives and the Senate containing recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit and recommendations on the best practices that courts can use to ensure that— the fees and expenses awarded to counsel in connection with a class action settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the

litigation; recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement

3.3.4 Court rulings, in particular attorney fee reasonableness test criteria described in
- o Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
  - o Determining reasonable fees under the **lodestar method** is a two-step process.
    - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.
    - The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a *reasonable* fee in the case.
    - Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
    - Reasonableness takes into account the factors used by the traditional fee *determination*.

4. The Court is requested to invoke its discretionary powers to modify and reduce the Attorney Fee Expense Application to make it reasonable.

5. The economics of the requested Application indicate:

5.1 The proposed Settlement Common Fund to all Class Members is $_____. (Total indicated settlement to be paid to victims)

5.2 Total Class Members are _____ (total number of victims)

5.3 Individual Class Member award are estimated to be $ _____ (cite how much each victim may receive or at least a range)

5.4 Total Attorney Fees and Expenses applied for are $ _____

5.5 The total legal hours expended on the case are _____

5.6 The average hourly rate charged for legal services is $ _____ (paragraph 5.4 divided by paragraph 5.5)

5.7 The average paycheck for each attorney working on the case is $ _____

(paragraph 5.4 divided by the total number of attorneys estimated to be working on the case, small cases may be up to 5, big cases may be 75 or more)

5.8 The disparity between the amount of recovery to each Class Member compared to the paycheck each attorney could receive suggests an exorbitant and unreasonable basis on which to base attorney fees.

6. Any reduction in the Application is to be returned to and distributed to the Settlement Class Members, the real victims of this cause of action, and not as a contribution to attorney fees.

7. A review of class action settlements suggests attorneys typically are 'rubber stamped' awarded their request because in part they have subjected the court to a plethora of case law cites, statutory law prose, subjective facts, mountains of documents and other heaps of information (extracted from past cases) – especially when a $_____[insert amount of claimed fee] attorney paycheck is in the offing - all of which may or may not be germane to the case but certainly adds a lot of fog to the landscape that a Court with limited budget of resources most likely cannot fully assimilate.

8 Settlement (with all parties accepting a cash Settlement amount as an acceptable compromise of the issues) was achieved without trial. Consequently, the extent and reasonableness of claimed earned legal fees are in question. Using the same high fee whether a case settles in two hours or after preliminary discovery and pre-trial settlement negotiation does not make sense and does not pass the smell test.
   o While it is instructive to take into account attorney work claims of:
      o Preparing legal documents (complaints, depositions, subpoenas, attending hearings, legal research), law firms versed in class action cases already have in hand the understanding of relevant statutes and case law, and unless a novel area of data breach issues are understood and billable time not required to be wasted and spent on developing these items, they are already in the library.

9. [Add any other information that is unique to the case that illustrates why you think the requested attorney fee and expense application is unreasonable] At your discretion you might also include a copy of the above paper that might give the Court some additional information to think about].

Respectfully submitted.

This _____ day of _____, 20__.

_____
[name, printed and sign document]
Settlement Class Member

_____, (mobil)
_____(fax)
_____ email
_____ address
_____ address

## CERTIFICATE OF SERVICE

I, _____, hereby certify that on the _____ day of _____, 20____, copies of the **OBJECTION TO PROPOSED ATTORNEY] FEE AND EXPENSE APPLICATION AND REQUEST FOR DOWNWARD ADJUSTMENT, WERE** mailed by first class prepaid postage or by email, to the following recipients:

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**_____DISTRICT OF _____**
**_____ DIVISION**
Clerk of the Court
[address/email]

CLASS COUNSEL
[name]
[address/email]

Defendant
[address/email]

I, _____, further certify I am a Settlement Class Member.

_____
[*name*]

It is presumed Lead Counsel will post this Objection as a relevant document in this case online internet posting cite.

<strong>Appendix C</strong>

<strong>Example Op-Out Form</strong>

<strong>IN THE UNITED STATES DISTRICT COURT FOR THE<br>_____ DISTRICT OF _____ (<em>State</em>)<br>_____ DIVISION</strong>

| | | |
|---|---|---|
| IN RE [NAME USED IN COURT DOCUMENTS] | )<br>) | Case No. _____ |

_____

<strong>ELECTION TO OPT-OUT OF THE CAPTIONED CLASS ACTION LAWSUIT</strong>

1. Opt-out Applicant, _____ (*your name*) (pro se[17]), a Settlement Class Member (Class Member ID[18] _____) submits this **Election to Opt-Out of the captioned class action lawsuit and not participate in such suit, and without prejudice, reserve any and all of my rights to pursue a separate claim**

Respectfully submitted.

This _____ day of _____, 20__ .

_____

*[name, printed and sign document]*
Settlement Class Member

_____, (mobil)
_____ (fax)
_____ email
_____ address
_____ address

<strong>CERTIFICATE OF SERVICE</strong>

_____

[17] Pro se means you are representing yourself in the objection.
[18] Class member ID is usually cited in the post card notice you received about the Class Action

I, _____, hereby certify that on the _____ day of _____, 20____, copies of the **Election to Opt-Out of the captioned class action lawsuit and not participate in such suit, was** mailed by first class prepaid postage or by email, to the following recipients:

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**_____DISTRICT OF _____**
**_____ DIVISION**
Clerk of the Court
[address/email]

CLASS COUNSEL
[name]
[address/email]

Defendant
[address/email]

I, _____, further certify I am a Settlement Class Member.

_____
[*name*]

It is presumed Lead Counsel will post this Objection as a relevant document in this case online internet posting cite.

[*This is a general form. The postcard notice received about the Class Action lawsuit may contain other information of what to do to opt-out of the case. Please refer to that detail as required*].

## Appendix D

### Class Action Lawsuits – Attorney Fee Legislation

[Date]

To:

Name of U.S. Representative/Senator
[address – local/Capitol]
Via mail, email, fax

From

[name]
[address]
[email]
[phone]
[fax]

Re:  Class Action Lawsuit – Attorney Fee Legislation

Dear Congress Person [name] or Senator [name],

My name is [name] _____ and I live and vote in the district you represent.

I write to you as a concerned citizen regarding Class Action Lawsuits and Attorney Fee Legislation.

I am sure you are aware of Class Action Lawsuit rights and the public service such activities serve.

I have attached a recent paper on such action, in particular the concern regarding huge attorney's fees granted in many Class Action cases and what action plans can be advanced to provide some control over run-away fees.

While the judicial Court system has oversight to assess the reasonableness of such fees, there seems to be a consistent 'one-size-fits-all' demeanor advanced when such fees are defended by Class Counsel.  This demeanor is contrary to the reasoning that one-size-does-not-fit- all where each case and its fee structure are to be assessed on their  own merits and tested against a standard of fairness, reasonableness and adequacy.  Most Class Counsel argue that their claimed attorney's fees (a self-serving argument) are consistent in the formula used to determine fees among all other cases.

The attached paper and my own experience suggest legislation may well be required to provide the necessary control over excessive fee awards.

*I am writing to seek your counseling and perhaps leadership in advancing relevant legislation that can address the run-away legal fee paycheck issues and problems outlined in the attached paper.*

*While I don't have the answers, I do have some ideas.*

### Contingency Fee Prohibition

*Perhaps, similar to prohibition of the use of contingency legal fees (where the fee is based on the attorney taking a percentage of the case outcome) in regard to domestic relation and criminal cases, Class Action lawsuit may well be added to the prohibited list, thereby leaving attorneys to argue and defend a fee based on 'fixed fee' reasonable hours and reasonable billing rate arguments.*

*As you know, the legal profession has almost unanimously determined for years that allowing attorneys to base their contingency fee on the outcome of a divorce or child custody case would create a risk of the attorney having a financial interest in the outcome as well as being against public policy and therefor unreasonable by default. This could potentially lead unscrupulous attorneys to take actions that could be against the interests of children, or it could encourage attorneys to do things to make sure clients actually divorce. On the contrary, a skilled and ethical divorce attorney should always consider reconciliation, resolution, and fairness to be part of the goal and avoidance of the destruction of family relationships. There can be no financial interest in seeing to it that clients get divorced.*

*Likewise, contingency fees are prohibited in regard to criminal cases also based on public policy reasons.*

*Shouldn't Class Action counsel likewise ethically consider resolution and fairness to be the goal of such actions.*

### Reasonableness Tests Codification

*As outlined in the attached paper, the groundwork for attorney fee codification has been laid out in the various resources currently consulted to assess attorney fee reasonableness.*

*Those resources include: American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees; Federal Rules of Civil Procedure, Class Action Rule 23; Class Action Fairness Act of 2005; court rulings, in particular attorney fee reasonableness test criteria described in Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.*

*Should legislation be passed to codify the various methods used to test for reasonableness of attorney's fees, thereby removing much of the subjective uncertainty and differences without a distinction confusion?*

*Should a codified formula (which may also include a cap) be determined that provides guidance what is considered a reasonable attorney fee, with an opportunity for attorneys to challenge the formula if they can demonstrate why their fee structure is the better reasonable structure?*

Class Action Lawsuits – Attorney's Fee Problem  - Mar 2023                    Page **38** of **42**

### Independent Committee

*Currently, attorney fee reasonableness tests are assessed by other attorneys. I have included the Court system in this testing network since most jurists are attorneys. Should there be some form of independent committee, commission or panel used to test the reasonableness of attorney fees, the participants of which also includes non-lawyers? Professions that come to mind that might be part of such panel includes Insurance (risk management), Accountants, Professional Engineers, Military Officer, Police Officer, Day Care Management, Clergy, Local Union Leadership.*

*An independent committee, commission or panel is not unlike the independent expert appointed under the Class Action Fairness Act of 2005, who is instructed to scrutinize 'coupon settlements' (where a business is willing to issue 'coupons' that provide for a discount or payment for future goods or services) before the Court's approval of the settlement, in order to ensure that the settlement will be of [some?] value to the Class Members.*

*Class Action Counsel might argue that the complexity of defending why legal fees are reasonable, is not readily understood by the lay person. Quite the contrary, if attorneys cannot argue their defense of why their fee is reasonable in plain understood English, then the fog index is in full force...and that corrupts the concept that a little bit of sunshine is a great disinfectant.*

### Class Action Certification Reform

*A separate Class Action certification Commission should be created, composed of independent experts from many disciplines, who must first hear the class certification arguments and provide their opinion to the court whether the tests for certification are honestly and factually present, the cost of such Commission paid for by the plaintiff (and if a class is certified as a Class Action, the plaintiff in a successful Class Action lawsuit may include that cost in their recovery)*

*Often times when one is at risk of incurring an out-of-pocket cost, their desire to pursue a certain path is more tempered and reflective and becomes a self-assessing factor to not pursue a highly questionable course of conduct.*

*If a class certification request is denied, the plaintiff is responsible for paying the defendant's costs and attorney's fees for defending the matter.*

### Plaintiff Filing Reform

*Similar to discovery proceedings, Class Counsel attorneys should be limited to the number of pages of documentation they file in a case, unless a show cause hearing is held to show why more and not less is necessary. The goal being elegant simplicity vs intellectual complexity. Whenever an argument is based on excessive rhetoric and paper weight, red alarm bells should ring louder than ever that the underlying honesty of the argument is lacking and being displaced and made up by heavy mass and not quality class arguments.*

### *Standard of Proof Reform*

*The standard of proof used to either certify a case as a Class Action or evidence presented in a trial of the matter, should be based on Clear and Convincing Evidence and not Preponderance of the Evidence. A higher standard of proof makes sense, since such standard will have a self-governing incentive for plaintiff's and Class Counsel to advance an honest case as well as promoting the nation's founding documents objective of Justice for ALL, especially since a defendant is confronted with the unique and unusual aspects defending a Class Action claim.*

### *Pre-Certification Notice*

*The honest merits of a lawsuit certified as a Class Action, should first be tested, that prior to such certification, Plaintiff's should first submit a mandatory notice letter (the Class Action Pre-Certification Notice Letter, or CAPCN) to the defendant giving them clear and unambiguous information concerning: (i) The legal rationale on what the Class Action complaint is all about; (ii) How much Class Member compensation (cash and non-cash) the defendant is expected to pay to resolve the complaint, net of any attorney fee; and (iii) The amount of claimed attorney's fees incurred as of the CAPCN letter, but prior to certifying a case as a Class Action lawsuit;*

*Such letter then giving the defendant an opportunity to resolve the complaint without Class Action certification, and if a defendant offer of resolution is rejected, if after a case is certified as a Class Action lawsuit, and the case is resolved in favor of Class Members (either by settlement or court judgment) the Class Action claim (not including attorney's fees) is equal to or less than what the defendant offered to settle with the CAPCN letter, then in that circumstance, any claimed attorney fees will be limited to what was offered at the CAPCN stage of resolution.*

*I trust you find this request of interest and can shed some light on the issues and help find resolution to some of the problems cited.*

*Regards,*

*Name*

**Appendix E**

**Class Action Lawsuit Postcard Claim Form**

*[Date]*

To:

*Name of U.S. Representative/Senator*
*[address – local/Capitol]*
*Via mail, email, fax*

From

*[name]*
*[address]*
*[email]*
*[phone]*
*[fax]*

*Re: Class Action Lawsuit – Postcard Claim Form*

*Dear Congress Person [name] or Senator [name],*

*My name is [name] _____ and I live and vote in the district you represent.*

*I write to you as a concerned citizen regarding Class Action Lawsuits and the content of postcard claim forms used to notify potential Class Members of their claim rights.*

*I am sure you are aware of Class Action Lawsuit rights and the public service such activities serve.*

*I have attached a recent paper on such action, in particular the concern regarding user friendly notification and information contained in postcard claim forms and what action plans can be advanced to provide improved user-friendly better-informed awareness of important issues associated with such forms.*

*I believe legislation is needed to simplify, make easier to understand, postcard Class Action lawsuit claim notices, designed to clearly and conspicuously describe:*

*(1) what potential claim is being sought,*

*(2) how much (cash and non-cash) in total and how much each individual Class Member may be entitled,*

*(3) how the size of the Class Action Claim and attorney's fees are effected if Class Members opt-out of participating in the lawsuit and*

*(4) how attorney fees and expenses are calculated, estimated total amount to be requested and indicative average attorney fee per lawyer and average hourly rate being charged.*

*Such postcard claim form legislation could be an amendment to the Class Action Fairness Act of 2005.*

*It is not uncommon when a Class Member receives a postcard claim form in the mail, short of hiring their own attorney, they need to have a reasonable understanding of how to navigate through online internet systems in order to obtain additional relevant information. The internet navigation process as well as interpreting much of the 'legal mumbo gumbo' cited in important documents, gets lost in translation, leaving Class Members with little insight of their rights and significance of important issues.*

*One issue of importance is the user friendly opportunity to make the postcard claim form easy to understand on which a Class Member can then be able to clearly judge the merits of receiving a small nominal value in a Class Action lawsuit, while attorney's receive huge paychecks, using the Class Action Lawsuit as a vehicle to secure such fee (and justice taking back seat peanut gallery priority), thus allowing Class Members to make a much better informed decision of opting out (not participating) in the Claim or staying in.*

*I trust you find this request of interest and can shed some light on the issues and help find resolution to some of the problems cited.*

*Regards,*

*Name*

---

**Class Action Lawsuits – Attorney's Fee Problem  - Mar 2023**   **Page 42 of 42**

# EXHIBIT J



FILED

AUG 22 2023 EW

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLIONOS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Other Similarly Situated, Plaintiff, Vs. EXELON CORPORATION, et al., Defendants | Case No. 1:19-CV-08209 CLASS ACTION Judge Virginia M. Kendall Magistrate Judge Susan E. Cox |

**OBJECTION**
**TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES, AND OBJECTION**
**TO PAYMENT OF ANY AWARD PAYABLE TO LEAD PLAINTIFF**
**AND REQUEST FOR DOWNWARD ADJUSTMENT**

1. Objection Applicant, Larry D. Killion, herein 'Applicant', a Settlement Class Member (Claim ID: EXO-400609-7) submits this **OBJECTION, to apply to the entire class (and not just to me personally),** the Applicant does not plan to attend the Final Approval Hearing, is not represented by counsel and is a pro se Applicant, request for modification and downward adjustment of any pending or submitted Plaintiff's Motion/Application For Award of Attorneys' Fees and Expenses, and Class Representative Service Award, (herein the 'Motion' or 'Application') because such Motion is unreasonable, unfair and not in the best interest of the Settlement Class Members.

2. a. Dates, prices and number of Exelon (EXC) shares purchased/sold by me during the Class Period, to the best of my knowledge are shown in the attached Exhibit A Trade Confirmation for Exelon Shares between February 8, 2019 and October 31, 2019.

   b. This Objection is based on those documents of record in Plaintiff https://www.ExelonSecuritiesLitigation.com/, as of the date of this Objection.

   c. Applicant further objects to the unreasonable time period (same day!) in which to file its Objection and per the Notice document received by Applicant by postal mail delivery on our about August 17, 2023 and the Notice citing any Objection must be filed by August 17, 2023, is patently unreasonable and not consistent with due process of law standard of conduct. Applicant has complained of such unreasonable Objection date by recording such via 'info@ExelonSecuritiesLitigation.com' copy to 'settlementinfo@rgrdlaw.com'. Applicant submits that this Court take into account a more honest, fair and reasonable time period in which to file Objections, and that a same day period is unreasonable on its face; and this Court accept and take into account this Objection in its deliberations.

   d. Applicant has submitted this Objection by Express Mail.-

Page **1** of **8**

e. Further, Applicant attaches an Amicus Curaie discussion brief regarding the abuse/misuse of attorney fee claims in regard to Class Action suits.

f. I have participated to the best of my recollection in making Objections in the following Class Actions: Circuit Court Of Cook County, Illinois County Department, Chancery Division, Case No. 2021ch05392; In The United States District Court For The Western District Of Missouri Western Division, Mdl No. 3019, Case No. 4:21-Md-03019-Bcw; United States District Court Southern District Of New York, Civil Action No. 1:18-Cv-07143-Jmf; In The United States District Court For The Eastern District Of Michigan Southern Division, Case No. 2:19-Cv-11745; In The United States District Court Southern District Of New York, Case No. 1:20-cv-04494-GHW-SN; In the United States District Court, Northern District of Illinois, Case No. 1:19-cv-01339 (N.D. Ill.); In the United States District Court, Southern District of New York, Case No. 1:20-cv-10041-PKC; In The United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:19-cv-03347; Superior Court of the State of California, County of San Mateo, Lead Case No. 18CIV01549.

## OBJECTION

2. Rationale behind this Objection, includes...

3.1 Although Representative Plaintiff's in this Class Action Lawsuit have ostensibly approved the the Application, I do not agree with such approval, and hereby submit this Objection.

3.3 The Motion is not in the best interest of Settlement Class Members and is not reasonable.

3.3 The Motion must be thoroughly tested for its reasonableness, and should take into account:

3.3.1 American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees
- o A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
- o Traditional fee analysis to determine reasonableness takes into account...
  - the time and labor required,
  - the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
  - the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
  - the fee customarily charged in the locality for similar legal services;
  - the amount involved and the results obtained;
  - the time limitations imposed by the client or by the circumstances;
  - the nature and length of the professional relationship with the client;
  - the experience, reputation, and ability of the lawyer or lawyers performing the services; and
  - whether the fee is fixed or contingent

3.3.2 The well thought out reasoning of award of Attorney Fees in similar Federal Court Class Action Ruling rulings, in particular attorney fee reasonableness test criteria described in

- o Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
    - o Determining reasonable fees under the **lodestar method** is a two-step process.
        - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.
        - The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a *reasonable* fee in the case.
        - Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
        - Reasonableness takes into account the factors used by the traditional fee *determination.*

3.3.3 Class Action Fairness Act of 2005;
- o Since the case was brought under CAFA, a federal law, Class Action settlements [damages and attorney's fees] are subject to Court approval which takes into account…
    - o Reports filed with the House of representatives and the Senate containing recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit and recommendations on the best practices that courts can use to ensure that— the fees and expenses awarded to counsel in connection with a class action settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the litigation; recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement

4. The Court is requested to invoke its discretionary powers to modify and reduce the Motion to make it reasonable.

5. The economics of the requested Motion indicate:

5.1 The proposed total Settlement Fund to all Class Members is $173,000,000.

5.2 Individual Class Member award are estimated to be $0.59 per EXC shares (net, after deduction of attorney's fees and costs. The allegation of trying to establish speculative artificial inflation in Exelon Common Stock, as illustrated in the below charts ranging from approximately 10%+ to less than 1% given 'normal' market variability as being associated with fraud, is consistent with opinionated experts since statistician can 'prove' anything given enough rhetoric and time – the fog index.

Case: 2:19-cv-03347-EAS-EPD Document #: 120-2 Filed: 08/22/23 Page: 45 of 141 PageID #: 8787

Graphic illustration of Exelon Stock price over the period February 8, 2019 thru October 31, 2019
(Traded Low of $31.17; Traded High of $36.22)
Compared against NASDAQ Composite Index
General Observation: Between these periods (the Class Period, EXC Stock Price
generally trended with the index, indicating EXC Stock price movement reacted to market forces in general).



The work product to establish this variability is due to experts whose compensation is most likely buried in the $400,000 dollar expense claim and nothing to do with attorney work product.

5.4 Total Attorney Expenses applied for are up to $44,980,000 (26% of the Settlement Fund).

5.5 Attorney hours spent on the case and hourly rates are unspecified.

5.6 The disparity between the amount of recover to each Class Member compared to the paycheck each attorney could receive suggests a exorbitant and unreasonable basis of on which to base attorney fees.

6. The proposed Attorney Fee Application/Motion is unreasonable in the following respects:
   - A fee of up to $44,980,000 based on a 26% contingency amount of the Settlement Amount is outrageous, unreasonable and should shock the conscience of the Court, as it relegates a non-tort law consumer/investor stock claim based on white collar fraud, with one based on tort law, to the same characteristic of ambulance chasing attorney's associated with negligence claims where contingency fees have become the norm and a key incentive factor for tort lawyers (especially those using roadside billboard advertisements to swing their justice sledge hammer at guilty until proven innocent car accident truck drivers) to advance cases and big attorney pay checks sourced from the real suffering of others, whether they have merit or not, because of the vicissitudes faced by defendant's burdened more so with not defending the merits of a case but the emotions and sympathy of a jury, stirred up by plaintiff counsel rhetoric. The more honest argument is attorney fee claims should/must

be based on defense of time and hourly rate as the proper measure of 'earned' attorney fee, not negligent type contingency fee claims.

- The case claim is all about hired gun academic or consultive experts, using the wizardry of statistical analysis – where just about any hypothesis including those associated with security fraud complaints associating published statements with creating a fraud and how it affects decimal place value of stock, whether real or imaginary (especially when the variance of the stock market is what the market is all about or it would not exist) – is defended as being possible, probable or likely. And the vagaries of the fraud law and counsel crafting a case…whether real or fantasy….further insulates plaintiff's from finding the real truth of a claim and a defendant given the honest right to address real issues. What all this means is that the substance of a case is primarily based on the hired gun experts establishing and proving the case with statistical proofs and not the acumen of the lawyers…who are predominantly advancing procedural tasks. Consequently the 'value' of fees and effort of the claim is buried in the $400,000 expense claim, where ostensibly the hired gun expert fee is buried and not in claimed attorney fee and not in claimed attorney fees. How $400,000 real expense is converted to 44,980,000 phantom attorney fee claim is part of the magic (and incentive to bring Class Action lawsuits by attorneys) of the Class Action industry process and why contingency fees should/must be disallowed in favor of defending time and hourly rate attorney fee defenses.

