UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 2:19-cv-03347 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) ) | District Judge Edmund A. Sargus, Jr. Magistrate Judge Elizabeth A. Preston Deavers |
| vs. | ) | |
| CARDINAL HEALTH, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

SUPPLEMENTAL DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION, REQUESTS FOR EXCLUSION RECEIVED TO DATE, AND THE PROPOSED USE OF A MINIMUM CHECK AMOUNT

I, ROSS D. MURRAY, declare and state as follows:

1.      I am employed as a Vice President of Securities by Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California.  Pursuant to this Court's April 4, 2023 Order Granting Preliminary Approval Under Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Settlement Class ("Notice Order") (ECF 110), Gilardi was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned litigation (the "Litigation").  I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

2.      I submit this declaration as a supplement to my earlier declaration, the Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date (the "Initial Mailing Declaration") (ECF 114-5).  The following statements are based on my personal knowledge and information provided to me by other Gilardi employees and if called to testify I could and would do so competently.

### UPDATE ON DISSEMINATION OF NOTICE

3.      As more fully detailed in the Initial Mailing Declaration, as of August 4, 2023, Gilardi had mailed 398,658 copies of the Court-approved Postcard Notice (the "Postcard Notice") and 196 copies of the Court-approved Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package") to potential Settlement Class Members and their nominees.  Additionally, Gilardi received a message from one institution noting that they anticipated sending Postcard Notices via email to 92,710 potential Settlement Class Members.  *See* Initial Mailing Declaration, ¶11.

4.      Since August 4, 2023, Gilardi has mailed an additional four copies of the Claim Package in response to requests from potential Settlement Class Members, brokers, and nominees and as a result of mail returned as undeliverable for which new addresses were identified and re-mailed to those new addresses.  Therefore, as of September 1, 2023, Gilardi has mailed a total of

Page 1

398,658 Postcard Notices and 200 Claim Packages to potential Settlement Class Members and nominees.

## REQUESTS FOR EXCLUSION RECEIVED TO DATE

5.      Pursuant to the Notice Order, the Notice informed potential Settlement Class Members that written requests for exclusion from the Settlement Class must be mailed to *Cardinal Health Securities Settlement*, c/o Gilardi & Co. LLC, ATTN: EXCLUSIONS, P.O. Box 5100, Larkspur, CA 94977-5100, such that they are received no later than August 21, 2023.  At the time of the Initial Mailing Declaration, Gilardi reported that it had received three requests for exclusion in connection with this Settlement.  *See* Initial Mailing Declaration, ¶¶15-16.

6.      Since the Initial Mailing Declaration was executed, and as of the date of this declaration, Gilardi has not received any additional requests for exclusion.

## PROPOSED USE OF A MINIMUM CHECK AMOUNT

7.      Gilardi has been asked to address an objection to the proposed use of a minimum check amount of $10.00.  In our experience, such minimum check amounts are commonly used in connection with distributions of settlement proceeds in private securities litigation as well as funds resulting from government enforcement actions, such as those brought by the SEC.

8.      The use of a minimum check amount is intended to address the potentially disproportionate administrative expense to the fund associated with issuing very small checks to class members.  Every check that is issued in a case like this represents an expense that is borne by the settlement fund, and therefore ultimately by class members.  Besides the cost to print and mail a check, the administrator must also track and account for each payment as it is negotiated, or, as is frequently the case with very small payments, not negotiated.  Gilardi routinely follows up on uncashed checks by mail, email, and telephone, all of which add to the administrative expenses associated with fund distributions.  In our experience, smaller checks, such as checks under $10.00, are often not cashed initially, and in many instances, are never cashed.  Moreover, because many small checks are not cashed during their initial valid period, these checks often incur

the additional administrative expense associated with a request to reissue the check received from the check recipient once the check becomes stale-dated.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 1st day of September, 2023, at San Rafael, California.

_____
ROSS D. MURRAY