UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOUISIANA SHERIFFS' PENSION &
RELIEF FUND, Individually and on
Behalf of All Others Similarly Situated,**

     **Plaintiff,**     Case No. 2:19-cv-03347
             **JUDGE EDMUND A. SARGUS, JR.**
  v.          Magistrate Judge Elizabeth P. Deavers

**CARDINAL HEALTH, INC., et al.,**

     **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff 1199 SEIU Health Care Employees Pension Fund's ("Lead Plaintiff") Motion for Final Approval of Class Action, Approval of Plan of Allocation, and Final Class Certification, as well as Lead Plaintiff's Motion for Attorney Fees and Expenses. (ECF No. 114.)  This Court held a Fairness Hearing on September 11, 2023, at which one objector appeared.  For the reasons stated below, the Court overrules the objection filed by Mr. Larry D. Killion (ECF No. 113) and the objection filed by Mr. Lawrence A. Mollmann (ECF No. 118) and presented at the Fairness Hearing, and the Court **GRANTS** Lead Plaintiff's Motions. (ECF No. 114.)[1]

### I.

The Court considers Lead Plaintiff's "Motion for Final Approval of Class Action Settlement, Approval of Plan of Allocation, and Final Class Certification" (ECF No. 114), Reply in support of the same (ECF No. 120), Mr. Larry D. Killion's "Objection to Plaintiffs' Motion for

---

[1] This Order incorporates by reference the definitions in the Stipulation of Settlement, dated March 31, 2023, ECF No. 109 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

Award of Attorneys' Fees and Expenses, and Class Representative Service Award and Request for Downward Adjustment" (ECF No. 113), Mr. Lawrence A. Mollmann's "Objection to Settlement" (ECF No. 118), all related filings, exhibits, and declarations attached to the above and related filings (collectively referred to as the "Motion papers"), the arguments and representations of counsel and objectors during the September 11, 2023 Fairness Hearing, and all other papers and proceedings herein, and **ORDERS** the following:

1. The Court **CERTIFIES A SETTLEMENT CLASS** comprised of:

All Persons who purchased or otherwise acquired the common stock of Cardinal Health between March 2, 2015 and May 2, 2018, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of Cardinal Health; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Settlement Class Member but who, in accordance with the requirements set by the Court, validly and timely requested exclusion (the "Settlement Class" or "Covered Class Members").

2. Based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the Settlement Class satisfies Fed. R. Civ. P. 23(a)'s four requirements, numerosity, commonality, typicality, and adequacy of representation, as well as Fed. R. Civ. P. 23(b)(3)'s additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that the "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." As to numerosity, the Settlement Class consisting of hundreds of thousands of potential Covered Class Members is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). *See Kis v. Covelli Ents.,* N.D.Ohio No. 4:18-cv-54, 2020 U.S. Dist. LEXIS 93929, at *5 (May 29, 2020), fn. 19 (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1076 (6th Cir. 1996) ("[T]he Sixth Circuit has previously held that a class of 35 was sufficient to meet the numerosity requirement.")); *Afro American Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974).

3. The Court **APPROVES** the Settlement set forth in the Stipulation, including the payments to the Settlement Class as provided for in the Settlement Agreement, as the settlement payments are "fair, reasonable, and adequate," pursuant to Fed. R. Civ. P. 23(e)(2), because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, all of the criteria described in Fed. R. Civ. P. 23(e)(2)(A)-(D) favors approval as to the Settlement Class.

4. The Court **APPROVES** the Released Claims as provided for in the Settlement Agreement, (ECF No. 109 at PageID #7693–94), including the Covered Class Members' release of the "Released Plaintiffs' Claims," as well as the other terms of the Settlement Agreement because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the settlement is "fair, reasonable, and adequate," considering (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Carr v. Guardian Healthcare Holdings, Inc.*, S.D. Ohio No. 2:20-cv-6292, 2022 U.S. Dist. LEXIS 32094, at *9-18 (Jan. 19, 2022).

5. Plaintiff 1199SEIU Health Care Employees Pension Fund, who was previously preliminarily appointed as Lead Plaintiff on June 19, 2020, is appointed permanent Lead Plaintiff and class representative. (*See* ECF No. 22 at PageID # 405.) The law firm of Robbins Geller Rudman & Dowd LLP, who was previously preliminarily approved as Lead Counsel on June 19, 2020, is appointed permanent Lead Counsel. (*See* ECF No. 22 at PageID # 405; Fed. R. Civ. P. 23(g)(1).)

6. The Court **APPROVES** the Plan of Allocation as fair, reasonable, and adequate. The Plan of Allocation was created in consultation with Lead Plaintiff's damages expert, and it presents a fair and reasonable formula for the calculation of claims.

7. The Court **APPROVES** the total payment to Lead Counsel in the amount of 30% of the $109,000,000.00 cash recovery obtained for the Settlement Class (the "Settlement Amount"), totaling $32,700,000.00, and expenses incurred in prosecuting this Litigation of $699,334.91, plus interest earned on both amounts. Based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the fee payment falls within the range of fees awarded by courts within this district and division in other class action settlements. *See Carr*, 2022 U.S. Dist. LEXIS 32094, at *22-27 (citing cases). The proposed settlement includes a payment of attorneys' fees equating to 30.00% of the total settlement amount, or $32,700,000.00, in addition to reimbursed litigation costs in the amount of $699,334.91, for a total of $33,399,334.91, exclusive of interest. (ECF No. 114-2 at PageID # 8046.)  The amount agreed upon for attorneys' fees and costs satisfies the Sixth Circuit's standard for Fed. R. Civ. P. 23 class action settlements. *Carr*, 2022 U.S. Dist. LEXIS 32094, at *22-27 (citing cases), and is supported by each of the factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). All plaintiff's counsel expended over 27,800 attorney hours on the matter rendering the requested fees reasonable. A lodestar analysis of the attorneys' fees to be paid to Lead Counsel also supports the reasonableness of the fee request. *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 517 (6th Cir. 1993).  In addition, the reimbursed litigation expenses and costs incurred by Lead Counsel were necessary and reasonable and are approved.

8. The Court **APPROVES** the payment to Lead Plaintiff in the amount of $11,539.00 from the Settlement Fund for expenses incurred in representing the Settlement Class, sought pursuant to 15 U.S.C. §78u-4(a)(4). (ECF No. 114-4 at PageID # 8137–38.)

9. The Court **OVERRULES** the objections filed by Mr. Larry D. Killion (ECF No. 113) and Mr. Lawrence A. Mollmann (ECF No. 118), as well as those presented by Mr. Mollmann at the fairness hearing. The Court overrules these objections because the Court finds the Settlement Agreement and the payments contained therein to be fair and reasonable the reasons already stated.

## II.

For the reasons stated above, the Court **GRANTS** Lead Plaintiff's Motion for Final Approval of Class Action, Approval of Plan of Allocation, and Final Class Certification, as well as Lead Plaintiff's Motion for Attorney Fees and Expenses. (ECF No. 114.) The Court **OVERRULES** the objections by Mr. Larry D. Killion and Mr. Lawrence Mollmann. (ECF Nos. 113, 118.) The Clerk is **DIRECTED** to **ENTER JUDGMENT**, **DISMISS WITH PREJUDICE** this action, and **CLOSE** this case.

**IT IS SO ORDERED.**

**9/13/2023**  
**DATE**

s/Edmund A. Sargus, Jr.  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**