- While Class Actions at times have their place in justice, like all things in life the Class Action process – and associated attorney fee claims - can be used for its intended purpose (seeking real justice – though small as it may be for each 'victim' where there are many victims) or misused or abused. That misuse and abuse option is fertile ground for crafty counsel to formulate a Class Action case (much incentivized by a huge multi-million dollar contingency fee pay check paid for by the 'victims') based on Class Action substantive law causes of action vagaries and uncertainties, resulting in an attack on defendants (most of which are law abiding advocates and publicly traded companies who are duty bound to adhere to a myriad of regulatory standards, who consistently hire their own experts to give them guidance regarding compliance with the law and honestly try to do the right thing) and they then paying out typically huge settlement checks a huge portion of which are paid to attorneys. That is not reasonable. The accompanying Amicus Curiae brief on the Class Action industry and attorney fee abuse further illustrates the misuse and abuse of the Class Action process, which this Claim is alleged to be part of, and what can be advanced to put real justice back into the definition of Class Action, and not a transport vehicle misused or abused to create huge attorney fee paychecks.

- Every day every human in life faces a continuum of events that could arguably be viewed as causing some type of Class Action harm (where harm is not in the best interest of the victim). There is always a certain degree of risk and consequence all us humanoids must absorb as life's destiny…else we all would all be borne in the court house and never leave. An unusual long crossing train at a road intersection that has stopped moving traffic and the stalled driver's time being stolen by the slow moving train; the vending machine stealing our quarter with no product in return because of a mechanical glitch in the machine; lightening induced power outages and the loss of consumer production time;

stock values that constantly go up and down – buy low/sale high strategy does not always work and without that variance the market would not exist; are all just some examples of assumed risk in society. Basing huge Class Action attorney's fees on converting an otherwise assumed risk into a justice claim…is but one of many circumstances courts are charged with assisting with and defining what justice means and to what extent one pays for the claims of another. Consequently, yet more arguments why Class Action attorney fee claims should be based on defending time spent and hourly rate as being reasonable and not gamble on contingency winnings,and not inflated due to crafting a case instead of asserting righteous justice merits.

7 Any reduction in the Motion is to be returned to and distributed to the Settlement Class Members, the real victims of this cause of action, and not as a contribution to attorney fees.

8. A review of class action settlements suggests attorneys typically are 'rubber stamped' awarded their request because in part they have subjected the court to a plethora of case law cites, statutory law prose, subjective facts, mountains of documents and other heaps of information (extracted from past cases) – especially when a $44,980,000 attorney paycheck is in the offing - all of which may or may not be germane to the case but certainly adds a lot of fog to the landscape that a Court with limited budget of resources most likely cannot fully assimilate.

9. Settlement (with all parties accepting a cash Settlement amount as an acceptable compromise of the issues) was achieved without trial. Consequently, the extent and reasonableness of claimed earned legal fees are in question. Using the same high fee whether a case settles in two hours or after preliminary discovery and pre-trial settlement negotiation does not make sense and does not pass the smell test.
- o While it is instructive to take into account attorney work claims of:
  - o Preparing legal documents (complaints, depositions, subpoenas, attending hearings, legal research), law firms versed in class action cases (and one of the reasons class counsel is certified to be so by the court) already have in hand the understanding of relevant statutes and case law, and unless a novel area of securities fraud issues are understood and billable time not required to be wasted and spent on developing these items, they are already in the library.

10. The Court is requested to deny any requests for the any payments or bounty fee, the cited $7,500 payment, to any Lead Plaintiff's, since such payment is for all practical purposes in the nature of a bounty paid for winning the race to the courthouse to first file a lawsuit, and such fee merely an inducement for courthouse racers to promote litigation for the purpose of winning a bounty instead of seeking justice and is an unconscionable taking of assets belonging to Class Members which is considered to be outrageous, unreasonable and not fair. The Class Members are all victims and to treat some grossly different than others shocks the conscience of justice and should likewise shock the conscience of the Court.

Respectfully submitted

This 18 day of August, 2023.

_____

[*Larry D. Killion, Applicant*]
Settlement Class Member

713 906-9135, (mobile)
832 203-7695(fax)
11235ldk@comcast.net  email
2114 Oxford Street
Houston, Harris County, Texas 77008

## CERTIFICATE OF SERVICE

I, Larry D. Killion, hereby certify that on the 18 day of August , 2023, copies of the **OBJECTION TO PROPOSED ATTORNEY] FEE AND EXPENSE MOTION AND REQUEST FOR DOWNWARD ADJUSTMENT, WERE** mailed by first class priority prepaid postage or by email, to the following recipients:

Clerk of the Court
United States District of Illinois
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

PLAINTIFF COUNSEL
Theodore J. Pintar
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, Ca 92101

Counsel for Defendant
Edmund Polubinski III
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

I, Larry D. Killion, further certify I am a Settlement Class Member.
It is presumed Lead Counsel will post this Objection as a relevant document in this case online internet posting cite.

Page **7** of **8**

**EXHIBIT A**

Dates, prices and number of Exelon (EXC) shares purchased/sold during the Class Period.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*Flynn v. Exelon Corporation, et al.*

Case No.: 1:19-cv-08209

PROOF OF CLAIM FORM

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than September 28, 2023**

# EXO

Please Type or Print in the Boxes Below
Do NOT use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN EXELON COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name
KILLION

M.I. First Name
D LARRY

Last Name (Co-Beneficial Owner)

M.I. First Name (Co-Beneficial Owner)

[X] IRA   Joint Tenancy   ( ) Employee   Individual   Other _____

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA   (specify)

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)
497-303505

Last Four Digits of Social Security Number
8818   or

Taxpayer Identification Number
—

Telephone Number (Primary Daytime)
713-906-9135

Telephone Number (Alternate)
713-906-9135

Email Address
11235ld&@comcast.net

## MAILING INFORMATION

Address
2114 OXFORD STREET

Address (cont.)

City
HOUSTON

State
TX

ZIP Code
77008

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ATP KE ICI | BE DR EM | FL ME ND | OP RE SH | / / | FOR CLAIMS PROCESSING ONLY |
|---|---|---|---|---|---|---|---|---|

5

## PART II: SCHEDULE OF TRANSACTIONS IN EXELON COMMON STOCK

A. Number of shares of Exelon common stock held at the close of trading on February 7, 2019:  **83**  Proof Enclosed?  X Y  N

B. Purchases or acquisitions of Exelon common stock (February 8, 2019 – January 28, 2020, inclusive):

**PURCHASES**

| Trade Date(s) (List Chronologically) M M D D Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|
| 1. 03/27/2019 | 43 | $ 2172.00 | Y N |
| 2.  / / | | $ .00 | Y N |
| 3.  / / | | $ .00 | Y N |
| 4.  / / | | $ .00 | Y N |
| 5.  / / | | $ .00 | Y N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes:     Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M   D D   Y Y Y Y              Merger Shares:                Company:

  /     /    _____

C. Sales of Exelon common stock (February 8, 2019 – January 28, 2020, inclusive):

**SALES**

| Trade Date(s) (List Chronologically) M M D D Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|
| 1. 10/31/2019 | 3 | $ 139.00 | Y N |
| 2.  / / | | $ .00 | Y N |
| 3.  / / | | $ .00 | Y N |
| 4.  / / | | $ .00 | Y N |
| 5.  / / | | $ .00 | Y N |

D. Number of shares of Exelon common stock held at the close of trading on October 31, 2019:  **126**  Proof Enclosed?  X Y  N

E. Number of shares of Exelon common stock held at the close of trading on January 28, 2020:  **123**  Proof Enclosed?  X Y  N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



6

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation, described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of Exelon common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

## V. RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Released Claims against each and all of the Defendants and each and all of their respective "Related Parties." The term "Related Parties" as defined herein means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

2.      "Released Claims" means any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, to the fullest extent that the law permits their release in this Litigation against any of the Released Parties, which arise out of, are based on, or relate to both: (i) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, representations, or omissions involved, set forth, alleged or referred to in the Complaint or the Litigation, or which could have been alleged in the Litigation; and (ii) the purchase or acquisition of Exelon common stock by any Members of the Settlement Class during the Settlement Class Period. Released Claims do not include any derivative or ERISA claims or claims to enforce the Settlement.

3.      "Unknown Claims" means collectively any Released Claims that Lead Plaintiff or Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.



4.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Exelon common stock that occurred during the Settlement Class Period as well as the number of shares of Exelon common stock held by me (us) at the close of trading on February 7, 2019, October 31, 2019, and January 28, 2020.

7.      I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class, as defined in the Notice.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____18_____ day of _____August 2023_____ in _____Houston, TX, USA_____
                                              (Month/Year)                                    (City/State/Country)

_Larry D Killion_____                    _____
(Sign your name here)                                             (Sign your name here)

_Larry D Killion_____                    _____
(Type or print your name here)                               (Type or print your name here)

_Beneficial Purchaser/Acquirer___                    _____
(Capacity of person(s) signing, e.g.,                        (Capacity of person(s) signing, e.g.,
Beneficial Purchaser or Acquirer, Executor or Administrator)    Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your Claim Form for your records.

5. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED**
**NO LATER THAN SEPTEMBER 28, 2023, ADDRESSED AS FOLLOWS:**

*Exelon Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
www.ExelonSecuritiesLitigation.com





**Transaction Confirmation**
**Confirm Date: January 10, 2019**

Page 1 of 5

Brokerage Account Number
*****3505 IRA - ROLLOVER

**LARRY D KILLION**

0100001756

FMT CO CUST IRA ROLLOVER
FBO LARRY D KILLION
2114 OXFORD ST
HOUSTON TX 77008-2649

| Online | Fidelity.com/pas |
|---|---|
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Premium Services | 800-544-4442 |
| 8am - 11pm ET, Mon - Fri | |
| Portfolio Advisory Services | 800-544-3455 |

| REFERENCE NO. | TYPE | REG REP | TRADE DATE | SETTLEMENT DATE | CUSIP NO | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 19086-0B8BVV | 1* | 000 | 03-27-19 | 03-29-19 | 30161N101 | 19086-JJVLRB | | |

| | | | DESCRIPTION and DISCLOSURES | | | | | |
|---|---|---|---|---|---|---|---|---|
| You Bought | | | EXELON CORP COM NPV | | | Principal Amount | | 2,172.09 |
| | 43 | | WE HAVE ACTED AS AGENT | | | Settlement Amount | | 2,172.09 |
| at | 50.5137 | | | | | | | |
| Symbol: | | | | | | | | |
| EXC | | | | | | | | |

| REFERENCE NO. | TYPE | REG REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO | ORDER NO | | |
|---|---|---|---|---|---|---|---|---|
| 19304-1BV6WL | 1* | 000 | 10-31-19 | 11-04-19 | 30161N101 | 19304-JKBPVB | | |

| | | | DESCRIPTION and DISCLOSURES | | | | |
|---|---|---|---|---|---|---|---|
| You Sold | | | EXELON CORP COM NPV | | Principal Amount | | 139.12 |
| | 3 | | WE HAVE ACTED AS AGENT | | Activity Assessment Fee | | 0.01 |
| at | 46.3744 | | LOTS WITHOUT SPECIFIC SHARES | | Settlement Amount | | 139.11 |
| Symbol: | | | INSTRUCTIONS WILL BE DEPLETED USING | | | | |
| EXC | | | HIGH COST IN FIRST OUT METHOD | | | | |
| | | | AVERAGE PRICE TRADE DETAILS ON REQUEST | | | | |



Exelon Corporation shares (EXC) held on or about February 7, 2019

**Fidelity** | FIDELITY PRIVATE CLIENT GROUP®

INVESTMENT REPORT
February 1, 2019 - February 28, 2019

**Holdings**

Account # Y97-303505
LARRY D KILLION - ROLLOVER IRA

Stocks (continued)

| Description | Percent of Holdings | Beginning Market Value Feb 1, 2019 | Quantity Feb 28, 2019 | Price Per Unit Feb 28, 2019 | Ending Market Value Feb 28, 2019 | Cost | Unrealized Gain/Loss Feb 28, 2019 | EAI ($) / EY (%) |
|---|---|---|---|---|---|---|---|---|
| EXELON CORP COM NPV (EXC) | 0.83 | 3,964.08 | 83.000 | 48.5900 | 4,032.97 | 3,156.36 | 876.61 | 120.3 2.98 |

Exelon Corporation shares (EXC) held on or about October 31, 2019



FIDELITY PRIVATE
CLIENT GROUP®

INVESTMENT REPORT
October 1, 2019 - October 31, 2019

## Holdings

Account # Y97-303505
LARRY D KILLION - ROLLOVER IRA

Stocks (continued)

| Description | Percent of Holdings | Beginning Market Value Oct 1, 2019 | Quantity Oct 31, 2019 | Price Per Unit Oct 31, 2019 | Ending Market Value Oct 31, 2019 | Cost | Unrealized Gain/Loss Oct 31, 2019 | EAI ($) / EY (%) |
|---|---|---|---|---|---|---|---|---|
| EXELON CORP COM NPV (EXC) | 0.70 | 6,087.06 | 126.000 | 45.4900 | 5,731.74 | 5,328.45 | 403.29 | 182.70 3.190 |

Exelon Corporation shares (EXC) held on or about January 28, 2020



FIDELITY PRIVATE
CLIENT GROUP®

INVESTMENT REPORT
January 1, 2020 - January 31, 2020

## Holdings

Account # Y97-303505
LARRY D KILLION - ROLLOVER IRA

Exchange Traded Products
Includes exchange-traded funds (ETFs), exchange-traded notes (ETNs), and other exchange-traded vehicles

| Description | Percent of Holdings | Beginning Market Value Jan 1, 2020 | Quantity Jan 31, 2020 | Price Per Unit Jan 31, 2020 | Ending Market Value Jan 31, 2020 | Cost | Unrealized Gain/Loss Jan 31, 2020 | EAI ($) / EY (%) |
|---|---|---|---|---|---|---|---|---|
| EXELON CORP COM NPV (EXC) | 0.71 | 5,607.57 | 123.000 | 47.5900 | 5,853.57 | 5,176.91 | 676.66 | 188.19 3.210 |

# ATTORNEY'S FEES

# IN CLASS ACTION LAWSUITS

# WHAT TO DO ABOUT HUGE (UNREASONABLE?) LAWYER PAYCHECKS



# Table of Contents

| | |
|---|---|
| **Class Action Lawsuit Industry** | 3 |
| **Incentive Factors** | 4 |
| **How To Control Award Of Huge Attorney Fees** | 5 |
| **First - Attorney Fee Reduction Action Plans** | 5 |
| **Why These Plans?** | 7 |
| **Short Lesson: Class Action Lawsuit Boot Camp** | 11 |
| **Advantages of a Class Action Lawsuit, includes:** | 12 |
| **Disadvantage of a Class Action Lawsuit, includes:** | 12 |
| **Attorney's Fees** | 15 |
| **Advantages of Contingency Fee Structure Includes:** | 16 |
| **Disadvantages of Contingency Fee Structure Includes:** | 17 |
| **Attorney Fees Reasonableness Test** | 18 |
| **Use, Misuse and Abuse – Standards of Proof and Other Reforms** | 20 |
| **Justice and Class Action Lawsuits** | 23 |
| **Appendix A –** | 28 |
| **Class Action Lawsuits – Huge Attorney Fee Illustrations** | 28 |
| **Appendix B** | 30 |
| **Example Form Objection To Attorney's Fees** | 30 |
| **Appendix C** | 35 |
| **Example Op=Out Form** | 35 |
| **Appendix D** | 37 |
| **Class Action Lawsuits – Attorney Fee Legislation** | 37 |
| **Appendix E** | 41 |
| **Class Action Lawsuit Postcard Claim Form** | 41 |

## Class Action Lawsuit Industry

The Class Action Lawsuit Industry ("*CALI*") is alive and well (some law firms even publicizing their *'Class Action Lawsuit of the Month'*, merchandising (carnival barker?) Class Action justice as if it is a used car,



- As post card Class Action Lawsuit mailed notices to victims (*'Class Members'*) (now managed by third party non-lawyer administrators, part of the industry) arrive more frequent than holiday season sales catalogues,
- Accompanied by Class Action representing attorneys demanding huge multi-million dollar fees using the Class Action Lawsuit as a vehicle to secure such fees,
- While Class Members typically each receive a token amount, as Class Action compensation (the so-called Settlement Fund), the vast majority of which do not even know they were victims, and most unaware of the huge attorney fee claim[1].

The smell test of all this does not look or sound right.



Attorney's fee awards in the CALI appear to have settled in on a 'standard' 'rubber-stamp' court approved fee based on 30% to 40% of the Class Action claimed harm – sounds similar to roadside billboard justice using a sledgehammer to crush guilty until proven innocent truck drivers associated with negligence claims while conveniently **NOT** advertising contingency fee subtractions by attorneys from the victims damages, in the 30%? to 40%? range (plus expenses) – feels like the victim has suffered twice. Yet attorney's fees for each Class Action case (whether based on billable hours or contingency fee demands) are supposed to be tested on a standalone reasonableness standard and not a 'one-size-fits-all' demand[2].

---

[1] Rare is the Class Member who will take the time to study court documents to educate themselves about the attorney fee over-reach, and instead, as tactfully understood by representing counsel, lured into the sense of some easy money sourced from the Class Action lawsuit nominal compensation award, sort of like being a surprised winner in a raffle not knowing you were even entered to participate.

[2] Most Class Action lawsuit attorney fee demands are accompanied by voluminous pages (sometimes rivaling the number of pages about the merits of the case) explaining why huge fees are relevant, as well as comparing the current case with prior cases as additional justification why the size of the award is prudent. Both of these arguments

## Incentive Factors

Incentive factors causing this Class Action Lawsuit industry growth, especially the award of huge attorney fees (leaving the real victims – if in fact they are victims - of a case with only a nominal award), includes:

- **Incentive No. 1: Huge Lawyer Fees**. A review of randomly selected Class Action federal court files[3], illustrates the magnitude of huge attorney fee award incentives, accompanied by small nominal claim awards to individual Class Members. The example cases cited in Appendix A indicate typical individual award to Class Members of less than $20 and many in the few $100s, while multi-million dollar awarded attorney's fees representing 25%[+] of **TOTAL** award claim for a minimum average range of **per attorney** fee of $222,000 to $287,000. The per attorney fee is understated, since the average calculation assumes the estimated number of assigned attorneys to a case, work full time on the case, which is not realistic, and consequently dramatically understates the real average attorney fee take;

- **Incentive No. 2: 'Deep-Pocket' Defendants**. Many/Most [corporate] defendants in Class Action Lawsuits who honestly try to comply with applicable consumer and investor laws, are well known, established and trusted, and highly regulated, publicly stock traded companies: (Appendix A publicly traded companies include: Nielsen-NYSE, T-Mobile-NASDAQ, American Airlines-NASDAQ, Oracle Corporation-NYSE), are financially sound with 'deep-pockets' and capable of paying huge attorney fees, thus 'easy-worth-the-effort' litigation incentive targets. These businesses routinely retain experts to give them advice in regard to compliance with relevant consumer and investor laws and regulations. These compliance characteristics are indicative of a company NOT out-to-cheat its customers or investors.

- **Incentive No. 3: Speculative Law Compliance – Use, Misuse, Abuse**. Consumer and investor laws on which most Class Action lawsuits are based, are not 'black-and-white' and easily interpreted as to what is right and what is wrong, but are complex and subject to wide ambiguous interpretations – for example security fraud and consumer protection laws – making compliance with these laws challenging even for the most compliant minded company – especially for honest defendants. Because of the speculative nature of these laws, this is fertile ground for litigation minded lawyers having the incentive to craft a case, whether real or illusionary, that places doubt in jury's and Jurist's minds whether or not such speculative laws have been violated. As in all things in life, stuff (in this case laws) can be **used** for their intended public protection purposes, or **misused** or **abused,** for whatever reason, such as an over-reaching grant of attorney fees.

Awareness of these Class Action Lawsuit litigation incentives is nothing new, as there is a history of studies, reports and papers (see the Bibliography of examples of such), discussing and analyzing the pros and cons of Class Action lawsuits, many focusing on and criticizing what justice is all

---

are inconsistent with a one-size-does-not-fit-all lawyer fee claim. The harder one has to argue for something is all the more reason to instill a sense of suspicion especially where the weight (and not the quality) of the justifying argument is not in the merits of the argument but in the volume of paper being used to cover up fictional proof.

[3] Appendix A is a summary of recent Class Action lawsuits illustrating applications for huge attorney's fees coupled with nominal awards to Class Member victims.

about and the disparity between huge plaintiff's attorney's fees paid by honorable defendants coupled with nominal award claims paid to the real victims. While many of these reports are scholarly and well researched, they have had little impact on reducing – so-far, or at least shifting, huge attorney fee awards and filtering out unjustified Class Action Lawsuit claims or putting more justified compensation into the pockets of the real victims and less in the pockets of representing attorneys.

*Many of these reports ask the question:*

### *Have Class Action lawsuits merely been used as a vehicle for attorneys to secure huge fees with justice a secondary objective[4]?*

### How To Control Award of Huge Attorney Fees

This paper does not repeat the arguments cited in historical writings…***BUT SUPPLEMENTS*** some new dimensions to the topic.

- **First**: By suggesting **self-help** and **law-help** action plans the public can adopt to (i) influence the adjustment to huge attorney fee paychecks in Class Action Lawsuits by (ii) honestly assessing the merits of a Class Action claim and whether or not Justice is being served - and not attorney fee greed AND any attorney fee award claim based on 'honest' reasonableness tests.
- **Second**: By providing this summary discussion of why such self-help and law-help plans make sense.

First - Attorney Fee Reduction Action Plans

- **Self-Help**
  - **If attorney fees are viewed as being unreasonably huge (does not pass the smell test[5]), Class Action members should file written Objections with the Court, challenging the unreasonableness of such fees. (Example objection form provided in Appendix B).**
  - **Class members electing *NOT TO PARTICIPATE* ("Opt-Out")[6] in the Class Action lawsuit. (Example opt-out form provided in Appendix C).**

---

[4] Not uncommon, a huge number of pages filed in Class Action lawsuits are dedicated to defending huge attorney fee applications compared to defending the merits of the actual Class Action Claim.

[5] Like pornography, often you know it when you see it.

[6] The United States litigation centric legal system and State and Federal Class Action laws, have opted for the "opt-out" form of Class Action Lawsuit claims. This means the unaware public are 'automatically' ("opted-in") as a Class Member participant and only by pro-actively filing an "opt-out" written notice with the Court will such Member NOT be part of the Class Action Lawsuit result. As later recommended, the laws should be changed such that the public are NOT automatic members of a class, and only by affirmatively filing an "opt-in" statement with the Court will they then be Class Member participants. This "opt-in" standard will go a long way toward eliminating non-merit-based Class Action cases (let the affected public decide) as well as substantially reduce the misuse/abuse tactics associated with award of unreasonable legal fees.

- **Law-Help**
  - The public contact their elected government Representatives requesting they pass new laws…
    - Laws designed to promote reasonableness tests of the award of attorney's fees in Class Action Lawsuits such as a realistic fee formula or caps on awards. (Example contact form provided in Appendix D).
    - Laws or rules governing the standard of proof for any Class Action Lawsuit claim to be based on the more stringent Clear and Convincing Evidence standard (and not Preponderance of the Evidence).
    - Laws designed to simplify, easy to understand, postcard Class Action lawsuit notices, clearly and conspicuously describing (1) what potential claim is being sought, (2) how much (cash and non-cash) in total and how much each individual Class Member may be entitled, (3) how the size of the Class Action Claim and attorney's fees are effected if Class Members op-out of participating in the lawsuit, and (4) how attorney fees are calculated, estimated total amount to be requested and indicative average attorney fee per lawyer. (Example notice form provided in Appendix E).
    - Independent Commissions (including non-lawyer participants) be used by the Court to determine if a case should be classified as a Class Action Lawsuit and a similar independent Commission used to assess reasonableness of attorney fee claims.
    - Laws regarding the prohibition of contingency legal fees in regard to Class Action Lawsuits, requiring attorneys to justify their fee as being reasonable in regard to hourly rate and time spent on a case.
    - Laws requiring prior to a lawsuit being certified as a Class Action Lawsuit, the defendant shall be given a mandatory prior notice (the "Class Action Pre-Certification Notice" or "CAPCN" letter), of such planned certification request, and an opportunity for defendant to resolve the case, avoiding the racking up attorney's fees by Plaintiff's counsel.
    - Require any Class Member to act proactively and opt-in to participate in a Class Action lawsuit (with the default being the public are NOT automatically opted-in to a Class Action Lawsuit), unlike the current model where Class Member default is opted -in and to opt-out, the Member must proactively file an opt-out document with the Court.
    - Prohibit the payment of Incentive Payments to Representing Plaintiff's, since such payment is in the nature of a bounty paid for winning the race to the Court house to first file a lawsuit, is merely an incentive for Court house racers to promote litigation for the purpose of winning a bounty instead of seeking justice and is an unconscionable taking of assets belonging to Class Members. The Class Members are all victims and to treat some grossly different than others shocks the

conscience of justice and should likewise shock the conscience of the Court.

### Why These Plans?

- <u>Objection</u>: The law requires prior to the Court's approving of a Class Action Claim that it be tested for being just, fair and reasonable and requested attorney's fees, be tested for 'reasonableness'. Each test is on a case-by-case basis, no one-size-fits-all (at least that's the objective test –yet awards regularly migrate to a 30% to 40% 'standard' of recovery and reasonableness test arguments citing as one of the primary arguments for justifying a fee request based on other cases as a consistent basis of award).

  o Attorneys regularly cite as a part of their reasoning why their [huge] fee request is reasonable because it is consistent with other Class Action Lawsuits (30%-40% contingency fee rationale?) which is contrary to the one-size-does-not-fit all reasonableness test reasoning.

  o Counsel argues why they should be certified as Class Action Lawsuit Class Representing Counsel based on their skills and experience, then argues why a [huge] fee is required because of the complexity (speculative nature?) of a case. It is inconsistent on one hand Counsel will argue it is skilled ostensibly requiring less time/effort to handle a case, yet when it comes to their fee, such fee should be [huge] regardless of the skill factor. *Rare is the worker who argues for a cut in pay.*

  o Class Action Member attorney fee Objections filed with the Court, helps remind the Court of its reasonableness test obligations – especially since the Class Member is the victim and for every dollar paid attorney's is often one less dollar paid to the real victim (at least in contingency fee cases). If the victims don't complain, it would be natural for a Court to *assume* victims are ok with the requested fee, which naturally dampens the Court's enthusiasm, with a busy Court docket, to pursue a deep dive test of reasonableness. It's not that victim's don't have an interest in the case and reasonable attorney's fees, the complexity of filing Objections with the Court as well as studying Court filed documents, deters many well intentioned victims to themselves committing to a deep-dive analysis – and astute Plaintiff's counsel are aware of this lethargic tactic that Class Members don't have the time or initiative or understanding to file a cumbersome objection associated with a few buck claim result.

- <u>Opt-Out</u>: If many/most Class Action Members collectively elected not to participate in a Class Action Lawsuit (*opt-out*), then the Claim amount should be automatically reduced (since there are less 'victims'), and if there is a request for [huge] attorney's fees, typically based on a contingency fee (attorney's being paid a percentage of the Claim awarded to the real victims), then the fee would be less. And even if a fee is not based on a contingency payment, a huge attorney fee and trivial victim award compared to that fee, will expose the unreasonableness of the fee claim.

- o For example, a 30% fee of $100 million Claim for 100,000 Class Members means $30 million to lawyers and $700.00 to each Class Member, is a lot less than 30% of $500,000 Claim for 500 Class Members means $150,000 to lawyers and $700.00 to each Class Member. Still a disparity between attorney fee and Class Member award, but tempers lawyer's appetite to promote a questionable suit given their fee is much reduced (tension between values associated with earned fee and justice incentives). Or in the alternative, an attorney fee claims for $30million, regardless if the victim remedy is $100million or $0.5million. That smell test thing again.

  - o In many Class Action lawsuits, the amount awarded to victims is small and nominal in amount (a few 100 dollars or less, or a discount coupon), while attorney's fee paychecks can potentially exceed $200,000 per lawyer (most likely an understatement since it depends on how many attorneys worked on a case and how long and hourly rate).

  - o Class Action members 'giving up' a small nominal award in exchange for stopping, over the top [huge] lawyer fees, is a powerful consumer weapon.

  - o While Class Action Lawsuits are designed to punish illegal business practices that harms a large number of the public, always be mindful that payment of Class Action nominal claims and [huge] attorney's fees, can result in the business adding that cost back into the price of the business goods or services which means consumers and investors will in the future end up paying for the illusion of a victorious Class Action win.

  - o While a business reputation may suffer a little at first, if at all, generally after the lawsuit combat is over, all is forgiven and the dust settles, it's back to business as usual – except lawyer's fat paychecks have been cashed and deposited, and consumers and investors get stuck with funding the 'hidden' bill.

- • **Attorney Fee Law:** Request for attorney's fees in a Class Action lawsuit, is often based on a business alleged to have violated some law adversely affecting many parties (such as a consumer protection or securities fraud law), and that law including the statutory right to plaintiff's attorney's fees to be paid as part of the claim by a losing defendant (in contrast to the general 'American Rule' where parties pay for their own attorney's fee regardless of who wins or loses).

  - o Laws are not written for Class Action Lawsuits, but to seek justice for individual victims for a particular cause of action including compensating the victim for its incurred attorney's fees as part of the award against bad business practices.

  - o Lawyers favor taking cases and bringing lawsuits based on a law that includes award of attorney's fees, especially where the defendant has 'deep pockets' (financially strong) and can afford to pay [huge] fees.

  - o There needs to be a Class Action attorney fee law designed to ensure any award of attorney's fee to be based on a statutory and not discretionary 'reasonableness standard', that comes into play any time there is a Class

Action Lawsuit. Ideally, award of attorney fee would be influenced by the amount EACH victim is awarded – low victim award, low attorney fee – especially since justice is blind to the magnitude of awarded attorney fees.

- o In many Class Action Lawsuits, attorney's fees are determined as a percentage of the victim's Claim amount (so called contingency fee). Consequently, the 'losing' defendant in a case, either as a result of a trial judgment or settlement, is somewhat indifferent[7] about the size of the attorney fee since it is deducted from the Claim amount. Even so, such a deduction may not be in the best interest of the Class Members for not receiving fair, reasonable and adequate compensation for such victim's Class Action losses due to such legal fee deduction.

- o It is more prudent regarding Class Action Lawsuits, for Class Action laws to prohibit contingency attorney fees (similar to criminal or domestic relation cases), leaving the attorney to honestly defend its time spent on the case and hourly rate, separate and apart to any Claim award paid to Class Members. Such hourly rate attorney fee defense will attract a more systematic and objective assessment of the fee, since (1) if the fee is paid by the victims, the Court will have a much clearer understanding of the details and basis of the hourly rate based fee request, and (2) if the fee is paid by the defendant, the defendant will be in a more realistic and efficient tester of the reasonableness of an hourly rate based fee claim, since the defendant is the one paying the fee.

- **Standard of Proof**: Because of the unique nature of Class Action Lawsuit, that in the context of Justice for ALL[8], places excessive defense burdens on a defendant, justice should demand a Clear and Convincing Evidence standard of proof (and not Preponderance of the Evidence standard) associated with certifying a case as a Class Action lawsuit as well as the same standard of proof to be used in the trial of the matter. This higher burden of proof properly places an incentive on plaintiff's, Class Members and Class Counsel, to honestly pursue a case that has merit and one suited for Class Action and based on the objective of seeking justice for ALL, and not merely an 'easy' Class Action Lawsuit case brought for revenge or a vehicle to secure huge attorney's fees, with justice for harmed citizens as a secondary objective.

- **Class Action Notice**: Postcard claim notices alerting Class Members to a Class Action Lawsuit, are difficult to understand and often require the reader to go online through the internet (or retain their own counsel at their expense), to obtain better informed detail information (if they know how to request online information as well as where to locate information of interest and interpret it).

  - o The postcard claim notice needs to be much more user-friendly, easy to read and understand, and clearly advise the reader what the Class Action lawsuit is all about, how much is being demanded from the defendant, how much each Class Member will be entitled and full disclosure of how attorney fees are

---

[7] Unless the settlement is artificially pumped up to include attorney's fees as additional compensation instead of the resolve being based on what harm has been incurred by Class Members absent attorney fee claims.

[8] Justice for All, is in the context of the Nation's founding documents (U.S. Constitution, Bill of Rights, Declaration of Independence, etc.), asserting justice to prevail for both plaintiffs AND defendants.

being determined, what the total attorney fee could be and the average paycheck of how much each lawyer working on the case will receive.

- **Class Action Pre-Certification Notice or "CAPCN" letter**: A practical remedy to help deter unreasonable attorney fee demands, prior to a Court certifying a case as a Class Action lawsuit, the plaintiff and plaintiff's counsel in such case shall be obligated, to give defendant prior notice (the "CAPCN" letter) which provides clear and unambiguous information concerning:
  - The legal rationale on what the Class Action complaint is all about (a 'show cause' testament);
  - How much Class Member compensation (cash and non-cash) the defendant is expected to pay to resolve the complaint, net of any attorney fee;
  - The amount of claimed attorney's fees incurred as of the CAPCN letter, but prior to certifying a case as a Class Action Lawsuit;
  - Such letter then giving the defendant an opportunity to resolve the complaint without Class Action certification, and if a defendant offer of resolution is rejected, if after a case is certified as a Class Action Lawsuit, and the case is resolved in favor of Class Members (either by settlement or court judgment) the Class Action claim (not including attorney's fees) is equal to or less than what the defendant offered to settle with the CAPCN letter, then in that circumstance, any claimed attorney fees will be limited to what was offered at the CAPCN stage of resolution.

- **Opt-In Class Action Participation**: Class Action laws should be modified that require Class Members to affirmatively by written notice to the Court, to "opt-in", in order to participate in the Class Action Lawsuit. Most non-USA legal systems require an 'opt-in' standard in order to participate in a Class Action Lawsuit. The history of this opt-in standard illustrates that Class Action Lawsuit filings are few in number and not abused by plaintiff's counsel BUT more important, has NOT resulted in numerous lawsuits by non-Class members bringing their own action – which deters USA plaintiff's counsel opt-out justification arguments that an opt-in standard will cause an explosion of small cases...not true. An opt-in standard is a great tool to modulate the acceleration of the USA Class Action Lawsuit industry growth...driven much by attorney fee greed.

### Background: Class Action Lawsuit Boot Camp

**Class Actions** (also known as a **Class-Action Lawsuit, Class Suit, or Representative Action**) are most common where the allegations usually involve at least 40 people who the same defendant has allegedly been injured in the same way. Instead of each damaged person bringing one's own lawsuit, the Class Action allows all the claims of all Class Members—whether they know they have been damaged or not—to be consolidated and resolved in a single proceeding through the efforts of **Representative Plaintiff(s)** and Representative Plaintiff's lawyers appointed as **Class Counsel**. The Class Action binds (by default) all Class Members (victims) of the Class (including being bound by the attorney fee arrangement agreed with the initial Representative Plaintiffs in a Class Action Lawsuit – a huge exception to the general rule where attorneys and their individual clients mutually agree to fee arrangements), unless a Class Member gives timely notice to opt-out and not be represented by such Class Action. Depending on the Class Action details, any victim that opts-out, may or may not preserve its right to bring its own separate lawsuit (and individual attorney fee arrangement).

There is a familiar saying about "strength in numbers." For example, a single person who was misled into paying 50 cents too much for an illegally overpriced stick of deodorant doesn't have enough incentive to go to the trouble and expense of litigation just to recover that small amount of money. Even-so, because the United States has had a culture of being litigious (billboard justice has become the norm), regardless of the merits or size of a claim (perhaps on occasion Caveat Emptor- buyer beware - is the better and more honest remedy), U.S. centric attorneys are quick on the lawsuit panic button, because the fabric of U.S. justice promotes win-lose sledge hammer litigation mindedness accompanied with huge attorney fee awards and not mature hand-shake win-win resolve. (Restitution is better placed in the Board Room and not the Court Room).

It's when many people—often tens of thousands, or more—are honestly harmed a similar way by the same problem, that a Class Action lawsuit *may* be worth bringing. (*May* in the sense every little wrong does not justify a remedy – as some assumption of risk and impact is the more honorable and logical thing to do – just like bringing up a child, until a boundary is known and not to be broken, punishing a first-time innocent offender does nothing to promote the development of a child into healthy adolescence). Uniting all similarly affected parties into a plaintiff's Class (Class Members) has the effect of raising the stakes significantly for [corporate] defendants. That's part of the law of the jungle. It's more likely that an honorable Class payoff will be worth fighting for, and companies that face the prospect of Class Action liability, have a strong incentive to settle a merit based claim and correct their behavior (even though many have acted innocently and without intent to do wrong) and implement better (learn from their unintentional mistakes) business practices, designed to prevent bad (whether intentional or unintentional) practices – which illustrates a merit based circumstance, and not one based on astute plaintiff's legal counsel crafting a claim (and sugar plum vision of huge attorney fee award) because of the uncertainty and speculative nature of the underlying law.

Even-so, small claim litigation revenge tactics should [must?] always be tempered (rejected?) with what justice is all about. All small claim infractions do not justify seeking combat lawsuit justice, more times than not premised on seeking revenge – where in many cases, attorney's stir the

emotions pot of the 'victims' to use the litigation hammer and unjustifiably beat up the alleged wrongdoing but honest defendant. In whose best interest are Class Action Lawsuits brought? For alleged victims? Huge fee greedy attorneys? Correcting a real wrong? Correcting an illusionary wrong? Justice for ALL?

**Advantages[9] of a Class Action Lawsuit, includes:**
- **Efficiency**. Combining meritorious cases in a Class Action can increase the efficiency of the legal process and lower the costs of litigation. In cases with common questions of law and fact, aggregation of claims into a Class Action may avoid the necessity of repeating days of the same witnesses, exhibits and issues from trial to trial. That's the theoretical argument…but in reality, the likelihood of a plethora of case filings is highly unlikely.
- **Meaningful**. A Class Action may overcome the problem that meaningful small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A Class Action ensures that a defendant who engages in widespread harm (whether intentional or not) – but does so minimally against each individual plaintiff – must compensate all affected individuals for their injuries. But in all cases, is that justice? (Every little wrong may have a remedy but that remedy may be a mature assumption of risk attitude and get on with life and not revenge or a course of conduct to create a vehicle to justify an award of large attorney fees way out of proportion of victim awards).
- **Behaviour Incentive**. Class-Action cases may be brought to purposely and honorably change behaviour (whether by intentional or unintentional acts) of a class of which the defendant is a member.
- **Race To the Bank**. In "limited fund" cases (which means the defendant(s) do not have 'deep pockets' and not financially strong), a Class Action ensures that all plaintiffs (victims) receive some relief and that early filing plaintiffs (they win the race to the bank) do not raid the common fund (owned by the shallow pockets of the defendant) of all its assets before other plaintiffs may be compensated.
- **Confusion**. A Class Action avoids the situation where different court rulings could create incompatible standards of conduct for the defendant to follow.

**Disadvantage of a Class Action Lawsuit, includes:**
- **Caveat Emptor (Buyer Beware – Victim Liable for Certain Consequences)**. Class Action procedures are arguably inconsistent with due process mandates and unnecessarily promote litigation of otherwise small, trivial claims, and challenges what Justice is all about. A certain amount of risk is expected to be assumed by the public without recourse for someone else to pay in all circumstances. There needs to be a rational balance between seeking justice and seeking revenge or a vehicle to achieve an award of large attorney fees. What is honorable and what is greed?

---

[9] While these advantages in a theoretical sense make for good ideological arguments…and justification behind plaintiff's and their counsel promoting Class Action Lawsuit cases, the reality of life is that it is highly unlikely a plethora of individual cases will flood the courts with nominal claims, nor inconsistent rulings influence the cause of Justice.

- **Abuse**. The preamble to the (Federal) Class Action Fairness Act of 2005, implies that some Class Actions are abusive, harm Class Members with legitimate claims, especially where most defendants have tried to honestly act responsibly, and such abuse, adversely affecting interstate commerce (legitimate businesses stops providing useful consumer goods or services in fear of defending costly abusive Class Actions), and undermined public respect for the country's judicial system and what Justice for ALL means (the Court's permitting abusive Class Actions to be pursued – sometimes as a vehicle for Class Counsel to secure huge fees while the real victim's receive nominal value).
  - More times than not, Class Action Lawsuit defendants are reputable companies. These companies utilize their own legal and business experts who give advice and counseling and what to do to comply with relevant State and Federal laws. Rare is the reputable company that intentionally violates a law but in contrast, acts responsibly for law compliance. Even-so, many laws are written so broadly and many ambiguous as to what is right or wrong, and because of business complexity and broad interpretations of the law, stealthy plaintiff's litigation counsel are capable of crafting an argument (with or without merit) that often creates an illusionary environment of uncertainty (the 'fog index') whether or not a reputable company violated a law. An attorney's job is to represent the best interest of their client and earn a fee (legal representation is a vocation and profession) AND comply with professional standards of conduct – the ethics of law – Justice for ALL mandates. Because of law interpretation uncertainty and speculation, reputable companies will, without any admission of liability, often settle a case, to avoid unnecessary defense expenses, wasted time, and unwanted bad publicity – since rare is the opportunity for the defendant to honestly present the more honest defense facts, as the consuming public do not have the time or inclination to listen to such (that's human nature that plaintiff's counsel understand and use to their benefit). (Not unlike the quick message broadcast in roadside billboard lawyer advertisements, advising that the 'hammer' goes after truck drivers involved in accidents – automatic guilt and remedy – so much for due process. The ugly side of Justice).
- **Victims Are Secondary**. Class Members often receive little or nominal benefit from Class Actions.
  - Examples
    - Huge fees for the attorneys, while leaving Class Members with token coupons or other awards of little or nominal value;
    - Unjustified awards are made to certain plaintiffs at the expense of other Class Members (such as Representative Plaintiff's requesting priority payments for them having started the lawsuit or acting as Representative Plaintiffs); or such Representative Plaintiff's being paid a 'bounty' fee for having initiated a case that prompted the Class Action certification, and hence an 'entitlement' to a bounty that other Class Members, who merely missed out on being the initial claimant, is not entitled to such bounty. This

bounty is an unreasonable win-fall for such plaintiff's and contrary to ALL Class Members being treated the same;

- Confusing published and mailed Class Action postcard claim notices, that interfere with Class Members being able to fully understand and effectively exercise their rights;
- Laws require the Court's approval of all Class-Action settlements, and in most cases, Class Members are given a chance to opt-out (not participate) in Class Action settlements. Even so, though Class Members, despite being given opt-out post card claim notices, may be unaware of their right to opt-out because they did not receive the notice, did not read it or did not understand it.
  - The Class Action Fairness Act of 2005 attempts to address some of these concerns…
    - o An independent expert may scrutinize 'coupon settlements' (where a business is willing to issue 'coupons' that provide for a discount or payment for future goods or services) before the Court's approval of the settlement, in order to ensure that the settlement will be of [some?] value to the Class Members.
    - o Since many Class Members do not use or spend their coupons (many are trashed or forgotten), the award of contingency attorney's fees includes the value of unused coupons which means such fees should be lowered in regard to unused coupons. Even so, coupons are not customarily part of Class Action lawsuit settlements.
- **Who Is the Victim?** Various studies of Class Actions in federal court found that many plaintiffs (victims) received only a tiny fraction of the money awarded while plaintiff lawyers frequently secured a huge, highly disparate share of the settlement than their clients – the real victims in the lawsuit. Many Class Action lawsuits can be viewed as merely a vehicle or conduit through which attorneys can secure huge fees and not an honest mechanism of seeking Justice for real victims.

State and Federal laws provide for the bringing of Class Action Lawsuits. Most of the time a Class Action lawsuit is brought in federal court and not a State court, because:

- The victims (plaintiffs) in the lawsuit are resident in many States (diversity of citizenship), consequently, federal court is viewed as being fairer to all plaintiff's instead of those residing in any one particular State;
- Federal Courts are more experienced with hearing Class Action Lawsuits;
- Class Action Fairness Act of 2005, is a federal law that makes it easier for Class Action Lawsuits to be heard in federal courts.

An individual lawsuit often starts out with one or more initial plaintiffs (victims), claiming some business or entity violated a Federal (or State) law. Coincident with that case, the underlying complaint indicates there are many more similarly and adversely affected victims.

Attorneys who accept such a 'small' case, recognizing there are many potential victims with similar claims, will petition a [federal] court to *certify* the case as a Class Action lawsuit (thereby turning a small case into a big case on which to base large attorney fees), naming the initial plaintiff's as 'Representative Plaintiff's' (or lead plaintiff's) in the Class Action claim and the attorneys requesting the Court (because of counsel's Class Action skills) to also name (certify) them as Class Counsel, thereby representing all victims. By such Representative Plaintiff winning the race to the courthouse and advancing a Class Action certification claim, that initial plaintiff filing and certification filings has automatically resulted in many rights of other potential Class Member plaintiff's being denied: such as (1) the right to select counsel and agree an attorney fee arrangement, (2) the right to pursue a claim or not, and (3) the right not to be forced into a lawsuit as a participant since State and Federal Class Action laws default to an automatic opt-in standard of participation.

After the Class Action Lawsuit is well advanced – sometimes many months or years (where Class Counsel has reached a tentative settlement agreement with defendants for both victim's damages and attorney's fees or resolved a case at trial), Class Member's for the first time become aware of the Class Action Lawsuit, by receiving a postcard claim notice in the mail:

- Advising them of the lawsuit (most not even aware they were a party to a lawsuit),
- Awareness that they are an identified Class Member victim,
- Guidance on where to obtain information (usually on-line through the internet), that includes guidance on what the suit is about and what remedy Class Members may be entitled and how to file a claim as well as some general reference to filing objections (regarding adequacy of the claim settlement or reasonableness of requested attorney fees).
- The notice will also cite unless the Class Member timely opts-out (elects not to participate in the Class Action lawsuit) of the suit, they will automatically be included, generally at no cost, and will be bound by any outcome of the suit or settlement.

When plaintiff's Class Counsel wins a Class Action lawsuit, or when they secure a pre-trial settlement with the defendant, legal fees and court costs are typically demanded in the award or Claim. This Total award or Claim is often referred to as the "Common Fund," from which legal fees, as well as recovery for Class Members damages, are paid, unless a separate claim is made for attorney's fees on top of total Claim to be awarded Class Members.

### Attorney's Fees

While the practice of law seeks Justice, it's still a business, and unless an attorney has agreed to work pro bono (free of charge, a public service), an attorney can expect [reasonable] compensation in exchange for their legal services.

Federal and State Courts in the United States in regard to attorney's fees, follow what is called the 'American Rule'. What this rule means is that each party (both plaintiffs and defendants) in a lawsuit are responsible for funding and paying their own attorney's fees, no matter who wins the case.

However, this Rule can be modified by either…

- **Contract**: Parties to a contract can agree under certain circumstances, one of the parties will pay the legal fees of the other in regard to a particular dispute, or
- **Statute**: If there is a law (a statute) that specifically provides as part of its remedies, award of attorney's fees to a successful party – normally the plaintiff (i.e., a defendant is ordered to pay plaintiff's attorney fees). Many times, such statute-based award of attorney's fees can be many times greater than the value of actual damages suffered by a successful plaintiff, or
- **Settlement**: Plaintiff's attorney fees could also be paid by defendant, as a result of the defendant settling a case and volunteers to include payment of plaintiff's attorney fees as part of the settlement. (Theoretically, attorney's fees agreed by defendant as part of the settlement, is a form of a contract whereby, the attorney's client acquiesces in that fee arrangement as if the attorney and their client negotiated such fee arrangement).

The details of how attorney fees are typically determined and calculated is a matter of negotiated contract between an attorney and their client, and can be:

- An agreed hourly rate billed by the attorney and paid by the client (a 'fixed fee' arrangement), or
- A contingency fee, where the attorney does not charge a separate fee, but will take a percentage (25% to 40% as examples) out of a successful award (hence the attorney fee is contingent on winning a case). If the attorney is not successful in winning a case (either by going to trial or securing a pre-trial settlement), then it will not receive a fee, or
- A combination of fixed fee and contingency fee.

In a Class Action Lawsuit, the Representative Plaintiff is the _only_ plaintiff who negotiates attorney fee arrangements for the Class Action. All other Class Members do not participate in such negotiations, and as a consequence, if they participate in the Class Action (and not opting out), then those Class Members have impliedly and automatically agreed with the attorney fee arrangement established between Class Counsel and Representative Plaintiffs. Typically, Representative Plaintiffs will agree with Class Counsel to a contingency fee (and not a separate out-of-pocket 'fixed fee' hourly rate – unless the claim is based on a statute that provides for award of attorney fees), which means Class Counsel will deduct its contingency fee from any Class Action successful award (either determined by trial or pre-trial settlement).

_Even so, any attorney fee arrangement must still be tested by the Court for reasonableness. This reasonableness test applies even with "clear sailing" agreements which are cases in which the defendant agrees to a noticeably large award of attorney fees and agrees not to object to that amount (perhaps a defendant quick dispute resolution tactic whereby Class Counsel are incentivized with a quick paycheck while the victims award may be lacking – which may challenge the ethics of representative counsel giving priority to representing the client's best interest and not preference to the attorney's paycheck)._

**Advantages of Contingency Fee Structure Includes:**

- No Up-front Fees. Helps give those lower-income clients better access to legal assistance and the court system.
- Incentive. If attorneys don't get paid unless client gets paid (win's its case), the attorney will be highly motivated to do everything in their power in order to get their client the best possible result. A performance-based agreement.
- No Costs for Losses. Lawyers are willing to risk not collecting a fee for the work they put into things.
- Contingency fees are helpful in cases where a client is short on funds and has an otherwise costly or complicated case.

**Disadvantages of Contingency Fee Structure Includes:**

- Encourages attorney to pursue non-merit case as nothing to lose but their time and foregoing other clients, and in a slow work environment, not much may be given up, or the pot of gold huge attorney fee incentive is worth the gamble to pursue a case[10].
- A contingency fee arrangement can and often does cost a client more than a regular hourly fee.
- Once the parties agree on the contingency fee, the client owes the agreed upon percentage no matter how long the case will take–whether it takes a year or a week or two hours. This is especially true in the rare 'clear-cut' cases that may only require a few phone calls and a couple of hours of work in order to settle.
- Incentivized contingent fee lawyers may settle too soon and for too little to acquire a quick paycheck, and the client suffers.
- Contingent fees are usually too high relative to the risks that attorneys bear in a particular case, especially where they control whether or not to take a case and have already run their own risk of winning assessment analysis not shared with the client. (Is this insider knowledge and not in the best interest of the client?)

Since Class Counsel represents all Class Members and not just the Representative Plaintiffs, the Court must approve any settlement award for all Class Members including attorney fees.

Approval is conditioned on the **_settlement_** amount being **_fair, reasonable and adequate_**, and **_attorney's fees_** are **_reasonable_**.

Whether a Class Action settlement agreement is fair, reasonable and adequate, has been a bone of contention for companies who have pushed for **tort reform**, particularly as it concerns awards of huge attorney fees in Class Action litigation. These companies often complain about the huge awards of attorney fees that often change hands in Class Action settlements the amount of which are often extremely greater than actual damages claimed by plaintiffs, and they argue that **damage caps** and limits on attorney fees are necessary for the sake of justice, reasonableness and fairness.

---

[10] While there is a risk in a contingency fee structured case of losing and not receiving a fee, attorneys who accept contingency cases are normally skilled at assessing the risk of recovery, and consequently are comfortable when they take on such cases that they more than likely will receive a fee. Not unlike the contingency fee-based billboard litigation hammer attorney seeking justice from truck driver accident bad guy defendants (and their insurers). Such sound bit messaging masks over the more honest concepts of justice, due process, unintentional accident, factual circumstances and a few other miscellaneous tid-bits that populist minded ears don't have time to listen to.

## Attorney Fees Reasonableness Test

Court's look to a variety of resources to assist them in determining if requested attorney's fees in a Class Action lawsuit are reasonable. If the court finds that the attorney fee agreement is unreasonable or unfair, the court may step in using its discretionary powers and either invalidate the agreement or amend it to make it reasonable.

Four significant resources used by the Court to test for reasonableness include:

1. American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees (many State Bar Association Rules of Professional Conduct are patterned after the ABA Model, and an attorney is duty bound to adhere to the Rules of Conduct else suffer consequences which could include disbarment from practicing law);
    o A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
    o Traditional fee analysis to determine reasonableness takes into account…
        ▪ the time and labor required,
        ▪ the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
        ▪ the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
        ▪ the fee customarily charged in the locality for similar legal services;
        ▪ the amount involved and the results obtained;
        ▪ the time limitations imposed by the client or by the circumstances;
        ▪ the nature and length of the professional relationship with the client;
        ▪ the experience, reputation, and ability of the lawyer or lawyers performing the services; and
        ▪ whether the fee is fixed or contingent
    o The traditional approach to proving attorneys' fees is for an attorney—sometimes the same attorney representing the party seeking fees—to testify as an expert on what are reasonable fees for the case (a little self-serving but them's the rules).

2. Federal Rules of Civil Procedure, Class Action Rule 23;
    o The Court '***may***' [*emphasis added, a discretionary power*] award reasonable attorney's fees that are authorized by law or by the parties' agreement.

3. Class Action Fairness Act of 2005;
    o Class Action settlements [damages and attorney's fees] are subject to Court approval,
    o Reports are to be filed with the House of representatives and the Senate containing
        ▪ Recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit;
        ▪ Recommendations on the best practices that courts can use to ensure that—the fees and expenses awarded to counsel in connection with a class action

> settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the litigation;
>   - Recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement.

4. Court rulings, in particular attorney fee reasonableness test criteria described in
   - Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
   - Determining reasonable fees under the **lodestar method** is a two-step process.
     - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.
     - The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a *reasonable* fee in the case.
   - Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
   - Reasonableness takes into account the factors used by the traditional fee determination.
   - Lodestar, presumably refers to a number that provides a guiding point-or lodestar-in the determination of an appropriate attorney fee award.

What is evident from assessing the resources used to determine what is or is not a reasonable attorney fee, is fraught with many subjective elements and not much independent deterministic[11] tests.

Class Counsel submit copious documents defending its request for attorney's fees. The extent of this documentation can be voluminous and taxes the limited resources and busy dockets Courts have to study in detail all documents, consequently a challenged circumstance to fully assess all allegations and supporting documents. At times the sheer weight of filed documents can be a substitute for believed validity and justification. Elegant simplicity is more beneficial and honorable than intellectual complexity. The observation is that better guidance is needed in resolving what is or is not reasonable in regard to attorney's fees and perhaps time for updated legislation to provide clarity and reduce the fog.

Consequently because of this absence of certainty, or at least a more determined method of attorney fee computation in Class Action lawsuits, astute counsel is free to argue for just about any fee they wish and paint it with broad strokes of reasonableness and justification whether in fact or

---

[11] As in physics, deterministic refers to a cause-and-effect result which means if the same input to a situation is used again, then the same result will occur. A consistent and expected result. In contrast, a probabilistic result means if the same input is used again in a situation the outcome can be different. An inconsistent and uncertain result such as a 50% chance of such and such happening. Chaos is the extreme of the two which refers to a circumstance that is totally unpredictable regardless of the input.

illusionary. Just how long is a piece of string? Where is justice in all this, other than the rubber stamp embossed with '**APPROVED**'?

<u>Use, Misuse and Abuse – Standards of Proof and Other Reforms</u>

As in most things in life, we humans can use a tool or seek justice, in the spirit of what was honestly intended – a proper use, or take a less honest path of misusing or abusing the circumstance.

The more honest argument of the extent the Class Action industry and the participants in that syndicate have often wandered from the righteous path of intended honorable use to less honest misuse or abuse paths are illustrated in the following examples…

**Certification Reform**. Original or Representative Plaintiffs seeking to certify a case as a Class Action lawsuit under Federal Rules of Civil Procedure, Rule 23 must plead and prove: (1) an adequate class definition (precise and unambiguous, identity of class members is reasonably determined excluding remote and unlikely victims) (2) ascertainability (fairly easy process to identify class members), (3) numerosity (a showing that joining and naming all Class Members in a common lawsuit is impractical) , (4) commonality (questions of common fact and law), (5) typicality (claims of the Representative Plaintiffs are typical of the claims of Class Members), (6) adequacy (Representative Plaintiffs will fairly and adequately protect the interests of the class – no conflict of interests) and (7) at least one of the requirements in Rule 23(b), namely: (a) separate adjudications will create a risk of decisions that are inconsistent with or dispositive of other class members' claims, (b) declaratory or injunctive relief is appropriate based on the defendant's acts with respect to the class generally, or (c) common questions predominate and a class action is superior to individual actions.

Not unusual, expert testimony (often from compensated academia professors – hired guns, invoking often complex and little understood statistical analyses and arguments of why the ingredients exist for justifying a case as a Class Action lawsuit – who are also governed by use, misuse and abuse standards of conduct) are used by attorney's as a resource to establish enough 'doubt' in the mind of the judiciary, that the easy course is to certify a case as a Class Action lawsuit. The adage there are liars, damn liars and statisticians, is still in vogue. Given enough complex equations, PowerPoint slides and laser pointers, an expert can argue just about any side of a case and sound pretty convincing – especially when it's paid for testimony and the basis of a decision is foggy, not deterministic and dependent on subjective feelings. And to think all of this insightful assessment of class certification takes place in a few minutes or a few hours at a court room hearing (the court docket of which is always busy and a court's objective to move things along – justice to is dependent on the sweep of a ticking clock) in which participants in that hearing claim some sort of justified immediate understanding and acceptance of what the truth is and make an on the spot decision – yay or nay to certification. It takes a university student often many hours if not days just to solve one calculus or differential equation math problem – not including the study and prep time…yet the complexity of class action certification decisions happens in the twinkle or an eye.

The Representative Plaintiffs bear the burden of proving that the prerequisites to class certification have been met by a *preponderance of the evidence*. Theoretically this standard is supposed to be based on evidence and not speculation.

A certification decision can be challenged, and an appeal made to a higher court. An appeal may be accepted when: (1) the decision is questionable and the certification order represents the death knell for a defendant who will be compelled to settle even if the plaintiff's claims are not meritorious, (2) the decision raises an unsettled, fundamental and generally applicable issue of law that will likely evade end-of-the-case review, or (3) the decision is manifestly erroneous.

Reform is needed in the law or Rules, to cause the courts to be more pragmatic and reflective in a class certification decision. Some potential reforms might include:
- A separate Commission is relevant, composed of independent experts from many disciplines, who must first hear the class certification arguments and provide their opinion to the court whether the tests for certification are honestly and factually present, the cost of such Commission paid for by the plaintiff (and if a class is certified as a Class Action, the plaintiff in a successful Class Action lawsuit may include that cost in their recovery)
  - Often times when one is at risk of incurring an out-of-pocket cost, their desire to pursue a certain path is more tempered and reflective and becomes a self-assessing factor to not pursue highly questionable course of conduct;
- A separate and specially trained or class action certification expert judge or magistrate independent from the court a case is filed in, rules on a certification argument.
- If a class certification request is denied, the plaintiff is responsible for paying the defendant's costs and attorney's fees for defending the matter. A statutory form of attorney fee but paid by the losing plaintiff.

**Standards of Proof Reform**. The standard of proof in a court, listed in order of the degree of persuasive arguments (highest and most intense listed first) include:

- Beyond a reasonable doubt in criminal law.
- Clear and convincing evidence
  - Present evidence that leaves the listener with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.
- Preponderance of the evidence in most civil cases.
  - Prove that something is more likely than not.
- Probable cause in the acquisition of a warrant or arrest proceeding.
- Reasonable belief as part of establishing probable cause.
- Reasonable suspicion in cases involving police stop and searches.
- Some credible evidence in cases necessitating immediate intervention, like child protective services disputes.
- Some evidence in cases involving inmate discipline.
- Substantial evidence in many appellate cases.
  - Degree of relevant evidence which a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree.

Class Action certification and other proofs in a Class Action lawsuit are governed by the Preponderance of the Evidence standard of proof, as is most civil lawsuits. Because of the unique nature of a Class Action lawsuit, and the heightened unique exposure to claims of a defendant to

many plaintiffs and defendant's expanded defense burdens, the standard of proof in a Class Action lawsuit should be based on Clear and Convincing Evidence. Such a standard will go a long way towards self-governing promotion of the honesty of a case in regard to hired gun expert Class Certification complex testimony and Class Action attorney specialists promoting the Class Action industry. Justice can still prevail even with a Clear and Convincing Evidence standard of proof, but the burden shifts to the plaintiff to present a more honest case.

**Self-Serving Reform**. Class Counsel representing a Class Action lawsuit, is obligated to demonstrate Class Member (victim) remedies are tested to a standard of being **fair, reasonable and adequate** and any claim for attorney's fees be tested to a standard of **reasonableness**.

In many cases Class Counsel unnecessarily strains the honesty standard of argument, that the case is shoe-horned to fit within the standards of reasonableness, fairness or adequacy. The more honest arguments include:

- Argument: Class Members have not objected to the size of the remedy or attorney's fees so therefore they must by default be reasonable.
  - o Reform: Most Class Members only became aware they were entitled to a claim when they received postcard notice from Class Counsel the claim exists, and typically the claim amount is so small, the Class Member may or may not file a claim (assuming they spend time to study the notice), and spend no time challenging the suit given the small nature of the event. Hence arguing the absence of objection as part of the rationale of a claim and attorney fee being reasonable is a rather salty circular self-serving argument, and one hopefully a court will disregard (ignore?).
- Argument: Attorney's fee claims are comparable to other Class Action lawsuit awards, citing common percentage take regarding contingency fee awarded attorney's fee in other cases.
  - o Reform: This one-size-fits-all attorney fee reasonableness standard is contrary to the obligation of attorneys to determine their fee on the merits and effort involved in each individual case. Reasonable attorney's fee justification is not like earning a fixed real estate agent sales commission (the 6% 'standard' shared between buyer and seller agents). Then again, justifying a fee based on other case 'standards', is another admission of the observation that Class Action lawsuits have become a commoditized industry and vehicle to rack up huge attorney's fees and not a forum for justice.
- Argument: Expert testimony (often university professor experts – hired guns) demonstrate with subjective little understood complex statistical stealth, that the basis of a case is sounded as evidence and proof of the bad conduct of a defendant.
  - o Reform: An expert arguing in a security fraud case for example, that defendant's alleged bad conduct caused an inappropriate one penny swing in a defendant's stock price…is a pretty far-fetched argument to make, given stock price swings happen on a daily basis and to pin-point specific conduct of a defendant why the swing happened, especially when a nominal amount, is often a bridge to far…and all the more reason to have a Clear and Convincing Evidence standard of proof.
- Argument: Class Counsel base their attorney fee on a contingency basis, a percentage of the Claim award to Class Members, citing Class Action 'victims' are seeking justice and

Class Counsel graciously accepting a case to advance that justice and willing to do so on a contingency basis relieving the Class Members of bearing the legal costs of a case, and usually such fees are paid by a losing defendant if an underlying statute on which a case is brought provides for attorney fees as part of the remedy.

- o Reform: How often does Class Counsel seek to orchestrate a case as a Class Action lawsuit, driven by the objective of increasing the size of a Claim because of Class Member participation, and the size of the percentage take from a large Class Action Claim as attorney's fees, is hugely more valuable than a percentage take from an individual plaintiff claim? Thus, an observation that contingency attorney's fees should not be permitted in Class Action lawsuits, leaving the attorney to justify their fee based on reasonableness standard tests associated with time and hourly rates.

- Argument: Class Counsel justify the merits of a Class Action case (either as certification as a Class Action or violation of a law) and their right to attorney's fees, based on a plethora of cited cases, mountains of self-serving justification documentation and other resources heaped upon a court's already busy docket. The weight of the argument is based on the paper weight of the documents filed and not on the quality and weight of evidence of the argument.

  - o Reform: Similar to discovery proceedings, perhaps attorneys should be limited to the number of pages of documentation they file in a case, unless a show cause hearing is held to show why more and not less is necessary. The goal being elegant simplicity vs intellectual complexity. Whenever an argument is based on excessive rhetoric and paper weight, red alarm bells should ring louder than ever that the underlying honesty of the argument is lacking and being displaced and made up by heavy mass and not quality class arguments.

## Justice and Class Action Lawsuits

The Class Action lawsuit industry seems to have wrinkled the path of what justice (or injustice) is all about.

The Declaration of Independence, the Constitution of the United States of America, and the Bill of Rights, the "founding documents" of the nation, speak directly to the ideals of freedom from oppression, equality, and justice _**for all**_. Justice is fairness and equal treatment and applies to both the plaintiff AND the defendant since that simple '_all_' word is rather encompassing.

Class Action Lawsuits seem to treat defendants as tyrants and oppressors of the public. That is not justice for _all_.

What is just remains a matter for debate. Observing the same outcome of a situation, one person may say justice was done. Another may declare the outcome an injustice and great wrong. Is the porridge too hot or just, right? Is the attorney fee too huge or just, right?

Justice may be viewed as a subjective process of assessing the fairness of relations between individuals and groups of people, such as...

- Getting what one deserves.

- Equitable sharing of civic burdens.
  - We all get car door ding marks, and we all give them. While such is normally an accidental 'wrong', to seek a $50 door ding damage repair bill and charge a $10,000 attorney fee is not what justice is *all* about. Revenge maybe. Assumption of a certain amount of risk is a constant balancing act in anything us humans do. (Maybe the door ding issue can be resolved by car makers installing soft bumper guards on door edges or wider parking lanes.)
- Individual virtue and ethical conduct (especially attorney's whose law license demands they honor Bar Association ethics and code of professional conduct and act responsibly and always seek justice for *all* and not revenge).

Is it unreasonable/unethical for plaintiff's attorney to pursue a Class Action lawsuit, knowing their fee will be many many magnitudes greater than any nominal recovery of victims, where such huge fee is paid to the attorney instead of compensation to the victims? Is that justice?

Are huge attorney fee awards seen as a substitute for punitive ('punishment') damages above and beyond actual damages, of a Class Action lawsuit defendant? Justice would suppose punishment is by way of compensation paid to victims, and where applicable, award of punitive damages (also paid to victims above and beyond actual damages) as a punishment for unacceptable intentional egregious acts of defendants. Attorney fees are in relation to reasonable honest legal services provided on behalf of the plaintiff/victims and NOT a means of punitive punishment of defendants.

Who does justice define as the victim? The Class Member victims? Plaintiff's lawyers as victims? Defendant victims being exposed to paying huge legal fees and lawyers misusing or abusing what justice is *all* about?

It's time for a change.

# EXHIBIT K

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| WILLIAR D. RICHARDSON, and JAMIE YEOMANS, individually and on behalf of others similarly situated,<br><br>                                              Plaintiff,<br><br>v.<br><br>IKEA NORTH AMERICA SERVICES, LLC and IKEA U.S. RETAIL, LLC,<br><br>                                              Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 2021CH05392 |

**OBJECTION**
**TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES, AND CLASS**
**REPRESENTATIVE SERVICE AWARD**
**AND REQUEST FOR DOWNWARD ADJUSTMENT**

1. Objection Applicant, Larry D. Killion, herein 'Applicant', a Settlement Class Member (Claim#: IKI-14893879601-4611511 – see attached Notice of Class Action Lawsuit Postcard) submits this **OBJECTION, to apply to the entire class (and not just to me personally),** the Applicant does not plan to attend the Final Approval Hearing, is not represented by counsel and is a pro se Applicant, to the best of my knowledge the date and location of the purchase of goods from Defendant Ikea for which to the best of my recollection I received a receipt that may have contained more than the last 5 digits of my credit card (but because of the length of time between the purchase in October 2019 and this date, March 2023 over two years, I do not routinely retain copies of such receipts – and candidly I suspect that circumstance applies to the vast majority if not all of the Class Member), occurred at 7810 Katy Fwy, Houston, Harris County, TX 77024, Ikea's local business address, on October 15, 2019 (copy of credit card receipt attached, redacted to delete non-relevant private information), and request for modification and downward adjustment of any pending or submitted Plaintiff's Motion For Award of Attorneys' Fees and Expenses, and Class Representative Service Award (herein the 'Motion') because such Motion is unreasonable, unfair and not in the best interest of the Settlement Class Members.

   *This Objection is based on those documents of record in Plaintiff https://www.ikeaUSfactaclassaction.com, as of the date of this Objection.*

FILED DATE: 6/29/2023 4:00 PM 2021CH05392

## OBJECTION

2. Rationale behind this Objection, includes...

2.1 Although Representative Plaintiff's in this Class Action Lawsuit have ostensibly approved the the Application, I do not agree with such approval, and hereby submit this Objection.

2.2 The Motion is not in the best interest of Settlement Class Members and is not reasonable.

2.3 The Motion must be thoroughly tested for its reasonableness, and should take into account:

2.3.1 American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees

- o A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
- o Traditional fee analysis to determine reasonableness takes into account...
  - the time and labor required,
  - the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
  - the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
  - the fee customarily charged in the locality for similar legal services;
  - the amount involved and the results obtained;
  - the time limitations imposed by the client or by the circumstances;
  - the nature and length of the professional relationship with the client;
  - the experience, reputation, and ability of the lawyer or lawyers performing the services; and
  - whether the fee is fixed or contingent

2.3.2 The well thought out reasoning of award of Attorney Fees in similar Federal Court Class Action Ruling rulings, in particular attorney fee reasonableness test criteria described in

- o Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
  - o Determining reasonable fees under the **lodestar method** is a two-step process.
    - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.
    - The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a *reasonable* fee in the case.
    - Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
    - Reasonableness takes into account the factors used by the traditional fee *determination.*

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

2.3.3   Class Action Fairness Act of 2005;

- o   Since the case was brought under FACTA, a federal law, Class Action settlements [damages and attorney's fees] are subject to Court approval under State Law consistent with Federal Law which takes into account…

    - o   Reports filed with the House of representatives and the Senate containing recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit and recommendations on the best practices that courts can use to ensure that— the fees and expenses awarded to counsel in connection with a class action settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the litigation; recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement

3. The Court is requested to deny Plaintiff's request for the Incentive Payments of up to $10,000 to two named Representing Plaintiff's, such payment is in the nature of a bounty paid for winning the race to the Court house to first file a lawsuit, and such bounty merely acts an unjustifiable incentive and inducement for Court house racers to promote litigation for the purpose of winning a bounty instead of seeking justice and is an unconscionable taking of assets belonging to Class Members, who are otherwise advised their individual award is in the $30 to $60 per Member range, which compared to the $10,000 bounty (PLUS any additional Settlement Fund allocation), is outrageous, unreasonable and not fair. The Class Members are all victims and to treat some grossly different than others shocks the conscience of justice and should likewise shock the conscience of the Court.

The Court is requested to invoke its discretionary powers to modify and reduce the Motion to make it reasonable.

4. The economics of the requested Motion indicate:

4.1 The proposed total Settlement Amount to all Class Members is $ $24,250,000.00.

4.2 Individual Class Member award are estimated to be $ 30-$60.

4.3 Total applied for Attorney Fees of $9,700,000 and Expenses of $29,091.16 (to be deducted from Settlement Amount).

4.4 $20,000 Incentive Payment to Representative Plaintiffs (to be deducted from Settlement Amount).

4.5 Plaintiff's counsel have not presented any statements advising of the actual hours spent on the case nor the hourly rate of each individual billing time to the case, nor the indicated average payment to each lawyer claiming a fee.

FILED DATE: 6/29/2023 4:00 PM 2021CH05392

4.6 The disparity between the amount of recover to each Class Member compared to the paycheck each attorney could receive suggests an exorbitant and unreasonable basis of on which to base attorney fees.

5. Any reduction in the Motion is requested to be returned to and distributed to the Settlement Class Members, the real victims of this cause of action, and not as a contribution to attorney fees or bounty Incentive Payment.

6. A review of class action settlements suggests attorneys typically are 'rubber stamped' awarded their request because in part they have subjected the court to a plethora of case law cites, statutory law prose, subjective facts, mountains of documents and other heaps of information (extracted from past cases) – especially when a $9,700,000 attorney paycheck is in the offing - all of which may or may not be germane to the case but certainly adds a lot of fog to the landscape that a Court with limited budget of resources most likely cannot fully assimilate.

7 Settlement (with all parties accepting a cash Settlement amount as an acceptable compromise of the issues) was achieved without trial. Consequently, the extent and reasonableness of claimed earned legal fees are in question. Using the same high fee whether a case settles in two hours or after preliminary discovery and pre-trial settlement negotiation does not make sense and does not pass the smell test.
- o   While it is instructive to take into account attorney work claims of:
  - o   Preparing legal documents (complaints, depositions, subpoenas, attending hearings, legal research), law firms versed in class action cases already have in hand the understanding of relevant statutes and case law, and unless a novel area of law issues are understood and billable time not required to be wasted and spent on developing these items, they are already in the library.

8. As a supplement and aid to the Court in its deliberation of this Objection, please find attached a discussion paper entitled "ATTORNEY'S FEES IN CLASS ACTION LAWSUITS, WHAT TO DO ABOUT HUGE (UNREASONABLE?) LAWYER PAYCHECKS".

Respectfully submitted,

This ___16___ day of _March_, 2023.

_Larry D Killion_

[Larry D. Killion, Applicant]
Settlement Class Member

713 906-9135, (mobil)
832 203-7695(fax)
11235ldk@comcast.net  email
2114 Oxford Street

FILED DATE: 6/29/2023 4:00 PM 2021CH05392

Houston, Harris County, Texas 77008

## CERTIFICATE OF SERVICE

I, Larry D. Killion, hereby certify that on the _____16_____ day of _____March_____, 2023, copies of the **OBJECTION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARD AND REQUEST FOR DOWNWARD ADJUSTMENT,** **WERE** mailed by first class prepaid postage or by email, to the following recipients:

CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, CHANCERY
DIVISION
IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL
Clerk of the Court
50 W. Washington St.
Chicago, IL 60602

Case Contact Information

*Richardson v. IKEA* Claims Administrator
P.O. Box 6175
Novato, CA 94948-6175

Email: admin@IKEAUSFactaClassAction.com

CLASS COUNSEL

Keith J. Keogh, Esq.
Keogh Law, LTD (Firm No. 39042)
55 W. Monroe Street,
Ste. 3390
Chicago, IL 60603
Keith@KeoghLaw.com

Scott D. Owens, Esq. (pro hac vice)
2750 N. 29th Ave.,
Suite 209A
Hollywood, FL 33020
scott@scottdowens.com

John R. Habashy, Esq. (pro hac vice)

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

LEXICON LAW, PC
633 W. 5th Street,
28th Floor
Los Angeles, CA 90071
john@lexiconlaw.com

Defendant

James J. Sipchen
PRETZEL & STOUFFER, CHARTERED
One S. Wacker,
Suite 2500
Chicago, IL 60606
jsipchen@pretzel-stouffer.com

Claudia D. McCarron
Mullen Coughlin LLC
426 W. Lancaster Ave.,
Suite 200
Devon, PA 19333
cmccarron@mullen.law

It is presumed Lead Counsel will post this Objection as a relevant document in this case online internet posting cite.

FILED DATE: 6/29/2023 4:00 PM   2021CH05392



**MileagePlus**
**UNITED**

 Manage your account online:
www.chase.com/united

 Customer Service:
1-800-323-6252

 Mobile: Download the
Chase Mobile® app today



| December 2019 |
|---|
| S | M | T | W | T | F | S |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |

New Balance

Minimum Payment Due

Payment Due Date
**12/26/19**

## UNITED MILEAGEPLUS AWARD MILES SUMMARY

+ 1 mile per $1 spent on all purchases
+ Additional miles earned on United purchases
+ Additional miles earned at restaurants
+ Additional miles earned on hotel stays

**Total miles transferred to United**

Log onto united.com for more information about your MileagePlus account and program benefits or to book travel.

Thank you for using your United(SM) Explorer Card. Use your Card for all your purchases to earn MileagePlus award miles that can be used for flights on United and for many other award options. You'll earn 1 mile per $1 spent on all purchases and 1 additional mile on airline tickets, seat upgrades, Economy Plus®, inflight food, beverages and Wi-Fi purchased from United. You'll also earn 1 additional mile per $1 spent (for a total of 2) on purchases at restaurants and on hotel stays when booked directly through the hotel.

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $37.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 3 years | |

If you would like information about credit counseling services, call 1-866-797-2885.

## ACCOUNT SUMMARY

**Account Number: 5524 7540 0878 2417**



Previous Balance
Payment, Credits
Purchases
Cash Advances
Balance Transfers
Fees Charged
Interest Charged
**New Balance**
Opening/Closing Date                      11/02/19 - 
Credit Limit
Available Credit
Cash Access Line
Available for Cash

| **Past Due Amount** |
| **Balance over the Credit Limit** |

FILED DATE: 6/29/2023 4:00 PM   2021CH05392



N Z 01  19/12/01       Page 1 of 3

**This Statement is a Facsimile - Not an original**

# CHASE ⬡

5524 7540 0878 2417 0000 3500 0009 2288 0000 00004

P.O. BOX 15123
WILMINGTON, DE 19850-5123
For Undeliverable Mail Only

Get updates on the go
Log on to chase.com/alerts

Payment Due Date:               12/26/19
New Balance:
Minimum Payment:

Account number          2417

$_____._____  Amount Enclosed
Make Mail to Chase Card Services at the address below:

LARRY D KILLION
2114 OXFORD ST
HOUSTON TX 77008-2649

CARDMEMBER SERVICE
PO BOX 6294
CAROL STREAM IL 60197-6294

6028          4178

---



## MileagePlus
### UNITED ✈

**Manage your account online:**
www.chase.com/united

**Customer Service:**
1-800-323-6252

**Mobile:** Download the
Chase Mobile® app today

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| **PAYMENTS AND OTHER CREDITS** | | |
| 11/12 | | |
| 11/13 | | |
| 11/15 | | |
| 11/15 | IKEA HOUSTON REST HOUSTON TX | 15.67 |
| 11/15 | | |
| 11/16 | | |
| 11/18 | | |
| 11/19 | | |
| 11/23 | | |
| 11/26 | | |

FILED DATE: 6/29/2023 4:00 PM  2021CH05392

**ATTORNEY'S FEES**

**IN CLASS ACTION LAWSUITS**

**WHAT TO DO ABOUT HUGE (UNREASONABLE?) LAWYER PAYCHECKS**



FILED DATE: 6/29/2023 4:00 PM  2021CH05392

## Table of Contents

| | |
|---|---|
| **Class Action Lawsuit Industry** | 3 |
| **Incentive Factors** | 4 |
| **How To Control Award Of Huge Attorney Fees** | 5 |
| **First - Attorney Fee Reduction Action Plans** | 5 |
| **Why These Plans?** | 7 |
| **Short Lesson:   Class Action Lawsuit Boot Camp** | 11 |
| **Advantages of a Class Action Lawsuit, includes**: | 12 |
| **Disadvantage of a Class Action Lawsuit, includes:** | 12 |
| **Attorney's Fees** | 15 |
| **Advantages of Contingency Fee Structure Includes:** | 16 |
| **Disadvantages of Contingency Fee Structure Includes:** | 17 |
| **Attorney Fees Reasonableness Test** | 18 |
| **Use, Misuse and Abuse – Standards of Proof and Other Reforms** | 20 |
| **Justice and Class Action Lawsuits** | 23 |
| **Appendix A –** | 28 |
| **Class Action Lawsuits – Huge Attorney Fee Illustrations** | 28 |
| **Appendix B** | 30 |
| **Example Form Objection To Attorney's Fees** | 30 |
| **Appendix C** | 35 |
| **Example Op=Out Form** | 35 |
| **Appendix D** | 37 |
| **Class Action Lawsuits – Attorney Fee Legislation** | 37 |
| **Appendix E** | 41 |
| **Class Action Lawsuit Postcard Claim Form** | 41 |

FILED DATE: 6/29/2023 4:00 PM 2021CH05392

## Class Action Lawsuit Industry

The Class Action Lawsuit Industry ("**CALI**") is alive and well (some law firms even publicizing their '*Class Action Lawsuit of the Month*', merchandising (carnival barker?) Class Action justice as if it is a used car,



- As post card Class Action Lawsuit mailed notices to victims ('**Class Members'**) (now managed by third party non-lawyer administrators, part of the industry) arrive more frequent than holiday season sales catalogues,
- Accompanied by Class Action representing attorneys demanding huge multi-million dollar fees using the Class Action Lawsuit as a vehicle to secure such fees,
- While Class Members typically each receive a token amount, as Class Action compensation (the so-called Settlement Fund), the vast majority of which do not even know they were victims, and most unaware of the huge attorney fee claim[1].

The smell test of all this does not look or sound right.



Attorney's fee awards in the CALI appear to have settled in on a 'standard' 'rubber-stamp' court approved fee based on 30% to 40% of the Class Action claimed harm – sounds similar to roadside billboard justice using a sledgehammer to crush guilty until proven innocent truck drivers associated with negligence claims while conveniently **NOT** advertising contingency fee subtractions by attorneys from the victims damages, in the 30%? to 40%? range (plus expenses) – feels like the victim has suffered twice. Yet attorney's fees for each Class Action case (whether based on billable hours or contingency fee demands) are supposed to be tested on a standalone reasonableness standard and not a 'one-size-fits-all' demand[2].

---

[1] Rare is the Class Member who will take the time to study court documents to educate themselves about the attorney fee over-reach, and instead, as tactfully understood by representing counsel, lured into the sense of some easy money sourced from the Class Action lawsuit nominal compensation award, sort of like being a surprised winner in a raffle not knowing you were even entered to participate.

[2] Most Class Action lawsuit attorney fee demands are accompanied by voluminous pages (sometimes rivaling the number of pages about the merits of the case) explaining why huge fees are relevant, as well as comparing the current case with prior cases as additional justification why the size of the award is prudent. Both of these arguments

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

## Incentive Factors

Incentive factors causing this Class Action Lawsuit industry growth, especially the award of huge attorney fees (leaving the real victims – if in fact they are victims - of a case with only a nominal award), includes:

- **Incentive No. 1:  Huge Lawyer Fees**.  A review of randomly selected Class Action federal court files[3], illustrates the magnitude of huge attorney fee award incentives, accompanied by small nominal claim awards to individual Class Members.  The example cases cited in Appendix A indicate typical individual award to Class Members of less than $20 and many in the few $100s,  while multi-million dollar awarded attorney's fees representing 25%+ of **TOTAL** award claim for a minimum average range of **per attorney** fee of $222,000 to $287,000.  The per attorney fee is understated, since the average calculation assumes the estimated number of assigned attorneys to a case, work full time on the case, which is not realistic, and consequently dramatically understates the real average attorney fee take;

- **Incentive No. 2:  'Deep-Pocket' Defendants**.  Many/Most [corporate] defendants in Class Action Lawsuits who honestly try to comply with applicable consumer and investor laws, are well known, established and trusted, and highly regulated, publicly stock traded companies: (Appendix A publicly traded companies include:  Nielsen-NYSE, T-Mobile-NASDAQ, American Airlines-NASDAQ, Oracle Corporation-NYSE), are financially sound with 'deep-pockets' and capable of paying huge attorney fees, thus 'easy-worth-the-effort' litigation incentive targets.  These businesses routinely retain experts to give them advice in regard to compliance with relevant consumer and investor laws and regulations.   These compliance characteristics are indicative of a company NOT out-to-cheat its customers or investors.

- **Incentive No. 3:  Speculative Law Compliance – Use, Misuse, Abuse**.  Consumer and investor laws on which most Class Action lawsuits are based, are not 'black-and-white' and easily interpreted as to what is right and what is wrong, but are complex and subject to wide ambiguous interpretations – for example security fraud  and consumer protection laws – making compliance with these laws challenging even for the most compliant minded company – especially for honest defendants.  Because of the speculative nature of these laws, this is fertile ground for litigation minded lawyers having the incentive to craft a case, whether real or illusionary, that places doubt in jury's and Jurist's minds whether or not such speculative laws have been violated.  As in all things in life, stuff (in this case laws) can be **used** for their intended public protection purposes, or **misused** or **abused,** for whatever reason, such as an over-reaching grant of  attorney fees.

Awareness of these Class Action Lawsuit litigation incentives is nothing new, as there is a history of studies, reports and papers (see the Bibliography of examples of such), discussing and analyzing the pros and cons of Class Action lawsuits, many focusing on and criticizing what justice is all

---

are inconsistent with a one-size-does-not-fit-all lawyer fee claim.  The harder one has to argue for something is all the more reason to instill a sense of suspicion especially where the weight (and not the quality) of the justifying argument is not in the merits of the argument but in the volume of paper being used to cover up fictional proof.

[3] Appendix A is a summary of recent Class Action lawsuits illustrating applications for huge attorney's fees coupled with nominal awards to Class Member victims.

about and the disparity between huge plaintiff's attorney's fees paid by honorable defendants coupled with nominal award claims paid to the real victims.   While many of these reports are scholarly and  well researched, they have had little impact on reducing – so-far, or at least shifting, huge attorney fee awards and filtering out unjustified Class Action Lawsuit claims or putting more justified compensation into the pockets of the real victims and less in the pockets of representing attorneys.

*Many of these reports ask the question:*

## *Have Class Action lawsuits merely been used as a vehicle for attorneys to secure huge fees with justice a secondary objective[4]?*

### How To Control Award of Huge Attorney Fees

This paper does not repeat the arguments cited in historical writings…***BUT SUPPLEMENTS*** some new dimensions to the topic.

- **First**:  By suggesting **self-help** and **law-help** action plans the public can adopt to (i) influence the adjustment to huge attorney fee paychecks in Class Action Lawsuits by (ii) honestly assessing the merits of a Class Action claim and whether or not Justice is being served  - and not attorney fee greed AND any attorney fee award claim based on 'honest' reasonableness tests.
- **Second**:  By providing this summary discussion of why such self-help and law-help plans make sense.

### First - Attorney Fee Reduction Action Plans

- **Self-Help**
  - o **If attorney fees are viewed as being unreasonably huge (does not pass the smell test[5]), Class Action members should file written Objections with the Court, challenging the unreasonableness of such fees.  (Example objection form provided in Appendix B).**
  - o **Class members electing *NOT TO PARTICIPATE* ("Opt-Out")[6] in the Class Action lawsuit. (Example opt-out form provided in Appendix C).**

---

[4] Not uncommon, a huge number of pages filed in Class Action lawsuits are dedicated to defending huge attorney fee applications compared to defending the merits of the actual Class Action Claim.

[5] Like pornography, often you know it when you see  it.

[6] The United States litigation centric legal system and State and Federal Class Action laws, have opted for the "opt-out" form of Class Action Lawsuit claims.  This means the unaware public are 'automatically' ("opted-in") as a Class Member participant and only by pro-actively filing an "opt-out" written notice with the Court will such Member NOT be part of the Class Action Lawsuit result.  As later recommended, the laws should be changed such that the public are NOT automatic members of a class, and only by affirmatively filing an "opt-in" statement with the Court will they then be Class Member participants.  This "opt-in" standard will go a long way toward eliminating non-merit-based Class Action cases (let the affected public decide) as well as substantially reduce the misuse/abuse tactics associated with award of unreasonable legal fees.

FILED DATE: 6/29/2023 4:00 PM    2021CH05392

- **Law-Help**
  - o **The public contact their elected government Representatives requesting they pass new laws…**
    - § **Laws designed to promote reasonableness tests of the award of attorney's fees in Class Action Lawsuits such as a realistic fee formula or caps on awards. (Example contact form provided in Appendix D).**
    - § **Laws or rules governing the standard of proof for any Class Action Lawsuit claim to be based on the more stringent Clear and Convincing Evidence standard (and not Preponderance of the Evidence).**
    - § **Laws designed to simplify, easy to understand, postcard Class Action lawsuit notices, clearly and conspicuously describing (1) what potential claim is being sought, (2) how much (cash and non-cash) in total and how much each individual Class Member may be entitled, (3) how the size of the Class Action Claim and attorney's fees are effected if Class Members op-out of participating in the lawsuit, and (4) how attorney fees are calculated, estimated total amount to be requested and indicative average attorney fee per lawyer. (Example notice form provided in Appendix E).**
    - § **Independent Commissions (including non-lawyer participants) be used by the Court to determine if a case should be classified as a Class Action Lawsuit and a similar independent Commission used to assess reasonableness of attorney fee claims.**
    - § **Laws regarding the prohibition of contingency legal fees in regard to Class Action Lawsuits, requiring attorneys to justify their fee as being reasonable in regard to hourly rate and time spent on a case.**
    - § **Laws requiring prior to a lawsuit being certified as a Class Action Lawsuit, the defendant shall be given a mandatory prior notice (the "Class Action Pre-Certification Notice" or "CAPCN" letter), of such planned certification request, and an opportunity for defendant to resolve the case, avoiding the racking up attorney's fees by Plaintiff's counsel.**
    - § **Require any Class Member to act proactively and opt-in to participate in a Class Action lawsuit (with the default being the public are NOT automatically opted-in to a Class Action Lawsuit), unlike the current model where Class Member default is opted -in and to opt-out, the Member must proactively file an opt-out document with the Court.**
    - § **Prohibit the payment of Incentive Payments to Representing Plaintiff's, since such payment is in the nature of a bounty paid for winning the race to the Court house to first file a lawsuit, is merely an incentive for Court house racers to promote litigation for the purpose of winning a bounty instead of seeking justice and is an unconscionable taking of assets belonging to Class Members. The Class Members are all victims and to treat some grossly different than others shocks the**

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

conscience of justice and should likewise shock the conscience of the Court.

## Why These Plans?

- **Objection**: The law requires prior to the Court's approving of a Class Action Claim that it be tested for being just, fair and reasonable and requested attorney's fees, be tested for 'reasonableness'. Each test is on a case-by-case basis, no one-size-fits-all (at least that's the objective test –yet awards regularly migrate to a 30% to 40% 'standard' of recovery and reasonableness test arguments citing as one of the primary arguments for justifying a fee request based on other cases as a consistent basis of award).

  o Attorneys regularly cite as a part of their reasoning why their [huge] fee request is reasonable because it is consistent with other Class Action Lawsuits (30%-40% contingency fee rationale?) which is contrary to the one-size-does-not-fit all reasonableness test reasoning.

  o Counsel argues why they should be certified as Class Action Lawsuit Class Representing Counsel based on their skills and experience, then argues why a [huge] fee is required because of the complexity (speculative nature?) of a case. It is inconsistent on one hand Counsel will argue it is skilled ostensibly requiring less time/effort to handle a case, yet when it comes to their fee, such fee should be [huge] regardless of the skill factor. *Rare is the worker who argues for a cut in pay.*

  o Class Action Member attorney fee Objections filed with the Court, helps remind the Court of its reasonableness test obligations – especially since the Class Member is the victim and for every dollar paid attorney's is often one less dollar paid to the real victim (at least in contingency fee cases). If the victims don't complain, it would be natural for a Court to *assume* victims are ok with the requested fee, which naturally dampens the Court's enthusiasm, with a busy Court docket, to pursue a deep dive test of reasonableness. It's not that victim's don't have an interest in the case and reasonable attorney's fees, the complexity of filing Objections with the Court as well as studying Court filed documents, deters many well intentioned victims to themselves committing to a deep-dive analysis – and astute Plaintiff's counsel are aware of this lethargic tactic that Class Members don't have the time or initiative or understanding to file a cumbersome objection associated with a few buck claim result.

- **Opt-Out**: If many/most Class Action Members collectively elected not to participate in a Class Action Lawsuit (*opt-out*), then the Claim amount should be automatically reduced (since there are less 'victims'), and if there is a request for [huge] attorney's fees, typically based on a contingency fee (attorney's being paid a percentage of the Claim awarded to the real victims), then the fee would be less. And even if a fee is not based on a contingency payment, a huge attorney fee and trivial victim award compared to that fee, will expose the unreasonableness of the fee claim.

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

- o **For example, a 30% fee of $100 million Claim for 100,000 Class Members means $30 million to lawyers and $700.00 to each Class Member, is a lot less than 30% of $500,000 Claim for 500 Class Members means $150,000 to lawyers and $700.00 to each Class Member. Still a disparity between attorney fee and Class Member award, but tempers lawyer's appetite to promote a questionable suit given their fee is much reduced (tension between values associated with earned fee and justice incentives). Or in the alternative, an attorney fee claims for $30million, regardless if the victim remedy is $100million or $0.5million. That smell test thing again.**
- o **In many Class Action lawsuits, the amount awarded to victims is small and nominal in amount (a few 100 dollars or less, or a discount coupon), while attorney's fee paychecks can potentially exceed $200,000 per lawyer (most likely an understatement since it depends on how many attorneys worked on a case and how long and hourly rate).**
- o **Class Action members 'giving up' a small nominal award in exchange for stopping, over the top [huge] lawyer fees, is a powerful consumer weapon.**
- o **While Class Action Lawsuits are designed to punish illegal business practices that harms a large number of the public, always be mindful that payment of Class Action nominal claims and [huge] attorney's fees, can result in the business adding that cost back into the price of the business goods or services which means consumers and investors will in the future end up paying for the illusion of a victorious Class Action win.**
- o **While a business reputation may suffer a little at first, if at all, generally after the lawsuit combat is over, all is forgiven and the dust settles, it's back to business as usual – except lawyer's fat paychecks have been cashed and deposited, and consumers and investors get stuck with funding the 'hidden' bill.**

- **Attorney Fee Law:  Request for attorney's fees in a Class Action lawsuit, is often based on a business alleged to have violated some law adversely affecting many parties (such as a consumer protection or securities fraud law), and that law including the statutory right to plaintiff's attorney's fees to be paid as part of the claim by a losing defendant (in contrast to the general 'American Rule' where parties pay for their own attorney's fee regardless of who wins or loses).**
    - o **Laws are not written for Class Action Lawsuits, but to seek justice for individual victims for a particular cause of action including compensating the victim for its incurred attorney's fees as part of the award against bad business practices.**
    - o **Lawyers favor taking cases and bringing lawsuits based on a law that includes award of attorney's fees, especially where the defendant has 'deep pockets' (financially strong) and can afford to pay [huge] fees.**
    - o **There needs to be a Class Action attorney fee law designed to ensure any award of attorney's fee to be based on a statutory and not discretionary 'reasonableness standard', that comes into play any time there is a Class**

FILED DATE: 6/29/2023 4:00 PM 2021CH05392

Action Lawsuit. Ideally, award of attorney fee would be influenced by the amount EACH victim is awarded – low victim award, low attorney fee – especially since justice is blind to the magnitude of awarded attorney fees.

- o In many Class Action Lawsuits, attorney's fees are determined as a percentage of the victim's Claim amount (so called contingency fee). Consequently, the 'losing' defendant in a case, either as a result of a trial judgment or settlement, is somewhat indifferent[7] about the size of the attorney fee since it is deducted from the Claim amount. Even so, such a deduction may not be in the best interest of the Class Members for not receiving fair, reasonable and adequate compensation for such victim's Class Action losses due to such legal fee deduction.

- o It is more prudent regarding Class Action Lawsuits, for Class Action laws to prohibit contingency attorney fees (similar to criminal or domestic relation cases), leaving the attorney to honestly defend its time spent on the case and hourly rate, separate and apart to any Claim award paid to Class Members. Such hourly rate attorney fee defense will attract a more systematic and objective assessment of the fee, since (1) if the fee is paid by the victims, the Court will have a much clearer understanding of the details and basis of the hourly rate based fee request, and (2) if the fee is paid by the defendant, the defendant will be in a more realistic and efficient tester of the reasonableness of an hourly rate based fee claim, since the defendant is the one paying the fee.

- **Standard of Proof:** Because of the unique nature of Class Action Lawsuit, that in the context of Justice for ALL[8], places excessive defense burdens on a defendant, justice should demand a Clear and Convincing Evidence standard of proof (and not Preponderance of the Evidence standard) associated with certifying a case as a Class Action lawsuit as well as the same standard of proof to be used in the trial of the matter. This higher burden of proof properly places an incentive on plaintiff's, Class Members and Class Counsel, to honestly pursue a case that has merit and one suited for Class Action and based on the objective of seeking justice for ALL, and not merely an 'easy' Class Action Lawsuit case brought for revenge or a vehicle to secure huge attorney's fees, with justice for harmed citizens as a secondary objective.

- **Class Action Notice:** Postcard claim notices alerting Class Members to a Class Action Lawsuit, are difficult to understand and often require the reader to go online through the internet (or retain their own counsel at their expense), to obtain better informed detail information (if they know how to request online information as well as where to locate information of interest and interpret it).

- o The postcard claim notice needs to be much more user-friendly, easy to read and understand, and clearly advise the reader what the Class Action lawsuit is all about, how much is being demanded from the defendant, how much each Class Member will be entitled and full disclosure of how attorney fees are

---

[7] Unless the settlement is artificially pumped up to include attorney's fees as additional compensation instead of the resolve being based on what harm has been incurred by Class Members absent attorney fee claims.

[8] Justice for All, is in the context of the Nation's founding documents (U.S. Constitution, Bill of Rights, Declaration of Independence, etc.), asserting justice to prevail for both plaintiffs AND defendants.

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

being determined, what the total attorney fee could be and the average paycheck of how much each lawyer working on the case will receive.

- **Class Action Pre-Certification Notice or "CAPCN" letter:** A practical remedy to help deter unreasonable attorney fee demands, prior to a Court certifying a case as a Class Action lawsuit, the plaintiff and plaintiff's counsel in such case shall be obligated, to give defendant prior notice (the "CAPCN" letter) which provides clear and unambiguous information concerning:
  - o The legal rationale on what the Class Action complaint is all about (a 'show cause' testament);
  - o How much Class Member compensation (cash and non-cash) the defendant is expected to pay to resolve the complaint, net of any attorney fee;
  - o The amount of claimed attorney's fees incurred as of the CAPCN letter, but prior to certifying a case as a Class Action Lawsuit;
  - o Such letter then giving the defendant an opportunity to resolve the complaint without Class Action certification, and if a defendant offer of resolution is rejected, if after a case is certified as a Class Action Lawsuit, and the case is resolved in favor of Class Members (either by settlement or court judgment) the Class Action claim (not including attorney's fees) is equal to or less than what the defendant offered to settle with the CAPCN letter, then in that circumstance, any claimed attorney fees will be limited to what was offered at the CAPCN stage of resolution.
- **Opt-In Class Action Participation:** Class Action laws should be modified that require Class Members to affirmatively by written notice to the Court, to "opt-in", in order to participate in the Class Action Lawsuit. Most non-USA legal systems require an 'opt-in' standard in order to participate in a Class Action Lawsuit. The history of this opt-in standard illustrates that Class Action Lawsuit filings are few in number and not abused by plaintiff's counsel BUT more important, has NOT resulted in numerous lawsuits by non-Class members bringing their own action – which deters USA plaintiff's counsel opt-out justification arguments that an opt-in standard will cause an explosion of small cases…not true. An opt-in standard is a great tool to modulate the acceleration of the USA Class Action Lawsuit industry growth…driven much by attorney fee greed.

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

## Background:   Class Action Lawsuit Boot Camp

**Class Actions** (also known as a **Class-Action Lawsuit, Class Suit, or Representative Action**) are most common where the allegations usually involve at least 40 people who the same defendant has allegedly been injured in the same way. Instead of each damaged person bringing one's own lawsuit, the Class Action allows all the claims of all Class Members—whether they know they have been damaged or not—to be consolidated and resolved in a single proceeding through the efforts of **Representative Plaintiff(s)** and Representative Plaintiff's lawyers appointed as **Class Counsel**. The Class Action binds (by default) all Class Members (victims) of the Class (including being bound by the attorney fee arrangement agreed with the initial Representative Plaintiffs in a Class Action Lawsuit – a huge exception to the general rule where attorneys and their individual clients mutually agree to fee arrangements), unless a Class Member gives timely notice to opt-out and not be represented by such Class Action.   Depending on the Class Action details, any victim that opts-out, may or may not preserve its right to bring its own separate lawsuit (and individual attorney fee arrangement).

There is a familiar saying about "strength in numbers." For example, a single person who was misled into paying 50 cents too much for an illegally overpriced stick of deodorant doesn't have enough incentive to go to the trouble and expense of litigation just to recover that small amount of money.  Even-so, because the United States has had a culture of being litigious (billboard justice has become the norm), regardless of the merits or size of a claim (perhaps on occasion Caveat Emptor- buyer beware -  is the better and more honest remedy), U.S. centric attorneys are quick on the lawsuit panic button, because the fabric of U.S. justice promotes win-lose sledge hammer litigation mindedness accompanied with huge attorney fee awards  and not mature hand-shake win-win resolve. (Restitution is better placed in the Board Room and not the Court Room).

It's when many people—often tens of thousands, or more—are honestly harmed a similar way by the same problem, that a Class Action lawsuit **_may_** be worth bringing. (**_May_** in the sense every little wrong does not justify a remedy – as some assumption of risk and impact is the more honorable and logical thing to do – just like bringing up a child, until a boundary is known and not to be broken, punishing a first-time innocent offender does nothing to promote the development of a child into healthy adolescence).  Uniting all similarly affected parties into a plaintiff's Class (Class Members) has the effect of raising the stakes significantly for [corporate] defendants. That's part of the law of the jungle.  It's more likely that an honorable Class payoff will be worth fighting for, and companies that face the prospect of Class Action liability, have a strong incentive to settle a merit based claim and correct their behavior (even though many have acted innocently and without intent to do wrong) and implement better (learn from their unintentional mistakes) business practices, designed to prevent bad (whether intentional or unintentional) practices – which illustrates a merit based circumstance, and not one based on astute plaintiff's legal counsel crafting a claim (and sugar plum vision of huge attorney fee award) because of the uncertainty and speculative nature of the underlying law.

Even-so, small claim litigation revenge tactics should [must?] always be tempered (rejected?) with what justice is all about.  All small claim infractions do not justify seeking combat lawsuit justice, more times than not premised on seeking revenge – where in many cases, attorney's stir the

emotions pot of the 'victims' to use the litigation hammer and unjustifiably beat up the alleged wrongdoing but honest defendant. In whose best interest are Class Action Lawsuits brought? For alleged victims? Huge fee greedy attorneys? Correcting a real wrong? Correcting an illusionary wrong? Justice for ALL?

**Advantages[9] of a Class Action Lawsuit, includes**:

- **Efficiency**. Combining meritorious cases in a Class Action can increase the efficiency of the legal process and lower the costs of litigation. In cases with common questions of law and fact, aggregation of claims into a Class Action may avoid the necessity of repeating days of the same witnesses, exhibits and issues from trial to trial. That's the theoretical argument…but in reality, the likelihood of a plethora of case filings is highly unlikely.
- **Meaningful**. A Class Action may overcome the problem that meaningful small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A Class Action ensures that a defendant who engages in widespread harm (whether intentional or not) – but does so minimally against each individual plaintiff – must compensate all affected individuals for their injuries. But in all cases, is that justice? (Every little wrong may have a remedy but that remedy may be a mature assumption of risk attitude and get on with life and not revenge or a course of conduct to create a vehicle to justify an award of large attorney fees way out of proportion of victim awards).
- **Behaviour Incentive**. Class-Action cases may be brought to purposely and honorably change behaviour (whether by intentional or unintentional acts) of a class of which the defendant is a member.
- **Race To the Bank**. In "limited fund" cases (which means the defendant(s) do not have 'deep pockets' and not financially strong), a Class Action ensures that all plaintiffs (victims) receive some relief and that early filing plaintiffs (they win the race to the bank) do not raid the common fund (owned by the shallow pockets of the defendant) of all its assets before other plaintiffs may be compensated.
- **Confusion**. A Class Action avoids the situation where different court rulings could create incompatible standards of conduct for the defendant to follow.

**Disadvantage of a Class Action Lawsuit, includes:**

- **Caveat Emptor (Buyer Beware – Victim Liable for Certain Consequences)**. Class Action procedures are arguably inconsistent with due process mandates and unnecessarily promote litigation of otherwise small, trivial claims, and challenges what Justice is all about. A certain amount of risk is expected to be assumed by the public without recourse for someone else to pay in all circumstances. There needs to be a rational balance between seeking justice and seeking revenge or a vehicle to achieve an award of large attorney fees. What is honorable and what is greed?

---

[9] While these advantages in a theoretical sense make for good ideological arguments…and justification behind plaintiff's and their counsel promoting Class Action Lawsuit cases, the reality of life is that it is highly unlikely a plethora of individual cases will flood the courts with nominal claims, nor inconsistent rulings influence the cause of Justice.

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

- **Abuse**.  The preamble to the (Federal) Class Action Fairness Act of 2005, implies that some Class Actions are abusive, harm Class Members with legitimate claims, especially where most defendants have tried to honestly act responsibly, and such abuse, adversely affecting interstate commerce (legitimate businesses stops providing useful consumer goods or services in fear of defending costly abusive Class Actions), and undermined public respect for the country's judicial system and what Justice for ALL means (the Court's permitting abusive Class Actions to be pursued – sometimes as a vehicle for Class Counsel to secure huge fees while the real victim's receive nominal value).
    - o  More times than not, Class Action Lawsuit defendants are reputable companies. These companies utilize their own legal and business experts who give advice and counseling and what to do to comply with relevant State and Federal laws.  Rare is the reputable company that intentionally violates a law but in contrast, acts responsibly for law compliance.  Even-so, many laws are written so broadly and many ambiguous as to what is right or wrong, and because of business complexity and broad interpretations of the law, stealthy plaintiff's litigation counsel are capable of crafting an argument (with or without merit) that often creates an illusionary environment of uncertainty (the 'fog index') whether or not a reputable company violated a law.  An attorney's job is to represent the best interest of their client and earn a fee (legal representation is a vocation and profession) AND comply with professional standards of conduct – the ethics of law – Justice for ALL mandates.  Because of law interpretation uncertainty and speculation, reputable companies will, without any admission of liability, often settle a case, to avoid unnecessary defense expenses, wasted time, and unwanted bad publicity – since rare is the opportunity for the defendant to honestly present the more honest defense facts, as the consuming public do not have the time or inclination to listen to such (that's human nature that plaintiff's counsel understand and use to their benefit).  (Not unlike the quick message broadcast in roadside billboard lawyer advertisements, advising that the 'hammer' goes after truck drivers involved in accidents – automatic guilt and remedy – so much for due process.  The ugly side of Justice).
- **Victims Are Secondary**.  Class Members often receive little or nominal benefit from Class Actions.
    - o  Examples
        - ▪  Huge fees for the attorneys, while leaving Class Members with token coupons or other awards of little or nominal value;
        - ▪  Unjustified awards are made to certain plaintiffs at the expense of other Class Members (such as Representative Plaintiff's requesting priority payments for them having started the lawsuit or acting as Representative Plaintiffs); or such Representative Plaintiff's being paid a 'bounty' fee for having initiated a case that prompted the Class Action certification, and hence an 'entitlement' to a bounty that other Class Members, who merely missed out on being the initial claimant, is not entitled to such bounty.  This

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

bounty is an unreasonable win-fall for such plaintiff's and contrary to ALL Class Members being treated the same;

- Confusing published and mailed Class Action postcard claim notices, that interfere with Class Members being able to fully understand and effectively exercise their rights;

- Laws require the Court's approval of all Class-Action settlements, and in most cases, Class Members are given a chance to opt-out (not participate) in Class Action settlements. Even so, though Class Members, despite being given opt-out post card claim notices, may be unaware of their right to opt-out because they did not receive the notice, did not read it or did not understand it.

  - The Class Action Fairness Act of 2005 attempts to address some of these concerns…
    - o An independent expert may scrutinize 'coupon settlements' (where a business is willing to issue 'coupons' that provide for a discount or payment for future goods or services) before the Court's approval of the settlement, in order to ensure that the settlement will be of [some?] value to the Class Members.
    - o Since many Class Members do not use or spend their coupons (many are trashed or forgotten), the award of contingency attorney's fees includes the value of unused coupons which means such fees should be lowered in regard to unused coupons. Even so, coupons are not customarily part of Class Action lawsuit settlements.

- **Who Is the Victim?** Various studies of Class Actions in federal court found that many plaintiffs (victims) received only a tiny fraction of the money awarded while plaintiff lawyers frequently secured a huge, highly disparate share of the settlement than their clients – the real victims in the lawsuit. Many Class Action lawsuits can be viewed as merely a vehicle or conduit through which attorneys can secure huge fees and not an honest mechanism of seeking Justice for real victims.

State and Federal laws provide for the bringing of Class Action Lawsuits. Most of the time a Class Action lawsuit is brought in federal court and not a State court, because:

- The victims (plaintiffs) in the lawsuit are resident in many States (diversity of citizenship), consequently, federal court is viewed as being fairer to all plaintiff's instead of those residing in any one particular State;

- Federal Courts are more experienced with hearing Class Action Lawsuits;

- Class Action Fairness Act of 2005, is a federal law that makes it easier for Class Action Lawsuits to be heard in federal courts.

An individual lawsuit often starts out with one or more initial plaintiffs (victims), claiming some business or entity violated a Federal (or State) law. Coincident with that case, the underlying complaint indicates there are many more similarly and adversely affected victims.

FILED DATE: 6/29/2023 4:00 PM    2021CH05392

Attorneys who accept such a 'small' case, recognizing there are many potential victims with similar claims, will petition a [federal] court to *certify* the case as a Class Action lawsuit (thereby turning a small case into a big case on which to base large attorney fees), naming the initial plaintiff's as 'Representative Plaintiff's' (or lead plaintiff's) in the Class Action claim and the attorneys  requesting the Court (because of counsel's Class Action skills) to also name (certify) them as Class Counsel, thereby representing all victims.  By such Representative Plaintiff winning the race to the courthouse and advancing a Class Action certification claim, that initial plaintiff filing and certification filings has automatically resulted in many rights of other potential Class Member plaintiff's being denied: such as (1) the right to select counsel and agree an attorney fee arrangement, (2) the right to pursue a claim or not, and (3) the right not to be forced into a lawsuit as a participant since State and Federal Class Action laws default to an automatic opt-in standard of participation.

After the Class Action Lawsuit is well advanced – sometimes many months or years (where Class Counsel has reached a tentative settlement agreement with defendants for both victim's damages and attorney's fees or resolved a case at trial), Class Member's  for the first time become aware of the Class Action Lawsuit, by receiving a postcard claim notice in the mail:

- Advising them of the lawsuit (most not even aware they were a party to a lawsuit),
- Awareness that they are an identified Class Member victim,
- Guidance on where to obtain information (usually on-line through the internet), that includes guidance on what the suit is about and what remedy Class Members may be entitled and how to file a claim as well as some general reference to filing objections (regarding adequacy of the claim settlement or reasonableness of requested attorney fees).
- The notice will also cite unless the Class Member timely opts-out (elects not to participate in the Class Action lawsuit) of the suit, they will automatically be included, generally at no cost, and will be bound by any outcome of the suit or settlement.

When plaintiff's Class Counsel wins a Class Action lawsuit, or when they secure a pre-trial settlement with the defendant, legal fees and court costs are typically demanded in the award or Claim. This Total award or Claim is often referred to as the "Common Fund," from which legal fees, as well as recovery for Class Members damages, are paid, unless a separate claim is made for attorney's fees on top of total Claim to be awarded Class Members.

### Attorney's Fees

While the practice of law seeks Justice, it's still a business, and unless an attorney has agreed to work pro bono (free of charge, a public service),  an attorney can expect [reasonable] compensation in exchange for their legal services.

Federal and State Courts in the United States in regard to attorney's fees, follow what is called the 'American Rule'.  What this rule means is that each party (both plaintiffs and defendants) in a lawsuit are responsible for funding and paying their own attorney's fees, no matter who wins the case.

However, this Rule can be modified by either…

- **Contract**: Parties to a contract can agree under certain circumstances, one of the parties will pay the legal fees of the other in regard to a particular dispute,  or
- **Statute**: If there is a law (a statute) that specifically provides as part of its remedies, award of attorney's fees to a successful party – normally the plaintiff (i.e., a defendant is ordered to pay plaintiff's attorney fees).  Many times, such statute-based award of attorney's fees can be many times greater than the value of actual damages suffered by a successful plaintiff, or
- **Settlement**: Plaintiff's attorney fees could also be paid by defendant, as a result of the defendant settling a case and volunteers to include payment of plaintiff's attorney fees as part of the settlement.  (Theoretically, attorney's fees agreed by defendant as part of the settlement, is a form of a contract whereby, the attorney's client acquiesces in that fee arrangement as if the attorney and their client negotiated such fee arrangement).

The details of how attorney fees are typically determined and calculated is a matter of negotiated contract between an attorney and their client, and can be:

- An agreed hourly rate billed by the attorney and paid by the client (a 'fixed fee' arrangement), or
- A contingency fee, where the attorney does not charge a separate fee, but will take a percentage (25% to 40% as examples) out of a successful award (hence the attorney fee is contingent on winning a case).  If the attorney is not successful in winning a case (either by going to trial or securing a pre-trial settlement), then it will not receive a fee, or
- A combination of fixed fee and contingency fee.

In a Class Action Lawsuit, the Representative Plaintiff is the **_only_** plaintiff who negotiates attorney fee arrangements for the Class Action.  All other Class Members do not participate in such negotiations, and as a consequence, if they participate in the Class Action (and not opting out), then those Class Members have impliedly and automatically agreed with the attorney fee arrangement established between Class Counsel and Representative Plaintiffs.  Typically, Representative Plaintiffs will agree with Class Counsel to a contingency fee (and not a separate out-of-pocket 'fixed fee' hourly rate – unless the claim is based on a statute that provides for award of attorney fees), which means Class Counsel will deduct its contingency fee from any Class Action successful award (either determined by trial or pre-trial settlement).

*Even so, any attorney fee arrangement must still be tested by the Court for reasonableness.  This reasonableness test applies even with "clear sailing" agreements which are cases in which the defendant agrees to a noticeably large award of attorney fees and agrees not to object to that amount (perhaps a defendant quick dispute resolution tactic whereby Class Counsel are incentivized with a quick paycheck while the victims award may be lacking – which may challenge the ethics of representative counsel giving priority to representing  the client's best interest and not preference to the attorney's paycheck).*

**Advantages of Contingency Fee Structure Includes:**

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

- No Up-front Fees. Helps give those lower-income clients better access to legal assistance and the court system.
- Incentive.  If attorneys don't get paid unless client gets paid (win's its case), the attorney will be highly motivated to do everything in their power in order to get their client the best possible result.  A performance-based agreement.
- No Costs for Losses. Lawyers are willing to risk not collecting a fee for the work they put into things.
- Contingency fees are helpful in cases where a client is short on funds and has an otherwise costly or complicated case.

**Disadvantages of Contingency Fee Structure Includes:**

- Encourages attorney to pursue non-merit case as nothing to lose but their time and foregoing other clients, and in a slow work environment, not much may be given up, or the pot of gold huge attorney fee incentive is worth the gamble to pursue a case[10].
- A contingency fee arrangement can and often does cost a client more than a regular hourly fee.
- Once the parties agree on the contingency fee, the client owes the agreed upon percentage no matter how long the case will take–whether it takes a year or a week or two hours. This is especially true in the rare 'clear-cut' cases that may only require a few phone calls and a couple of hours of work in order to settle.
- Incentivized contingent fee lawyers may settle too soon and for too little to acquire a quick paycheck, and the client suffers.
- Contingent fees are usually too high relative to the risks that attorneys bear in a particular case, especially where they control whether or not to take a case and have already run their own risk of winning assessment analysis not shared with the client.  (Is this insider knowledge and not in the best interest of the client?)

Since Class Counsel represents all Class Members and not just the Representative Plaintiffs, the Court must approve any settlement award for all Class Members including attorney fees.

Approval is conditioned on the _settlement_ amount being _fair, reasonable and adequate_, and _attorney's fees_ are _reasonable_.

Whether a Class Action settlement agreement is fair, reasonable and adequate, has been a bone of contention for companies who have pushed for **tort reform**, particularly as it concerns awards of huge attorney fees in Class Action litigation. These companies often complain about the huge awards of attorney fees that often change hands in Class Action settlements the amount of which are often extremely greater than actual damages claimed by plaintiffs, and they argue that **damage caps** and limits on attorney fees are necessary for the sake of justice, reasonableness and fairness.

---

[10] While there is a risk in a contingency fee structured case of losing and not receiving a fee, attorneys who accept contingency cases are normally skilled at assessing the risk of recovery, and consequently are comfortable when they take on such cases that they  more than likely will receive a fee.  Not unlike the contingency fee-based billboard litigation hammer attorney seeking justice from truck driver accident bad guy defendants (and their insurers). Such sound bit messaging masks over the more honest concepts of justice, due process, unintentional accident, factual circumstances and a few other miscellaneous tid-bits that populist minded ears don't have time to listen to.

## Attorney Fees Reasonableness Test

Court's look to a variety of resources to assist them in determining if requested attorney's fees in a Class Action lawsuit are reasonable. If the court finds that the attorney fee agreement is unreasonable or unfair, the court may step in using its discretionary powers and either invalidate the agreement or amend it to make it reasonable.

Four significant resources used by the Court to test for reasonableness include:

1. American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees (many State Bar Association Rules of Professional Conduct are patterned after the ABA Model, and an attorney is duty bound to adhere to the Rules of Conduct else suffer consequences which could include disbarment from practicing law);
   o A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
   o Traditional fee analysis to determine reasonableness takes into account…
      ▪ the time and labor required,
      ▪ the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
      ▪ the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
      ▪ the fee customarily charged in the locality for similar legal services;
      ▪ the amount involved and the results obtained;
      ▪ the time limitations imposed by the client or by the circumstances;
      ▪ the nature and length of the professional relationship with the client;
      ▪ the experience, reputation, and ability of the lawyer or lawyers performing the services; and
      ▪ whether the fee is fixed or contingent
   o The traditional approach to proving attorneys' fees is for an attorney—sometimes the same attorney representing the party seeking fees—to testify as an expert on what are reasonable fees for the case (a little self-serving but them's the rules).

2. Federal Rules of Civil Procedure, Class Action Rule 23;
   o The Court '*may*' [*emphasis added, a discretionary power*] award reasonable attorney's fees that are authorized by law or by the parties' agreement.

3. Class Action Fairness Act of 2005;
   o Class Action settlements [damages and attorney's fees] are subject to Court approval,
   o Reports are to be filed with the House of representatives and the Senate containing
      ▪ Recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit;
      ▪ Recommendations on the best practices that courts can use to ensure that— the fees and expenses awarded to counsel in connection with a class action

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the litigation;

- Recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement.

4. Court rulings, in particular attorney fee reasonableness test criteria described in
   - Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
   - Determining reasonable fees under the **lodestar method** is a two-step process.
     - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work.  By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.
     - The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a *reasonable* fee in the case.
   - Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
   - Reasonableness takes into account the factors used by the traditional fee determination.
   - Lodestar, presumably refers to a number that provides a guiding point-or lodestar- in the determination of an appropriate attorney fee award.

What is evident from assessing the resources used to determine what is or is not a reasonable attorney fee, is fraught with many subjective elements and not much independent deterministic[11] tests.

Class Counsel submit copious documents defending its request for attorney's fees.  The extent of this documentation can be voluminous and taxes the limited resources and busy dockets Courts have to study in detail all documents, consequently a challenged circumstance to fully assess all allegations and supporting documents.  At times the sheer weight of filed documents can be a substitute for believed validity and justification.  Elegant simplicity is more beneficial and honorable than intellectual complexity.  The observation is that better guidance is needed in resolving what is or is not reasonable in regard to attorney's fees and perhaps time for updated legislation to provide clarity and reduce the fog.

Consequently because of this absence of certainty, or at least a more determined method of attorney fee computation in Class Action lawsuits, astute counsel is free to argue for just about any fee they wish and paint it with broad strokes of reasonableness and justification whether in fact or

---

[11] As in physics, deterministic refers to a cause-and-effect result which means if the same input to a situation is used again, then the same result will occur.  A consistent and expected result.  In contrast, a probabilistic result means if the same input is used again in a situation the outcome can be different.  An inconsistent and uncertain result such as a 50% chance of such and such happening.  Chaos is the extreme of the two which refers to a circumstance that is totally unpredictable regardless of the input.

FILED DATE: 6/29/2023 4:00 PM  2021CH05392

illusionary.   Just how long is a piece of string?  Where is justice in all this, other than the rubber stamp embossed with '**APPROVED**'?

## Use, Misuse and Abuse – Standards of Proof and Other Reforms

As in most things in life, we humans can use a tool or seek justice, in the spirit of what was honestly intended – a proper use, or take a less honest path of misusing or abusing the circumstance.

The more honest argument of the extent the Class Action industry and the participants in that syndicate have often wandered from the righteous path of intended honorable use to less honest misuse or abuse paths are illustrated in the following examples…

**Certification Reform**.  Original or Representative Plaintiffs seeking to certify a case as a Class Action lawsuit under Federal Rules of Civil Procedure, Rule 23 must plead and prove: (1) an adequate class definition (precise and unambiguous, identity of class members is reasonably determined excluding remote and unlikely victims) (2) ascertainability (fairly easy process to identify class members), (3) numerosity (a showing that joining and naming all Class Members in a common lawsuit is impractical) , (4) commonality (questions of common fact and law), (5) typicality (claims of the Representative Plaintiffs are typical of the claims of Class Members), (6) adequacy (Representative Plaintiffs will fairly and adequately protect the interests of the class – no conflict of interests) and (7) at least one of the requirements in Rule 23(b), namely: (a) separate adjudications will create a risk of decisions that are inconsistent with or dispositive of other class members' claims, (b) declaratory or injunctive relief is appropriate based on the defendant's acts with respect to the class generally, or (c) common questions predominate and a class action is superior to individual actions.

Not unusual, expert testimony (often from compensated academia professors – hired guns, invoking often complex and little understood statistical analyses and arguments of why the ingredients exist for justifying a case as a Class Action lawsuit – who are also governed by use, misuse and abuse standards of conduct) are used by attorney's as a resource to establish enough 'doubt' in the mind of the judiciary, that the easy course is to certify a case as a Class Action lawsuit.  The adage there are liars, damn liars and statisticians, is still in vogue.  Given enough complex equations, PowerPoint slides and laser pointers, an expert can argue just about any side of a case and sound pretty convincing – especially when it's paid for testimony and the basis of a decision is foggy, not deterministic and dependent on subjective feelings.  And to think all of this insightful assessment of class certification takes place in a few minutes or a few hours at a court room hearing (the court docket of which is always busy and a court's objective to move things along – justice to is dependent on the sweep of a ticking clock) in which participants in that hearing claim some sort of justified immediate understanding and acceptance of what the truth is and make an on the spot decision – yay or nay to certification.  It takes a university student often many hours if not days just to solve one calculus or differential equation math problem – not including the study and prep time…yet the complexity of class action certification decisions happens in the twinkle or an eye.

The Representative Plaintiffs bear the burden of proving that the prerequisites to class certification have been met by a *preponderance of the evidence*.  Theoretically this standard is supposed to be based on evidence and not speculation.

Class Action Lawsuits – Attorney's Fee Problem  - Mar 2023                    Page **20** of **42**

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

A certification decision can be challenged, and an appeal made to a higher court.  An appeal may be accepted when: (1) the decision is questionable and the certification order represents the death knell for a defendant who will be compelled to settle even if the plaintiff's claims are not meritorious, (2) the decision raises an unsettled, fundamental and generally applicable issue of law that will likely evade end-of-the-case review, or (3) the decision is manifestly erroneous.

Reform is needed in the law or Rules, to cause the courts to be more pragmatic and reflective in a class certification decision.  Some potential reforms might include:

- A separate Commission is relevant, composed of independent experts from many disciplines, who must first hear the class certification arguments and provide their opinion to the court whether the tests for certification are honestly and factually present, the cost of such Commission paid for by the plaintiff (and if a class is certified as a Class Action, the plaintiff in a successful Class Action lawsuit may include that cost in their recovery)
  - Often times when one is at risk of incurring an out-of-pocket cost, their desire to pursue a certain path is more tempered and reflective and becomes a self-assessing factor to not pursue highly questionable course of conduct;
- A separate and specially trained or class action certification expert judge or magistrate independent from the court a case is filed in, rules on a certification argument.
- If a class certification request is denied, the plaintiff is responsible for paying the defendant's costs and attorney's fees for defending the matter.  A statutory form of attorney fee but paid by the losing plaintiff.

**Standards of Proof Reform**.  The standard of proof in a court, listed in order of the degree of persuasive arguments (highest and most intense listed first) include:

- Beyond a reasonable doubt in criminal law.
- Clear and convincing evidence
  - Present evidence that leaves the listener with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.
- Preponderance of the evidence in most civil cases.
  - Prove that something is more likely than not.
- Probable cause in the acquisition of a warrant or arrest proceeding.
- Reasonable belief as part of establishing probable cause.
- Reasonable suspicion in cases involving police stop and searches.
- Some credible evidence in cases necessitating immediate intervention, like child protective services disputes.
- Some evidence in cases involving inmate discipline.
- Substantial evidence in many appellate cases.
  - Degree of relevant evidence which a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree.

Class Action certification and other proofs in a Class Action lawsuit are governed by the Preponderance of the Evidence standard of proof, as is most civil lawsuits.  Because of the unique nature of a Class Action lawsuit, and the heightened unique exposure to claims of a defendant to

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

many plaintiffs and defendant's expanded defense burdens, the standard of proof in a Class Action lawsuit should be based on Clear and Convincing Evidence.  Such a standard will go a long way towards self-governing promotion of the honesty of a case in regard to hired gun expert Class Certification complex testimony and Class Action attorney specialists promoting the Class Action industry.  Justice can still prevail even with a Clear and Convincing Evidence standard of proof, but the burden shifts to the plaintiff to present a more honest case.

**Self-Serving Reform**.  Class Counsel representing a Class Action lawsuit, is obligated to demonstrate Class Member (victim) remedies are tested to a standard of being **fair, reasonable and adequate** and any claim for attorney's fees be tested to a standard of **reasonableness**.

In many cases Class Counsel unnecessarily strains the honesty standard of argument, that the case is shoe-horned to fit within the standards of reasonableness, fairness or adequacy.   The more honest arguments include:

- Argument:  Class Members have not objected to the size of the remedy or attorney's fees so therefore they must by default be reasonable.
  - Reform:  Most Class Members only became aware they were entitled to a claim when they received postcard notice from Class Counsel the claim exists, and typically the claim amount is so small, the Class Member may or may not file a claim (assuming they spend time to study the notice), and spend no time challenging the suit given the small nature of the event.  Hence arguing the absence of objection as part of the rationale of a claim and attorney fee being reasonable is a rather salty circular self-serving argument, and one hopefully a court will disregard (ignore?).
- Argument:  Attorney's fee claims are comparable to other Class Action lawsuit awards, citing common percentage take regarding contingency fee awarded attorney's fee in other cases.
  - Reform:  This one-size-fits-all attorney fee reasonableness standard is contrary to the obligation of attorneys to determine their fee on the merits and effort involved in each individual case.  Reasonable attorney's fee justification is not like earning a fixed real estate agent sales commission (the 6% 'standard' shared between buyer and seller agents).  Then again, justifying a fee based on other case 'standards', is another admission of the observation that Class Action lawsuits have become a commoditized industry and vehicle to rack up huge attorney's fees and not a forum for justice.
- Argument:  Expert testimony (often university professor experts – hired guns) demonstrate with subjective little understood complex statistical stealth, that the basis of a case is sounded as evidence and proof of the bad conduct of a defendant.
  - Reform:  An expert arguing in a security fraud case for example, that defendant's alleged bad conduct caused an inappropriate one penny swing in a defendant's stock price…is a pretty far-fetched argument to make, given stock price swings happen on a daily basis and to pin-point specific conduct of a defendant why the swing happened, especially when a nominal amount, is often a bridge to far…and all the more reason to have a Clear and Convincing Evidence standard of proof.
- Argument:  Class Counsel base their attorney fee on a contingency basis, a percentage of the Claim award to Class Members, citing Class Action 'victims' are seeking justice and

FILED DATE: 6/29/2023 4:00 PM  2021CH05392

Class Counsel graciously accepting a case to advance that justice and willing to do so on a contingency basis relieving the Class Members of bearing the legal costs of a case, and usually such fees are paid by a losing defendant if an underlying statute on which a case is brought provides for attorney fees as part of the remedy.

- o Reform:  How often does Class Counsel seek to orchestrate a case as a Class Action lawsuit, driven by the objective of increasing the size of a Claim because of Class Member participation, and the size of the percentage take from a large Class Action Claim as attorney's fees, is hugely more valuable than a percentage take from an individual plaintiff claim?  Thus, an observation that contingency attorney's fees should not be permitted in Class Action lawsuits, leaving the attorney to justify their fee based on reasonableness standard tests associated with time and hourly rates.

- Argument:  Class Counsel justify the merits of a Class Action case (either as certification as a Class Action or violation of a law) and their right to attorney's fees, based on a plethora of cited cases, mountains of self-serving justification documentation and other resources heaped upon a court's already busy docket.  The weight of the argument is based on the paper weight of the documents filed and not on the quality and weight of evidence of the argument.

  - o Reform:  Similar to discovery proceedings, perhaps attorneys should be limited to the number of pages of documentation they file in a case, unless a show cause hearing is held to show why more and not less is necessary.  The goal being elegant simplicity vs intellectual complexity.  Whenever an argument is based on excessive rhetoric and paper weight, red alarm bells should ring louder than ever that the underlying honesty of the argument is lacking and being displaced and made up by heavy mass and not quality class arguments.

## Justice and Class Action Lawsuits

The Class Action lawsuit industry seems to have wrinkled the path of what justice (or injustice) is all about.

The Declaration of Independence, the Constitution of the United States of America, and the Bill of Rights, the "founding documents" of the nation, speak directly to the ideals of freedom from oppression, equality, and justice *for all*.  Justice is fairness and equal treatment and applies to both the plaintiff AND the defendant since that simple '*all*' word is rather encompassing.

Class Action Lawsuits seem to treat defendants as tyrants and oppressors of the public.  That is not justice for *all*.

What is just remains a matter for debate. Observing the same outcome of a situation, one person may say justice was done. Another may declare the outcome an injustice and great wrong.  Is the porridge too hot or just, right?  Is the attorney fee too huge or just, right?

Justice may be viewed as a subjective process of assessing the fairness of relations between individuals and groups of people, such as...

- Getting what one deserves.

FILED DATE: 6/29/2023 4:00 PM  2021CH05392

- Equitable sharing of civic burdens.
  - We all get car door ding marks, and we all give them.  While such is normally an accidental 'wrong', to seek a $50 door ding damage repair bill and charge a $10,000 attorney fee is not what justice is *all* about.  Revenge maybe.  Assumption of a certain amount of risk is a constant balancing act in anything us humans do.  (Maybe the door ding issue can be resolved by car makers installing soft bumper guards on door edges or wider parking lanes.)
- Individual virtue and ethical conduct (especially attorney's whose law license demands they honor Bar Association ethics and code of professional conduct and act responsibly and always seek justice for *all* and not revenge).

Is it unreasonable/unethical for plaintiff's attorney to pursue a Class Action lawsuit, knowing their fee will be many many magnitudes greater than any nominal recovery of victims, where such huge fee is paid to the attorney instead of compensation to the victims?  Is that justice?

Are huge attorney fee awards seen as a substitute for punitive ('punishment') damages above and beyond actual damages, of a Class Action lawsuit defendant?  Justice would suppose punishment is by way of compensation paid to victims, and where applicable, award of punitive damages (also paid to victims above and beyond actual damages) as a punishment for unacceptable intentional egregious acts of defendants.   Attorney fees are in relation to reasonable honest legal services provided on behalf of the plaintiff/victims and NOT a means of punitive punishment of defendants.

Who does justice define as the victim?  The Class Member victims?  Plaintiff's lawyers as victims?  Defendant victims being exposed to paying huge legal fees and lawyers misusing or abusing what justice is *all* about?

It's time for a change.

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

## Bibliography

Baker, Lynn A., Perino, Michael A., Silver, Charles, "Is the Price Right? An Empirical Study of Fee-Setting in Securities Class Actions", Columbia Law Review, vol. 115, no. 6, (2015).

Boatright, Jason, "The History, Meaning, and Use of the Words Justice and Judge", *St. Mary's Law Journal*, vol. 49, no. 4, Article 1, 727 (2018).

Carter, Jimmy, "Law Day Address at the University of Georgia in Athens, Georgia", *The American Presidency Project*, https://www.presidency,ucsb.edu, (1974).

"Class Action", Legal Information Institute, Cornell Law School, https://www.law.cornell.edu/we/class_action, Dec 2022.

"Class Action", *Wikipedia*, December 22, 2022

"Class Action Fairness Act of 2005, *28 USC, Public Law 109-2*, Feb 18, 2005.

"Class Action Fairness Act of 2005, Wikipedia, December 22, 2022.

Connolly, Neil, "Extreme Couponing: Reforming the Method of Calculating Attorney's Fees in Class Action Coupon Settlements", *102 Iowa Law Review 1335* (2017)

Douglas, Frederick, "What, To The Slave, Is the Fourth of July (1852)", *Blackpast*, (2007)

Eisenberg, Theodore, Miller, Geoffrey P., "Attorney Fees in Class Action Settlements: 1993-2008", *Cornell Law Faculty Publications, Cornell University Law School*, http://scholarship.law.cornell.edu/facpub, (2010).

Eisenberg, Theodore, Miller, Geoffrey P., "Attorney Fees in Class Action Settlements: Empirical Study", *Cornell Law Faculty Publications, Cornell University Law School*, http://scholarship.law.cornell.edu/facpub, (2004).

FILED DATE: 6/29/2023 4:00 PM  2021CH05392

"Federal Rules of Civil Procedure", *Title IV. Parties, Rule 23, Class Actions*.

"Fees and Expenses", American Bar Association, https://www.americanbar.org/
groups/legal_services/milvets/aba_home_front/information_center/working_with_lawyer
/fees_and_expenses/,  Dec. 2022.

Frankel, Alison, "In biggest cases, class action lawyers are low-balling fee requests – and that's a
good thing", *Reuters*, November 2, 2016.

Gentry, Caroline H., "*A Primer on Class Certification Under Federal Rule 23*",  Corporate
Counsel CLE Seminar, Rancho Mirage/CA (https://www.classactiondeclassified.com/wp-
content/uploads/sites/26/2017/08/a_primer_class_certification_under_federal_rule.pdf,
2017)

Hartmann, Michelle, Miller, Ralph I., Zambrano, Angela C.. "Attorneys' Fees",  *SMU Law
Review*, vol. 57, Issue 3 Annual Survey of Texas Law, Article 4, 2004.

Ibrahim, Melissa, "Bills, Bills, Bills: The Effect of a Rejected Settlement on Attorney's Fees Under
the Civil Rights Attorney's Fees Award Act of 1976", *Cardozo Law Review*, vol. 36, p.
1987, 1988.

Johnson, Charles T. et al v. NPAS Solutions, LLC, 975 F.3d 1244 (11th Cir. 2020).

King, Martin Luther Jr., "Letter from Birmingham Jail", *Atlantic Monthly*, vol. 212, no. 2, p. 78
(1963).

Klonoff, Robert H.,  "Why Most Nations Do Not Have U.S.-Style Class Actions",  Bloomberg
Law,  https://news.bloomberglaw.com/class-action/why-most-nations-do-not-have-us-
style-class-actions**.**

Lender, David J. et al, "Class Action Fairness Act of 2005 (DAFA): Overview", *Practical Law Company.com*, (2013).

"Opinion #17. Negotiation of Attorney's Fees in Class Actions", *Professional Ethics Commission, Board of Overseers of the Bar*, (January 15, 1981).

Ratner, Morris, "Civil Procedure: Class Action Fee and Cost Awards", *The Judges Book*, vol. 1, art. 9, http://repository.uchastings.edu/judgesbook (2017).

"Rule 1.5 Fees- Comment", *American Bar Association Model Rules of Professional Conduct*, Client-Lawyer Relationship (2018).

Shepherd, Joanna, "An Empirical Survey of No-Injury Class Actions", Emory University School of Law, Legal Research Paper Series, Research Paper No. 16-402, http://ssrn.com/abstract=2726905 (2016).

Sohoni, Mila, "The Idea of "Too Much Law"", *Fordham Law Review*, vol. 80, Issue 4, Article 3, 2012.

Tribe, Lawrence H., "Too Much Law, Too Little Justice: An Argument for Delegalizing America", The Atlantic, July 1979.

"What Is Justice", *School of Criminal Justice, University of Albany*, Module 1, https://www.albany.edu/justiceinstitute/33471.php, (2022).

FILED DATE: 6/29/2023 4:00 PM  2021CH05392

**Appendix A –**

**Class Action Lawsuits – Huge Attorney Fee Illustrations**

**Example Class Action Case 1 (https://www.nielsensecuritiessettlement.com/)**

In Re Nielsen Holdings PLC Securities Litigation
Civil Action No. 1:18-cv-07143-JMF
United States District Court
Southern District of New York

| | | |
|---|---|---|
| Proposed Settlement Fund | $73,000,000 | ($0.19 per share) |
| Proposed Contingency Attorney's Fees (25%) | $18,250,000 | ($0.05 per share) |
| Plus Attorney Expenses | $ 1,110,000 | |
| Total Legal Cost | $19,360,000 | |
| Claimed Attorney Hours | 17,206 | |
| Total Class Member (Victims) | 384,000,000 ($73,000,000/$0.19) | |
| Attorney Hourly Rate Disclosure Ranges | | |
| Paralegals | $315 to $505 | |
| Associate Attorneys | $895 to $2,017 | |
| Of Counsel | $975 to $1,560 | |
| Partners | $1,250 to $1,983 | |
| | | |
| Average Attorney hourly rate | $1,060 | ($18,250,000/17,206) |
| Attorney Fee Per Lawyer (assuming 82 lawyers) | $222,561 | ($18,250,000/82) |
| Range of Victim Award (depends on shares owned) | | |
| 500 shares | $70 | (500*$0.14) |
| 10,000 shares | $1,400 | (10,000*$0.14) |
| 100,000 shares | $14,500 | (100,000*0.14) |

**Example Class Action Case 2 (https://www.t-mobilesettlement.com/**

In Re T-Mobile Customer Data
Security Breach Litigation
Civil Action No. 4:21-md-03019-BCW
United States District Court
Western District of Missouri

| | | |
|---|---|---|
| Proposed Settlement Fund | $350,000,000 | |
| Plus Future Data Security Upgrades | $150,000,000 | |
| Proposed Contingency Attorney's Fees (22.5%) | $78,750,000 | (reduced from 30%) |
| Plus Attorney Expenses | $ 147,982 | |
| Total Legal Cost | $19,360,000 | |
| Claimed Attorney Hours | 8,225 | |
| Total Class Member (Victims) | 79,150,000 | |
| Attorney Hourly Rate Disclosure Ranges | $270 to $1275 | |

FILED DATE: 6/29/2023 4:00 PM 2021CH05392

| | | |
|---|---|---|
| Average Attorney hourly rate | $9,574 | ($78,750,000/8,225) |
| Attorney Fee Per Lawyer (assuming 100 lawyers) | $787,500 | ($78,750,000/100) |
| Range of Victim Award (depends on shares owned) | $3.42 | ($271,250,000/79,150,000) |

## Example Class Action Case 3 (https://www.baggagefeeclassaction.com/)

Cleary v. American Airlines Inc.
Baggage Claim
Civil Action No. 4:21-cv-00184-O
United States District Court
Northern District of Texas

| | | |
|---|---|---|
| Proposed Settlement Fund | $7,500,000 | (min.) |
| Proposed Fixed Fee Attorney's Fees | $2,850,000 | (27.5% total award) |
| Attorney Expenses | $1,142,945 | |
| Claimed Attorney Hours | 3,641 | |
| Total Class Member (Victims) | 588,654 | |
| Average Attorney hourly rate | $782 | ($2,850,000/3,641) |
| Attorney Fee Per Lawyer (assuming 10 lawyers) | $285,000 | ($2,850,000/10) |
| Victim Award | $12.74 | ($7,500,000/588,654) |

## Example Class Action Case 4 (https://www.OracleSecuritiesLitigation.com)

In re Oracle Corporation Securities Litigation
Securities Fraud
Civil Action No. 18-cv-04844-BLF
United States District Court
Northern District of California, San Jose Division

| | | |
|---|---|---|
| Proposed Settlement Fund | $17,500,000 | |
| Proposed Fixed Fee Attorney's Fees | $3,500,000 | (20% total award) |
| Attorney Expenses | $900,000 | |
| Claimed Attorney Hours | 17,900 | |
| Total Class Member (Victims) | 979,000 | |
| Average Attorney hourly rate | $195 | ($3,500,000/17,900) |
| Attorney Fee Per Lawyer (assuming 10 lawyers) | $350,000 | ($3,500,000/10) |
| Victim Award | $0.01/share (~2.7 bn shares) | |
| | (~1800 shares per shareholder avg) | |
| | $18 avg share of claim | |

A self-serving assertion: The small number of objections in comparison to the size of the Class supports a finding that the Settlement is fair, reasonable, and adequate. The reason folks did not opt-out have nothing to do with a fair, reasonable and adequacy test. Case cites false statements illegally inflated Oracles stock value – then trading between $43 and $47. Jan 2023 trade value is over $85, and a peak end of 2022 at over $100. The casual observer would cite business as usual and a good year for Oracle investors…justifying a 1 cent swing in stock value because of excessive puffing – craftily disguised as security fraud (with a lot of academic experts pontificating on their crystal ball insightfulness and naval gazing) is poppycock. Liars, damn liars and statisticians come to mind.

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

## Appendix B

### Example Form Objection to Attorney's Fees

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**_____ DISTRICT OF _____ (_State_)**
**_____ DIVISION**

| | |
|---|---|
| IN RE [NAME USED IN COURT DOCUMENTS] | ) <br> )       Case No. _____ |

_____

### OBJECTION[12] TO PROPOSED ATTORNEY FEE AND EXPENSE APPLICATION
### AND REQUEST FOR DOWNWARD ADJUSTMENT

1. Objection Applicant, _____ (_your name_) (pro se[13]), a Settlement Class Member (Class Member ID[14] _____, claim number[15] _____) submits this **OBJECTION, to apply to the entire class (and not just to me personally),** the Applicant does not plan to attend the Final Approval Hearing, has not objected to any class action settlement within the past three years, and request for modification and downward adjustment of any pending or submitted Attorney Fee and Expense Application (herein the 'Application') because such Application is unreasonable, unfair and not in the best interest of the Settlement Class Members.

   _**[Cross through or delete Option 1 or Option 2 that does not apply]**_

2. _Option (1) Since as of the filing of this Objection, Lead Counsel has not filed in https://www[16]._____, copy of the Application, nor sent a copy to Objection Applicant, this Objection is based on those documents of record in the cited website so filed as of the date of this Objection._

---

[12] Read the post card claim notice and follow any specific instructions regarding filing of an objection, such as timing, address to send the Objection to, and any conditions. This Appendix B form contains typical conditions but may not be complete.

[13] Pro se means you are representing yourself.

[14] Class member ID is usually cited in the post card claim notice received in the mail concerning the Class Action

[15] If you have filed a claim after receiving the post card claim notice, you usually will be issued a claim number.

[16] The Class Action lawsuit will be found on the internet which will allow you to have access to all case documents and other information about the case. Insert the internet website. Often times an Objection is filed before all relevant documents are filed online. Final attorney fee applications are often filed late.

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

*Option (2) This Objection is based on those documents of record in https://www_____, as of the date of this Objection.*

### OBJECTION

3.     Rationale behind this Objection, includes…

3.1 Although Representative Plaintiff's in this Class Action Lawsuit have ostensibly approved the Application, I do not agree with such approval, and hereby submit this Objection.

3.3  The Application is not in the best interest of Settlement Class Members and is not reasonable.

3.3 The Application must be thoroughly tested for its reasonableness, including taking into account:

3.3.1   American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees
- A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.
- Traditional fee analysis to determine reasonableness takes into account…
  - the time and labor required,
  - the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
  - the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
  - the fee customarily charged in the locality for similar legal services;
  - the amount involved and the results obtained;
  - the time limitations imposed by the client or by the circumstances;
  - the nature and length of the professional relationship with the client;
  - the experience, reputation, and ability of the lawyer or lawyers performing the services; and
  - whether the fee is fixed or contingent

3.3.2   Federal Rules of Civil Procedure, Class Action Rule 23;
- The Court '*may'* [*emphasis added, a discretionary power*] award reasonable attorney's fees that are authorized by law or by the parties' agreement.

3.3.3   Class Action Fairness Act of 2005;
- Class Action settlements [damages and attorney's fees] are subject to Court approval, taking into account…
  - Reports filed with the House of representatives and the Senate containing recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit and recommendations on the best practices that courts can use to ensure that— the fees and expenses awarded to counsel in connection with a class action settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

litigation; recommendations on the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement

3.3.4   Court rulings, in particular attorney fee reasonableness test criteria described in

- Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.
  - Determining reasonable fees under the **lodestar method** is a two-step process.
    - First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work.  By multiplying the number of reasonable hours by the reasonable hourly rate, the court determines the base fee or 'lodestar'.
    - The court then may adjust the base fee or lodestar up or down (by applying a multiplier), if relevant factors indicate an adjustment is necessary to reach a *reasonable* fee in the case.
    - Under the lodestar method, the most heavily weighted multipliers are the time and labor required.
    - Reasonableness takes into account the factors used by the traditional fee *determination.*

4. The Court is requested to invoke its discretionary powers to modify and reduce the Attorney Fee Expense Application to make it reasonable.

5.  The economics of the requested Application indicate:

5.1 The proposed Settlement Common Fund to all Class Members is $_____. (Total indicated settlement to be paid to victims)

5.2 Total Class Members are _____ (total number of victims)

5.3  Individual Class Member award are estimated to be $ _____ (cite how much each victim may receive or at least a range)

5.4  Total Attorney Fees and Expenses applied for are $ _____

5.5  The total legal hours expended on the case are _____

5.6  The average hourly rate charged for legal services is $ _____ (paragraph 5.4 divided by paragraph 5.5)

5.7  The average paycheck for each attorney working on the case is $ _____

(paragraph 5.4 divided by the total number of attorneys estimated to be working on the case, small cases may be up to 5, big cases may be 75 or more)

5.8  The disparity between the amount of recovery to each Class Member compared to the paycheck each attorney could receive suggests an exorbitant and unreasonable basis on which to base attorney fees.

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

6.  Any reduction in the Application is to be returned to and distributed to the Settlement Class Members, the real victims of this cause of action, and not as a contribution to attorney fees.

7.  A review of class action settlements suggests attorneys typically are 'rubber stamped' awarded their request because in part they have subjected the court to a plethora of case law cites, statutory law prose, subjective facts, mountains of documents and other heaps of information (extracted from past cases) – especially when a $_____[*insert amount of claimed fee*] attorney paycheck is in the offing - all of which may or may not be germane to the case but certainly adds a lot of fog to the landscape that a Court with limited budget of resources most likely cannot fully assimilate.

8  Settlement  (with all parties accepting a cash Settlement amount as an acceptable compromise of the issues) was achieved without trial.  Consequently, the extent and reasonableness of claimed earned legal fees are in question.  Using the same high fee whether a case settles in two hours or after preliminary discovery and pre-trial settlement negotiation does not make sense and does not pass the smell test.
   o   While it is instructive to take into account attorney work claims of:
      o   Preparing legal documents (complaints, depositions, subpoenas, attending hearings, legal research), law firms versed in class action cases already have in hand the understanding of relevant statutes and case law, and unless a novel area of data breach issues are understood and billable time not required to be wasted and spent on developing these items, they are already in the library.

9.  [*Add any other information that is unique to the case that illustrates why you think the requested attorney fee and expense application is unreasonable]  At your discretion you might also include a copy of the above paper that might give the Court some additional information to think about*].

Respectfully submitted.

This _____ day of _____, 20__.


_____
[*name, printed and sign document*]
Settlement Class Member

_____, (mobil)
_____(fax)
_____ email
_____ address
_____ address

## CERTIFICATE OF SERVICE

FILED DATE: 6/29/2023 4:00 PM    2021CH05392

I, _____, hereby certify that on the _____ day of _____, 20____, copies of the **OBJECTION TO PROPOSED ATTORNEY] FEE AND EXPENSE APPLICATION AND REQUEST FOR DOWNWARD ADJUSTMENT, WERE** mailed by first class prepaid postage or by email, to the following recipients:

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**_____DISTRICT OF _____**
**_____ DIVISION**
Clerk of the Court
[address/email]


CLASS COUNSEL
[name]
[address/email]


Defendant
[address/email]


I, _____, further certify I am a Settlement Class Member.


_____

[*name*]

It is presumed Lead Counsel will post this Objection as a relevant document in this case online internet posting cite.

FILED DATE: 6/29/2023 4:00 PM  2021CH05392

**Appendix C**

**Example Op-Out Form**

**IN THE UNITED STATES DISTRICT COURT FOR THE
_____ DISTRICT OF _____ (*State*)
_____ DIVISION**

IN RE [NAME USED IN
COURT DOCUMENTS]

) 
) 

Case No. _____

_____

**ELECTION TO OPT-OUT OF THE CAPTIONED CLASS ACTION LAWSUIT**

1.  Opt-out Applicant, _____ (*your name*) (pro se[17]), a Settlement Class Member (Class Member ID[18] _____) submits this **Election to Opt-Out of the captioned class action lawsuit and not participate in such suit, and without prejudice, reserve any and all of my rights to pursue a separate claim**

Respectfully submitted.

This _____ day of _____, 20__.

_____

*[name, printed and sign document]*
Settlement Class Member

_____, (mobil)
_____(fax)
_____ email
_____ address
_____ address

**CERTIFICATE OF SERVICE**

_____

[17] Pro se means you are representing yourself in the objection.
[18] Class member ID is usually cited in the post card notice you received about the Class Action

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

I, _____, hereby certify that on the _____ day of _____, 20_____, copies of the **Election to Opt-Out of the captioned class action lawsuit and not participate in such suit, was** mailed by first class prepaid postage or by email, to the following recipients:

**IN THE UNITED STATES DISTRICT COURT FOR THE
_____DISTRICT OF _____
_____ DIVISION**
Clerk of the Court
[address/email]


CLASS COUNSEL
[name]
[address/email]


Defendant
[address/email]


I, _____, further certify I am a Settlement Class Member.


_____
[*name*]

It is presumed Lead Counsel will post this Objection as a relevant document in this case online internet posting cite.

*[This is a general form.  The postcard notice received about the Class Action lawsuit may contain other information of what to do to opt-out of the case.  Please refer to that detail as required].*

FILED DATE: 6/29/2023 4:00 PM  2021CH05392

**Appendix D**

**Class Action Lawsuits – Attorney Fee Legislation**

*[Date]*

*To:*

*Name of U.S. Representative/Senator*
*[address – local/Capitol]*
*Via mail, email, fax*

*From*

*[name]*
*[address]*
*[email]*
*[phone]*
*[fax]*

*Re:  Class Action Lawsuit – Attorney Fee Legislation*

*Dear Congress Person [name] or Senator [name],*

*My name is [name] _____ and I live and vote in the district you represent.*

*I write to you as a concerned citizen regarding Class Action Lawsuits and Attorney Fee Legislation.*

*I am sure you are aware of Class Action Lawsuit rights and the public service such activities serve.*

*I have attached a recent paper on such action, in particular the concern regarding huge attorney's fees granted in many Class Action cases and what action plans can be advanced to provide some control over run-away fees.*

*While the judicial Court system has oversight to assess the reasonableness of such fees, there seems to be a consistent 'one-size-fits-all' demeanor advanced when such fees are defended by Class Counsel.  This demeanor is contrary to the reasoning that one-size-does-not-fit- all where each case and its fee structure are to be assessed on their  own merits and tested against a standard of fairness, reasonableness and adequacy.  Most Class Counsel argue that their claimed attorney's fees (a self-serving argument) are consistent in the formula used to determine fees among all other cases.*

*The attached paper and my own experience suggest legislation may well be required to provide the necessary control over excessive fee awards.*

FILED DATE: 6/29/2023 4:00 PM 2021CH05392

*I am writing to seek your counseling and perhaps leadership in advancing relevant legislation that can address the run-away legal fee paycheck issues and problems outlined in the attached paper.*

*While I don't have the answers, I do have some ideas.*

### Contingency Fee Prohibition

*Perhaps, similar to prohibition of the use of contingency legal fees (where the fee is based on the attorney taking a percentage of the case outcome) in regard to domestic relation and criminal cases, Class Action lawsuit may well be added to the prohibited list, thereby leaving attorneys to argue and defend a fee based on 'fixed fee' reasonable hours and reasonable billing rate arguments.*

*As you know, the legal profession has almost unanimously determined for years that allowing attorneys to base their contingency fee on the outcome of a divorce or child custody case would create a risk of the attorney having a financial interest in the outcome as well as being against public policy and therefor unreasonable by default. This could potentially lead unscrupulous attorneys to take actions that could be against the interests of children, or it could encourage attorneys to do things to make sure clients actually divorce. On the contrary, a skilled and ethical divorce attorney should always consider reconciliation, resolution, and fairness to be part of the goal and avoidance of the destruction of family relationships. There can be no financial interest in seeing to it that clients get divorced.*

*Likewise, contingency fees are prohibited in regard to criminal cases also based on public policy reasons.*

*Shouldn't Class Action counsel likewise ethically consider resolution and fairness to be the goal of such actions.*

### Reasonableness Tests Codification

*As outlined in the attached paper, the groundwork for attorney fee codification has been laid out in the various resources currently consulted to assess attorney fee reasonableness.*

*Those resources include: American Bar Association Model Rules of Professional Conduct, Rule 1.5 Fees; Federal Rules of Civil Procedure, Class Action Rule 23; Class Action Fairness Act of 2005; court rulings, in particular attorney fee reasonableness test criteria described in Stabraker v. DLC Ltd., 376 F.3d 819, 825 (8th Cir. 2004), which initiated the **lodestar standard**.*

*Should legislation be passed to codify the various methods used to test for reasonableness of attorney's fees, thereby removing much of the subjective uncertainty and differences without a distinction confusion?*

*Should a codified formula (which may also include a cap) be determined that provides guidance what is considered a reasonable attorney fee, with an opportunity for attorneys to challenge the formula if they can demonstrate why their fee structure is the better reasonable structure?*

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

### *Independent Committee*

*Currently, attorney fee reasonableness tests are assessed by other attorneys.  I have included the Court system in this testing network since most jurists are attorneys.  Should there be some form of independent committee, commission or panel used to test the reasonableness of attorney fees, the participants of which also includes non-lawyers?  Professions that come to mind that might be part of such panel includes Insurance (risk management), Accountants, Professional Engineers, Military Officer, Police Officer, Day Care Management, Clergy, Local Union Leadership.*

*An independent committee, commission or panel is not unlike the independent expert appointed under the Class Action Fairness Act of 2005, who is instructed to scrutinize 'coupon settlements' (where a business is willing to issue 'coupons' that provide for a discount or payment for future goods or services) before the Court's approval of the settlement, in order to ensure that the settlement will be of [some?] value to the Class Members.*

*Class Action Counsel might argue that the complexity of defending why legal fees are reasonable, is not readily understood by the lay person.  Quite the contrary, if attorneys cannot argue their defense of why their fee is reasonable in plain understood English, then the fog index is in full force…and that corrupts the concept that a little bit of sunshine is a great disinfectant.*

### *Class Action Certification Reform*

*A separate Class Action certification Commission should be created, composed of independent experts from many disciplines, who must first hear the class certification arguments and provide their opinion to the court whether the tests for certification are honestly and factually present, the cost of such Commission paid for by the plaintiff (and if a class is certified as a Class Action, the plaintiff in a successful Class Action lawsuit may include that cost in their recovery)*

*Often times when one is at risk of incurring an out-of-pocket cost, their desire to pursue a certain path is more tempered and reflective and becomes a self-assessing factor to not pursue a highly questionable course of conduct.*

*If a class certification request is denied, the plaintiff is responsible for paying the defendant's costs and attorney's fees for defending the matter.*

### *Plaintiff Filing Reform*

*Similar to discovery proceedings, Class Counsel attorneys should be limited to the number of pages of documentation they file in a case, unless a show cause hearing is held to show why more and not less is necessary.  The goal being elegant simplicity vs intellectual complexity.  Whenever an argument is based on excessive rhetoric and paper weight, red alarm bells should ring louder than ever that the underlying honesty of the argument is lacking and being displaced and made up by heavy mass and not quality class arguments.*

FILED DATE: 6/29/2023 4:00 PM  2021CH05392

### *Standard of Proof Reform*

*The standard of proof used to either certify a case as a Class Action or evidence presented in a trial of the matter, should be based on Clear and Convincing Evidence and not Preponderance of the Evidence.  A higher standard of proof makes sense, since such standard will have a self-governing incentive for plaintiff's and Class Counsel to advance an honest case as well as promoting the nation's founding documents objective of Justice for ALL, especially since a defendant is confronted with the unique and unusual aspects defending a Class Action claim.*

### *Pre-Certification Notice*

*The honest merits of a lawsuit certified as a Class Action, should first be tested, that prior to such certification, Plaintiff's should first submit a mandatory notice letter (the Class Action Pre-Certification Notice Letter, or CAPCN) to the defendant giving them clear and unambiguous information concerning:  (i) The legal rationale on what the Class Action complaint is all about; (ii) How much Class Member compensation (cash and non-cash) the defendant is expected to pay to resolve the complaint, net of any attorney fee; and (iii) The amount of claimed attorney's fees incurred as of the CAPCN letter, but prior to certifying a case as a Class Action lawsuit;*

*Such letter then giving the defendant an opportunity to resolve the complaint without Class Action certification, and if a defendant offer of resolution is rejected, if after a case is certified as a Class Action lawsuit, and the case is resolved in favor of Class Members (either by settlement or court judgment) the Class Action claim (not including attorney's fees) is equal to or less than what the defendant offered to settle with the CAPCN letter, then in that circumstance, any claimed attorney fees will be limited to what was offered at the CAPCN stage of resolution.*

*I trust you find this request of interest and can shed some light on the issues and help find resolution to some of the problems cited.*

*Regards,*

*Name*

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

**Appendix E**

## Class Action Lawsuit Postcard Claim Form

*[Date]*

*To:*

*Name of U.S. Representative/Senator*
*[address – local/Capitol]*
*Via mail, email, fax*

*From*

*[name]*
*[address]*
*[email]*
*[phone]*
*[fax]*

*Re:  Class Action Lawsuit – Postcard Claim Form*

*Dear Congress Person [name] or Senator [name],*

*My name is [name] _____ and I live and vote in the district you represent.*

*I write to you as a concerned citizen regarding Class Action Lawsuits and the content of postcard claim forms used to notify potential Class Members of their claim rights.*

*I am sure you are aware of Class Action Lawsuit rights and the public service such activities serve.*

*I have attached a recent paper on such action, in particular the concern regarding user friendly notification and information contained in postcard claim forms and what action plans can be advanced to provide improved user-friendly better-informed awareness of important issues associated with such forms.*

*I believe legislation is needed to simplify, make easier to understand, postcard Class Action lawsuit claim notices, designed to clearly and conspicuously describe:*

*(1) what potential claim is being sought,*

*(2) how much (cash and non-cash) in total and how much each individual Class Member may be entitled,*

FILED DATE: 6/29/2023 4:00 PM   2021CH05392

*(3) how the size of the Class Action Claim and attorney's fees are effected if Class Members opt-out of participating in the lawsuit and*

*(4) how attorney fees and expenses are calculated, estimated total amount to be requested and indicative average attorney fee per lawyer and average hourly rate being charged.*

*Such postcard claim form legislation could be an amendment to the Class Action Fairness Act of 2005.*

*It is not uncommon when a Class Member receives a postcard claim form in the mail, short of hiring their own attorney, they need to have a reasonable understanding of how to navigate through online internet systems in order to obtain additional relevant information.  The internet navigation process as well as interpreting much of the 'legal mumbo gumbo' cited in important documents, gets lost in translation, leaving Class Members with little insight of their rights and significance of important issues.*

*One issue of importance is  the user friendly opportunity to make the postcard claim form easy to understand on which a Class Member can then be able to clearly  judge the merits of receiving a small nominal value in a Class Action lawsuit, while attorney's receive huge paychecks, using the Class Action Lawsuit as a vehicle to secure such fee (and justice taking back seat peanut gallery priority), thus allowing Class Members to make a much better informed decision of opting out (not participating) in the Claim or staying in.*

*I trust you find this request of interest and can shed some light on the issues and help find resolution to some of the problems cited.*

*Regards,*

*Name*